The Honorable Christopher M. Alston
Chapter 11
Hearing Location: Seattle, WA
Hearing Date: April 7, 2016
Hearing Time: 9:30 am
Response Due: At the time of hearing

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>NORTHWEST TERRITORIAL MINT, LLC<br><br>Debtor. | No. 16-11767-CMA<br><br>DEBTOR'S EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION OF BILL WEISFIELD AND STUART HEATH OF ELLIOTT BAY ASSET SOLUTIONS, LLC AS CHIEF RESTRUCTURING OFFICERS *NUNC PRO TUNC* |

Northwest Territorial Mint, LLC, the debtor-in-possession in this Chapter 11 case ("NWTM and/or Debtor"), by and through Counsel, J. Todd Tracy, Steven J. Reilly, and The Tracy Law Group PLLC ("TTLG"), applies to this Court for an order authorizing the retention of Bill Weisfield and Stuart Heath of Elliott Bay Asset Solutions, LLC ("EBAS"), solely in their respective capacities as principals of EBAS, as its Chief Restructuring Officers ("CROs") *nunc pro tunc* as of April 3, 2016. Debtor makes this application pursuant to 11 U.S.C. §§ 105(a) and 363(b). In support of this application, Debtor submits the Declaration of Bill Weisfield, a principal of EBAS, and states as follows:

DEBTOR'S EMERGENCY MOTION PURSUANT TO
11 U.S.C. §§ 105(a) AND 363(b) FOR ENTRY OF AN
ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF BILL WEISFIELD AND
STUART HEATH OF ELLIOTT BAY ASSET
SOLUTIONS, LLC AS CHIEF RESTRUCTURING
OFFICERS *NUNC PRO TUNC* - 1

THE TRACY LAW GROUP PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 16-11767-CMA    Doc 12    Filed 04/05/16    Ent. 04/05/16 17:31:28    Pg. 1 of 11

## I. RELIEF REQUESTED

1. By this Motion, Debtor requests entry of an order, substantially in the form or proposed order submitted concurrently herewith, (i) authorizing the employment and retention of EBAS to provide interim management and restructuring services *nunc pro tunc* to the date of the execution of that certain engagement letter dated April 2, 2016 by and between EBAS and the Debtor (the "Engagement Letter"), a copy of which is attached to the Declaration of Bill Weisfield submitted in support of this Application, and (ii) designating Bill Weisfield and Stuart Heath, solely in their respective capacities as principals at EBAS, as Chief Restructuring Officers, in accordance with the terms and conditions set forth in the Engagement Letter and as described herein.

## II. JURISDICTION

2. The United States Bankruptcy Court for the Western District of Washington (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. S 157(b)(2).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

## III. BACKGROUND

4. NWTM filed a Chapter 11 petition on April 1, 2016.

5. NWTM is a debtor-in-possession under 11 U.S.C. §§ 1107(a) and 1108(b).

6. NWTM is one of the nation's largest private full service mints, a precious metals dealer, and a minted products retailer. NWTM has online sales via its website as well as sales via physical retail stores, and has operations in Washington, Nevada, Texas, Wisconsin, Hawaii, and Virginia. NWTM has over two hundred employees.

DEBTOR'S EMERGENCY MOTION PURSUANT TO
11 U.S.C. §§ 105(a) AND 363(b) FOR ENTRY OF AN
ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF BILL WEISFIELD AND
STUART HEATH OF ELLIOTT BAY ASSET
SOLUTIONS, LLC AS CHIEF RESTRUCTURING
OFFICERS *NUNC PRO TUNC* - 2

THE TRACY LAW GROUP PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 16-11767-CMA    Doc 12    Filed 04/05/16    Ent. 04/05/16 17:31:28    Pg. 2 of 11

7. On or about February 17, 2016, judgment was entered against NWTM in the amount of $12.5 million dollars in the District Court of Nevada; such judgment arising from a defamation lawsuit against NWTM, NWTM's 100% owner, Ross B. Hansen, and another individual, Steven E. Firebaugh. The judgment creditor's aggressive collection efforts necessitated the present chapter 11 bankruptcy filing to preserve and protect NWTM's assets for the benefit of <u>all</u> of its creditors, and to give NWTM the breathing room it needs to evaluate if it may successfully reorganize.

