UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| In Re: | ) | Case No. 16-11767 |
| | ) | |
| Northwest Territorial Mint LLC., | ) | OBJECTION OF UNITED STATES |
| | ) | TRUSTEE TO EMPLOYMENT OF |
| | ) | CRO; REQUEST TO APPOINT |
| Debtor. | ) | CHAPTER 11 TRUSTEE; |
| | ) | DECLARATION OF MARTIN L. |
| | ) | SMITH |

The United States Trustee hereby objects to the motion filed by Northwest Territorial Mint, LLC (the "Debtor") to employ a Chief Restructuring Officer ("CRO") pursuant to §§ 105 and 363 (the "Motion"). As discussed below, the United States Trustee requests that the Court instead *sua sponte* order the appointment of a chapter 11 trustee.

The Bankruptcy Code entrusts the management of a chapter 11 debtor to either a) a debtor-in-possession, or b) a trustee appointed under section 1104. The CRO is neither. And yet, the Debtor requests that the CRO be given complete and unfettered management and control over the day-to-day operations of the Debtor and its assets without any of the safeguards and obligations imposed on a chapter 11 trustee for the protection of the estate's creditors. Under the Debtor's proposal, the CRO would be accountable to no one since there is no independent board of directors in place. In addition, the CRO would receive a $100,000 retainer, be paid on an hourly basis, and not have to seek approval of his fees.[1] This attempted end-run around appointment of a chapter 11 trustee under § 1104 should be denied.

---

[1] The Debtor requests that if the CRO is employed under §§ 327 and 329, instead of §§ 105 and 363, that 80% of the fees be paid semi-monthly. The Motion does not adequately justify the

OBJECTION  - 1

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA  98101-1271
206-553-2000, 206-553-2566 (fax)

Case 16-11767-CMA    Doc 25    Filed 04/06/16    Ent. 04/06/16 15:00:45    Pg. 1 of 8

Everyone seems to agree that the Debtor's principal Ross Hansen should not stay in charge of the Debtor. That conclusion appears justified in light of his prepetition actions that lead to a jury awarding a total of over $38,000,000 in judgments, including $3,000,000 in punitive damages, for conduct "amounting to fraud, oppression and malice." *See* Judgment on Jury Verdict, attached as Exhibit 1 to the attached Declaration of Martin L. Smith.

The solution here is not employment of a CRO, but the appointment of a chapter 11 trustee. The case was only filed on April 1, 2016, and the United States Trustee has not yet filed a separate motion for the appointment of a trustee. Under these circumstances, the Court should make the appointment *sua sponte* after the Debtor has an opportunity to address the matter at the upcoming hearing. *Fukutomi v. United States Trustee (In re Bibo, Inc.)*, 76 F.3d 256, 258 (9th Cir. 1996) (in affirming the bankruptcy court's appointment of chapter 11 trustee under § 1104 where a motion had not yet been filed, the court held: "[e]ven without such a request, the court is empowered to *sua sponte* appoint a trustee in order to protect the estate."). *Accord In re McKenna*, No. CA 10-472 ML, 2011 WL 2214763, (D. Rhode Island May 31, 2011) (citing *Bibo*, and relying on the court's authority under § 105(a), the court upheld the bankruptcy court's *sua sponte* appointment).

In conclusion, the United States Trustee requests that the Motion be denied and that the Court order the appointment of a chapter 11 trustee.

DATED this 6th day of April, 2016.

Respectfully submitted,

Gail Brehm Geiger
Acting U.S. Trustee for Region 18

/s/ Martin L. Smith
Martin L. Smith, WSBA #24861
Attorney for United States Trustee

---

request to deviate from standard billing and payment procedures. Also, the Motion states that "EBAS shall also be entitled to the fees and costs it incurred advising the Debtor pre-petition". Motion, p.6, ¶ 13. Accordingly, it appears that the proposed CRO is a prepetition creditor of the Debtor, and therefore not disinterested under the definition set forth in § 101(14).

