The Honorable Christopher M. Alston
Chapter 11
Hearing Location: Seattle, WA
Hearing Date:
Hearing Time:
Response Due:

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>NORTHWEST TERRITORIAL MINT, LLC<br><br>Debtor. | No. 16-11767-CMA<br><br>MOTION FOR AUTHORITY TO WITHDRAW AS ATTORNEY FOR DEBTOR |

COMES NOW The Tracy Law Group PLLC ("TTLG") and pursuant to Local Civil Rule 83.2 of the Local Rules W.D., as incorporated by Local Rules W.D. Wash. Bankr. 9029-2, and requests entry of an order authorizing The Tracy Law Group PLLC to withdraw as Counsel of Record for the Debtor.

TTLG was initially contacted regarding this case on or about March 25, 2016. On March 31, 2016, Northwest Territorial Mint LLC executed an engagement letter with The Tracy Law Group PLLC. Attached to the Declaration of J. Todd Tracy in Support of Motion for Authority to Withdraw as Attorney for Debtor as Exhibit A, is a copy the fully executed engagement letter. The terms of the engagement letter required payment of a $150,000.00 advance fee deposit to be held in the TTLG IOLTA Trust Account at First

MOTION FOR AUTHORITY TO WITHDRAW AS
ATTORNEY FOR DEBTOR - 1

THE TRACY LAW GROUP PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 16-11767-CMA    Doc 76    Filed 04/18/16    Ent. 04/18/16 17:26:11    Pg. 1 of 5

Sound Bank.  Because of entry of a restraining order by the King County Superior Court that prevented any funds of the Debtor being transferred to any third party, the advance fee deposit was paid by a third-party, Ms. Diane Erdmann.  On March 31, 2016, TTLG received a wire transfer in the sum of $50,000 from Ms. Erdman.  In addition, on March 31, 2016, TTLG received a third party cashier's check, drawn by John Drummey and payable to Diane Erdmann which was, in turn, endorsed to TTLG.  The cashier's check was in the amount of $99,460.00.  This check was deposited into the TTLG IOLTA Trust account on March 31, 2016 and was credited on April 1, 2016.  Copies of these documents have been provided to the Chapter 11 Trustee's counsel per his request.

Prior to the filing of the Chapter 11 Petition, TTLG drew down $21,885.50 for pre-petition fees incurred related to advising the Debtor as to its options under the Washington States Receivership Act, the federal receivership statute and the United States Bankruptcy Code.  TTLG also prepared the initial petition, entered approximately 3400 priority unsecured creditors and 160 general unsecured creditors into the bankruptcy software filing software used by the firm.  It total, TTLG spent 63.5 hours in pre-petition time prior to the filing.  The United States Courts debited $1,717.00 for the Chapter 11 filing fee, via ACH from the funds in the trust account.. Accordingly, as of the time of filing and continuing forward, the trust account has a balance of $125,857.50.

The filing of the bankruptcy is considered at a minimum as an appearance on behalf of the Debtor.  Employment as counsel for the Debtor must be approved by the Bankruptcy Court pursuant to 11 U.S.C. §327.  Local Rule 83.2(b)(1) W.D. Wash. provides that "[N]o

MOTION FOR AUTHORITY TO WITHDRAW AS
ATTORNEY FOR DEBTOR - 2

THE TRACY LAW GROUP PLLC
720 Olive Way, Suite 1000
Seattle, WA  98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 16-11767-CMA    Doc 76    Filed 04/18/16    Ent. 04/18/16 17:26:11    Pg. 2 of 5

attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court." Local Rule 83.2 W.D. Wash. is incorporated into the Local Rules W.D. Wash. Bankr. pursuant to Rule 9029-2.

TTLG has three separate bases to seek authority to withdraw its appearance on behalf of the Debtor.

