Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Rm. 7206
Hearing Date: May 26, 2016
Hearing Time: 1:30 p.m.
Response Date: May 23, 2016

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>NORTHWEST TERRITORIAL MINT, LLC,<br><br>Debtor. | Case No. 16-11767-CMA<br><br>MOTION FOR ORDER APPROVING THE SALE OF THE DEBTOR'S TOMBALL, TEXAS ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES; APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN OF THE DEBTOR'S EXECUTORY CONTRACTS; AND GRANTING OTHER RELATED RELIEF |

Mark Calvert (the "Trustee"), Chapter 11 Trustee for Northwest Territorial Mint, LLC ("NWTM" or the "Debtor"), submits this Motion to the Court, which requests entry of an order approving (i) the sale of certain assets related to the business enterprise owned by NWTM and commonly referred to as Graco Awards Manufacturing ("Graco") which are located in Tomball, Texas, free and clear of all liens, claims, and encumbrances to Tom Tucker and Larry Cook or an entity formed by them ("Tucker/Cook" or "Buyer"); (ii) the assumption and assignment by the Trustee to Buyer of certain of the Debtor's executory contracts and leases related to Graco; and (iv) such other related relief identified herein. In support of the Motion, the Trustee respectfully states as follows:

MOTION FOR ORDER APPROVING SALE OF
DEBTOR'S TOMBALL, TEXAS ASSETS FREE AND
CLEAR AND APPROVING ASSUMPTION AND
ASSIGNMENT OF CONTRACTS - 1
K:\2070561\00001\20892_MJG\20892P25C4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 200    Filed 05/06/16    Ent. 05/06/16 17:22:01    Pg. 1 of 10

## BACKGROUND

On April 1, 2016, the Debtor commenced this case by filing a voluntary petition under chapter 11 of the United States Bankruptcy Code. On April 11, 2016, an order was entered appointing Mark Calvert as chapter 11 Trustee. *See* Dkt. No. 51.

Upon his appointment, the Trustee took control over the business operations of the Debtor and initiated his investigation of the financial affairs of the bankruptcy estate. The Trustee has learned that many of the Debtor's financial records are missing. The Trustee was immediately faced with significant operational issues and forced to address employee layoffs, imminent plans to move certain operations from Texas to Nevada, and an urgent need to manage cash resources in order to stabilize the Debtor's business operations. In addition, the Trustee has taken a detailed inventory of precious metals, coins, gold, and silver bullion, and other inventory of the Debtor. One of the Trustee's principal concerns has been whether the business, or any aspects thereof, can be reorganized or sold as a going concern.

One aspect of the Debtor's business is the minting of coins, awards, and medallions for third parties. In furtherance thereof, the Debtor owns a business enterprise commonly referred to as Graco Awards Manufacturing ("Graco"). Graco's primary facilities are located at 723 South Cherry Street, Tomball, Texas 77375. The Trustee has investigated the Graco business, and evaluated whether it is in the best interests of the estate to liquidate the business or operate it as a going concern. As set forth in the Trustee's declaration submitted herewith, the Trustee has determined that the business as a hole is suffering from a cash shortfall. Because the Trustee needs to generate cash to preserve other aspects of the Debtor's business, the Graco assets must be sold as quickly as possible.

Since his appointment, the Trustee has communicated with multiple interested purchasers regarding the sale of the Graco business and obtained multiple offers to purchase the Graco assets. Tucker/Cook have emerged with the highest and best offer for the assets related to the Graco business. The Trustee and Buyer have negotiated the terms of a purchase and sale agreement (the

MOTION FOR ORDER APPROVING SALE OF
DEBTOR'S TOMBALL, TEXAS ASSETS FREE AND
CLEAR AND APPROVING ASSUMPTION AND
ASSIGNMENT OF CONTRACTS - 2

K:\2070561\00001\20892_MJG\20892P25C4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 200    Filed 05/06/16    Ent. 05/06/16 17:22:01    Pg. 2 of 10

"Purchase Agreement"), which is attached to the Declaration of Mark Calvert filed in support of this Motion (the "Calvert Decl.") as Exhibit A. The negotiations between the Buyer and the Trustee were at arms-length and were free from any fraud, collusion or bad faith.

The terms of the Purchase Agreement provide that the Buyer will pay the Trustee $600,000 for the assets related to the Graco business (the "Purchased Assets"). In addition, the Buyer has agreed to assume certain liabilities of the Debtor in the approximate amount of $150,000. The Purchased Assets include certain executory contracts to be selected by the Buyer (the "Assumed Contracts"). The additional terms of the proposed sale are set forth in the Purchase Agreement. In the event that another bidder comes forward seeking to acquire the Graco assets and the Trustee determines that an auction should be held, the Trustee has agreed to seek approval of bids increments of $25,000. In addition, in the event that a bidder other than Buyer prevails at auction, and the sale to that prevailing bidder is approved by this Court, the Trustee has agreed to request that the Court award Tucker/Cook a break-up fee in the amount of $25,000 (the "Break-Up Fee").

