STATE OF WASHINGTON

COUNTY OF KING

### AFFIDAVIT OF DERRIN TALLMAN

1.

I am over 18 years of age, have lived in the City of Federal Way, WA State, continuously since the year 2014 to the date of this Affidavit, and make this declaration based on my own personal knowledge.

2.

I am currently employed by Northwest Territorial Mint, LLC (NWTM), as Bullion Sales, and my primary office is located at the Federal Way, Washington facility.

3.

I think I thought I saw up to four items on Tuesday, May 10, 2016, that are assets that were seized from Ross Hansen's home that are currently being held by the King County Sheriff. I believe these assets were at one point in time located in the Federal Way office at Northwest Territorial Mint. More information is necessary to confirm this information.


FURTHER AFFIANT SAYETH NOT. IN WITNESS WHEREOF, I have hereunto set my hand and seal on this 13th day of May, 2016.

_____

Derrin Tallman, AFFIANT


Before me, the undersigned authority in and for said County and State personally appeared Derrin Tallman (Affiant), who is known to me and who being first by me duly sworn, deposes and gives this testimony.

Sworn to and subscribed before me this 13th day of May, 2016.

NOTARY PUBLIC

My Commission Expires: May 21, 2018

ERIN KATHLEEN STEELE
COMM. EXP.
NOTARY
PUBLIC
MAY 21, 2018
STATE OF WASHINGTON

CALV002111

FILED

16 MAY 13 PM 2:17

RECEIVED
CIVIL

16 MAR 30 AM 9:59

KING COUNTY SHERIFF

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 16-2-05611-3 KNT

1

2

3

4

5

6

7

8

## SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

9

10  BRADLEY STEPHEN COHEN, an individual; and COHEN ASSET MANAGEMENT, INC., a California corporation,

11

12                    Plaintiffs,

13            v.

14  ROSS B. HANSEN, an individual; NORTHWEST TERRITORIAL MINT, LLC, a Washington limited liability company; and STEVEN EARL FIREBAUGH,

15

16

17                    Defendants.

NO. 16-2-05611-3 KNT

WRIT OF EXECUTION OF PERSONAL PROPERTY

18

19  **The State of Washington, To the Sheriff of King County, You Are Commanded:**

20      To take this Writ with attached copies of exemption statutes and levy upon, seize and take into possession and execution, the nonexempt value of the personal property as specified below of Judgment Debtors Ross B. Hansen and Northwest Territorial Mint, LLC ("Judgment Debtors") in your county, sufficient to execution and to fully satisfy the judgment, interest and increased interest, costs and increased costs, to sell that property according to law, and to make return of this Writ within 60 days to the Clerk who issued it, provided that if return is not possible within 60 days, the return of this Writ automatically shall be extended for an additional 30 days, on the basis of the following-described judgment:

21

22

23

24

25

26

WRIT OF EXECUTION OF PERSONAL
PROPERTY- 1

MPBA{17065/005/01105974-1}

MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
ATTORNEYS AT LAW
5500 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WA 98104-7096
(206) 682-7090 TEL
(206) 625-9534 FAX

This Writ of Execution of Personal Property corresponds to judgment registered by the Superior Court of King County, State of Washington, on March 10, 2016, as follows:

1. Judgment – Principal:
$25,500,000.00 owed by Ross B. Hansen; $12,500,000.00 owed by Northwest Territorial Mint, LLC; $300,000.00 owed by Steven E. Firebaugh

2. Interest on said judgments at the rate of .56% compounded annually from March 1, 2016 to date of sale: TBD at Sale
3. Interest owed to the date of judgment: $0.00
4. Costs of Suit: Pending
5. Attorney(s) Fees: Pending
6. Other: Reserved
7. Interest on costs and attorney fees from March 1, 2016 to date of sale at a rate to be set when a cost bill is entered: TBD at Sale
8. Partial Satisfaction(s): None
9. Amount actually due: TBD at Sale

The judgment has been recorded in King County under recording number 20160314001287.

It is believed the subject property described above may be concealed in a building or enclosure. Pursuant to RCW 6.17.160, if after the Sheriff makes demand the property is not delivered, the Sheriff may herewith cause the building or enclosure to be broken open and entered to take possession of the property.

WRIT OF EXECUTION OF PERSONAL
PROPERTY- 2

MPBA{17065/005/01105974-1}

MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
ATTORNEYS AT LAW
5500 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WA 98104-7096
(206) 682-7090 TEL
(206) 625-9534 FAX

WITNESS the Honorable <u>SUSAN J. CRAIGHEAD</u>, Judge of the Superior Court for the County of King, and the seal of the Court, this _____ day of <u>MAR 3 0 2016</u>, 2016.

