UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re

NORTHWEST TERRITORIAL MINT, LLC

Debtor.

Bankruptcy No. 16-11767-CMA

ORDER DETERMINING APPLICABILITY OF AUTOMATIC STAY

This matter came before the Court on the motion of Diane Erdmann (the "Motion") for instruction regarding the applicability of the automatic stay to proceedings ongoing and anticipated in the Washington Superior Court for King County, case no. 16-2-05611-3 (the "State Court Proceeding"), which proceedings concern the question of ownership of property seized by the King County Sheriff pursuant to the Writ of Execution entered in the State Court Proceeding on March 30, 2016 (the "Seized Property"). The Court having considered the Motion and the accompanying Declaration of Daniel J. Bugbee and exhibits thereto, any objections and reply materials, and having heard the arguments of counsel, the Court hereby finds as follows:

~~[EITHER]~~

1. The Seized Property includes property of the Debtor's bankruptcy estate or that the Trustee has claimed is property of the Debtor's bankruptcy estate;

ORDER DETERMINING APPLICABILITY OF STAY - 1
K:\2070561\00001\20347_DCN\20347A28.JT

DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

**Formatted:** Font: (Default) Arial, 6 pt

1    2.    ~~The~~ Any efforts to sell, dispose, or gain control of an interest in the Seized Property in the State Court Proceeding is stayed pursuant to 11 U.S.C. § 362(a); and

3.    All litigation, including discovery, to determine the ownership of the Seized Property is subject to the exclusive jurisdiction of this Court.

Based on the foregoing it is hereby:

ORDERED that Plaintiffs in the State Court Proceeding, Bradley Cohen and Cohen Asset Management, Inc. ("Cohen"), shall notify the King County Superior Court that any efforts to sell, dispose, or gain control of an interest in the Seized Property in the State Court Proceeding is stayed pursuant to 11 U.S.C. § 362(a) within 3 days; and it is hereby further

ORDERED that Cohen shall immediately cease all efforts to conduct discovery in the State Court Proceeding related to the Ownership of the Seized Property, and shall make no further attempts to execute on property of the Debtor's estate, including property in which the Trustee claims an interest, in satisfaction of the foreign judgment entered in the State Court Proceeding while the stay is in effect.

~~[OR]~~

~~1.    The Seized Property is not property of the Debtor's bankruptcy estate;~~

~~2.    The State Court Proceeding is not stayed by 11 U.S.C. § 362(a); and~~

~~3.    Litigation, including discovery, to determine the ownership of the Seized Property may be conducted outside of this Court.~~

~~Based on the foregoing it is hereby:~~

~~ORDERED that any determination made by the King County Superior Court in the State Court Proceeding regarding the ownership of the Seized Property shall be a binding and final adjudication of the rights of all those receiving notice of this Order as to the Seized Property.~~

///END OF ORDER///

ORDER DETERMINING APPLICABILITY OF STAY - 2
K:\2070561\00001\20347_DCN\20347A28.JT

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

Case 16-11767-CMA    Doc 403-1    Filed 06/10/16    Ent. 06/10/16 16:51:09    Pg. 2 of 3

Presented by:

DBS LAW

By  */s/ Daniel J. Bugbee*
    Daniel J. Bugbee, WSBA No. 42412
    Dominique R. Scalia, WSBA No. 47313
    *Attorneys for Diane Erdmann*

Formatted: Font: (Default) Arial, 6 pt