Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Location: Seattle, Courtroom 7206
Hearing Date: June 22, 2016

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT, LLC,

Case No. 16-11767-CMA

TRUSTEE'S REPLY IN SUPPORT OF TRIAL BRIEF FOR EVIDENTIARY HEARING SCHEDULED FOR JUNE 22, 2016

## I. INTRODUCTION

Mark Calvert, Chapter 11 Trustee (the "Trustee") for the Northwest Territorial Mint, LLC ("NWTM"), in the above-captioned proceeding, by and through his attorneys, K&L Gates, LLP, respectfully submits this reply in support of the Trustee's trial brief related to the June 22, 2016 evidentiary hearing.

## II. REPLY

Ms. Erdmann contends that the funds at issue in this matter were originally derived from a life insurance policy. The trial brief submitted by Ms. Erdmann, however, confirms that Ms. Erdmann has absolutely no documentation supporting her bare allegation that the money she obtained some twenty-three (23) years ago is the source of the retainer funds at issue. Ms. Erdmann cannot provide documentation describing when or how she acquired the $99,460 in gold coins and the $50,000 in cash that were used to pay the Debtor's retainer. As will be demonstrated by the

FOR EVIDENTIARY HEARING SCHEDULED JUNE 22,
2016 - 1

K:\2070561\00001\22732_BTP\22732P31WN

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 415    Filed 06/20/16    Ent. 06/20/16 18:01:07    Pg. 1 of 3

Trustee at trial, Ms. Erdmann's position is neither credible nor factually supportable.

Ms. Erdmann also argues in her trial brief that the funds at issue never ceased to be her property and were never transferred to any other party. *See* Dkt. No. 410, p. 7. Assuming, *arguendo*, that Ms. Erdmann had some interest in the retainer funds prior to May 31, 2016, her contention that they remained her property once paid to the TTLG trust account is belied by the terms of the engagement agreement between the Debtor and Mr. Tracy. Mr. Tracy's signed engagement letter with the Debtor specifically provides that TTLG "will not open a file until we have a signed engagement letter and a retainer from you." The engagement letter supports the position that even the source of the retainer was funds from a third party, such funds were to be paid ***on the Debtor's behalf*** and that the Debtor thereafter retained an interest in such funds. Ms. Erdmann has provided no written understanding, between her and TTLG or her and the Debtor, demonstrating that the funds she provided to Mr. Tracy were to remain her own, and refunded to her in the event that the retainer was not earned by TTLG.

Ms. Erdmann erroneously states that the Trustee bears the burden of proving that the funds at issue belong to the bankruptcy estate. As set forth in the Trustee's Trial Brief (Dkt. No. 411), the Court has already recognized, at the hearing on May 6, 2016, that Ms. Erdmann has demanded turnover of the funds and put into issue the source of the funds with which the retainer was paid. As such, Ms. Erdmann needs to provide the evidence "prov[ing] her claims." The funds at issue are presently held in Mr. Tracy's trust account established for ***the Debtor***. Ms. Erdmann, who was not a client of Mr. Tracy, has asserted a right to the funds and demanded that they be returned to her as opposed to the Debtor. As already indicated by this Court, Ms. Erdmann has the burden of proof at trial. *See also In re Wheeler*, 252 B.R. 420, 425 (W.D. Mich. 2000) (stating that it is well established that the burden of proof is on party seeking turnover of property of estate).

According to Ms. Erdmann's trial brief, the filing by Ms. Erdmann of a bar complaint cannot violate the stay because "a bar complaint to a regulatory agency is a privileged action that comes

REPLY IN SUPPORT OF TRUSTEE'S TRIAL BRIEF
FOR EVIDENTIARY HEARING SCHEDULED JUNE 22,
2016 - 2

K:\2070561\00001\22732_BTP\22732P31WN

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 415    Filed 06/20/16    Ent. 06/20/16 18:01:07    Pg. 2 of 3

with civil immunity." Dkt. No. 410, p. 10.[1] The rule cited by Ms. Erdmann, ELC 2.12, which applies to "communications" does not apply in this case. ELC 2.12 provides, in relevant part, that "no lawsuit predicated [on communications to the WSBA] may be instituted against any grievant . . . ." Here, the Trustee has not filed a lawsuit against Ms. Erdmann based upon communications she has made to the WSBA. Rather, the Trustee asserts that Ms. Erdmann violated the automatic stay provisions by virtue of her filing of the complaint with the WSBA. The act of filing the complaint itself was an attempt to exercise control over the property by creating leverage against Mr. Tracy and pressuring him to release the funds at issue. Additionally, Ms. Erdmann completely ignores the fact that ELC 2.12 is irrelevant to Mr. Hansen. Mr. Hansen demanded to Mr. Tracy, directly, that he release the retainer funds to Ms. Erdmann. Mr. Hansen even verbally threatened Mr. Tracy, stating that he would make Mr. Tracey's life "a living hell." Mr. Hansen's actions and threats are not protected by ELC 2.12. For all of these reasons, Ms. Erdmann's arguments regarding ELC 2.12 should be rejected by this Court.

### III. CONCLUSION

The evidence at trial will demonstrate that Diane Erdmann and Ross Hansen looted assets from NWTM prior to the bankruptcy, and that such assets were the ultimate source of the retainer funds that Ms. Erdmann has demanded that Mr. Tracy turnover.

DATED this 20th day of June, 2016.

K&L GATES LLP

By */s/ David C. Neu*
Michael J. Gearin, WSBA #20982
David C. Neu, WSBA #33143
Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

---

[1] The Trustee notes that Ms. Erdmann's bar complaint against Mr. Tracy was dismissed on June 17, 2016.

REPLY IN SUPPORT OF TRUSTEE'S TRIAL BRIEF
FOR EVIDENTIARY HEARING SCHEDULED JUNE 22,
2016 - 3

K:\2070561\00001\22732_BTP\22732P31WN

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 415    Filed 06/20/16    Ent. 06/20/16 18:01:07    Pg. 3 of 3