Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Rm. 7206
Hearing Date: July 22, 2016
Hearing Time: 9:30 a.m.
Response Date: July 15, 2016

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT, LLC,

Debtor.

Case No. 16-11767-CMA

MOTION FOR ORDER GRANTING AUTHORITY TO RETURN STORED INVENTORY, OTHER CUSTOMER OWNED INVENTORY AND COINING DIES

Mark Calvert (the "Trustee"), Chapter 11 Trustee for Northwest Territorial Mint, LLC ("NWTM" or the "Debtor"), submits this Motion, seeking authority to return stored inventory, coining dies, and product ordered by customers but returned to NWTM as undeliverable after being shipped. In support of the Motion, the Trustee respectfully states as follows:

**BACKGROUND/ARGUMENT**

On April 1, 2016, the Debtor commenced this case by filing a voluntary petition under chapter 11 of the United States Bankruptcy Code. On April 11, 2016, an order was entered appointing Mark Calvert as chapter 11 Trustee. *See* Dkt. No. 51.

Upon his appointment, the Trustee took control over the business operations of the Debtor and initiated his investigation of the financial affairs of the bankruptcy estate. The Debtor's business is primarily comprised of (a) the sale of precious metals, such as gold, silver and platinum; and (b) the minting of medallions, coins and other awards. In the course of his investigation, the Trustee

MOTION FOR ORDER GRANTING AUTHORITY TO
RETURN STORED INVENTORY - 1

K:\2070561\00001\22732_BTP\22732P31XN

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 457    Filed 06/28/16    Ent. 06/28/16 15:28:42    Pg. 1 of 5

learned that certain customers of the Debtor (the "Storage Customers") stored gold, silver or other precious metals at the Debtor's facilities. Storage Customers have demanded that the Trustee return the goods they claim that they own but much of the inventory that Storage Customers claim is missing. The Debtor's records of stored inventory are extremely poor and unreliable. The Trustee has constructed records from claims made by storage customers and the Debtor's files.

Immediately upon his appointment, the Trustee conducted a detailed inventory of stored gold, silver and precious metals in the Debtor's possession. The Trustee located approximately $1.1 million in gold and precious metals that are segregated and specifically identified as property of particular Storage Customers. There are approximately 32 Storage Customers identified by the Trustee whose stored metals remain in the possession of the Debtor. The property owned by the Storage Customers was segregated inventory that was not commingled with gold or other precious metals owned by the Debtor. A list of the identified property and identified Storage Customers is attached as Exhibit A to the Declaration of Mark Calvert (the "Calvert Decl"). The Trustee has received demands from many other customers whose goods have never been located. The Trustee believes that the total amount of missing stored inventory is worth millions of dollars.

Trustee has learned of property in the Debtor's possession that is owned by two individuals that are not included on Exhibit A to the Calvert Decl. First, Rodger Overson owns two gun safes that are located on the Debtor's property. Mr. Overson paid for the delivery and installation of the safes at the Debtor's Auburn premises. The Trustee wishes to return the safes and their contents to Mr. Overson, the rightful owner. Secondly, the Trustee also wishes to return custom-made precious metal products purchased by Mr. Zhang, which are presently stored by the Debtor.

The Debtor owns and possesses thousands of dies used by NWTM to produce custom-made products (the "Coining Dies"). The Trustee has learned that certain Coining Dies were purchased by the Customer and are the property of the Customer while some Coining Dies are owned by the Debtor and used to make custom product for customers. The Trustee has received numerous requests for the return of Coining Dies from customers. Because the Debtor's records of ownership of dies

MOTION FOR ORDER GRANTING AUTHORITY TO
RETURN STORED INVENTORY - 2
K:\2070561\00001\22732_BTP\22732P31XN

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 457    Filed 06/28/16    Ent. 06/28/16 15:28:42    Pg. 2 of 5

are inadequate, the Trustee has not been able to fully evaluate the ownership of all of the dies, but has confirmed that certain coining dies were purchased by Rayburn D. Pollard Jr. and are not property of the estate. The Trustee wishes to return to Mr. Pollard the Coining Dies he purchased. The Trustee may identify other dies that are customer owned in the future and wishes to have authority to return those dies to customers if he has confirmed customer ownership.

Finally, during the Trustee's initial investigation of the affairs of the bankruptcy estate, the Trustee learned that some customer orders were filled and sent out for delivery to the customer but the product was erroneously returned to NWTM by the delivery service. In particular, the Trustee learned that goods were shipped to Rizwan Ghumman, but returned to the Debtor as undeliverable. A copy of the invoice for Mr. Ghumman's purchase is attached as an exhibit to the Calvert Decl. Pursuant to the provisions of Washington's Uniform Commercial Code governing sales of goods, the customer took ownership of these metals when the shipment left the Debtor's facility, as there were no contrary agreements or requirements of delivery at destination in the purchase order. *See* RCW 62A.2-401(2)(a) (2012). Accordingly, the Trustee wishes to return these metals to their rightful owner. The Trustee may identify other metals that were erroneously returned to NWTM and wishes to have the authority to return these metals to their owners as well.

## CONCLUSION

The Trustee believes that the property stored by the Debtor on behalf of the Storage Customers, the identified Coining Dies and the product that was shipped to customers but erroneously returned are not property of the bankruptcy estate. Accordingly, the Trustee respectfully requests that the Court authorize the Trustee to return the stored inventory, customer owned Coining Dies and returned product property to owners as described in this Motion. The Trustee also requests authority to deliver coining dies that the Trustee may identify in the future as customer owned to customers, provided that the Trustee provides advance notice of his intentions to transfer such dies to the Official Committee for Unsecured Creditors.

MOTION FOR ORDER GRANTING AUTHORITY TO
RETURN STORED INVENTORY - 3

K:\2070561\00001\22732_BTP\22732P31XN

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 457    Filed 06/28/16    Ent. 06/28/16 15:28:42    Pg. 3 of 5

1     DATED this 28th day of June, 2016.

2

3                                  K&L GATES LLP

4

5                                  By /s/ Michael J. Gearin
                                    Michael J. Gearin, WSBA #20982
                                    David C. Neu, WSBA #33143
6                                     Brian T. Peterson, WSBA #42088
                               Attorneys for Mark Calvert, Chapter 11 Trustee

MOTION FOR ORDER GRANTING AUTHORITY TO
RETURN STORED INVENTORY - 4

K:\2070561\00001\22732_BTP\22732P31XN

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 457    Filed 06/28/16    Ent. 06/28/16 15:28:42    Pg. 4 of 5

## CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a practice assistant in the law firm of K&L Gates LLP, and on June 28, 2016, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 28th day of June, 2016 at Seattle, Washington

*/s/ Benita G. Gould*
Benita G. Gould

MOTION FOR ORDER GRANTING AUTHORITY TO
RETURN STORED INVENTORY - 5

K:\2070561\00001\22732_BTP\22732P31XN

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 457    Filed 06/28/16    Ent. 06/28/16 15:28:42    Pg. 5 of 5