Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Rm. 7206
Hearing Date: July 22, 2016
Hearing Time: 9:30 a.m.
Response Date: July 15, 2016

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>NORTHWEST TERRITORIAL MINT, LLC,<br><br>Debtor. | Case No. 16-11767-CMA<br><br>**TRUSTEE'S MOTION FOR ORDER HOLDING ROSS HANSEN IN CONTEMPT FOR VIOLATION OF AUTOMATIC STAY** |

## INTRODUCTION

Mark Calvert (the "Trustee"), Chapter 11 Trustee for Northwest Territorial Mint, LLC ("NWTM" or the "Debtor"), submits this Motion for Order Holding Ross Hansen in Contempt for Violation of the Automatic Stay (the "Motion"). On April 11, 2016, Mark Calvert was appointed as chapter 11 Trustee (the "Trustee"). Upon his appointment, Mr. Calvert took control over the business operations of the NWTM. The business records of the Debtor are in complete disarray. The Debtor has not prepared financial statements or filed a tax return since 2011. There was no reliable inventory of precious metals or cash when the Trustee was appointed. The Trustee immediately took an inventory of assets of the company including precious metals inventory and secured those assets by changing locks and access codes on secured vault areas.

Ross Hansen, the former Chief Executive Officer of NWTM, objected to the Trustee's control over the business. The day after the Trustee was appointed, and following the Trustee's exercise of control over storage vaults and other aspects of the business, Mr. Hansen resigned from

TRUSTEE'S MOTION FOR ORDER HOLDING ROSS
HANSEN IN CONTEMPT FOR VIOLATION OF THE
AUTOMATIC STAY - 1

K:\2070561\70030\22732_BTP\22732P31XO

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 460    Filed 06/28/16    Ent. 06/28/16 18:03:06    Pg. 1 of 12

employment with the Debtor. Mr. Hansen informed the Trustee that he intends to gain control over the Debtor's assets and take over the operations of the Debtor through an entity he controls, Medallic Art Company, LLC. Over the past two months, Mr. Hansen has repeatedly taken steps to exercise control over assets of the bankruptcy estate, disrupt the business operations of the estate, and otherwise interfere with the Trustee's efforts to rehabilitate the NWTM business.

In particular, Mr. Hansen has contacted employees of the Debtor seeking to have them leave their employment with the Debtor. Mr. Hansen contacted an employee of the Debtor and solicited her to disable critical manufacturing equipment of the Debtor, destroy certain engraving records, and provide copies of the destroyed records to Mr. Hansen. Mr. Hansen has appeared at the business premises of the Debtor seeking to take control over certain business records under false pretenses. Mr. Hansen has continued to contact employees in order to mislead and intimidate them. On the Friday before the Trustee appointment order was entered, Mr. Hansen and his girlfriend Diane Erdmann shipped six boxes of coins, collectible medallions and other precious metals from the Debtor's Federal Way, Washington offices to the Dayton, Nevada premises of the Debtor for the purpose of secreting them from the Trustee. Some, if not all of the materials in the shipped boxes were purchased by the Debtor.

Mr. Hansen's actions aimed at disrupting the Trustee's administration of the state violate the automatic stay and this Court's order appointing the Trustee. By this Motion, the Trustee requests the Court hold Mr. Ross Hansen in contempt for willful violation of the automatic stay and for willful violation of the Court's order appointing the Trustee. The Trustee also requests that the Court award the Trustee reasonable attorney's fees and costs.

## BACKGROUND

On April 1, 2016, the Debtor commenced this case by filing a voluntary petition under chapter 11 of the United States Bankruptcy Code. On April 5, 2016, the Debtor moved for the appointment of a chief restructuring officer. Dkt. No. 12. The following day, creditors Bradley Cohen and Cohen Asset Management, Inc., responded to the Debtor's motion and requested that the

TRUSTEE'S MOTION FOR ORDER HOLDING ROSS HANSEN IN CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY - 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Court order the appointment of a chapter 11 trustee. *See* Dkt. No. 18. The United States Trustee also requested that the Court order the appointment of a chapter 11 trustee. *See* Dkt. No. 24. A hearing was held on April 7, 2016, at which the time the Court ruled that it would appoint a chapter 11 trustee over the Debtor. On April 11, 2016, the Court entered an order appointing Mark Calvert as chapter 11 Trustee. *See* Dkt. No. 51.

