UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>NORTHWEST TERRITORIAL MINT, LLC,<br><br>Debtor. | Case No. 16-11767-CMA<br><br>**TRUSTEE'S REPLY TO GRACO AWARDS MANUFACTURING, LP'S MEMORANDUM SUPPORTING BREAK-UP FEE** |

## I. REPLY

Mark Calvert (the "Trustee"), Chapter 11 Trustee for Northwest Territorial Mint, LLC ("NWTM" or the "Debtor"), submits this Reply to Graco Awards Manufacturing, LP'S Memorandum Supporting Break-Up Fee (Dkt. No. 479) ("Memorandum").[1] The Motion presently before this Court is the Trustee's continued request for approval of a break-up fee of $25,000—a request that was originally set forth in the Trustee's motion for approval of the sale of its Graco-related assets (the "Sale Motion") (Dkt. No. 200). Upset at having not prevailed at the auction for the Graco-related assets, Tucker/Cook now seeks an award of more than double that amount in its response to the continued portion of the Sale Motion. The Trustee files this Reply in support of the $25,000 break-up fee request set forth in the Sale Motion and agreed to by Tucker/Cook. For the reasons set forth herein, Tucker/Cook's request for any amount in excess of $25,000 is unwarranted and should be denied by this Court.

---

[1] Graco Awards Manufacturing, LP was an entity formed by Tom Tucker and Larry Cook to acquire the Debtor's assets in Tomball, Texas, and is referred to herein as "Tucker/Cook."

TRUSTEE'S REPLY TO GRACO AWARDS
MANUFACTURING'S MEMORANDUM - 1
K:\2070561\00001\22732_BTP\22732P21XW

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 488    Filed 07/05/16    Ent. 07/05/16 17:54:27    Pg. 1 of 8

## II. BACKGROUND

On May 6, 2016, the Trustee filed the Sale Motion, requesting the approval of the sale of the assets of its Tomball operations to Tucker/Cook. At the time that the Trustee sought approval for the sale to Tucker/Cook, it was unclear whether there would be enough interest in the assets from third parties to warrant an auction. However, Ira Green, Inc. ("Ira Green") had already expressed interest in purchasing the assets. Mr. Tucker had significant familiarity with the Graco business because he is the principal of Graco Awards Enterprises, LP—the entity that previously operated the Graco business at the same facility in Tomball, Texas. *See* Dkt. Nos. 202; 305. In May of 2011, that entity sold its business to the Debtor. Subsequent to the sale of the Graco business, RETT, LP ("RETT") leased the Tomball facility to the Debtor. Mr. Tucker has controlled RETT since 2011. Thus, prior to the Trustee filing the Sale Motion, Tucker/Cook was very familiar with the Graco business in addition to the Tomball, Texas facility used by the Debtor and leased by RETT.

In the Sale Motion, the Trustee requested that the Court approve a break-up fee for Tucker/Cook in the amount of $25,000. The proposed break-up fee of $25,000 was agreed-upon between the Trustee and Tucker/Cook and contemplated the scenario in which a third party made a higher and better offer for the assets that the Court approved over the bid of Tucker/Cook. In a declaration submitted by Tom Tucker in connection with the Sale Motion, Mr. Tucker stated that he believed the proposed break-up fee was reasonable. Dkt. No. 202, ¶ 6. Specifically, Mr. Tucker stated that "I believe that the proposed Break-Up Fee of $25,000 is reasonable in relation to the size of this transaction and the amount of fees and costs the Buyer has expended in relation to the investigation of Graco and the negotiation of the Purchase Agreement." *Id*. The Court declined to approve the requested $25,000 break-up fee at a hearing on the Sale Motion. The Court instead required that Tucker/Cook submit evidence to support the Trustee's proposed $25,000 break-up fee.

Because there was sufficient interest in the Graco-related assets, the Trustee conducted an auction. Ultimately, Ira Green was the prevailing bidder at the auction and the Court thereafter approved the sale of the Graco-related assets to Ira Green. Upset at having been outbid, Tucker/Cook

TRUSTEE'S REPLY TO GRACO AWARDS
MANUFACTURING'S MEMORANDUM - 2

K:\2070561\00001\22732_BTP\22732P21XW

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 488    Filed 07/05/16    Ent. 07/05/16 17:54:27    Pg. 2 of 8

now seeks a break-up fee of more than double what the Trustee requested that this Court approve. In addition, and not coincidentally, RETT has filed a motion for relief from stay in which it seeks to terminate its lease with the Debtor, obtain attorneys' fees, and seek approval of a large administrative claim—all despite the fact that the Trustee seeks to terminate the lease at the end of July, has fully paid rent to date, and even prepaid rent for the month of July. Hell hath no fury like a bidder scorned.

