Chambers of the
honorable Christopher Alston
United States Courthouse
700 Stewart Street, Rm. 6301
Seattle, Washington

FILED
Western District of Washington
at Seattle

JUL 19 2016

MARK L. HATCHER, CLERK
OF THE BANKRUPTCY COURT

Your Honor,

      I was present in the courtroom and witnessed the Show Cause proceedings regarding the matter of Northwest Territorial Mint (16-11767) on May 20, 2016.

      Prior to the hearing, I was seated in the courtroom with Jeffrey Mark McMeel when we were approached by two men who claimed to be United States Marshals. They asked that we accompany them, and we declined. They insisted that we comply, telling us that it was "not optional". Feeling coerced, and somewhat threatened, we followed them as they directed us out of the courtroom and into a side room.

      There, they began to interrogate us for information. At no time did they tell either of us that we had a right to have counsel present during this interaction. When asked by Mr. McMeel for the name of their insurance provider, one of them told us that they had no insurance provider. It was plainly obvious to me from their tone and demeanor that their entire purpose was to intimidate both of us.

      We returned to the courtroom and waited for the Show Cause hearing to be initiated. When Mr. McMeel tried to have me act as First Friend, you denied him that right. I then watched as you conducted the hearing. I note that at no time was anyone placed under oath to make any claim against Jeff, or to enter any evidence. To this day, I have no idea who any of the people involved in this process are, or who the damaged party is.

      The Federal Rules of Evidence (603) require that "Before testifying, a witness must give an oath or affirmation to testify truthfully. It must be in a form designed to impress that duty on the witness's conscience." I saw nothing that day that would bind anyone's conscience for the purpose of giving truthful testimony. In fact, it was as if the actors in the court were trying to avoid making known who they really were.

      The Code of Conduct for United States Judges (Canon 2), requires that:

(A) *Respect for Law*. A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

(The Judiciary's Commentary (Canon 2A) states that: "An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired. Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges. A judge must avoid all impropriety and appearance of impropriety. This prohibition applies to both professional and personal conduct. A judge must expect to be the subject of constant public scrutiny and accept freely and willingly restrictions that might be viewed as burdensome by the ordinary citizen. Because it is not practicable to list all prohibited acts, the prohibition is necessarily cast in general terms that extend to conduct by judges that is harmful although not specifically mentioned in the Code. Actual improprieties under this standard include violations of law, court rules, or other specific provisions of this Code.")

(B) *Outside Influence*. A judge should not allow family, social, political, financial, or other relationships to influence judicial conduct or judgment. A judge should neither lend the prestige of the judicial office to advance the private interests of the judge or others nor convey or permit others to convey the impression that they are in a special position to influence the judge. A judge should not

testify voluntarily as a character witness.

Obviously, with such a large sum of wealth at stake, as is the case in this matter, the court has the duty to take extra care in demonstrating its impartiality. However, what I saw on the day in question appeared to be a deliberate effort on your part to impair the ability of Mr. McMeel to defend his own interests, all without any evidence being entered under oath in accordance with the law. I consider myself to have a reasonable mind, and I present these facts to the best of my recollection.

It is my understanding that the BAR Association attorneys and agents are duty bound by law to give an oath as to their standing, claims and interests in this matter. It is also my understanding that you are duty bound to give any orders to Mr. McMeel under an oath to which you can be held. Even if that oath was given at a town hall meeting in Mr McMeel's presence, it would probably be adequate. The fact that none of this has happened gives me the distinct impression that there is some impropriety taking place in this matter. At the very least, I believe that the court did little or nothing to " avoid all impropriety and appearance of impropriety."

Respectfully,

Todd Howard

c/o 2577 Diamond Spur St.

Kingman, Arizona

CC: Clerk of the United States Courthouse, 700 Stewart Street, Rm. 6301, Seattle, Washington