The Honorable Christopher M. Alston
Chapter 11
Hearing Date: September 16, 2016
Hearing Time: 11:00 am
Hearing Place: Seattle
Response Date: September 9, 2016

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| In re | No. 16-11767-CMA |
|---|---|
| NORTHWEST TERRITORIAL MINT, LLC<br><br>Debtor. | DECLARATION OF J. TODD TRACY IN SUPPORT OF APPLICATION TO APPROVE EMPLOYMENT OF THE TRACY LAW GROUP PLLC AS DEBTOR'S COUNSEL *NUNC PRO TUNC* FOR THE PERIOD OF APRIL 1, 2016 THROUGH APRIL 15, 2016 AND TO APPROVE FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF APRIL 1, 2016 THROUGH APRIL 11, 2016 |

I, J. Todd Tracy declare as follows:

1. I am an attorney admitted to practice before this Court and am the sole member of The Tracy Law Group PLLC ("TTLG"). I am one of the attorneys that represented Northwest Territorial Mint, LLC (hereinafter "Debtor"). I have personal knowledge of the facts stated in this Declaration and am competent to testify to them.

2. I have undertaken an investigation of any connections that may exist between TTLG and Debtor, the creditors of Debtor, other known parties in interest in this

DECLARATION OF J. TODD TRACY IN SUPPORT OF APPLICATION TO APPROVE EMPLOYMENT OF THE TRACY LAW GROUP PLLC AS DEBTOR'S COUNSEL *NUNC PRO TUNC* FOR THE PERIOD OF APRIL 1, 2016 THROUGH APRIL 15, 2016 AND TO APPROVE FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF APRIL 1, 2016 THROUGH APRIL 11, 2016- 1

THE TRACY LAW GROUP PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 16-11767-CMA    Doc 639    Filed 08/25/16    Ent. 08/25/16 15:13:20    Pg. 1 of 11

case, and their respective attorneys and accountants.  To the best of my knowledge, there are no other connections.

3. A copy of the Engagement Letter is attached as Exhibit A to this Declaration.

4. Debtor and TTLG agreed to an initial security retainer of $150,000.  TTLG subsequently agreed to accept $149,460 as a pre-petition retainer.  TTLG agrees that the funds are not a true retainer as defined by the Washington Rules of Professional Conduct but are an advanced fee deposit.  TTLG received the advanced fee security funds ("Funds") and deposited the Funds into the TTLG's IOLTA Trust Account as follows: (i) a $50,000.00 wire from an individual named Diane Erdmann on March 31, 2016; and (ii) A cashier's check from an individual named John Drummey to Diane Erdman that Diane Erdman then endorsed over to TTLG on March 31, 2016, in the amount of $99,460.00. Since the case was filed, issues arose regarding ownership of the Funds.  On August 4, 2016, the Court entered its memorandum decision finding that the Trustee had not met his burden of establishing that the Funds were the property of NWTM and that the Funds, after payment of any allowed fees to TTLG, should be returned to Ms. Erdmann.  The Trustee has appealed that ruling.

5. Prior to the filing of the Chapter 11 Petition, TTLG sent the Debtor an invoice for pre-petition fees and costs related to preparing the case to file.  This e-mail was sent to Mr. Hansen at 10:28 p.m. on March 31, 2016.  Mr. Hansen did not raise any objections to the invoiced amount and subsequently authorized the filing of the petition.

DECLARATION OF J. TODD TRACY IN SUPPORT OF APPLICATION TO APPROVE EMPLOYMENT OF THE TRACY LAW GROUP PLLC AS DEBTOR'S COUNSEL *NUNC PRO TUNC* FOR THE PERIOD OF APRIL 1, 2016 THROUGH APRIL 15, 2016 AND TO APPROVE FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF APRIL 1, 2016 THROUGH APRIL 11, 2016- 2

THE TRACY LAW GROUP PLLC
720 Olive Way, Suite 1000
Seattle, WA  98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 16-11767-CMA    Doc 639    Filed 08/25/16    Ent. 08/25/16 15:13:20    Pg. 2 of 11

Prior to electronically filing the petition, TTLG drew down $21,885.50 for pre-petition fees incurred related to advising the Debtor as to its options under the Washington States Receivership Act, the federal receivership statute and the United States Bankruptcy Code. TTLG also prepared the initial petition, entered approximately 3400 priority unsecured creditors and 160 general unsecured creditors into the bankruptcy software filing software used by the firm. It total, TTLG spent 63.5 hours in pre-petition time prior to the filing. The United States Courts debited $1,717.00 for the Chapter 11 filing fee, via ACH from the funds in the trust account.. Accordingly, as of the time of filing and continuing forward, the trust account has a balance of $125,857.50. Pursuant to the Order permitting TTLG to withdraw, TTLG continues to hold those funds in its IOLTA Trust Account.