## IV. EBAS' QUALIFICATIONS

8. As set forth in the Weisfield Declaration, Debtor understands that EBAS has a wealth of experience providing management and other services to distressed businesses.

9. EBAS has two principals, Bill Weisfield and Stuart Heath. Mr. Weisfield and Mr. Heath have decades of experience working with distressed companies, and specialize in providing integrated solutions for distressed companies facing complex business challenges. Mr. Heath has directly overseen the reorganization and disposition of over 400 distressed properties and has also previously served in the federal court system as a the Executive in Charge of an operating business, as Chair of the Secured Creditor's Committee for a mortgage-backed securities portfolio, and as the Chair of the Unsecured Creditor's Committee of an operating business in three different US Bankruptcy Court proceedings. Mr. Weisfield has more than 40 years of experience turning around troubled companies and has served as President and CEO of multiple companies with revenues in excess of $100 million and with several hundred employees. Mr. Weisfield's qualifications are more fully discussed on his LinkedIn page: https://www.linkedin.com/in/bill-weisfield-85099259.

DEBTOR'S EMERGENCY MOTION PURSUANT TO
11 U.S.C. §§ 105(a) AND 363(b) FOR ENTRY OF AN
ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF BILL WEISFIELD AND
STUART HEATH OF ELLIOTT BAY ASSET
SOLUTIONS, LLC AS CHIEF RESTRUCTURING
OFFICERS *NUNC PRO TUNC* - 3

THE **TRACY LAW GROUP**<sub>PLLC</sub>
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

10. EBAS has spent considerable time consulting with NWTM on how to best address the aforementioned $12.5 million judgment and how to preserve and protect the value of NWTM on a going forward basis.

11. In recognition of EBAS's extensive experience in dealing with distressed companies, and in light of EBAS's familiarity with NWTM operations and current financial issues, NWTM now wishes to retain Mr. Weisfield and Mr. Heath, solely in their capacity as principals of EBAS, as it's CROs. Mr. Weisfield and Mr. Heath are well qualified to assist NWTM and its bankruptcy estate as CROs in this Chapter 11 case.

V. **MANAGEMENT AUTHORITY AND SERVICES TO BE PROVIDED**

12. As provided in the Engagement Letter, NWTM has agreed that Bill Weisfield and Stuart Heath, solely in their capacity as principals of EBAS, shall serve as Debtor's CROs. Upon court approval of this Motion, and as detailed in the Engagement Letter, Mr. Weisfield and Mr. Heath shall be granted exclusive possession and control over all assets of the Debtor and shall have sole and exclusive authority to manage the Debtor. This includes but is not limited to the following provisions:[1]

- The sole power to do all things reasonable and necessary to preserve, protect, use, refinance, renegotiate, foreclose upon, sell or otherwise dispose of NWTM's assets including, without limitation, the sole power to incur or pay expenses necessary and incidental to NWTM's preservation, protection, use, refinancing, renegotiation, foreclosure, sale or other disposition of its assets.
- The sole power to do all things which NWTM might do (including giving authorization for or delegation to NWTM's agents and employees to take

---

[1] While the CROs will have exclusive authority to do the following, they will still seek court approval to perform such actions as contemplated by the Bankruptcy Code and other applicable law.

DEBTOR'S EMERGENCY MOTION PURSUANT TO
11 U.S.C. §§ 105(a) AND 363(b) FOR ENTRY OF AN
ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF BILL WEISFIELD AND
STUART HEATH OF ELLIOTT BAY ASSET
SOLUTIONS, LLC AS CHIEF RESTRUCTURING
OFFICERS *NUNC PRO TUNC* - 4

**THE TRACY LAW GROUP**_PLLC_
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

such action) in the ordinary course of the operation of its business as a going concern.