OBJECTION - 2

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 16-11767-CMA    Doc 25    Filed 04/06/16    Ent. 04/06/16 15:00:45    Pg. 2 of 8

# DECLARATION OF MARTIN L. SMITH

I, Martin L. Smith, declare as follows:

1.      I am a trial attorney employed by the United States Department of Justice in the Office of the United States Trustee.

2.      I have personal knowledge of the facts set forth herein and, if called as a witness, I would testify competently thereto.

3.      Attached as **Exhibit 1** is a copy of a document entitled Judgment on Jury Verdict, and a related Exemplification Certificate, that I requested and received from counsel for creditor Bradley Steven Cohan.


I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of April, 2016.

/s/ Martin L. Smith
Martin L. Smith

OBJECTION  - 3

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA  98101-1271
206-553-2000, 206-553-2566 (fax)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    EXHIBIT 1

26

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA  98101-1271
206-553-2000, 206-553-2566 (fax)

OBJECTION  - 4

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

9
10
11

BRADLEY STEPHEN COHEN, an individual; and COHEN ASSET MANAGEMENT, INC., a California corporation,

Case No. 2:12-cv-01401-JCM-PAL

**JUDGMENT ON JURY VERDICT**

12

Plaintiffs,

13

v.

14
15
16

ROSS B. HANSEN, an individual; NORTHWEST TERRITORIAL MINT, LLC, a Washington limited liability company; and STEVEN EARL FIREBAUGH, an individual,

17

Defendants.

18
19
20
21

This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its unanimous verdict in favor of Plaintiffs and against Defendants.

22
23

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that judgment is hereby entered as follows:

24
25
26
27
28

In favor of Plaintiff Bradley S. Cohen and against Defendant Ross B. Hansen on Plaintiff Bradley S. Cohen's defamation *per se* claim in the amount of $7,000,000.00 in compensatory damages and $500,000.00 in punitive damages. The above finding of liability for damages was based upon conduct of the aforementioned Defendant amounting to fraud, oppression and malice.

JUDGMENT ON JURY VERDICT

1  In favor of Plaintiff Bradley S. Cohen and against Defendant Northwest
2 Territorial Mint, LLC on Plaintiff Bradley S. Cohen's defamation *per se* claim in the
3 amount of $3,000,000.00 in compensatory damages and $500,000.00 in punitive
4 damages. The above finding of liability for damages was based upon conduct of the
5 aforementioned Defendant amounting to fraud, oppression and malice.

6  In favor of Plaintiff Bradley S. Cohen and against Defendant Steven Earl
7 Firebaugh on Plaintiff Bradley S. Cohen's defamation *per se* claim in the amount of
8 $100,000.00 in compensatory damages and $0.00 in punitive damages. The above
9 finding of liability for damages was based upon conduct of the aforementioned
10 Defendant amounting to fraud, oppression and malice.

11  In favor of Plaintiff Cohen Asset Management, Inc. and against Defendant
12 Ross B. Hansen on Plaintiff Cohen Asset Management, Inc.'s defamation *per se*
13 claim in the amount of $10,000,000.00 in compensatory damages and $500,000.00
14 in punitive damages. The above finding of liability for damages was based upon
15 conduct of the aforementioned Defendant amounting to fraud, oppression and
16 malice.

17  In favor of Plaintiff Cohen Asset Management, Inc. and against Defendant
18 Northwest Territorial Mint, LLC on Plaintiff Cohen Asset Management, Inc.'s
19 defamation *per se* claim in the amount of $5,000,000.00 in compensatory damages
20 and $500,000.00 in punitive damages. The above finding of liability for damages
21 was based upon conduct of the aforementioned Defendant amounting to fraud,
22 oppression and malice.

23  In favor of Plaintiff Cohen Asset Management, Inc. and against Defendant
24 Steven Earl Firebaugh on Plaintiff Cohen Asset Management, Inc.'s defamation *per*
25 *se* claim in the amount of $100,000.00 in compensatory damages and $0.00 in
26 punitive damages. The above finding of liability for damages was based upon
27 conduct of the aforementioned Defendant amounting to fraud, oppression and
28 malice.