Paragraph 10 of the executed engagement letter expressly states that TTLG's continued representation was contingent upon the Court's approval of the retention of a Chief Restructuring Officer and that if the Court denied such a motion, TTLG would have a basis for terminating the engagement. On April 7, 2016, the Court denied the Debtor's motion to appoint a Chief Restructuring Officer and entered an order directing the Office of the United States Trustee to appoint a Chapter 11 Trustee. Mark Calvert was appointed as the Chapter 11 Trustee by order entered on April 11, 2016. Because the Court ordered the appointment of the Chapter 11 Trustee so quickly after the case was filed, and because of the restrictions contained in Fed. R. Bankr. P. 6003(a), The Court did not enter an order approving the employment of TTLG as counsel for the Debtor prior to appointment of the Chapter 11 Trustee.

As an additional basis to permit TTLG to withdraw, the attorney-client working relationship between TTLG and Mr. Hansen, as the member of Northwest Territorial Mint LLC has deteriorated to the point where any continued representation of the Debtor is not possible.

MOTION FOR AUTHORITY TO WITHDRAW AS
ATTORNEY FOR DEBTOR - 3

THE **TRACY LAW GROUP**PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 16-11767-CMA    Doc 76    Filed 04/18/16    Ent. 04/18/16 17:26:11    Pg. 3 of 5

Finally, upon appointment of the Chapter 11 Trustee, TTLG may no longer be paid for its representation of the Debtor. *See Lamie v. United States Trustee*, 540 U.S. 526 (2004).

On April 15, 2016, TTLG sent its written letter terminating its engagement to the Debtor to its last known mailing addresses and to Mr. Ross Hansen at his last known e-mail address.

TTLG further requests that the Court enter an order directing what steps TTLG should take regarding the funds held in its IOLTA Trust Account. Washington Rule of Professional Conduct 1.15A(g) governs this situation and provides:

> **(g) If a lawyer possesses property in which two or more persons (one of which may be the lawyer) claim interests, the lawyer must maintain the property in trust until the dispute is resolved. The lawyer must promptly distribute all undisputed portions of the property. The lawyer must take reasonable action to resolve the dispute, including, when appropriate, interpleading the disputed funds.**

Washington State Bar Association Ethics Advisory Opinion 2213 confirms that TTLG should maintain the funds in its Trust Account, or alternatively, interplead the funds into the Bankruptcy Court for future determination.

As noted above, TTLG currently holds the sum of $125,857.50 in its IOLTA Trust Account at First Sound Bank. Ms. Diane Erdmann is demanding that the funds be returned to her as she provided the advanced fee deposit. TTLG is intending to seek Bankruptcy Court approval for fees incurred between the filing and the appointment of the Trustee in the approximate amount of $36,000. Finally, the Chapter 11 Trustee has asserted, in writing,

MOTION FOR AUTHORITY TO WITHDRAW AS
ATTORNEY FOR DEBTOR - 4

**THE TRACY LAW GROUP**PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 16-11767-CMA    Doc 76    Filed 04/18/16    Ent. 04/18/16 17:26:11    Pg. 4 of 5

that he may have an interest in the funds and is investigating whether the funds are property of the bankruptcy estate.

TTLG requests the Court's direction regarding these funds and will take such steps to safeguard the funds, including interpleading the funds to the Bankruptcy Court, pursuant to RPC 1.15A(g) as required.

WHEREFORE The Tracy Law Group PLLC requests that the Court enter an order authorizing TTLG to withdraw as counsel of record for the Debtor and further directing what steps TTLG should take to safeguard funds held in its IOLTA Trust Account including interpleading the funds to the Bankruptcy Court.

DATED this 18th day of April, 2016.

THE TRACY LAW GROUP PLLC.


By   /s/ J. Todd Tracy
     J. Todd Tracy, WSBA #17342

MOTION FOR AUTHORITY TO WITHDRAW AS
ATTORNEY FOR DEBTOR - 5

THE **TRACY LAW GROUP**PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 16-11767-CMA    Doc 76    Filed 04/18/16    Ent. 04/18/16 17:26:11    Pg. 5 of 5