According to the terms of the Purchase Agreement, the Buyer will have until May 10, 2015 at 5:00 p.m. (the "Assumed Contracts Deadline"), to select the executory contracts it wishes to assume under the Purchase Agreement. The Buyer will responsible for curing any defaults under the Assumed Contracts. The Trustee will promptly provide notice to the counterparties of such Assumed Contracts, so that they may have an opportunity to respond to the proposed assumption and assignment or proposed cure amounts related thereto. The Trustee requests that the deadline for submitting such objections shall be May 24, 2016 at 5:00 p.m. (the "Cure Cost/Assignment Objection Deadline"). In the event that objections to cure cost amounts or assignment of executory contracts is received by the Cure Cost/Assignment Objection Deadline, the Trustee will schedule an additional hearing following the hearing on the Sale Motion to resolve outstanding disputes with respect to cure costs. Disputes as to the assignability of the executory contracts or leases will be resolved at the sale hearing.

MOTION FOR ORDER APPROVING SALE OF
DEBTOR'S TOMBALL, TEXAS ASSETS FREE AND
CLEAR AND APPROVING ASSUMPTION AND
ASSIGNMENT OF CONTRACTS - 3
K:\2070561\00001\20892_MJG\20892P25C4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 200    Filed 05/06/16    Ent. 05/06/16 17:22:01    Pg. 3 of 10

**EVIDENCE RELIED UPON**

This Motion relies on the arguments set forth herein, the Declaration of Trustee Mark Calvert filed in support of the Motion, the Declaration of Tom Tucker submitted on behalf of the proposed Buyer, the pleadings and records on file in this case, and the arguments of counsel, if any.

**ARGUMENT**

The Court should approve the Trustee's proposed sale of the Debtor's assets related to its Graco business, free and clear of liens, claims, interests, and encumbrances, pursuant to the terms of the Purchase Agreement. Section 363(b) of the Bankruptcy Code provides that the Trustee is authorized to sell assets outside the ordinary course of its business. While the text of the Bankruptcy Code does not provide the standard for determining when it is appropriate for a court to authorize the sale of property of the estate, courts often approve a proposed sale if such sale is based upon the sound business judgment of the debtor. *See, e.g.*, *Meyers v. Martin (In re Martin)*, 9 F.3d 389, 395 (3d Cir. 1996); *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983).

**A. The Proposed Sale Meets the Requirements for a Sale Under 363(b).**

Here, a sound business reason exists for the proposed sale to Buyer. Namely, the objective of the Trustee's proposed sale is to maximize the proceeds of such sale for the benefit of the bankruptcy estate and to preserve value of the remainder of the assets of the bankruptcy estate. *See, e.g., Four B. Corp. v. Food Barn Stores, Inc.(In re Food Barn Stores, Inc.)*, 107 F.3d 558, 564-65 (8th Cir. 1997) (stating that in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *In re Integrated Res, Inc.*, 147 B.R. 650, 659 (S.D.N.Y. 1992) ("'It is a well-established principle of bankruptcy law that the objective of bankruptcy rules and the [Debtor's] duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.'") (alteration in original) (quoting *In re Atlanta Packaging Products, Inc.*, 99 B.R. 124, 130 (Bankr. N.D. Ga. 1988)).

MOTION FOR ORDER APPROVING SALE OF
DEBTOR'S TOMBALL, TEXAS ASSETS FREE AND
CLEAR AND APPROVING ASSUMPTION AND
ASSIGNMENT OF CONTRACTS - 4

K:\2070561\00001\20892_MJG\20892P25C4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 200    Filed 05/06/16    Ent. 05/06/16 17:22:01    Pg. 4 of 10

The sale of assets outside of the ordinary course of business may be conducted by a private sale as opposed to an auction under appropriate circumstances. *See In re Bakalis*, 220 B.R. 525, 531 (Bankr. E.D.N.Y. 1998) ("Unlike judicial sales under the former Bankruptcy Act, the sale of estate property under the Bankruptcy Code is conducted by a trustee, who has ample discretion . . . to conduct public or private sales of estate property.") (internal quotations and citation omitted). Here, the Trustee has determined that there is insufficient interest in the Graco business to hold a public auction. Additionally, the estate's business as a whole is suffering from a cash shortfall and it is imperative that the assets be sold as quickly as possible. Thus, the Trustee believes that a private sale to Buyer is in the best interests of the estate. The proposed sale is the highest and best offer received for the assets, and the Trustee does not believe he could obtain a higher and better offer within a reasonable period of time. Should an interested purchaser come forward, before this sale is approved, with a materially higher offer than the offer of Tucker/Cook, the Trustee will conduct an auction for the assets.