<u>BARBARA MINER</u>, Clerk

By <u>C. SOLLMAN</u>
Deputy Clerk

Presented by:

MONTGOMERY PURDUE BLANKINSHIP
& AUSTIN, PLLC

By: _____
Joseph A. Harnell, WSBA #29423
Nathaniel H. Somers, WSBA #46554
Attorney for Plaintiffs/Judgment Creditors

WRIT OF EXECUTION OF PERSONAL
PROPERTY- 3

MPBA{17065/005/01105974-1}

MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
ATTORNEYS AT LAW
5500 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WA 98104-7096
(206) 682-7090 TEL
(206) 625-9534 FAX

Exhibit C                    16-2-05611-3, KNT

FILED
KING COUNTY. WASHINGTON

MAY 13 2016          EXP07

SUPERIOR COURT CLERK

EXP07

# SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| BRADLEY STEPHEN COHEN, an individual; and COHEN ASSET MANAGEMENT, INC., a California corporation, | NO. 16-2-05611-3 KNT |
| Plaintiffs, | ORDER AUTHORIZING SHERIFF TO BREAK AND ENTER |
| v. | |
| ROSS B. HANSEN, an individual; NORTHWEST TERRITORIAL MINT, LLC, a Washington limited liability company; and STEVEN EARL FIREBAUGH, | |
| Defendants. | |

THIS MATTER came before the Court on Plaintiffs Bradley S. Cohen and Cohen Asset Management, Inc.'s Verified Ex Parte Motion for Order Authorizing Sheriff to Break and Enter ("Verified Motion"). The Court considered the Verified Motion and the files and records herein and being fully advised, now, therefore,

It is hereby ORDERED:

A.    The Motion is granted.

ORDER AUTHORIZING SHERIFF TO BREAK
AND ENTER
- 1
{17065/005/01105963-2}

MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
ATTORNEYS AT LAW
5500 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WA 98104-7096
(206) 682-7090 TEL
(206) 625-9534 FAX

B.    The King County Sheriff is authorized to break and enter such buildings and

enclosures that the sheriff deems necessary to effectuate the March 30, 2016 writ of

execution.

DONE IN OPEN COURT this ___/3___ day of May, 2016.

_____
Judge/Court Commissioner

Larry Garrett
Pro Tem

Presented by:

MONTGOMERY PURDUE
BLANKINSHIP & AUSTIN PLLC


By s/ Nathaniel H. Somers
    Joseph A. Hamell
    WA State Bar No. 29423
    Nathaniel H. Somers
    WA State Bar No. 46554
    Attorneys for Plaintiff

ORDER AUTHORIZING SHERIFF TO BREAK
AND ENTER
- 2
{17085/005/01105983-2}

MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
ATTORNEYS AT LAW
5500 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WA 98104-7096
(206) 682-7090 TEL
(206) 625-9534 FAX

# SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| BRADLEY STEPHEN COHEN, an individual; and COHEN ASSET MANAGEMENT, INC., a California corporation, | NO. 16-2-05611-3 KNT |
| Plaintiffs, | SUBPOENA IN A CIVIL CASE |
| v. | |
| ROSS B. HANSEN, an individual; NORTHWEST TERRITORIAL MINT, LLC, a Washington limited liability company; and STEVEN EARL FIREBAUGH, | |
| Defendants. | |

TO: Diane Erdmann
35447 – 34th Ave. S
Auburn, WA 98001

☒ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

Date: May 12, 2016
Time: 9 a.m.
Place: King County Superior Courthouse
516 Third Avenue, Room W-312
Seattle, WA 98104

Your Deposition will be recorded by ☒ Stenographer ☐ Videographer

{17065/005/01129943-2} SUBPOENA IN A CIVIL CASE - 1
mfotw:\docs\clients\17065\005\01129943.doc

MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
ATTORNEYS AT LAW
5500 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WA 98104-7096
(206) 682-7090 TEL
(206) 625-9534 FAX

Any organization that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. CR 30(b)(6). The examination related to this subpoena shall include all facts and circumstances related to the above captioned matter, including without limitation, those documents, tangible things, facts, and issues specified in the attached Exhibit A.

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or tangible things, specified in the attached Exhibit 1, at the place, date and time specified below (list documents or objects):

      Date:     May 12, 2016
      Time:     9 a.m.
      Place:    King County Superior Courthouse
               516 Third Avenue, Room W-312
               Seattle, WA 98104

DATED this 26th day of April, 2016.

MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC

By: _____
    Joseph A. Hamell
    WA State Bar No. 29423
    Nathaniel H. Somers
    WA State Bar No. 46554
    Attorneys for Plaintiffs

{17065/005/01129943-2} SUBPOENA IN A CIVIL CASE - 2
mfo\w:\docs\clients\17065\005\01129943.doc

MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
ATTORNEYS AT LAW
5500 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WA 98104-7096
(206) 682-7090 TEL
(206) 625-9534 FAX

Case 16-11767-CMA   Doc 344-1   Filed 05/27/16   Ent. 05/27/16 16:49:43   Pg. 8 of 24

Pursuant to CR 45, a recitation of Sections (c) and (d) follows:

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to subsection (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce and all other parties, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) fails to comply with RCW 5.56.010 or subsection (e)(2) of this rule;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden, provided that, the court may condition denial of the motion upon a requirement that the

subpoenaing party advance the reasonable cost of producing the books, papers, documents, or tangible things.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information in camera to the court for a determination of the claim. The person responding to the subpoena must preserve the information until the claim is resolved.

MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
ATTORNEYS AT LAW
5500 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WA 98104-7096
(206) 682-7090 TEL
(206) 625-9534 FAX

# EXHIBIT 1

A.    All personal income tax returns of Diane Erdmann for the past five years, and all income tax returns for any business interests in which Diane Erdmann has stock or an interest of any kind, whether or not such interests are in Diane Erdmann's name;

B.    Copies of all financial statements of Diane Erdmann delivered to anyone during the past five years (this is to include personal statements and financial statements of any corporation or partnership in which Diane Erdmann has stock or an interest of any kind);

C.    All statements of income, wages, salary, fees, bonuses or commissions earned, including wage stubs and/or payroll slips and any and all other proof of such income or other income as Diane Erdmann has earned for the last five years;

D.    Agreements for compensation of any kind;

E.    Evidence of title to any real or personal property owned by Diane Erdmann individually or as community property or by any corporation or partnership in which Diane Erdmann owns an interest, including, but not limited to, registrations, titles, leases, real estate contracts, deeds or other evidence;

F.    Bank records showing current and past bank account balances and account activity including, but not limited to, checkbooks in Diane Erdmann's name or upon which Diane Erdmann may draw as signator, ledgers, passbooks, draft accounts, and certificates of deposit;

G.    Any evidence of indebtedness to Diane Erdmann, including, but not limited to, any notes, promissory notes, and accounts receivable by Diane Erdmann, either in a personal or business capacity;

H.    Any valuable property of Diane Erdmann, including, but not limited to, precious metals, bullion, jewelry, objects of art, collections of stamps or coins, or other collections;

I.    Any and all stocks or securities of Diane Erdmann and any and all evidence of transactions in stocks or securities, including, but not limited to, account statements, orders to buy or sell, confirmations of sale or other evidence;

MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
ATTORNEYS AT LAW
5500 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WA 98104-7096
(206) 682-7090 TEL
(206) 625-9534 FAX

J.   Any and all evidence of security interests held by Diane Erdmann;

K.   Any and all evidence of any money or assets held by Diane Erdmann or others on Diane Erdmann's behalf.

L.   Any and all vault logs (personal or related to Northwest Territorial Mint).

M.   Any and all documents related to any deposits of any value made on behalf of Ross Hansen or Northwest Territorial Mint, including with attorneys

N.   Any and all documents which evidence of any inheritances Diane Erdmann has received at any time.

The term "document" means, without limiting its generality, any book, pamphlet, periodical, letter, report, memorandum, notation, pleading or court document, message, telegram, facsimile, e-mail, text or SMS message, weblog, blog, or tweet, Facebook, LinkedIn, or other social network posting, message or comment, website posting, message, or comment, cable, record, study, working paper, chart, graph, index, tape, minutes, contract, lease, insurance application or form, invoice, receipt, record or purchase of sale, correspondence, electronic or other transcription, taping or notation of telephone or personal conversation or conference, schedule, summary, note, estimate, sound recording, video recording, image, photograph, digital photograph, film, film strip, computer record, computer printout, prescription, medical record, or report, and any and all written, printed, typed, electronically or magnetically stored, taped, or filmed matter of any kind or description from which information or data can be retrieved, including, but not limited to, data stored or recorded in or on computer drives, computer discs, cassette tapes, compact or digital video discs, USB drives, e-mail accounts, servers, laptop or tablet computers, smart phones or similar instruments, organizers, calculators, and voice-mail systems.

The term "document" includes the final version and all draft versions of each document and also includes the original, duplicate original, and any or all copies or reproductions of the original document (to the extent any and all copies are different in any way from the original document, whether by interlineation, stamps, notations, indication of copy sent or received, or otherwise).

{17065/005/01129943-2} SUBPOENA IN A CIVIL CASE - 5
mfo\w:\docs\clients\17065\005\01129943.doc

MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
ATTORNEYS AT LAW
5500 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WA 98104-7096
(206) 682-7090 TEL
(206) 625-9534 FAX

1

2

3

4

5

6

7

8

**SUPERIOR COURT OF WASHINGTON FOR KING COUNTY**

9

10  BRADLEY STEPHEN COHEN, an          NO. 16-2-05611-3 KNT
    individual; and COHEN ASSET
    MANAGEMENT, INC., a California      RESPONSE IN OPPOSITION TO
11  corporation,                        MOTION FOR PROTECTIVE ORDER

12              Plaintiffs,

13          v.

14  ROSS B. HANSEN, an individual;
    NORTHWEST TERRITORIAL MINT,
15  LLC, a Washington limited liability
    company; and STEVEN EARL
16  FIREBAUGH,

17              Defendants.

18

19                  **I.  RELIEF REQUESTED**

20       Plaintiffs/Judgment Creditors Bradley S. Cohen and Cohen Asset Management,

21  Inc. ("Judgment Creditors") hereby oppose Diane Erdmann's ("Ms. Erdmann") Motion

22  for Protective Order.  Judgment Creditors respectfully request that the Court deny the

23  requested protection and order Ms. Erdmann to respond to the Subpoena document

24  request in full and appear for her deposition, which may include requests and

25  questions about Ms. Erdmann's personal assets and finances in addition to those of

26  the Judgment Debtors, Ross B. Hansen ("Mr. Hansen") and Northwest Territorial

RESPONSE IN OPPOSITION TO MOTION
FOR PROTECTIVE ORDER - 1
{17065/005/01143227-3}

**TIFFANY & BOSCO, P.A.**
CAMELBACK ESPLANADE II, SEVENTH FLOOR
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4229
(602) 255-6000 TEL
(602) 255-0103 FAX

Mint, LLC ("NWTM"), who owe Judgment Creditors $38 million from a defamation lawsuit. Judgment Creditors also request an award of their reasonable attorney fees and expenses incurred in responding to this motion and obtaining an order to compel the production of documents.