Notwithstanding Mark Calvert's appointment as trustee, the former Chief Executive Officer of NWTM, Ross Hansen objected to the Trustee's control over the business including the Trustee's exercise of control over the operating assets of the Debtor and the precious metal storage vaults. On or about April 12, 2016, Ross Hansen resigned from NWTM after the Trustee insisted on operational control over the business, changing the locks on storage areas for precious metals and limiting Mr. Hansen's access to certain areas of the business. Diane Erdmann, Mr. Hansen's long time live-in girlfriend who worked at NWTM in the precious metals vault at Federal Way, voluntarily left the company on the same day.

One of the Trustee's first undertakings was to gain control of, as well as inventory, all of the cash, precious metals and collectible coins held by the Debtor. Mr. Calvert directed members of his staff to visit the Debtor's facilities holding such assets, including the Debtor's Dayton, Nevada plant. During the afternoon of April 12, 2016, while one of the Trustee's staff was conducting the inventory in Dayton, six boxes arrived at the facility. The Trustee instructed his staff to open the boxes. The boxes contained coins, collectible medallions and other precious metals that were shipped from the Debtor's Federal Way facility by Diane Erdmann on or about April 8, 2016.[1] Based on the inventory that the Trustee and his staff conducted, the Trustee believes that the value of the contents of the boxes is in excess of $75,000. The Trustee learned that Ms. Erdmann instructed employees at the Dayton facility to not open the boxes but to put the boxes in the archive maintained in Dayton; an unsecured area.

---

[1] The Court had orally ordered the appointment of a trustee on the previous day, April 7, 2016. The United States Trustee selected Mr. Calvert as trustee on April 8, 2016 and the order seeking Mr. Calvert's appointment was entered on April 11, 2016.

TRUSTEE'S MOTION FOR ORDER HOLDING ROSS
HANSEN IN CONTEMPT FOR VIOLATION OF THE
AUTOMATIC STAY - 3

K:\2070561\70030\22732_BTP\22732P31XO

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 460    Filed 06/28/16    Ent. 06/28/16 18:03:06    Pg. 3 of 12

The boxes contained property that was definitively purchased by the Debtor. One of the boxes included a purchase order evidencing that the Debtor purchased a number of items contained in the box. The Trustee believes that most, if not all, of the remaining items in the shipped boxes were purchased by the Debtor and that given the circumstances surrounding the arrival of the six boxes in Dayton, the shipment was an attempt by Mr. Hansen and Ms. Erdmann to take control of assets of the estate on the eve of the Trustee's appointment. When the Trustee questioned Mr. Hansen regarding the shipment of boxes, Mr. Hansen claimed that the boxes were Medallic[2] assets that had been shipped from Dayton, Nevada, to Federal Way, Washington so that pictures could be taken for a sales brochure. Based on the nature and type of inventory contained in the six boxes, this statement by Mr. Hansen is false. The Trustee has notified the Office of the United States Trustee regarding this shipment and other actions of Mr. Hansen.

Once Mr. Hansen resigned his employment with the Debtor, Mr. Hansen began to contact employees, seeking to persuade them to leave the company. Mr. Hansen told the Trustee directly that he intended to acquire the assets of the Debtor and to take over the Debtor's operations through Medallic. He told the Trustee and employees of the Debtor that many employees of the Debtor were going to leave the Debtor to work at Medallic.