### III. ARGUMENT

#### A. Tucker/Cook Seek Relief Not Requested in the Sale Motion.

The Trustee's Sale Motion requests approval of a break-up fee of $25,000. The Court stated on the record that it would not consider approving any break-up fee, even in the amount of $25,000, without evidentiary support. As an initial matter, the Trustee believes that Tucker/Cook must file a separate motion, on notice to interested parties in this case, in order to seek relief above and beyond the relief requested in the Sale Motion. Tucker/Cook's award should be limited to $25,000—the amount agreed upon between the Trustee and Tucker/Cook and requested in the Sale Motion. Otherwise, the Trustee will simply withdraw his motion to approve the $25,000 break-up fee. The Trustee continues to support an award of $25,000 to Tucker/Cook in fulfillment of his commitment, but does not support any additional amounts.

#### B. Tucker/Cook's Request for a Break-Up Fee in Excess of $25,000 is Not Legally and Factually Supported.

In addition to the fact that Tucker/Cook's request is procedurally defective, Tucker/Cook's request is not legally and factually supported. Tucker/Cook fails to cite any legal authority supporting an award to a stalking horse bidder of a break-up fee in excess of what was agreed-upon after the auction was conducted. Often, break-up fees are granted in advance of an auction, in the context of a bankruptcy court's consideration of the Debtor's proposed bidding procedures. As indicated in the Tucker/Cook Memorandum, a break-up fee is an incentive used to encourage bidding for a debtor's assets in advance of an auction; it is not a means for a disgruntled and

TRUSTEE'S REPLY TO GRACO AWARDS
MANUFACTURING'S MEMORANDUM - 3
K:\2070561\00001\22732_BTP\22732P21XW

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 488    Filed 07/05/16    Ent. 07/05/16 17:54:27    Pg. 3 of 8

unsuccessful bidder to obtain a compensation award for the time it spent related to the sale *after the sale has taken place*. Yet this is exactly what Tucker/Cook proposes; Tucker/Cook wishes to obtain the court's approval, post hac, of a break-up fee far in excess of what was contemplated by the parties. This request is unwarranted and should be denied.

Larry Cook states that he was led to understand that the break-up fee would be "equal to the fees and expenses incurred by the Stalking Horse during the bidding process." This statement lacks any corroborating evidence and is belied by the declaration of Tom Tucker filed in connection with the Sale Motion—in which Mr. Tucker specifically states that he believes that the $25,000 proposed break-up fee was reasonable.

Even setting aside the fact that Tucker/Cook lacks legal support for the award of a break-up fee in excess of what was requested by the Trustee, the Tucker/Cook request is patently excessive and therefore should not be approved. Tucker/Cook requests that the Court award it over $50,000, more than double what the Trustee requested that the Court approve in connection with the Sale Motion. The Tucker/Cook request is especially absurd given that *Tucker/Cook only incurred out-of-pocket expenses of approximately $6,000* in connection with its stalking-horse bid.

The vast majority of the over $52,000 that Tucker/Cook requests is based on an invoice that Larry Cook generated and submitted to his business partner, Tom Tucker, for "professional services" rendered by his public accounting firm. The billing statement submitted by Mr. Cook shows very little in the way of public accounting services. What is apparent is that Mr. Cook, who was himself a principal of the Tucker/Cook stalking horse bidder, simply billed his time related to the sale. For instance, he charged for such things as "visit with Tom Tucker"; "review emails"; "contemplations of bankruptcy acquisition"; and "breakfast meeting Tom." Furthermore, Mr. Cook billed for other tasks unrelated to due diligence, or that were premised on the assumption that their entity would be the successful purchaser of the assets. For instance, his invoice includes entries for "Draft employment agreements for key personnel"; and "make plans if successful to hit the street running."

TRUSTEE'S REPLY TO GRACO AWARDS
MANUFACTURING'S MEMORANDUM - 4

K:\2070561\00001\22732_BTP\22732P21XW

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 488    Filed 07/05/16    Ent. 07/05/16 17:54:27    Pg. 4 of 8

There is no evidence that the $52,000 plus of billings by Mr. Cook's firm will ever be paid by anyone. The terms of Mr. Cook's engagement were not disclosed in Mr. Cook's declaration. The reality is that it appears that Tucker/Cook incurred, at most, approximately $6,000 in out-of-pocket expenses. In light of the fact that Tucker/Cook incurred minimal out of pocket expenses, the Trustee's original request for a break-up fee of $25,000 is more than reasonable.