6. TTLG has not shared or agreed to share compensation with any other entity.

7. To the best of my knowledge, TTLG does not hold or represent any interest adverse to Debtor or his bankruptcy estate in the matters for which TTLG is to be engaged. I believe TTLG is a "disinterested person" for purposes of §§ 101(13), 327(c) and 1107(b) of the United States Bankruptcy Code.

8. I have reviewed and am familiar with Local Bankruptcy Rule 2016.

9. TTLG was contacted by Northwest Territorial Mint, LLC about a potential receivership or bankruptcy on March 25, 2016. Northwest Territorial Mint, LLC was insistent upon filing either a receivership case or a bankruptcy by April 1, 2016 because of actions scheduled in the King County Superior Court on that date. The Debtor executed an

DECLARATION OF J. TODD TRACY IN SUPPORT OF APPLICATION TO APPROVE EMPLOYMENT OF THE TRACY LAW GROUP PLLC AS DEBTOR'S COUNSEL *NUNC PRO TUNC* FOR THE PERIOD OF APRIL 1, 2016 THROUGH APRIL 15, 2016 AND TO APPROVE FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF APRIL 1, 2016 THROUGH APRIL 11, 2016- 3

**THE TRACY LAW GROUP**PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 16-11767-CMA    Doc 639    Filed 08/25/16    Ent. 08/25/16 15:13:20    Pg. 3 of 11

engagement letter on March 31, 2016, retaining TTLG for purposes of representing it in the present Chapter 11 bankruptcy ("Engagement Letter").

10. Debtor filed a Chapter 11 petition on April 1, 2016. The Debtor was a debtor-in-possession under 11 U.S.C. §§ 1107(a) and 1108(b).

11. The Debtor was informed that J. Todd Tracy ("Tracy") and Steven J. Reilly ("Reilly"), the attorneys at TTLG that would be primarily involved in this case, were admitted to practice before this Court and have read LBR 2016.

12. Debtor agreed to compensate TTLG on the basis of its ordinary hourly rates, with additional reasonable fees to be paid on the basis of criteria set forth in the Washington Rules of Professional Conduct, including time spent, skill needed to perform legal services properly, preclusion of other employment, fees customarily charged, the amount involved and the results obtained, and the experience, reputation and ability of counsel.

13. To the best of the Debtor's knowledge, the attorneys at TTLG did not have any connection with the Debtor, its creditors, any other party in interest, their respective attorneys or accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee. TTLG has not represented, and will not represent, any client other than the Debtor with respect to this case.

14. On April 5, 2016, the Debtor filed an emergency motion approving the employment of Bill Weisfield and Stuart Heath of Elliot Bay Asset Solutions, LLC as chief restructuring officers of the Debtor *(Docket No. 12)*. That motion was withdrawn on April 6, 2016 when Elliot Bay indicated it was no longer willing to proceed in the case *(Docket No.*

DECLARATION OF J. TODD TRACY IN SUPPORT OF APPLICATION TO APPROVE EMPLOYMENT OF THE TRACY LAW GROUP PLLC AS DEBTOR'S COUNSEL *NUNC PRO TUNC* FOR THE PERIOD OF APRIL 1, 2016 THROUGH APRIL 15, 2016 AND TO APPROVE FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF APRIL 1, 2016 THROUGH APRIL 11, 2016- 4

THE TRACY LAW GROUP PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 16-11767-CMA    Doc 639    Filed 08/25/16    Ent. 08/25/16 15:13:20    Pg. 4 of 11