- The sole power to hire security, change locks and security codes, and do anything else necessary and incidental to inventory, preserve and protect NWTM's assets.
- The sole power to obtain appraisals, accountings, investigations and reports with respect to the assets of the bankruptcy estate as necessary.
- The sole power to continue or discontinue, in EBAS' reasonable discretion and business judgment, any contracts presently existing.
- The sole power to enter into or modify contracts affecting the bankruptcy estate.
- The sole power to hire professionals, such as accountants and lawyers, as necessary to preserve and protect the assets of the bankruptcy estate.
- NWTM and all of its existing and former members, officers, directors, managers, attorneys, accountants, agents, consultants, and employees shall cooperate with EBAS in connection with their management and operation of NWTM. Each of them shall relinquish and turn over to EBAS all records, books, contracts, lease documents, plans and specifications, accounting records, deposits, and documents relating to NWTM, as EBAS may demand, and each of them are enjoined from interfering with the possession, control, operation and maintenance of the assets of the bankruptcy estate by EBAS. Failure to comply with this provision shall constitute a sanctionable offense.
- The sole power to open or close bank accounts and/or other financial accounts.
- The sole power to sell assets of the estate.
- The sole power to incur obligations on behalf of the estate.

As stated previously, where any of the above actions (or the actions described in the Engagement Letter) would require court approval, the CROs will seek such approval from this Court.

### VI. PROFESSIONAL COMPENSATION

13. EBAS' decision to accept this engagement to act as CRO for the Debtor is conditioned upon its ability to be retained in accordance with the terms set forth in the

DEBTOR'S EMERGENCY MOTION PURSUANT TO
11 U.S.C. §§ 105(a) AND 363(b) FOR ENTRY OF AN
ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF BILL WEISFIELD AND
STUART HEATH OF ELLIOTT BAY ASSET
SOLUTIONS, LLC AS CHIEF RESTRUCTURING
OFFICERS *NUNC PRO TUNC* - 5

THE **TRACY LAW GROUP**PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 16-11767-CMA    Doc 12    Filed 04/05/16    Ent. 04/05/16 17:31:28    Pg. 5 of 11

Engagement Letter and to be compensated for its services and reimbursed for the out-of-pocket expenses once every two weeks, as described in greater detail below. EBAS shall also be entitled to the fees and costs it incurred advising the Debtor pre-petition, subject to the other compensation provisions contained herein. EBAS requests that it be paid an initial post-petition retainer of $100,000.00.

14. Pursuant to the Engagement Letter, the hourly rate for Mr. Weisfield and Mr. Heath is $350 an hour. Hourly rates for administrative professionals employed by EBAS range from $95 to $195.

15. EBAS will submit semi-monthly invoices to the Debtor, and the Debtor requests the authority to pay, in the ordinary course of business, all reasonable amounts invoiced by EBAS for fees and expenses.

16. Because EBAS is not being employed as a professional under section 327 of the Bankruptcy Code, it will not submit quarterly fee applications pursuant to Bankruptcy Code sections 330 and 331. EBAS will, however, file with the Court, and provide notice to the U.S. Trustee and the proposed counsel to the Creditors' Committee, if any is appointed, reports of compensation earned and expenses incurred on at least a quarterly basis. Such reports shall summarize the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Such compensation and expenses will be subject to Court review in the event an objection is filed.

17. EBAS and its personnel shall be required to: (i) maintain contemporaneous time records in tenth of an hour increments and (ii) conform to any schedule of hourly rates contained in the Engagement Letter.

DEBTOR'S EMERGENCY MOTION PURSUANT TO
11 U.S.C. §§ 105(a) AND 363(b) FOR ENTRY OF AN
ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF BILL WEISFIELD AND
STUART HEATH OF ELLIOTT BAY ASSET
SOLUTIONS, LLC AS CHIEF RESTRUCTURING
OFFICERS *NUNC PRO TUNC* - 6

THE **TRACY LAW GROUP**<sub>PLLC</sub>
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 16-11767-CMA    Doc 12    Filed 04/05/16    Ent. 04/05/16 17:31:28    Pg. 6 of 11

18. The fee rates are consistent with and typical of compensation arrangements entered into by other comparable firms in connection with the rendering of similar services under similar circumstances. The Debtor believes that the rates are in fact reasonable, market-based, and designed to fairly compensate EBAS for its work and to cover fixed and routine overhead expenses.

### VII. INDEMINIFICATION

19. Debtor shall indemnify Mr. Weisfield and Mr. Heath on the same terms as provided to the Debtor's other officers and directors.

### VIII. EBAS' CONNECTIONS WITH PARTIES IN INTEREST

20. Debtor does not believe that EBAS is a 'professional' whose retention is subject to approval under § 327 of the Bankruptcy Code. Nonetheless, to the extent this Court deems EBAS a professional under section § 327 of the Code, as set forth in the Weisfield Declaration, EBAS, to the best of its knowledge, does not have any connections or conflicts with parties in interest that would preclude Mr. Weisfield and Mr. Heath's retention as Debtor's CROs.