2
JUDGMENT ON JURY VERDICT

1    In favor of Plaintiff Bradley S. Cohen and against Defendant Ross B. Hansen

2  on Plaintiff Bradley S. Cohen's false light invasion of privacy claim in the amount

3  of $7,000,000.00 in compensatory damages and $500,000.00 in punitive damages.

4  The above finding of liability for damages was based upon conduct of the

5  aforementioned Defendant amounting to fraud, oppression and malice.

6    In favor of Plaintiff Bradley S. Cohen and against Defendant Northwest

7  Territorial Mint, LLC on Plaintiff Bradley S. Cohen's false light invasion of privacy

8  claim in the amount of $3,000,000.00 in compensatory damages and $500,000.00 in

9  punitive damages.  The above finding of liability for damages was based upon

10  conduct of the aforementioned Defendant amounting to fraud, oppression and

11  malice.

12    In favor of Plaintiff Bradley S. Cohen and against Defendant Steven Earl

13  Firebaugh in the amount of $100,000.00 in compensatory damages and $0.00 in

14  punitive damages.  The above finding of liability for damages was based upon

15  conduct of the aforementioned Defendant amounting to fraud, oppression and

16  malice.

17    Pursuant to 28 U.S.C. § 1961, the aforementioned awards of compensatory

18  and punitive damages shall each draw interest from the time of the entry of this

19  Judgment on Jury Verdict until satisfied in full at the rate equal to the weekly

20  average 1-year constant maturity Treasury yield, as published by the Board of

21  Governors of the Federal Reserve System, for the calendar week preceding the date

22  of the Judgment on Jury Verdict (0.56%), with interest computed daily to the date of

23  payment except as provided in 31 U.S.C. § 1304(b), and compounded annually.

24  DATED March 1, 2016.

25

I hereby attest and certify on _3/4/2016_
that the foregoing document is a full, true
and correct copy of the original on file in my
legal custody.

CLERK US. DISTRICT COURT
DISTRICT OF NEVADA

By _____ Deputy Clerk

_James C. Mahan_
Honorable James C. Mahan
United States District Judge

3
JUDGMENT ON JURY VERDICT

# UNITED STATES DISTRICT COURT

District of _____ Nevada _____

## EXEMPLIFICATION CERTIFICATE

I, _____ Lance S. Wilson _____ , Clerk of this United States District Court, keeper of the records and seal, certify that the attached documents:

2:12-cv-1401 JCM PAL
Bradley Stephen Cohen, et al v. Ross B. Hansen, et al
Judgment on Jury Verdict, Docket No. 331, Entered and Filed on 3/1/2016

are true copies of records of this Court.

In testimony whereof I sign my name and affix the seal of this Court, in this District, at Las Vegas _____ on _____ 3/4/2016

_____ City _____ Date

_Clerk_

(By) Deputy Clerk

---

I, _____ Judge James C. Mahan _____ , a Judicial Officer of this Court, certify that _____ Lance S. Wilson _____ , named above, is and was on the date noted, Clerk of this Court, duly appointed and sworn, and keeper of the records and seal, and that this certificate, and the attestation of the record, are in accordance with the laws of the United States.

_____ March 9, 2016 _____

_Date_

Signature of Judge

Honorable Judge James C. Mahan

_Title_

---

I, _____ Lance S. Wilson _____ , Clerk of this United States District Court, keeper of the seal, certify that the Honorable _____ Judge James C. Mahan _____ ,

_Judge_

named above, is and was on the date noted a Judicial Officer of this Court, duly appointed, sworn and qualified, and that I am well acquainted with the Judge's official signature and know and certify the above signature to be that of the Judge.

In testimony whereof I sign my name, and affix the seal of this Court at Las Vegas _____ in this State, on _____ 3/9/2016

_____ City _____ Date

_Clerk_

(By) Deputy Clerk