For purposes of 11 U.S.C. § 363(m), a "good faith purchaser" is one who buys "in good faith" and "for value." *Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 281 (9th Cir. 1992). "The requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings." *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 147 (3d Cir. 1992) (quotations omitted). The "lack of good faith is shown by 'fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.'" *In re Ewell*, 958 F.2d at 281 (quoting *Community Thrift & Loan v. Suchy (In re Suchy)*, 786 F.2d 900, 902 (9th Cir. 1985)); *see also In re Abbotts Dairies*, 788 F.2d at 147. Here, the Purchase Agreement is the result of arm's length negotiations between the Trustee and the Buyer. It is not the result of any fraud or collusion between the Trustee and the Buyer or between the Debtor and the Buyer. The Buyer is therefore a good-faith buyer within the meaning of 11 U.S.C. § 363(m).

MOTION FOR ORDER APPROVING SALE OF
DEBTOR'S TOMBALL, TEXAS ASSETS FREE AND
CLEAR AND APPROVING ASSUMPTION AND
ASSIGNMENT OF CONTRACTS - 5

K:\2070561\00001\20892_MJG\20892P25C4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 200    Filed 05/06/16    Ent. 05/06/16 17:22:01    Pg. 5 of 10

The proposed purchase price of $600,000, plus assumption of approximately $150,000 in liabilities, is fair and reasonable, and represents the highest and best offer that the Trustee has received for the Graco business' assets to date. The Trustee believes that the purchase price represents the highest and best return for the estate given the nature of the assets and the liquidity crisis facing the Debtor's business. The Trustee, in addition to establishing that the Buyer has acted in good faith and that there is a sound business justification for the sale, has also provided adequate and sufficient notice of the proposed sale to Buyer. The Court should therefore grant the Motion and approve the proposed sale to Buyer.

### B. Good Cause Exists to Waive the Stay Under Fed. R. Bankr. P. 6004(h).

Pursuant to Fed. R. Bankr. P. 6004(h), any order authorizing the use, sale, or lease of property other than cash collateral is stayed for 14 days, unless the court orders otherwise. As noted herein, given the liquidity concerns facing the Debtor's business, and the necessity that this sale close quickly, causes exists to waive the stay and permit the Trustee to quickly consumate the proposed sale to Buyer under the terms of the Purchase Agreement.

### C. The Proposed Sale of the Graco Business Assets Satisfies the Requiremenst of 11 U.S.C. § 363(f).

Pursuant to 11 U.S.C. §363(f), a Trustee may sell property of the estate under 11 U.S.C. § 363(b) free and clear of any interest in such property of any entity other than the estate only if (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which the property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; *or* (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f).

Here, the Trustee is unaware of whether there are any entities that claim a lien on any of the Purchased Assets other than the claims of Texas taxing authorities. The Trustee has provided notice of the sale to the Texas taxing authorities and will provide notice of this motion to the entire mailing

MOTION FOR ORDER APPROVING SALE OF
DEBTOR'S TOMBALL, TEXAS ASSETS FREE AND
CLEAR AND APPROVING ASSUMPTION AND
ASSIGNMENT OF CONTRACTS - 6

K:\2070561\00001\20892_MJG\20892P25C4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 200    Filed 05/06/16    Ent. 05/06/16 17:22:01    Pg. 6 of 10

matrix, so that if any entity claims a lien on the assets being sold, they will have an opportunity to object. If no such creditor objects, the sale free and clear will be permitted under 11 U.S.C. § 363(f)(2). Moreover, even if secured creditors object to the sale, the sale free and clear is permissible under 11 U.S.C. § 363(f)(5) because there are legal and equitable proceedings in which a lienholder could be compelled to accept a money satisfaction of such lien, including the disposition of collateral under the default remedies provided in Washington's Uniform Commercial Code (Chater 62A.9A RCW) or in a receivership proceeding pursuant to RCW 7.60.260. Furthermore, any lienholder also will be adequately protected by having its liens, if any, attach to the proceeds of the sale in the same order of priority, with the same validity, force, and effect that such creditor had prior to such sale, subject to any claims and defenses that the Trustee and the Debtor's bankruptcy estate may possess with respect thereto. For these reasons, the proposed sale free and clear of liens should be approved.

### D. Approval of the Assumption and Assignment of Executory Contracts Under 11 U.S.C. § 365 is Appropriate.

The Trustee also requests that the Court approve the assumption and assignment of the Assumed Contracts under the Purchase Agreement. The Trustee may assign executory contracts or unexpired leases only if the Trustee (a) first assumes the contract or lease in accordance with the Bankruptcy Code; and (b) the assignee provides adequate assurance of future performance of such contract or lease. 11 U.S.C. § 365(f). Additionally, the Trustee must cure all defaults existing under such executory contract or lease prior to assumption.