## II. STATEMENT OF FACTS

Ms. Erdmann is the "girlfriend" of Mr. Hansen. Mot. at 2. Ms. Erdmann admits that she has a "close personal relationship with Mr. Hansen" and "may have relevant knowledge with respect to his assets and property interests." Mot. at 7.

Based upon information and belief, Ms. Erdmann and Mr. Hansen are in a committed intimate relationship under Washington law. Ms. Erdmann and Mr. Hansen have lived together for approximately 12 years in a leased two-bedroom, two-bathroom cottage that is approximately 1,100 to 1,200 square feet. *See* Apr. 1, 2016 Hansen Dep. Tr. at 27:18–28:2 & 30:11–24.[1] Ms. Erdmann allegedly pays for the expenses associated with their residence, including all of the rent, and furnished most of the residence. *See id.* at 28:3–5, 31:2–16 & 32:8–16. Mr. Hansen drives a pickup truck allegedly owned by Ms. Erdmann. *See id.* at 36:23–37:16. Mr. Hansen allegedly pays for everything in cash, and is a man of "very modest means" and his "needs are very small" because Ms. Erdmann allegedly pays for their household shopping. *See id.* at 46:23–25 & 47:20–48:5. Mr. Hansen claims that he has no personal funds, resources, or assets despite being the sole owner and officer of NWTM, a multi-million dollar minting company. *See id.* at 63:10–12.

Ms. Erdmann was the vault manager for NWTM and based on information and belief, she was a signatory on NWTM's bank accounts. *See id.* at 28:6–7, 29:1–4,

---

[1] A true and correct copy of excerpts from the transcript of the supplemental examination of Ross Hansen taken on April 1, 2016 is attached as Exhibit 1 to the Declaration of Joseph A. Hamell ("Hamell Declaration") filed herewith.

RESPONSE IN OPPOSITION TO MOTION
FOR PROTECTIVE ORDER - 2
{17065/005/01143227-3}

**TIFFANY & BOSCO, P.A.**
CAMELBACK ESPLANADE II, SEVENTH FLOOR
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4229
(602) 255-6000 TEL.
(602) 255-0103 FAX

Case 16-11767-CMA    Doc 344-1    Filed 05/27/16    Ent. 05/27/16 16:49:43    Pg. 13 of 24

46:2–4, and 52:22–25. As vault manager, Ms. Erdmann would pay Mr. Hansen approximately $3,500 per month in cash in the form of an owner's draw and allegedly tracked it on a log. *See id.* at 44:4–46:17. In early April 2016, the bankruptcy trustee terminated Ms. Erdmann's employment with NWTM, which, based upon information and belief, was due to misconduct on the part of Ms. Erdmann together with Mr. Hansen (who was also terminated the same day by the bankruptcy trustee).

Judgment Creditors deposed Mr. Hansen on April 1, 2016. Mr. Hansen produced very few records regarding his personal assets and finances. Mr. Hansen testified that there are two safes located at their joint residence allegedly belonging to Ms. Erdmann and containing her personal property, including jewelry, and no property of Judgment Debtors and no precious metals or coins. *See id.* at 33:1–34:25. Mr. Hansen testified that he does not have any bullion, coins, precious metals, or other valuable collections, and does not personally have any safes or vaults. *See id. at* 18:12–14, 38:21–39:1, 39:20–40:1, 40:10–13, and 68:20–22.

On April 27, 2016, Judgment Creditors executed a writ at Mr. Hansen and Ms. Erdmann's residence and discovered, directly contrary to Mr. Hansen's deposition testimony under oath, two safes with thousands of dollars in cash and numerous precious coins, metals, and bullion, some of which were in NWTM bags. The safes contained handwritten notes, signed by Ms. Erdmann, claiming: "This safe and all its contents are the sole property of Diane Erdmann." *See* Photos.[2] The seized assets are being inventoried and valued, but do not come anywhere close to satisfying the outstanding $25.5 million judgment against Mr. Hansen.

---

[2] Photographs of items in a safe located in Ms. Erdmann and Mr. Hansen's shared home are attached as Exhibit 2 to the Hamell Declaration.