In the initial week of his appointment, the Trustee asked his counsel to communicate with Mr. Hansen's counsel regarding Mr. Hansen's interference with the business affairs of the Debtor. On April 14, 2016, Trustee's counsel sent an email to then counsel for Mr. Hansen, Mr. Wenokur. A true and correct copy of that email is attached as <u>Exhibit C</u> to the Declaration of Mark Calvert filed in support of the Motion ("<u>Decl. Calvert</u>"). The April 14 email requested Mr. Hansen's cooperation, and asked for Mr. Hansen's commitment that he would "not interfere with the company's relationships with the company's employees, customers, vendors or business associates" and asked Mr. Hansen to "refrain from contacting employees, customers, vendors or business associates." Mr. Hansen did not cooperate with the Trustee and did not refrain from contacting employees of the

---

[2] Medallic Art Company LLC ("Medallic") is an entity controlled by Mr. Hansen.

TRUSTEE'S MOTION FOR ORDER HOLDING ROSS
HANSEN IN CONTEMPT FOR VIOLATION OF THE
AUTOMATIC STAY - 4

K:\2070561\70030\22732_BTP\22732P31XO

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 460    Filed 06/28/16    Ent. 06/28/16 18:03:06    Pg. 4 of 12

Debtor. Instead, Mr. Hansen continued his efforts to disrupt the Trustee's administration of the estate.

On May 13, 2016, an employee of the Debtor, Destiny Krum, received a phone call from Diane Erdmann, who passed the phone to Mr. Hansen. Ms. Krum is an engraver at NWTM and runs its primary engraving machine at the Debtor's facility in Auburn, Washington, which is referred to by employees as "Building B." Without the use of the engraver Ms. Krum operates, and the files on her computer, the Debtor would be unable to fulfill a substantial number of custom engraving orders. *See* Declaration of Destiny Krum filed in support of Motion ("Decl. Krum"). Hansen wanted to know whether Ms. Krum would "walk out" on the company. He specifically asked whether others would walk out and make it difficult for the Debtor to run its operations at Building B. Mr. Hansen also asked Ms. Krum whether she could disable the engraving machine she operates, and whether she would delete files from her computer after making copies to give to him.

The Debtor's prior counsel, Todd Tracy of the Tracy Law Group PLLC ("TTLG"), moved to withdraw as Debtor's counsel on April 18, 2016. Ms. Erdmann and Mr. Hansen allege that TTLG's fee retainer, in the amount of $150,000 was funded by Ms. Erdmann. The Trustee has asserted that the source of those retainer funds was property of the Debtor, while Ms. Erdmann has demanded that the funds be returned to her. That issue is presently the subject of an evidentiary hearing before this Court. However, before the matter was before the Court, on April 13, 2016, Mr. Hansen visited Mr. Tracy's office in person and demanded that the retainer funds be returned to Ms. Erdmann. Mr. Hansen verbally threatened Mr. Tracy. Mr. Hansen falsely represented to Mr. Tracy that Mark Calvert gave him the authority to return the retainer funds to Ms. Erdmann.

On May 6, 2016, the Trustee filed a motion for the approval of the sale of assets of the Debtor located in Tomball, Texas. The motion was approved by the Court's order entered on June 2, 2016 (Dkt. No. 374). Mr. Hansen, through Medallic, sought to disrupt that sale by the assertion of specious claims to ownership of some of the assets that were the subject of the sale. After the hearings on the sale motion, the Trustee learned from company staff that the testimony provided by

TRUSTEE'S MOTION FOR ORDER HOLDING ROSS
HANSEN IN CONTEMPT FOR VIOLATION OF THE
AUTOMATIC STAY - 5

K:\2070561\70030\22732_BTP\22732P31XO

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 460    Filed 06/28/16    Ent. 06/28/16 18:03:06    Pg. 5 of 12

Mr. Hansen regarding the ownership of certain of those assets was demonstrably false in that many of the assets Mr. Hansen claimed had been shipped to Texas from Nevada were never so shipped.