Perhaps recognizing that its post hac request for an increased break-up award is legally unsupported, Tucker/Cook argues that its request is analogous to a section 503(b)(3) "substantial contribution" claim. Section 503(b)(3) should not form the basis of the requested award because Tucker/Cook has not filed a motion for approval of such a claim. Nor could Tucker/Cook file such a motion for such a claim. Section 503(b)(3)(D) allows a *creditor* to file such a claim. Tucker/Cook is not a creditor of the estate. Even if Tucker/Cook had filed a motion for approval of a substantial contribution claim (and had standing to do so), such a request should be denied under these circumstances. First, Tucker/Cook fails to cite a case awarding an administrative expense claim to a stalking horse bidder in excess of what was agreed upon with the Debtor or Trustee. Second, the "expenses" billed Mr. Cook's accounting firm were not "actual and necessary" expenses that were actually incurred by Tucker/Cook. Rather, the invoice consists of Mr. Tucker's business partner's time expended in connection with the deal and will assuredly never be paid by the entity they formed to acquire the Graco assets.

The Trustee acknowledges that Tucker/Cook's participation in the sale process may have led to a higher offer obtained from Ira Green. This is why the Trustee continues to seek approval of the proposed $25,000 fee. However, Tucker/Cook cannot establish that all of the alleged fees and costs it supposedly incurred by Mr. Cook's accounting firm substantially benefitted the estate and led to the higher offer obtained from Ira Green, who was interested in the assets even before the Sale Motion was filed. *See In re O'Brien Envtl. Energy, Inc.*, 181 F.3d 527, 535 (3d Cir. 1999) (upholding denial of administrative expense application, under section 503(b)(1)(A), of bidder who failed to obtain court approval of break-up fee because the record supported conclusion that

TRUSTEE'S REPLY TO GRACO AWARDS
MANUFACTURING'S MEMORANDUM - 5
K:\2070561\00001\22732_BTP\22732P21XW

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 488    Filed 07/05/16    Ent. 07/05/16 17:54:27    Pg. 5 of 8

expenses incurred were not necessary to preserve value of the estate). The court in *O'Brien* stated that "the allowability of break-up fees, like that of other administrative expenses, depends upon the requesting party's ability to show that the fees were actually necessary to preserve the value of the estate." *Id*. at 535. *See also In re Reliant Energy Channelview LP*, 594 F.3d 200, 207 (3d Cir. 2010) (upholding denial of proposed break-up fee, in part, because the court found that payment of the break-up fee was not necessary to induce the stalking horse bid). In *Reliant*, the Third Circuit affirmed the bankruptcy court's denial of the Debtor's request for authority to pay a break-up fee because the stalking-horse bidder's purchase agreement was binding even if the break-up fee was denied; a third party asserted a continued interest in bidding for the assets; and the court believed that the stalking-horse would not abandon its agreement if no other bidder materialized. *Id*. at 208.

Here, Tucker/Cook's bid on the assets was binding despite the fact that the break-up fee had not been approved. While it was assumed that the Trustee would seek court approval of the break-up fee, the requested amount was $25,000 and not the amount now requested by Tucker/Cook. Thus, it cannot be that the break-up fee now requested by Tucker/Cook was necessary to preserve value for the estate. Furthermore, a large portion of Mr. Cook's billings were for the days after the Sale Motion was filed and after it had agreed to the APA with the Trustee. Tucker/Cook cannot recover all costs associated with their participation as a bidder for the purchase of the Graco assets, regardless of whether they had any effect on the sale price.

## IV. CONCLUSION

For the foregoing reasons, the Trustee requests that the Court limit any break-up fee award to Tucker/Cook to no greater than $25,000, the amount requested in the Sale Motion and agreed-upon by the Trustee and Tucker/Cook.

TRUSTEE'S REPLY TO GRACO AWARDS
MANUFACTURING'S MEMORANDUM - 6
K:\2070561\00001\22732_BTP\22732P21XW

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 488    Filed 07/05/16    Ent. 07/05/16 17:54:27    Pg. 6 of 8

1     DATED this 5th day of July, 2016.

                                                  K&L GATES LLP

                                                  By */s/ Brian T. Peterson*
                                                      Michael J. Gearin, WSBA #20982
                                                      David C. Neu, WSBA #33143
                                                      Brian T. Peterson, WSBA #42088
                                                 Attorneys for Mark Calvert, Chapter 11 Trustee

TRUSTEE'S REPLY TO GRACO AWARDS
MANUFACTURING'S MEMORANDUM - 7
K:\2070561\00001\22732_BTP\22732P21XW

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 488    Filed 07/05/16    Ent. 07/05/16 17:54:27    Pg. 7 of 8

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a paralegal in the law firm of K&L Gates LLP, and on July 5, 2016, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 5th day of July, 2016 at Seattle, Washington.

*/s/ Denise A. Evans*
Denise A. Evans

TRUSTEE'S REPLY TO GRACO AWARDS
MANUFACTURING'S MEMORANDUM - 8

K:\2070561\00001\22732_BTP\22732P21XW

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 488    Filed 07/05/16    Ent. 07/05/16 17:54:27    Pg. 8 of 8