*29).* At a hearing on April 7, 2016, TTLG advised the Court that the Debtor would not oppose entry of an order appointing a Chapter 11 Trustee. On April 7, 2016, the Court entered an order directing the U.S. Trustee to appoint a Chapter 11 Trustee *(Docket No. 45).* On April 11, 2016, the Court entered an order appointing Mark Calvert at the Chapter 11 Trustee in the case *(Docket No. 51).*

15. On April 5, 2016, the Debtor also filed an emergency motion to pay priority wages and salaries *(Docket No. 9)*, an emergency motion for continuation of utility service and payment of adequate assurance payments to utilities *(Docket No. 10)* and an emergency motion for a case management order *(Docket No. 11).* These motions were set for hearing on April 7, 2016

16. On April 7, 2016, the Court entered an order denying the emergency motion approving the employment of Bill Weisfield and Stuart Heath of Elliot Bay Asset Solutions, LLC as chief restructuring officers of the Debtor *(Docket No. 39).* The same day, the Court entered an order approving the adequate assurance payments to the utilities *(Docket No. 41)* and an order authorizing the payment of pre-petition employee wages and compensation *(Docket No. 42).*

17. On April 7, 2016, the Court entered an order directing the U.S. Trustee to appoint a Chapter 11 Trustee *(Docket No. 45).* On April 11, 2016, the Court entered an order appointing Mark Calvert at the Chapter 11 Trustee in the case *(Docket No. 51).*

18. On April 15, 2016, the principal of the Debtor, Mr. Ross Hansen, contacted Tracy and requested the return of the funds held in the TTLG IOLTA Trust Account.

DECLARATION OF J. TODD TRACY IN SUPPORT OF APPLICATION TO APPROVE EMPLOYMENT OF THE TRACY LAW GROUP PLLC AS DEBTOR'S COUNSEL *NUNC PRO TUNC* FOR THE PERIOD OF APRIL 1, 2016 THROUGH APRIL 15, 2016 AND TO APPROVE FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF APRIL 1, 2016 THROUGH APRIL 11, 2016- 5

THE **TRACY LAW GROUP**<sub>PLLC</sub>
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 16-11767-CMA    Doc 639    Filed 08/25/16    Ent. 08/25/16 15:13:20    Pg. 5 of 11

Tracy advised Hansen that due to the competing interests asserted in the funds, he was not in a position to return the funds and instead would continue holding the funds in the IOLTA Trust Account. The parties orally terminated the engagement at that point.

19. On April 15, 2016, TTLG formally sent a written termination of representation letter to NWTM. A copy of the termination letter is attached as Exhibit B. In the letter, TTLG reiterated that it would continue to hold the funds pursuant to Washington Rule of Professional Conduct 1.15A(g) and would file a motion to authorize TTLG to withdraw as counsel for NWTM.

20. On April 18, 2016, TTLG filed a motion to withdraw as attorneys for NWTM *(Docket No. 76)*. TTLG also filed a motion to shorten time for a hearing on the motion to withdraw *(Docket No. 78)*. The Court set a hearing on TTLG's motion to withdraw on May 6, 2016.

21. On May 9, 2016, the Court entered an order authoring TTLG to withdraw as counsel for NWTM and further ordering TTLG to hold the funds in the firm's IOLTA trust account. *(Docket No. 212)*. The Court also set an evidentiary hearing to determine ownership of the Funds for June 22, 2016. The evidentiary hearing concluded on July 6, 2016.

22. On August 4, 2016, the Court entered this Court's Memorandum Opinion and Further Order on Motion for Authority to Withdraw as Attorney for Debtor, holding that the Funds must be returned to Ms. Erdmann after payment of any allowed

DECLARATION OF J. TODD TRACY IN SUPPORT OF APPLICATION TO APPROVE EMPLOYMENT OF THE TRACY LAW GROUP PLLC AS DEBTOR'S COUNSEL *NUNC PRO TUNC* FOR THE PERIOD OF APRIL 1, 2016 THROUGH APRIL 15, 2016 AND TO APPROVE FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF APRIL 1, 2016 THROUGH APRIL 11, 2016- 6

THE TRACY LAW GROUP PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

compensation awarded to TTLG. *(Docket No. 580)* The Court directed TTLG to submit a fee application by August 25, 2016.