21. To the extent this Court deems EBAS a 'professional' under § 327 of the Code, EBAS has read and is familiar with Local Bankruptcy Rule 2016-1.

### IX. LEGAL BASIS FOR RELIEF REQUESTED

22. The retention of interim corporate officers and other temporary employees is proper under section 363 of the Bankruptcy Code. Section 363(b) of the Bankruptcy Code provides in relevant part, that the trustee or debtor in possession, "after notice and a hearing may use, sell, or lease, other than in the ordinary course of business, property of the estate."

DEBTOR'S EMERGENCY MOTION PURSUANT TO
11 U.S.C. §§ 105(a) AND 363(b) FOR ENTRY OF AN
ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF BILL WEISFIELD AND
STUART HEATH OF ELLIOTT BAY ASSET
SOLUTIONS, LLC AS CHIEF RESTRUCTURING
OFFICERS *NUNC PRO TUNC* - 7

THE TRACY LAW GROUP PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 16-11767-CMA    Doc 12    Filed 04/05/16    Ent. 04/05/16 17:31:28    Pg. 7 of 11

11 U.S.C. § 363(b)(1). Section 363 of the Bankruptcy Code provides that transactions not in the ordinary course of business must be approved by court order. If a debtor's proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable business judgment on the part of the debtor, such use should be approved. *See, e.g., Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (*citing Fulton State Bank v. Schipper (In re Schipper*), 933 F.2d 513, 515 (7th Cir. 1991)); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.*), 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 175-76 (D. Del. 1991) (courts have applied the "sound business purpose" test to evaluate motions brought pursuant to section 363(b)); *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct.").

23. The retention of EBAS and its principals, Mr. Weisfield and Mr. Heath, is a sound exercise of the Debtor's business judgment. EBAS has extensive experience as a senior officer and advisor for numerous financially troubled companies. Additionally, EBAS has acquired significant knowledge of the Debtor and its business operations as a result of numerous pre-petition consultations with the Debtor. The Debtor believes that the CROs will provide services that benefit the Debtor's estate and creditors.

### X. ALTERNATIVE RELIEF REQUESTED

DEBTOR'S EMERGENCY MOTION PURSUANT TO
11 U.S.C. §§ 105(a) AND 363(b) FOR ENTRY OF AN
ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF BILL WEISFIELD AND
STUART HEATH OF ELLIOTT BAY ASSET
SOLUTIONS, LLC AS CHIEF RESTRUCTURING
OFFICERS *NUNC PRO TUNC* - 8

**THE TRACY LAW GROUP**PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 16-11767-CMA    Doc 12    Filed 04/05/16    Ent. 04/05/16 17:31:28    Pg. 8 of 11

24. In the alternative, if and only if this Court determines that EBAS is a 'professional' under § 327 of the Code, EBAS requests that it be employed as Debtor's CRO pursuant to § 327 of the Code.

25. If and only if EBAS's retention is approved under § 327 of the Code, rather than under §§ 105 and 363, EBAS requests that it be compensated as follows:

- EBAS is authorized to obtain reimbursement on a semi-monthly basis (twice a month) for its costs and payment of 80% of its fees. EBAS would be authorized to receive reimbursement for all of its costs and 80% of its fees no later than ten (10) days after filing a Notice of Filing of Billing Statements with the Court and serving the Notice on the ECF parties and parties requesting special notice (collectively "Notified Parties"); provided however, that in the event that one or more of the Notified Parties objects, EBAS will be authorized to seek an order approving payment of its fees and costs on a 10-day notice to the objecting party or parties. EBAS will be further required to file interim and final fee applications to approve its fees approximately every 120 days.