Presently, the Trustee is unaware of which contracts the Buyer will elect to assume. Under the Purchase Agreement, the Buyer will have until the Assumed Contracts Deadline to provide the Trustee with notice of any Assumed Contracts. The Trustee will thereafter notify the counterparties of such contracts and provide them with the opportunity to object to the assumption and assignment of their contract or lease by the Cure Cost/Assignment Objection Deadline. If there are any unresolved objections to the assumption and assignment of such contracts, the Court will address such objections at the sale hearing, provided that hearings with respect to resolution of the amounts

MOTION FOR ORDER APPROVING SALE OF
DEBTOR'S TOMBALL, TEXAS ASSETS FREE AND
CLEAR AND APPROVING ASSUMPTION AND
ASSIGNMENT OF CONTRACTS - 7
K:\2070561\00001\20892_MJG\20892P25C4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 200    Filed 05/06/16    Ent. 05/06/16 17:22:01    Pg. 7 of 10

of cure may be scheduled at a date after closing of the sale. Additionally, if requested by any counterparty to one of the Assumed Contracts, the Trustee believes that the Buyer could provide adequate assurance of future performance under such contract or lease. For these reasons, the Trustee requests that the Court approve the proposed assumption and assignment of the Assumed Contracts to the Buyer at closing.

### E. The Proposed Bid Increments and Break-Up Fee is Reasonable Under the Circumstances.

Presently, the Trustee does not anticipate overbids for the Tomball, Texas assets. However, in the event that the Trustee receives a materially higher and better offer from a party other than the Buyer the Trustee reserves the right to conduct an auction for the assets. In the event of such an auction, the Trustee requests authority to establish bid increments of $25,000. In the event that a party other than the Buyer becomes the successful bidder, and such other parties offer is approved by this Court, the Trustee requests that Tucker/Cook be awarded a break-up fee in the amount of $25,000 (the "Break-Up Fee").

The amount of the proposed Break-Up Fee is fair and reasonable in relation to the purchase price and the amount of expenses incurred by Buyer. The Buyer has incurred out-of-pocket legal fees in conducting due diligence, and negotiating the Purchase Agreement and related sale pleadings. *See In re Integrated Res., Inc.*, 147 B.R. 650, 659-60 (S.D.N.Y. 1992) (stating that break-up fees "are important tools to encourage bidding and to maximize the value of the debtor's assets" and are enforceable if they encourage, as oppose to stiffle, bidding). For these reasons, the proposed Break-Up Fee should be approved.

### CONCLUSION

For the foregoing reasons, the Trustee respectfully request that the Court enter an order in the formed proposed by the Trustee authorizing its proposed sale to the Buyer free and clear of liens, claims, interests, and encumbrances, approving the assumption and assignment of the Assumed Contracts, and for such other relief as the Court deems appropriate under the circumstances.

MOTION FOR ORDER APPROVING SALE OF
DEBTOR'S TOMBALL, TEXAS ASSETS FREE AND
CLEAR AND APPROVING ASSUMPTION AND
ASSIGNMENT OF CONTRACTS - 8
K:\2070561\00001\20892_MJG\20892P25C4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 200    Filed 05/06/16    Ent. 05/06/16 17:22:01    Pg. 8 of 10

DATED this 6th day of May, 2016.

                                K&L GATES LLP


                                By /s/ Michael J. Gearin
                                   Michael J. Gearin, WSBA #20982
                                   David C. Neu, WSBA #33143
                                   Brian T. Peterson, WSBA #42088
                               Attorneys for Mark Calvert, Chapter 11 Trustee

MOTION FOR ORDER APPROVING SALE OF
DEBTOR'S TOMBALL, TEXAS ASSETS FREE AND
CLEAR AND APPROVING ASSUMPTION AND
ASSIGNMENT OF CONTRACTS - 9

K:\2070561\00001\20892_MJG\20892P25C4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 200    Filed 05/06/16    Ent. 05/06/16 17:22:01    Pg. 9 of 10

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a paralegal in the law firm of K&L Gates LLP, and on May 6, 2016, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 6th day of May, 2016 at Seattle, Washington.

*/s/ Denise A. Evans*
Denise A. Evans

MOTION FOR ORDER APPROVING SALE OF DEBTOR'S TOMBALL, TEXAS ASSETS FREE AND CLEAR AND APPROVING ASSUMPTION AND ASSIGNMENT OF CONTRACTS - 10

K:\2070561\00001\20892_MJG\20892P25C4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 200    Filed 05/06/16    Ent. 05/06/16 17:22:01    Pg. 10 of 10