**TIFFANY & BOSCO, P.A.**
CAMELBACK ESPLANADE II, SEVENTH FLOOR
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4229
(602) 255-6000 TEL.
(602) 255-0103 FAX

RESPONSE IN OPPOSITION TO MOTION
FOR PROTECTIVE ORDER - 3
{17065/005/01143227-3}

On April 1, 2016, NWTM filed for Chapter 11 bankruptcy reorganization, which stayed the $12.5 million judgment against NWTM. On April 18, 2016, bankruptcy counsel moved to withdraw from representing NWTM based in part on a deteriorating attorney-client working relationship. *See* Apr. 18, 2016 Mot. to Withdraw & Decl.[3] NWTM's bankruptcy counsel also sought the bankruptcy court's assistance in determining what to do with the remaining retainer ($128,857.50), which Ms. Erdmann was claiming as her own and demanding a return of, but the bankruptcy trustee was investigating the source of and asserting a potential claim over. *See id.*

On May 2, 2016, Ms. Erdmann (through the same attorney in this matter) responded to the Motion to Withdraw and claimed that the retainer funds should be returned to her as they were her personal property, with: (1) $50,000 coming by wire transfer allegedly from Ms. Erdmann's individual checking account; and (2) $99,460 coming from a cashier's check from John Drummey made payable to Ms. Erdmann and then endorsed to NWTM's bankruptcy counsel, which was allegedly the result liquidation of Ms. Erdmann's personal property, *i.e.*, a pay-out on her deceased husband's life insurance policy in 1993 (about 23 years ago). *See* May 2, 2016 Resp. to Mot. to Withdraw & Decl.[4] Ms. Erdmann also filed complaints against NWTM's bankruptcy counsel with the Washington State Bar Association and the Washington Attorney General's Office for allegedly failing to return the remaining retainer funds to her. *See, e.g.*, Apr. 20, 2016 Decl. J. Todd Tracy.[5]

---

[3] True and correct copies of the Motion to Withdraw and Declaration of J. Todd Tracy are attached as Exhibit 3 to the Hamell Declaration.

[4] True and correct copies of Ms. Erdmann's Response to Motion to Withdraw and Declaration of Dianne Erdmann are attached as Exhibit 4 to the Hamell Declaration.

[5] A true and correct copy of the Apr. 20, 2016 Declaration of J. Todd Tracy is attached as Exhibit 5 to the Hamell Declaration.

RESPONSE IN OPPOSITION TO MOTION
FOR PROTECTIVE ORDER - 4
{17065/005/01143227-3}

**TIFFANY & BOSCO, P.A.**
CAMELBACK ESPLANADE II, SEVENTH FLOOR
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4229
(602) 255-6000 TEL.
(602) 255-0103 FAX

Case 16-11767-CMA    Doc 344-1    Filed 05/27/16    Ent. 05/27/16 16:49:43    Pg. 15 of 24

On May 4, 2016, the bankruptcy trustee replied to Ms. Erdmann's Response and notified the court that on March 27, 2016, four days prior to paying the retainer, Ms. Erdmann and Mr. Hansen had raided NWTM's vault and removed significant collectable coins and precious metals, some which were then sold to coin dealer John Drummey for $99,460, thereby disputing that the retainer funds were Ms. Erdmann's personal property. *See* Reply to Resp. & Decl.[6]

On May 6, 2016, after a hearing, the bankruptcy court granted the Motion to Withdraw, ordered NWTM's bankruptcy counsel to hold the remaining retainer in his client trust account pending further court order and set a June 22, 2016 evidentiary hearing to determine the ownership of the retainer funds and the nature and extent of NWTM's interest therein if any. The bankruptcy court ordered the exchange of discovery relating to the retainer funds by May 13, 2016. The bankruptcy court also indicated the evidentiary hearing would determine whether the complaints lodged by Ms. Erdmann against NWTM's bankruptcy counsel with the Washington State Bar Association and Attorney General's Office (which he looked at unfavorably) constitute a violation of the automatic stay as an effort to improperly exercise control over property of the estate, whether any third parties assisted her in violating the stay, and the appropriate amount of sanctions to be awarded if the stay was violated.

On April 27, 2016, Judgment Creditors served Ms. Erdmann with a Notice of Deposition and Subpoena along with two checks for mileage and witness fees.[7] On May 5, 2016, Ms. Erdmann moved for protective order seeking protection from the alleged "overreaching and unauthorized" discovery requests. *See generally* Mot. As

---

[6] A true and correct copy of the Trustee's Reply and Declaration of Dave Huffman are attached as Exhibit 6 to the Hamell Declaration.

[7] The Declaration of Service is on file with the Court at Dkt. No. 142, May 5, 2016.

RESPONSE IN OPPOSITION TO MOTION
FOR PROTECTIVE ORDER - 5
{17065/005/01143227-3}

TIFFANY & BOSCO, P.A.
CAMELBACK ESPLANADE II, SEVENTH FLOOR
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4229
(602) 255-6000 TEL
(602) 255-0103 FAX

shown below, the Court should deny Ms. Erdmann's Motion for Protective Order and allow all of the discovery sought by Judgment Creditors from Ms. Erdmann.

## III.  STATEMENT OF ISSUES

Should the Court deny Ms. Erdmann's Motion for a Protective Order because Washington law authorizes Judgment Creditors to depose and request documents from Ms. Erdmann?

## IV.  EVIDENCE RELIED UPON

Judgment Creditors rely upon the Declaration of Joseph A. Hamell and exhibits thereto, and the files and records herein.