On May 18, 2016, when the Trustee and the President of the Debtor were out of the State, Mr. Hansen and Ms. Erdmann appeared at the NWTM facility in Federal Way, Washington, unannounced. They arrived at NWTM with the intention of taking documents. Mr. Hansen falsely represented to employees that they had authority to retrieve records and property by showing them an email from his own attorney, along with a paper on which he wrote "Authorization to Retrieve Records & Property." *See* Declaration of Dave Huffman filed in support of this Motion ("Decl. Huffman"). According to Ms. Trunkett, when Mr. Hansen appeared in her office, he asked her to come work for him at Medallic Art Company, which has no business operations or payroll. *See* Declaration of Annette Trunkett filed in support of the Motion ("Decl. Trunkett").

The Trustee has learned that Mr. Hansen has attempt to call a number of other employees of the Debtor. Mr. Hansen is an intimidating presence for employees of the business. Mr. Hansen's actions have harmed employee morale and have impeded the ability of the Trustee to effectively and efficiently operate NWTM and carry out his statutory duties. The Trustee's concerns are buttressed by the Equal Employment Opportunity Commission's complaint against the Debtor, which alleges that Mr. Hansen created a hostile work environment for employees. A copy of that complaint is attached as Exhibit D to the Calvert Decl.

## EVIDENCE RELIED UPON

This Motion relies upon the arguments set forth herein, the Declarations of Mark Calvert, Annette Trunkett, Destiny Krum, Dave Huffman, and Paul Wagner filed in support of the Motion, the pleadings and records on file in this case, and the arguments of counsel.

TRUSTEE'S MOTION FOR ORDER HOLDING ROSS HANSEN IN CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY - 6

K:\2070561\70030\22732_BTP\22732P31XO

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 460    Filed 06/28/16    Ent. 06/28/16 18:03:06    Pg. 6 of 12

## ARGUMENT

### A. Ross Hansen's Interference with the Trustee's Administration of the Estate Violates the Automatic Stay and the Order Appointing the Trustee.

The Debtor's filing of a petition gives rise to an automatic stay of, among other things, "any act . . . to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The automatic stay "has the same effect as a court-ordered injunction" and "[a]s a result, any violation of the stay's provision is contempt of court." *In re Johnston*, 321 B.R. 262, 275 (D. Ariz. 2005) (internal quotations omitted). The provision automatically stays a broad range of collection and enforcement actions against a debtor and his property. *In re Johnston*, 321 B.R. at 273.

An automatic stay is "an injunction issuing from the authority of the bankruptcy court," and "persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order." *In re Gruntz*, 202 F.3d 1074, 1082 (9th Cir. 2000) (internal quotation omitted). In order to have violated the stay, it is sufficient for the violator to have acted intentionally with knowledge of the bankruptcy filing; it is not necessary for the violator to have had specific intent to violate the automatic stay. *In re Pinkstaff*, 974 F.2d 113, 115 (9th Cir. 1992).

A motion seeking relief on account of a violation of the automatic stay may be brought by motion, as opposed to an adversary proceeding. *See In re Zumbrun*, 88 B.R. 250, 252 (9th Cir. BAP 1988). Furthermore, Bankruptcy Rule 9020 provides that "Rule 9014 governs a motion for an order of contempt made by the United States trustee or a party in interest."

It goes without saying that Mr. Hansen has had knowledge of this bankruptcy case since it was filed. Mr. Hanson was the acting chief executive officer of NWTM prior to the petition date and caused NWTM to file its petition for relief. Thus, Mr. Hansen was well aware of the bankruptcy case and the existence of the automatic stay. Mr. Hansen was also well aware that Mr. Calvert was appointed as Trustee and is vested with authority to control of the Debtor's operations and assets.