23. On April 18, 2016, TTLG filed its motion to withdraw indicating that the mere filing of the case was considered an appearance on behalf of the Debtor that required an order permitting TTLG to withdraw. During oral argument, all of the parties conceded that TTLG had been representing the Debtor until the written termination letter was issued. The parties conceded that TTLG was entitled to look to the advanced fee deposit for fees that would be awarded and Ms. Erdmann conceded that TTLG would have a lien against the funds for the actual fees and expenses incurred and approved by the Court.

24. TTLG must also establish that it provided benefit to the estate for a *nunc pro tunc* order authorizing employment. TTLG provided numerous benefits to the case.

25. At the time the case was filed, a judgment creditor was making very aggressive collection efforts to realize on its judgment. If successful, it would have obtained all of the assets to the detriment of the 3400 other creditors in the case. The Debtor was looking for meaningful protections so that it could reorganize or wind-down its affairs to the benefit of the creditors, including those with potentially priority claims, including either a state court receivership or a bankruptcy. Ultimately the receivership was ruled out because it was not clear as to the extraterritorial effect of the automatic stay issued out of a Washington superior court.

26. TTLG was also very clear from the initial consultations that the principal of the debtor could not be involved in management of the corporation due to his prior felony

DECLARATION OF J. TODD TRACY IN SUPPORT OF
APPLICATION TO APPROVE EMPLOYMENT OF THE
TRACY LAW GROUP PLLC AS DEBTOR'S COUNSEL
*NUNC PRO TUNC* FOR THE PERIOD OF APRIL 1, 2016
THROUGH APRIL 15, 2016 AND TO APPROVE FINAL
COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR THE PERIOD OF APRIL 1, 2016
THROUGH APRIL 11, 2016- 7

THE **TRACY LAW GROUP**_PLLC_
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 16-11767-CMA    Doc 639    Filed 08/25/16    Ent. 08/25/16 15:13:20    Pg. 7 of 11

convictions and other legal issues. Because of those issues, it was obvious that existing management would not have the confidence or support of the creditors, the United States Trustee or the Court. As a result, TTLG was very forthcoming with the Debtor from the beginning that an alternate management scenario would need to immediately be put in place if the case were to have **any** potential for success.

27. Initially, it was determined that the Debtor would engage Elliot Bay Asset Solutions ("EBAS") to operate the company as a Chief Restructuring Officer, having been given all of the operational controls. TTLG went so far as to contact the United States Trustee and advise them of the case status, the known operational issues and the need for alternate management structures, including the request for a chief restructuring officer.

28. TTLG negotiated with EBAS over the terms of the engagement and on April 5, 2016 filed a motion to authorize its retention as the chief restructuring officer. *(Docket No. 12)*. Multiple parties, including the United States Trustee objected to the motion *(Docket Nos. 18, 24 and 25)*. Because of the various objections and for other reasons, EBAS withdrew its name from consideration on April 6, 2016. TTLG then began advising the Debtor on the likelihood of the appointment of a Chapter 11 Trustee. After exhaustive discussions, the Debtor ultimately agreed not to oppose entry of an order requiring the appointment of a Chapter 11 Trustee.

29. Additionally, TTLG filed other "first day" motions including motions to authorize the payment of a prepetition payroll *(Docket No. 9)*, to enter a case management order *(Docket No. 11)* and to approve utility deposits to ensure continued utility services

DECLARATION OF J. TODD TRACY IN SUPPORT OF APPLICATION TO APPROVE EMPLOYMENT OF THE TRACY LAW GROUP PLLC AS DEBTOR'S COUNSEL *NUNC PRO TUNC* FOR THE PERIOD OF APRIL 1, 2016 THROUGH APRIL 15, 2016 AND TO APPROVE FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF APRIL 1, 2016 THROUGH APRIL 11, 2016- 8

THE TRACY LAW GROUP PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 16-11767-CMA    Doc 639    Filed 08/25/16    Ent. 08/25/16 15:13:20    Pg. 8 of 11

*(Docket No. 10).* The Court approved the payroll motion *(Docket No. 42)* and the motion for continued utility service *(Docket No. 41).* The Court continued the motion for a case management order until after the Chapter 11 Trustee was appointed.

30. The overall strategy in filing the case provided substantial benefit to the estate in that the property of the estate was brought under Court supervision for the benefit of all creditors instead of just one aggressive creditor. The case also benefitted from TTLG's insistence that the case could not move forward with existing management. Those discussions with the Debtor's management were difficult but ultimately resulted in an unopposed appointment of a Chapter 11 Trustee.