26. The proposed alternative compensation scheme is appropriate. In *U.S. Trustee v. Knudsen Corp.,* 84 B.R. 668 (9th Cir BAP 1988), the Ninth Circuit Bankruptcy Appellate Panel held that it is appropriate to approve a fee payment that permits periodic post-petition payments where the following four conditions are met:

A. The case is an unusually large one where an exceptionally large amount of fees accrue each month;

DEBTOR'S EMERGENCY MOTION PURSUANT TO
11 U.S.C. §§ 105(a) AND 363(b) FOR ENTRY OF AN
ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF BILL WEISFIELD AND
STUART HEATH OF ELLIOTT BAY ASSET
SOLUTIONS, LLC AS CHIEF RESTRUCTURING
OFFICERS *NUNC PRO TUNC* - 9

**THE TRACY LAW GROUP**PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 16-11767-CMA    Doc 12    Filed 04/05/16    Ent. 04/05/16 17:31:28    Pg. 9 of 11

B. An undue hardship would be placed on the professional if he or she were forced to wait an extended period of time for payment;

C. The professional has the ability to respond to any reassessment; and

D. The payment procedure is the subject of a noticed hearing prior to any payment under the procedure. *Id.* at 672.

Courts in the Ninth Circuit have since recognized that the establishment of *Knudsen* interim payment procedures may often be necessary today, whereas this was not the case when the Bankruptcy Code was enacted in 1978. As one court explained:

> The provision for hearings every 120 days was intended to - and did - put bankruptcy counsel on essentially the same payment schedule as other lawyers. In 1978, when the Code was enacted, attorneys customarily billed their clients on a quarterly basis. Times have changed. Lawyers now run their practices in a more business-like fashion. Computerization has simplified and speeded the billing process. As widely documented in the legal press, the billing cycle has shifted to monthly statements. The 120-day provision of Section 331, intended to be a help to lawyers in 1978, has become a straight-jacket [sic] for lawyers of the '90s. Thus, even payments every 120 days no longer compensate bankruptcy attorneys on a fully equivalent basis with their nonbankruptcy colleagues.

*In re Commercial Consortium of California*, 135 B.R. 120, 123-124 (Bankr.C.D.Cal. 1991).

27. Here, because the underlying case is unusually large (Debtor has operations in six states and has over 200 employees) and exceptionally large amount of fees are expected to accrue each month, establishment of the proposed interim payment procedures will ensure that EBAS will not be subject to undue hardship and will be in the position to respond to any reassessment.

WHEREFORE, for the reasons stated in this Motion, Debtor requests that the Court enter an order authorizing the retention of Bill Weisfield and Stuart Heath, solely in

DEBTOR'S EMERGENCY MOTION PURSUANT TO
11 U.S.C. §§ 105(a) AND 363(b) FOR ENTRY OF AN
ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF BILL WEISFIELD AND
STUART HEATH OF ELLIOTT BAY ASSET
SOLUTIONS, LLC AS CHIEF RESTRUCTURING
OFFICERS *NUNC PRO TUNC* - 10

THE **TRACY LAW GROUP**<sub>PLLC</sub>
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 16-11767-CMA    Doc 12    Filed 04/05/16    Ent. 04/05/16 17:31:28    Pg. 10 of 11

their capacity as principals of EBAS, to act as CROs of NWMT under the terms set forth in the Engagement Letter, or in the alternative, if EBAS is deemed a 'professional' under § 327 of the Code, under the terms set forth in the Engagement Letter subject to the compensation provisions provided in paragraph 25 above.[2]

DATED this 5th day of April, 2016.

Respectfully submitted:

THE TRACY LAW GROUP PLLC

By /s/ Steven J. Reilly
J. Todd Tracy, WSBA #17342
Steven J. Reilly, WSBA #44306
Attorneys for Debtor

NORTHWEST TERRITORIAL MINT, LLC

By /s/ Ross B. Hansen
Ross B. Hansen, Sole Member and Manager of Northwest Territorial Mint, LLC

---

[2] The signature of the 100% owner, sole member and manager of the Debtor, Ross B. Hansen, is included only insomuch as the Court considers the present Motion to be an employment application under 11 U.S.C. §327.

DEBTOR'S EMERGENCY MOTION PURSUANT TO
11 U.S.C. §§ 105(a) AND 363(b) FOR ENTRY OF AN
ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF BILL WEISFIELD AND
STUART HEATH OF ELLIOTT BAY ASSET
SOLUTIONS, LLC AS CHIEF RESTRUCTURING
OFFICERS *NUNC PRO TUNC* - 11

THE **TRACY LAW GROUP** PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 16-11767-CMA    Doc 12    Filed 04/05/16    Ent. 04/05/16 17:31:28    Pg. 11 of 11