## V.  AUTHORITY

**A.  Judgment Creditors Are Entitled to Depose Ms. Erdmann.**

CR 69(b) states: "In aid of the judgment or execution, the judgment creditor . . . may examine _**any person**_, including the judgment debtor, in the manner provided in these rules for taking depositions or in the manner provided by RCW 6.32." (Emphasis added).  Thus, Judgment Creditors are entitled to depose Ms. Erdmann. Ms. Erdmann readily admits as much.  _See_ Mot. at 4 ("Ms. Erdmann does not oppose Judgment Creditors abiding by that rule [CR 69] and taking her deposition . . . .").

**B.  Judgment Creditors Are Entitled to Documents from Ms. Erdmann.**

Ms. Erdmann argues that there is "no legal authority allowing the issuance of a subpoena for records to a non-party in a postjudgment proceeding."  Mot. at 2. This is flatly false.  CR 69(b) allows Judgment Creditors to examine any person "in the manner provided in these rules [Washington Superior Court Civil Rules] for taking depositions."  As noted in the exact same unpublished case[8] cited and relied upon by

---

[8]  Ms. Erdmann's reliance upon an unpublished case violates GR 14.1(a) under which "[a] party may not cite as an authority an unpublished opinion of the Court of Appeals."

**TIFFANY & BOSCO, P.A.**
CAMELBACK ESPLANADE II, SEVENTH FLOOR
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4229
(602) 255-6000 TEL
(602) 255-0103 FAX

RESPONSE IN OPPOSITION TO MOTION
FOR PROTECTIVE ORDER - 6
{17065/005/01143227-3}

Ms. Erdmann, CR 45 "governs subpoenas for taking depositions."  *Ivy v. Brown*, 139 Wash. App. 1017, at *5 (June 18, 2007).[9]  CR 45(a)(3) provides: "A command to **_a person_** to produce evidence . . . may be joined with a command to appear . . . at deposition, or may be issued separately." (Emphasis added).  *See also* CR 34(c) ("This rule does **_not_** preclude . . . a subpoena issued pursuant to rule 45 against **_a person not a party_** for production of documents . . . .") (emphasis added).

Not only does the foregoing law clearly support Judgment Creditors' ability to obtain documents from Ms. Erdmann, but so too does the well-settled interpretation and application of that law.  "In practice . . . the Washington rule [CR 69] is widely interpreted to mean that the judgment creditor may also require the production of documents in connection with a postjudgment deposition to the same extent that production can be required in connection with pretrial depositions."  4 Karl B. Tegland, *Washington Practice: Rules Practice* CR 69, Author's Comments 2 (6th ed. 2015).

> Supplemental proceedings are just one tool available to the judgment creditor to aid in locating assets owned by the debtor.  Other tools include postjudgment depositions and interrogatories, and possibly other discovery.  The creditor is free to choose supplemental proceedings, postjudgment discovery, or some combination of the two.  The creditor may take the postjudgment deposition of any person, including the judgment debtor.  Postjudgment depositions are scheduled and conducted in accordance with the Civil Rules, in the same manner as pretrial depositions.  The person being examined can be required to furnish documents to the same extent, and pursuant to the same procedures, as in pretrial depositions.

---

[9] Using one quote in *Ivy*, Ms. Erdmann argues that the "rules for taking depositions" are CR 26 to CR 37 only.  *See* Mot. at 5.  Such an argument ignores the later quote in *Ivy* indicating CR 45 "governs subpoenas for taking depositions," as well as its practical effect.  If CR 45 is not one of the "rules for taking depositions," then no one could ever subpoena the deposition of a non-party to ensure their attendance.  Such a result is entirely absurd and contrary to practice.  *Ivy* merely limited its discussion to CR 26 through CR 37 and then found a CR 45 subpoena was not required since the judgment creditor sought to depose a party, unlike here.

**TIFFANY & BOSCO, P.A.**
CAMELBACK ESPLANADE II, SEVENTH FLOOR
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4229
(602) 255-6000 TEL
(602) 255-0103 FAX

RESPONSE IN OPPOSITION TO MOTION
FOR PROTECTIVE ORDER - 7
{17065/005/01143227-3}

Karl B. Tegland, *15 Washington Practice: Civil Procedure* § 40:3 (2d ed. 2015). *Accord Ivy*, 139 Wash. App. 1017, at *2 (citing CR 69(b)).[10]

In short, there is clear legal authority, including CR 34(c), 45(a)(3) and 69(b), and its long-settled interpretation and application, that allows Judgment Creditors to require Ms. Erdmann to produce documents in connection with her deposition. Judgment Creditors are not limited by CR 30(b)(5) to only seek documents from a party deponent. Judgment Creditors also do not have to follow the supplemental proceeding rules (RCW 6.32 *et seq.*) to obtain any documents from Ms. Erdmann.[11]

Under CR 45(c)(2)(B), Ms. Erdmann's objection to the subpoena for documents shifts the burden to Judgment Creditors to obtain an order compelling their production. Since a subpoena for documents to Ms. Erdmann is proper, and as discussed below, relevant, Judgment Creditors move for an order compelling the production of the documents requested in the subpoena.