Mr. Hanson acted overtly in violation of the automatic stay. Mr. Hansen made multiple attempts to exert control over estate property in an attempt to sabotage the Trustee' restructuring

TRUSTEE'S MOTION FOR ORDER HOLDING ROSS
HANSEN IN CONTEMPT FOR VIOLATION OF THE
AUTOMATIC STAY - 7
K:\2070561\70030\22732_BTP\22732P31XO

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 460    Filed 06/28/16    Ent. 06/28/16 18:03:06    Pg. 7 of 12

efforts. Mr. Hansen and Ms. Erdmann acted in concert to divert assets of the estate by shipping coins and precious metals from Federal Way to Nevada on the eve of Mr. Calvert's appointment. Mr. Hansen falsely represented to his former attorney that the Trustee had authorized the transfer of his retainer funds (in which the Trustee claimed an interest) to Ms. Erdmann. Mr. Hansen attempted to scuttle the Trustee's sale of the Debtor's assets in Tomball, Texas, by falsely representing that certain of the assets were owned by Medallic and not by the Debtor. Mr. Hanson's attempts to coerce Ms. Krum to damage equipment and steal valuable records of the Debtor are direct efforts to devalue the estate and exert control over property of the estate.

Mr. Hansen has also solicited employees of the Debtor quit work and "walk out" on the Debtor. Mr. Hansen's efforts to solicit present employees of the Debtor are not legitimate recruitment efforts because he does not represent an employee with any present means to employ the employees of the Debtor. Rather, Mr. Hansen seeks to sabotage the Trustee's efforts to stabilize the Debtor's business and preserve value for creditors in this case.

Mr. Hansen also violated the Court's order appointing Mr. Calvert as Trustee, which bestows upon the Trustee the authority to manage and operate the Debtor's business. Mr. Hansen, by his actions, has actively interfered with the Trustee's control of the Debtor's business.

The effect of the Trustee's appointment was to completely divest Mr. Hansen of any authority over the business or assets of Debtor. *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 351-52 (1985); *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 587 (9th Cir. 1993) ("Where a trustee is appointed, he may assume control and operation of the debtor's business. 11 U.S.C. § 1108. In such circumstances the debtor corporation's directors are completely ousted and retain virtually no management powers."). Mr. Hansen has—by for example, recruiting employees, attempting to divert coins and precious metals, and encouraging an employee to steal information and destroy equipment—purposefully attempted to interfere with Mr. Calvert's powers and duties as Trustee. As such, Mr. Hansen has violated the Court's order appointing the Trustee.

TRUSTEE'S MOTION FOR ORDER HOLDING ROSS
HANSEN IN CONTEMPT FOR VIOLATION OF THE
AUTOMATIC STAY - 8
K:\2070561\70030\22732_BTP\22732P31XO

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 460    Filed 06/28/16    Ent. 06/28/16 18:03:06    Pg. 8 of 12

## B. Mr. Hansen Should Be Held In Civil Contempt for His Violations of the Automatic Stay and the Order Appointing Calvert as Trustee.

The Bankruptcy Court should hold Mr. Hansen in contempt. Pursuant to Section 105(a) of the Bankruptcy Code and according to the inherent powers granted to bankruptcy court, this court may and should hold Mr. Hanson in civil contempt for his willful violation of the automatic stay enacted by 11 U.S.C. § 362 and the order appointing the Chapter 11 Trustee.

Section 105(a) states that a bankruptcy court "may issue any order ... that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Pursuant to section 105, provides "relief to those entities that are injured by willful violations of the automatic stay, but cannot recover under § 362(h)." *In re Del Mission Ltd.*, 98 F.3d 1147 (9th Cir. 1996). The court may charge violating parties with civil contempt at its discretion. *Id.* at 1152-53. In order to effectively demonstrate that a party should be held in contempt, the Ninth Circuit Court of Appeals has stated that "the moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific court order" and "[t]he burden then shifts to the contemnors to demonstrate why they were unable to comply." *F.T.C. v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)).

According to the Ninth Circuit Court of Appeals, a violation of the automatic stay constitutes the violation of a court order. *In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003) (stating that the bankruptcy court's civil contempt authority "allows a court to remedy a violation of a specific order (including 'automatic' orders, such as the automatic stay or discharge injunction)"). The standard for imposition of sanctions under 11 U.S.C. § 105(a) is that the violation be willful. *Dyer*, 322 F.3d at 1191. The "willfulness" requirement does not require that the contemnor have intent to violate the stay. Rather, the Court need only find that Mr. Hansen knew of the automatic stay and that his actions which violated the stay were intentional. *Id.* As described above, Mr. Hansen is (and was) well aware of the automatic stay. Furthermore, his actions to exercise control over property of the estate were intentional.