31. Even after the Chapter 11 Trustee was appointed, TTLG continued to receive several hundred calls and e-mails from creditors concerning the status of the case. Because no order for withdrawal of TTLG had been entered, and because TTLG was still an officer of the Court, TTLG returned hundreds of calls and responded to e-mails from creditors after the Trustee was appointed.

32. Attached hereto as Exhibit C is a copy of invoice #14438 that sets forth: (a) the date of each service that was rendered; (b) a detailed description of each service rendered; (c) a list of the costs incurred; and (d) the total number of hours spent and total amount of compensation requested. Also attached hereto as Exhibit D s a time listing sheet that breaks down the amount of time spent by each lawyer, per category identified above.

DECLARATION OF J. TODD TRACY IN SUPPORT OF APPLICATION TO APPROVE EMPLOYMENT OF THE TRACY LAW GROUP PLLC AS DEBTOR'S COUNSEL *NUNC PRO TUNC* FOR THE PERIOD OF APRIL 1, 2016 THROUGH APRIL 15, 2016 AND TO APPROVE FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF APRIL 1, 2016 THROUGH APRIL 11, 2016- 9

THE **TRACY LAW GROUP**PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 16-11767-CMA    Doc 639    Filed 08/25/16    Ent. 08/25/16 15:13:20    Pg. 9 of 11

33. All of the services billed in connection with this matter were billed at rates equal to TTLG's normal hourly rates as follows:

| Name | Hourly Rate |
| --- | --- |
| J. Todd Tracy | $450 |
| Jamie J. McFarlane | $340 |
| Steven J. Reilly | $295 |

34. The normal hourly rates charged by TTLG are consistent with or less than other attorneys of equal experience in Seattle. No agreement or understanding exists between TTLG and any other person for the sharing of compensation received or to be received for services rendered in, or in connection with this case.

35. The invoice and time listing attached hereto sets forth the date each expense was incurred, the description of each expense, and the amount of each expense for which reimbursement is sought. Costs set forth in this statement are the same as those routinely billed to clients of TTLG.

36. TTLG utilizes an offsite answering service as part of its telephone service. TTLG plays a flat monthly fee for the service. If the actual call time exceeds the plan amount, TTLG is billed for the overage. TTLG received several hundred phone calls regarding this case in April and May 2016. TTLG provided a script for the answering service directing the callers to the Court's website for answers about the case. TTLG believed that this was a more efficient and cost-effective method of dealing with the creditor calls than expending attorney time and fees responding. TTLG has billed the excess

DECLARATION OF J. TODD TRACY IN SUPPORT OF APPLICATION TO APPROVE EMPLOYMENT OF THE TRACY LAW GROUP PLLC AS DEBTOR'S COUNSEL *NUNC PRO TUNC* FOR THE PERIOD OF APRIL 1, 2016 THROUGH APRIL 15, 2016 AND TO APPROVE FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF APRIL 1, 2016 THROUGH APRIL 11, 2016- 10

THE TRACY LAW GROUP PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 16-11767-CMA    Doc 639    Filed 08/25/16    Ent. 08/25/16 15:13:20    Pg. 10 of 11

telephone charges attributable to this case.  These amounts were $1,525.82 for April 2016 and $396.97 for May 2016.

Under penalty of perjury, I declare I have read this statement and to the best of my knowledge believe it is true.

DATED this 25th day of August, 2016.

*/s/ J. Todd Tracy*
J.   Todd Tracy

DECLARATION OF J. TODD TRACY IN SUPPORT OF APPLICATION TO APPROVE EMPLOYMENT OF THE TRACY LAW GROUP PLLC AS DEBTOR'S COUNSEL *NUNC PRO TUNC* FOR THE PERIOD OF APRIL 1, 2016 THROUGH APRIL 15, 2016 AND TO APPROVE FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF APRIL 1, 2016 THROUGH APRIL 11, 2016- 11

**THE TRACY LAW GROUP**PLLC
720 Olive Way, Suite 1000
Seattle, WA  98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 16-11767-CMA    Doc 639    Filed 08/25/16    Ent. 08/25/16 15:13:20    Pg. 11 of 11