## C. Judgment Creditors Are Entitled to Discover Ms. Erdmann's Assets.

Ms. Erdmann argues that Judgment Creditors may only depose her "with respect to the assets of the Judgment Debtors," not her personal assets and finances, and that Judgment Creditors' document requests regarding her personal

---

[10] In light of the plain language of Rule 69(b) and the cases and treatises interpreting it, which allow for postjudgment depositions **or** supplemental proceedings, the supplemental proceeding statute (RCW 6.32 *et seq.*) is **not** "the exclusive method for obtaining the information necessary to collect money awarded by the court" and it is misleading for Ms. Erdmann to suggest otherwise by taking this quote out of context and trying to use it here. *Splash Design, Inc. v. Lee*, 104 Wash. App. 38, 44–45, 14 P.3d 879, 882 (2000). *Splash Design* simply held that the supplemental proceeding statute may be used against an attorney sanctioned under CR 11 (and thus a judgment debtor) even though the sanctioned attorney is technically a non-party. *See id.* at 44–45, 14 P.3d at 882. That is irrelevant here.

[11] Accordingly, the two cases cited by Ms. Erdmann that strictly relate to supplemental proceedings under RCW 6.32 *et seq.*, not postjudgment discovery under CR 69, are entirely inapplicable in this case. *See Cresmont Technical Servs., Inc. v. Fisherman's Boat Shop, Inc.*, 117 Wash. App. 1017, at *6 & n.32 (June 9, 2003) (noting, in deciding whether judgment debtor may object to subpoena issued to non-party, that "it is unclear whether the **supplemental proceeding . . . statutes** . . . allow a judgment creditor to issue subpoenas to obtain information from non-parties") (emphasis added); *Splash Design*, 104 Wash. App. At 44–45, 4 P.3d at 882.

**TIFFANY & BOSCO, P.A.**
CAMELBACK ESPLANADE II, SEVENTH FLOOR
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4229
(602) 255-6000 TEL.
(602) 255-0103 FAX

assets and finances are almost entirely irrelevant.  Mot. at 4 & 6–7.  Notably, Ms. Erdmann cites to no applicable law in support of this argument.  *See generally* Mot.

Unlike the supplemental proceedings statute, RCW 6.32.030 (which Judgment Creditors are not invoking), nothing in CR 69(b) limits Judgment Creditors to only discover the assets and finances of the Judgment Debtors.  Rather, CR 69(b) is very broad and allows any examination that will be "[i]n aid of the judgment or execution."

Further, CR 69(b) incorporates by reference the Washington Superior Court Civil Rules, including CR 26 (which Ms. Erdmann admits), and CR 26(b)(1) provides a very wide scope of discovery: "Parties may obtain discovery regarding ***any matter***, not privileged, which is relevant to the subject matter involved in the pending action . . . ."  (Emphasis added).  The information sought need only "appear[] reasonably calculated to lead to the discovery of admissible evidence."  CR 26(b)(1).

Here, the discovery of Ms. Erdmann's personal assets and finances is entirely relevant and will significantly aid the judgment and execution given Ms. Erdmann's commingling of assets with Mr. Hansen, committed intimate relationship and cohabitation with Mr. Hansen,[12] her claim to certain property at their home (which has since been seized), and her position as vault manager of NWTM and exploitation of that position as discussed in *supra* Section I to pilfer NWTM assets, sell them and then claim the money as her own.  Moreover, the discovery is necessary given the lack of credibility regarding the assets and finances of Judgment Debtors and Ms.

---

[12] If a committed intimate relationship exists, courts can "apply community property law by analogy: property acquired jointly during the relationship could be equitably divided between the partners, even if only one partner held title."  *Olver v. Fowler*, 161 Wash.2d 655, 666, ¶ 21, 168 P.3d 348, 354 (2007) (citation omitted).  *Accord In re Marriage of Neumiller*, 183 Wash. App. 914, 921, ¶ 18, 335 P.3d 1019, 1023 (2014) ("If property is acquired when a party is involved in a committed intimate relationship, it is presumed to be jointly owned.") (citation omitted).

**TIFFANY & BOSCO, P.A.**
CAMELBACK ESPLANADE II, SEVENTH FLOOR
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4229
(602) 255-6000 TEL
(602) 255-0103 FAX

Erdmann as shown by her false filings in the bankruptcy court as well as the perjured testimony of Mr. Hansen and his lack of records regarding his assets and finances.

### D. Ms. Erdmann Is Obligated To Appear Unless A Protective Order Is Entered Prior To The Deposition.

Ms. Erdmann's counsel asserted in the CR 26(i) conference and in subsequent communication that upon filing of the motion for a protective order, Ms. Erdmann was excused from appearing. When asked for authority to support this contention, Ms. Erdmann's counsel cited to CR 37(d). However, there is no authority for Ms. Erdmann's counsel's position.

CR 37 (d) is titled in relevant part, "Failure of Party to Attend at Own Deposition ...." By its own terms, CR 37(d) sets out the standards for imposing terms on parties who fail to appear for a deposition after receiving notice. Ms. Erdmann is not a party; she is a third-party. This portion of the rule does not apply to her. Further, this rule does not say that the filing of a motion for a protective order excuses a witness who has been properly served from appearing.