TRUSTEE'S MOTION FOR ORDER HOLDING ROSS
HANSEN IN CONTEMPT FOR VIOLATION OF THE
AUTOMATIC STAY - 9
K:\2070561\70030\22732_BTP\22732P31XO

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 460    Filed 06/28/16    Ent. 06/28/16 18:03:06    Pg. 9 of 12

In *In re Cinevision Int'l, Inc.*, 2016 WL 638729 (9th Cir. BAP Feb. 17, 2016), a husband and wife couple who were officers and shareholders of the debtor, a film production company, secreted property from the estate with the intent to use that property to the benefit of a second company formed by the husband. In particular, the executives diverted the payment by a third party on an account receivable owed to the debtor and failed to turn over certain other DVDs and post-production film equipment. The former executives claimed that the account receivable was owned by the new entity the husband formed rather than the debtor. *Id.* at *2. The bankruptcy court awarded the Trustee sanctions, in the amount of its attorney's fees and costs, pursuant to its civil contempt authority under section 105(a) of the Bankruptcy Code. *Id.* at *3. On appeal, the Ninth Circuit BAP affirmed the bankruptcy court's order sanctioning the former executives for violating the automatic stay, stating that Appellants "never denied, and the count found, that (1) Appellants knew of the automatic stay, and (2) Appellants' acts were intentional." *Id.* at *5. According to the court, the bankruptcy court was not required to make a finding of bad faith. The good faith (or lack thereof) of the former executives was irrelevant because the court relied on section 105(a) in granting the sanctions award, and not its inherent powers. *Id.* (quoting *In re Dyer*, 322 F.3d at 1191 ("[T]he propriety of an award turns not on a finding of 'bad faith' or subjective intent, but rather on a finding of 'willfulness[.]'")). The Appellants "willfully violated the automatic stay by unilaterally deciding that they need not turn over the property." *Id.* at *5.

Here, Mr. Hansen's actions violate the automatic stay and the order appointing the Trustee and are, like the actions of the officers in the *Cinevision* case, willful. Thus, it is appropriate for the Court to enter an awarding holding Mr. Hansen in contempt and awarding the Trustee sanctions in the amount of his attorney's fees and costs incurred in bringing this motion.

//

//

//

//

TRUSTEE'S MOTION FOR ORDER HOLDING ROSS
HANSEN IN CONTEMPT FOR VIOLATION OF THE
AUTOMATIC STAY - 10
K:\2070561\70030\22732_BTP\22732P31XO

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 460    Filed 06/28/16    Ent. 06/28/16 18:03:06    Pg. 10 of 12

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order granting the Motion and holding Mr. Hansen in contempt for his violation of this Court's orders. The Trustee also requests that the Court's order grant the Trustee reasonable attorney's fees and costs in an amount to be proven upon the submission of evidence supporting such fees and costs.

DATED this 28th day of June, 2016.

K&L GATES LLP


By /s/ Michael J. Gearin
    Michael J. Gearin, WSBA #20982
    David C. Neu, WSBA #33143
    Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

TRUSTEE'S MOTION FOR ORDER HOLDING ROSS HANSEN IN CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY - 11

K:\2070561\70030\22732_BTP\22732P31XO

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 460    Filed 06/28/16    Ent. 06/28/16 18:03:06    Pg. 11 of 12

## CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a practice assistant in the law firm of K&L Gates LLP, and on June 28, 2016, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 28th day of June, 2016 at Seattle, Washington.

*/s/ Benita G. Gould*
Benita G. Gould

TRUSTEE'S MOTION FOR ORDER HOLDING ROSS
HANSEN IN CONTEMPT FOR VIOLATION OF THE
AUTOMATIC STAY - 12

K:\2070561\70030\22732_BTP\22732P31XO

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 460    Filed 06/28/16    Ent. 06/28/16 18:03:06    Pg. 12 of 12