Ms. Erdmann does not dispute that she was properly served with a notice of deposition and a subpoena 15 days prior to her deposition.[13] She was required to appear on May 12, 2016 unless she obtained a protective order PRIOR to the examination. Her attorneys could have sought an order on shortened time but have

---

[13] Ms. Erdmann's counsel has also raised an issue as to notice to the parties in the litigation. No party has moved to quash the subpoena based on notice and Ms. Erdmann does not have standing to raise the purported objection of another. Further, even if there was a notice issue, there would be no basis for Ms. Erdmann to fail to attend as questions of notice (even to the deponent) "shall not constitute grounds for quashing the subpoena." CR 30(b)(1). Defendant Ross Hansen received actual notice on April 27 when the notice and subpoena were served on him. In addition, on May 5, Mr. Hansen's attorney, Alan Wenokur, was provided copy of the notice. Mr. Wenokur has since notified counsel that he has withdrawn. Defendants Steven Firebaugh and Northwest Territorial Mint LLC have not appeared so are not entitled to notice. CR 5(a). In addition, Defendant Northwest Territorial Mint LLC has declared bankruptcy and this matter is automatically stayed as to it. Regardless, the bankruptcy Trustee who controls the Mint, Mark Calvert, has been notified of the deposition, has no objection and received a copy of the notice and subpoena on May 10. Hamell Decl. ¶ 9.

**TIFFANY & BOSCO, P.A.**
CAMELBACK ESPLANADE II, SEVENTH FLOOR
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4229
(602) 255-6000 TEL.
(602) 255-0103 FAX

RESPONSE IN OPPOSITION TO MOTION
FOR PROTECTIVE ORDER - 10
{17065/005/01143227-3}

chosen not to do so. In the absence of an order quashing the subpoena, Ms. Erdmann is required to have appeared.

### E. Request For Attorney Fees.

Under CR 37(a)(4), the Court "shall" award reasonable attorney fees and expenses incurred compelling discovery. Judgment Creditors request that the Court award them their reasonable attorney fees and expenses incurred in opposing this motion and compelling the production of documents.

## VI. CONCLUSION

Based upon the foregoing, Judgment Creditors respectfully request that the Court deny Ms. Erdmann's Motion for Protective Order and require Ms. Erdmann to respond to the Subpoena in full and sit for her deposition on May 13, 2016, which both may seek information regarding Ms. Erdmann's personal assets and finances in addition to those of the Judgment Debtors. The Court should also enter an order compelling Ms. Erdmann to produce the documents requested in the subpoena within three days of the entry of this order.

To the extent Ms. Erdmann is concerned regarding the privacy of her personal financial information, Judgment Creditors are more than willing to enter into an appropriate confidentiality agreement with her.

DATED this 11th day of May, 2016.

TIFFANY & BOSCO, P.A.


By: /s/ Robert D. Mitchell
   Robert D. Mitchell, admitted pro hac vice
   Sarah K. Deutsch, admitted pro hac vice
   Attorneys for Judgment Creditors

**TIFFANY & BOSCO, P.A.**
CAMELBACK ESPLANADE II, SEVENTH FLOOR
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4229
(602) 255-6000 TEL
(602) 255-0103 FAX

DATED this 11th day of May, 2016.

MONTGOMERY PURDUE BLANKINSHIP
& AUSTIN PLLC

By: /s/ Joseph A. Hamell
    Joseph A. Hamell
    WA State Bar No. 29423
    Nathaniel H. Somers
    WA State Bar No. 46554
    Attorneys for Judgment Creditors

RESPONSE IN OPPOSITION TO MOTION
FOR PROTECTIVE ORDER - 12
{17065/005/01143227-3}

**TIFFANY & BOSCO, P.A.**
CAMELBACK ESPLANADE II, SEVENTH FLOOR
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4229
(602) 255-6000 TEL
(602) 255-0103 FAX

Case 16-11767-CMA    Doc 344-1    Filed 05/27/16    Ent. 05/27/16 16:49:43    Pg. 23 of 24

DECLARATION OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington that I am, and at all times herein mentioned have been, a resident of the State of Washington, over the age of eighteen (18) years, not a party to or interested in the above-mentioned action, and competent to be a witness herein.

On the date given below, I caused to be served in the manner noted a copy of the foregoing RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER on the parties to this action as follows:

| | |
|---|---|
| Daniel J. Bugbee<br>Dominique R. Scalia<br>DBS Law<br>155 NE 100th Street, Suite 205<br>Seattle, WA 98125<br>Phone: 206-489-3802<br>Fax: 206-973-8737<br>Email: dbugbee@lawdbs.com<br>Email: dscalia@lawdbs.com<br>*Attorneys for Diane Erdmann* | Ross Hansen<br>35447 34th Avenue S.<br>Auburn, WA 98001<br>*Defendant* |

By:

☐ By Messenger
☒ By U.S. Mail (Hansen Only)
☐ By Overnight Delivery
☐ By Facsimile
☒ By Electronic Service (DBS Law Only)
☐ Other _____

DATED this 11th day of May, 2016, at Seattle, Washington.

s/ Mary O'Hara
_____
Mary F. O'Hara

**TIFFANY & BOSCO, P.A.**
CAMELBACK ESPLANADE II, SEVENTH FLOOR
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4229
(602) 255-6000 TEL.
(602) 255-0103 FAX