Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>NORTHWEST TERRITORIAL MINT, LLC,<br><br>Debtor. | Case No. 16-11767-CMA<br><br>SECOND SUPPLEMENTAL DECLARATION OF ERIN SHEAR IN SUPPORT OF MOTION FOR ORDER GRANTING AUTHORITY TO RETURN STORED INVENTORY, OTHER CUSTOMER OWNED INVENTORY, AND COINING DIES |

I, Erin Shear, hereby declare as follows:

1. I submit this Declaration in support of the Trustee's Motion for Order Granting Authority to Return Stored Inventory (the "Stored Inventory"), Other Customer Owned Inventory, and Coining Dies (the "Motion"). I am over eighteen (18) years of age, and I am competent in all ways to testify.

2. I am a Custom Sales Representative of Northwest Territorial Mint, LLC's ("NWTM" or the "Debtor"). I have been employed at NWTM since 2007. I have reviewed storage customer business records of NWTM. NWTM kept ordinary course business records regarding storage of precious metals for customers. Those business records include bullion storage agreements, storage invoices, invoices, purchase orders and a metal storage holdings spreadsheet for NWTM customers. The metal storage holdings spreadsheet ("NWTM Storage

SECOND SUPPLEMENTAL DECLARATION OF
ERIN SHEAR IN SUPPORT OF MOTION FOR
ORDER GRANTING AUTHORITY TO RETURN
STORED INVENTORY, OTHER CUSTOMER
OWNED INVENTORY, AND COINING DIES - 1

K:\2070561\00001\20892_MJG\20892P25GE

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 681    Filed 09/09/16    Ent. 09/09/16 16:26:36    Pg. 1 of 13

Spreadsheet") was kept in the ordinary course of business through December 2014 and, after correction of discrepencies I discovered in the audit process, appears to be an accurate summary of the underlying storage customer documents that I have reviewed.

3. I have reviewed the business records regarding the Stored Inventory of Arthur Rickman. The records confirm that the items entered into storage were (1) 199 - 1oz silver kookaburras; (2) 800 - 1oz American Eagles; (3) 4 - 10oz Australian snake lunar; (4) 60 - 1oz silver Canadian maple leaf; (5) 1 - 1oz. Gold American Eagle; (6) 1 - 1oz. Gold Canadian Maple Leaf; (7) 1 - 1oz. Gold Vienna Philharmonics; and (8) 1 - 1oz. Krugerrand. I have found no records indicating that NWTM repurchased any of the metals from Mr. Rickman's storage account. Based upon my review of the Supplemental Declaration of Jody Cannady in Support of the Motion for Order Granting Authority to Return Stored Inventory, Other Customer Owned Inventory, and Coining Dies (the "Cannady Decl") (Dkt 629), which describes the Stored Inventory remaining in the possession of NWTM, it appears we have not located 500 – 1oz Silver American Eagles which company records suggest were in storage. Attached hereto as Exhibit A are copies of Arthur Rickman's bullion storage agreement, purchase order, storage fee invoice and the NWTM Storage Spreadsheet that verify the Stored Inventory for Mr. Rickman.

4. I have reviewed the business records regarding the Stored Inventory of Betty Lewis. The records confirm Ms. Lewis delivered to NWTM 1830 - 1oz Pan American silver rounds and 80 - 1oz Gold Canadian Maple Leafs which were placed into storage. I have found no records indicating that NWTM repurchased any of the metals from Ms. Lewis' storage account. Based upon my review of the Cannady Decl, which describes the Stored Inventory remaining in the possession of NWTM, it appears we have not located 5 - 1oz Gold Canadian Maple Leafs which company records suggest were in storage. It is also notable that the company's records do not disclose that Ms. Lewis purchased any 1 oz. krugerrands such as the 5 krugerrands the Cannady Decl indicates were found in the Lewis storage area. I spoke with Ms. Lewis' daughter Margaret Teffeteller who holds a power of attorney for Ms. Lewis.

SECOND SUPPLEMENTAL DECLARATION OF
ERIN SHEAR IN SUPPORT OF MOTION FOR
ORDER GRANTING AUTHORITY TO RETURN
STORED INVENTORY, OTHER CUSTOMER
OWNED INVENTORY, AND COINING DIES - 2

K:\2070561\00001\20892_MJG\20892P25GE

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 681    Filed 09/09/16    Ent. 09/09/16 16:26:36    Pg. 2 of 13

Ms. Teffeteller could not explain why there would be krugerrands in the Lewis storage account and confirmed that her records agree that the Lewis storage account was funded with 80 Canadian Maple Leafs and 1830 silver rounds. Attached hereto as <u>Exhibit B</u> are copies of the bullion storage agreement, purchase orders and storage invoices that verify the Stored Inventory for Ms. Lewis.

5. I have reviewed the business records regarding the Stored Inventory of Brad Cameron. The records confirm that Mr. Cameron purchased 1 - 10oz gold bar from NWTM which was placed into storage. I have found no records indicating that NWTM repurchased any of the metals from Mr. Cameron's storage account. Attached hereto as <u>Exhibit C</u> are copies of the bullion storage agreement, purchase invoice and the storage invoice that verify the Stored Inventory for Mr. Cameron.

6. I have reviewed the business records regarding the Stored Inventory of Daniel J. and Mildred Paolucci (the "Paoluccis"). The only record relating to storage inventory for the Paoluccis in the business records of NWTM is a bullion storage agreement for 100 - 100oz Silver Johnson Matthey bars. I contacted Carolyn Paolucci, the Paolucci's daughter, and she worked with her father to obtain a letter from Fidelity Investments verifying that 100 Silver Bars each weighing 100 ounces were shipped to NWTM on October 1, 2012 where NWTM placed the bars into storage. Ms. Paolucci provided a copy of the letter from Fidelity to me. I have found no records indicating that NWTM repurchased any metals from that stored inventory. Attached hereto as <u>Exhibit D</u> is a copy of the bullion storage agreement and a copy of the letter from Fidelity Investments that verifies the delivery of the Stored Inventory for the Paoluccis.

7. I have reviewed the business records regarding the Stored Inventory of Daphne Blanchard. The records confirm that Ms. Blanchard delivered to NWTM 8 Silver American Eagle Monster Boxes, 8 Canadian Maple Leaf Monster Boxes and 29 - 100 oz Pan American Silver Bars. NWTM records indicate that Ms. Blanchard sold 5 Canadian Maple Leaf Monster Boxes and sold 22 - 100oz Pan American Silver Bars to NWTM out of that storage. After

SECOND SUPPLEMENTAL DECLARATION OF
ERIN SHEAR IN SUPPORT OF MOTION FOR
ORDER GRANTING AUTHORITY TO RETURN
STORED INVENTORY, OTHER CUSTOMER
OWNED INVENTORY, AND COINING DIES - 3

K:\2070561\00001\20892_MJG\20892P25GE

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 681    Filed 09/09/16    Ent. 09/09/16 16:26:36    Pg. 3 of 13

accounting for those sales, there should have been 3 Canadian Maple Leaf Monster Boxes, 8 Silver American Eagle Monster Boxes and 7 – 100 oz Pan American Silver Bars in storage. Based upon my review of the Supplemental Declaration of Christine Unwin in Support of the Motion for Order Granting Authority to Return Stored Inventory, Other Customer Owned Inventory, and Coining Dies (the "Unwin Decl") (Dkt 625), which describes the Stored Inventory remaining in the possession of NWTM, it appears we have not located 3 Silver American Eagle Monster Boxes and we have not located 7 - 100oz Pan American Silver Bars which company records suggest were in storage and not repurchased by NWTM. There appears to be 3 Canadian Maple Leaf Monster Boxes remaining in the Blanchard storage area which were repurchased by NWTM. Attached hereto as Exhibit E are copies of the bullion storage agreement, purchase orders, purchase invoices and storage invoices that verify the Stored Inventory for Ms. Blanchard.

8. I have reviewed the business records regarding the Stored Inventory of Frederick Muhlbauer. The records confirm Mr. Muhlbauer delivered 23 – 100 oz. Pan American silver bars to NWTM in Dayton, Nevada which were placed into storage. I found no record indicating the repurchase by NWTM of any metal from Mr. Muhlbauer's storage account in Dayton, Nevada. There is a reference in the NWTM Storage Spreadsheet suggesting that Mr. Muhlbauer delivered 820 ounces of silver by mail to NWTM in Federal Way, Washington on or about July 21, 2015. Mr. Muhlbauer provided our office with a copy of the metal storage agreement substantiating his delivery of 820 ounces of silver to NWTM in Federal Way. I found no record indicating the repurchase by NWTM of any metal from Mr. Muhlbauer's storage account in Federal Way. Attached hereto as Exhibit F are copies of the bullion storage agreement, purchase order, storage invoice and metal storage agreement that verify the Stored Inventory for Mr. Muhlbauer.

9. I have reviewed the business records regarding the Stored Inventory of Gerald Walken. The records confirm that Mr. Walken purchased 10 - 100oz Pan American Silver bars,

SECOND SUPPLEMENTAL DECLARATION OF
ERIN SHEAR IN SUPPORT OF MOTION FOR
ORDER GRANTING AUTHORITY TO RETURN
STORED INVENTORY, OTHER CUSTOMER
OWNED INVENTORY, AND COINING DIES - 4

K:\2070561\00001\20892_MJG\20892P25GE

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

7 - 1oz Gold Canadian Maple Leafs, 10 - 1/10oz Gold Canadian Maple Leafs and 4 - 1/2oz Gold Canadian Maple Leafs which was placed into storage. I found no records indicating NWTM repurchased of any metal from Mr. Walken's storage account. Attached hereto as Exhibit G are copies of the bullion storage agreement, purchase invoices and storage invoices that verify the Stored Inventory for Mr. Walken.

10. I have reviewed the business records regarding the Stored Inventory of Greg Difrancesco. The records confirm Mr. Difrancesco purchased 10 - 100oz silver bars from NWTM which were placed into storage. NWTM repurchased 200 ounces from Mr. Difrancesco's storage account on April 21, 2011 – leaving 800 ounces in Mr. Difrancesco's storage account. I found no other record indicating NWTM repurchased any additional metal from Mr. Difrancesco's storage account. Based upon my review of the Cannady Decl, which describes the Stored Inventory remaining in the possession of NWTM, it appears we have not located 3 - 100oz silver bars which company records suggest were in storage. Attached hereto as Exhibit H are copies of the bullion storage agreement, storage invoices, purchase order and purchase invoice that verify the Stored Inventory for Mr. Difrancesco.

11. I have reviewed the business records regarding the Stored Inventory of the James Merlino Estate. The records confirm the Merlino Estate delivered to NWTM 17 - 100oz. silver bars which were placed into storage. I found no records indicating NWTM repurchased of any metal from the storage account of the Merlino Estate. Attached hereto as Exhibit I are copies of two bullion storage agreements, a handwritten receipt showing silver received into storage and two storage invoices that verify the Stored Inventory for the Merlino Estate.

12. I have reviewed the business records regarding the Stored Inventory of Jessica Hardy. The records confirm that Ms. Hardy purchased 335 - 1oz silver rounds .999 and 1 Silver American Eagle and placed them into storage in August of 2013. Later, Ms. Hardy added to her storage account an additional 1380 - 1oz silver rounds .999 making her storage holdings 1715 - 1oz silver rounds .999 and 1 Silver American Eagle. I found no records indicating NWTM

SECOND SUPPLEMENTAL DECLARATION OF
ERIN SHEAR IN SUPPORT OF MOTION FOR
ORDER GRANTING AUTHORITY TO RETURN
STORED INVENTORY, OTHER CUSTOMER
OWNED INVENTORY, AND COINING DIES - 5

K:\2070561\00001\20892_MJG\20892P25GE

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 681    Filed 09/09/16    Ent. 09/09/16 16:26:36    Pg. 5 of 13

repurchased any metal from Ms. Hardy's storage account. Based upon my review of the Cannady Decl, which describes the Stored Inventory remaining in the possession of NWTM, it appears we have not located 609 - 1oz silver rounds .999 which company records suggest were in storage. Attached hereto as <u>Exhibit J</u> are copies of the bullion storage agreement and of sales orders and sales invoices that verify the Stored Inventory for Ms. Hardy.

13. I have reviewed the business records regarding the Stored Inventory of John Peterson. The records confirm Mr. Peterson purchased 29 - 1oz gold bars, 25 - 1 oz. gold Canadian Maple Leafs and 33 - 1oz krugerrands from NWTM which were placed into storage. I found no records indicating NWTM repurchased any metal from Mr. Peterson's storage account. Based upon my review of the Cannady Decl, which describes the Stored Inventory remaining in the possession of NWTM, it appears we have not located 25 - 1 oz. gold Canadian Maple Leafs which company records suggest were in storage. Attached hereto as <u>Exhibit K</u> are copies of the NWTM general storage agreement, purchase invoices, and storage invoices that verify the Stored Inventory for Mr. Peterson.

14. I have reviewed the business records regarding the Stored Inventory of Eric Zimmerman (deceased). The records confirm that Mr. Zimmerman purchased (1) 12 - 1oz gold bars, (2) 100 - 1oz silver bars, (3) 100 - 1oz silver rounds and (4) 80 - 10oz silver bars from NWTM which were placed into storage. NWTM repurchased 80 - 10oz silver bars from Mr. Zimmerman's storage account. Also, per the customer's request, NWTM shipped 100 - 1oz silver rounds and 1 - 1oz gold bar from Mr. Zimmerman's storage account to Mr. Zimmerman in January of 2014. After accounting for that shipment, there should have been 100 - 1oz silver bars and 11 - 1oz gold bars. The metal storage summary records suggest that Lisa Vincent is the successor-in-interest to Mr. Zimmerman which is subject to verification. Based upon my review of the Cannady Decl, which describes the Stored Inventory remaining in the possession of NWTM, it appears we have not located 5 - 1oz gold bars which company records suggest were in storage. Attached hereto as <u>Exhibit L</u> are copies of the bullion storage agreement, purchase

SECOND SUPPLEMENTAL DECLARATION OF
ERIN SHEAR IN SUPPORT OF MOTION FOR
ORDER GRANTING AUTHORITY TO RETURN
STORED INVENTORY, OTHER CUSTOMER
OWNED INVENTORY, AND COINING DIES - 6

K:\2070561\00001\20892_MJG\20892P25GE

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 681    Filed 09/09/16    Ent. 09/09/16 16:26:36    Pg. 6 of 13

invoices and storage invoice that verify the Stored Inventory for Eric Zimmerman. As of the date of filing this declaration, I am unable to substantiate that Ms. Vincent is the successor-in-interest to Mr. Zimmerman. Until such time as we are able to ascertain the rightful heir of Mr. Zimmerman, the Stored Inventory marked as belonging to Mr. Zimmerman will remain in NWTM's possession.

15. I have reviewed the business records regarding the Stored Inventory of Matthew Staley. The records confirm Mr. Staley purchased 12 1oz. krugerrands and 562 - 1 oz silver American Eagle coins from NWTM which were placed into storage. I have found no records indicating NWTM repurchased any metal from Mr. Staley's storage account. Based upon my review of the Cannady Decl, which describes the Stored Inventory remaining in the possession of NWTM, it appears we have not located 562 - 1 oz silver American Eagle coins which company records suggest were in storage. Attached hereto as Exhibit M are copies of the bullion storage agreement, a purchase invoice, and storage invoices that verify the Stored Inventory for Mr. Staley.

16. I have reviewed the business records regarding the Stored Inventory of Norman Hauptman. The records confirm that beginning in 2009, Mr. Hauptman purchased for his storage account repeatedly and sold back metal to the Mint on one occasion. The business records indicate that Mr. Hauptman should have 74,242 ounces of silver and 232.9 ounces of gold stored at NWTM. Based upon my review of the Cannady Decl, the Stored Inventory remaining in Mr. Hauptman's storage account was 1800 ounces of silver and 32.8 ounces of gold. The Debtor's records confirm Mr. Hauptman's purchase and storage of: (1) 1500 Silver Philharmonics 1oz coins; (2) 7 - 1oz Gold Vienna Philharmonics; (3) 33 - 1/10 Gold Vienna Philharmonics; (4) 33 - 1/10oz Gold American Eagle; (5) 32 - 1/10oz Gold Canadian Maple Leaf; (6) 9 - 1oz Gold American Eagle; (7) 7 - 1oz Gold Canadian Maple Leaf and (8) 300 - 1oz silver rounds which are the metals described as on hand in Federal Way in the Cannady Decl.

SECOND SUPPLEMENTAL DECLARATION OF
ERIN SHEAR IN SUPPORT OF MOTION FOR
ORDER GRANTING AUTHORITY TO RETURN
STORED INVENTORY, OTHER CUSTOMER
OWNED INVENTORY, AND COINING DIES - 7

K:\2070561\00001\20892_MJG\20892P25GE

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 681    Filed 09/09/16    Ent. 09/09/16 16:26:36    Pg. 7 of 13

Attached hereto as Exhibit N are copies of the general storage agreement, purchase orders and purchase invoices that verify the Stored Inventory for Mr. Hauptman.

17. I have reviewed the business records regarding the Stored Inventory of Norman Liedtke. Mr. Liedtke initially stored 5 - 1000oz silver bars and after purchasing and selling between 2008 and 2014 his account now holds 6 – 1000oz bars. The business records of NWTM did not include documentation of Mr. Liedtke's initial storage deposits. Mr. Liedtke provided our offices with documentation substantiating that his initial storage holding was 5,000 ounces of Fine Silver, in the form of 5 - 1000oz bars. Attached hereto as Exhibit O are copies of the documentation from Mr. Liedtke, purchase orders, purchase invoices and metal storage statements that verify the Stored Inventory for Mr. Liedtke.

18. I have reviewed the business records regarding the Stored Inventory of Ralph Fair. The records confirm that Mr. Fair purchased 26 gold St. Gaudens MS 64 from NWTM and subsequently sold four, leaving twenty-two. I found no records indicating any other NWTM repurchases from Mr. Fair's storage account. Attached hereto as Exhibit P are copies of the bullion storage agreement, purchase invoices and orders, and storage invoice that verify the Stored Inventory for Mr. Fair.

19. I have reviewed the business records regarding the Stored Inventory of Randy and Diane Wong (the "Wongs"). The records confirm that the Wongs held in their storage account (1) 70 – 100 oz Pan American silver bars; (2) 14 Gold American Eagle coins; (3) 215 – 10 oz. Pan American silver bars; (4) 128 – 5 oz Pan American silver bars; (5) 760 – 1 oz. Pan American silver bars; (6) 2 Monster Boxes of Silver American Eagles (500 each); and (7) an additional 480 Silver American Eagles. NWTM repurchased from the Wongs 30 - 100oz Pan American silver bars. Based upon my review of the Cannady Decl, which describes the Stored Inventory remaining in the possession of NWTM, it appears we have not located (1) 10 - 100oz Pan American silver bars; (2) 14 Gold American Eagle Coins; (3) 215 - 10oz Pan American Silver bars; (4) 128 - 5oz Pan American silver bars; (5) 760 - 1oz Pan American rounds, and (6) 500 -

SECOND SUPPLEMENTAL DECLARATION OF
ERIN SHEAR IN SUPPORT OF MOTION FOR
ORDER GRANTING AUTHORITY TO RETURN
STORED INVENTORY, OTHER CUSTOMER
OWNED INVENTORY, AND COINING DIES - 8

K:\2070561\00001\20892_MJG\20892P25GE

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 681    Filed 09/09/16    Ent. 09/09/16 16:26:36    Pg. 8 of 13

1oz Silver American Eagles which company records suggest were in storage. Attached hereto as Exhibit Q are copies of two bullion storage agreements, a purchase order, purchase invoices and a storage invoice that verify the Stored Inventory for the Wongs.

20. I have reviewed the business records regarding the Stored Inventory of Randy Gaines. The records confirm that Mr. Gaines purchased 5 – 100 oz Pan American silver bars and 2 - 100 gram gold bars which were placed into storage. I found no records indicating that NWTM repurchased any metal from the storage account of Mr. Gaines. Based upon my review of the Cannady Decl, which describes the Stored Inventory remaining in the possession of NWTM, it appears we have not located 5 – 100 oz Pan American silver bars which company records suggest were in storage. Attached hereto as Exhibit R are copies of a bullion storage agreement, purchase invoice and storage invoice that verify the Stored Inventory for Mr. Gaines.

21. I have reviewed the business records regarding the Stored Inventory of Russ and Bonnie Sweeney (the "Sweeneys"). The records confirm that the Sweeneys purchased 10 - 100oz Pan American silver bars and 4 - 10oz Pan American silver bars. NWTM repurchased 2 - 100oz Pan American silver bars from the Sweeney's storage account. I found no other record indicating NWTM repurchased any additional metal from the Sweeneys' storage account. Based upon my review of the Cannady Decl, which describes the Stored Inventory remaining in the possession of NWTM, it appears we have not located 4 - 10oz Pan American silver bars which company records suggest were in storage. Attached hereto as Exhibit S are copies of the bullion storage agreement, purchase invoices and storage invoice that verify the Stored Inventory for the Sweeneys.

22. I have reviewed the business records regarding the Stored Inventory of Yuqun Chen. The records confirm Mr. Chen delivered to NWTM 10 - 1oz krugerrands and 10 - 1oz Canadian Maple Leafs which were placed into storage. I have found no records indicating NWTM repurchased from Mr. Chen's storage account. Attached hereto as Exhibit T are copies

SECOND SUPPLEMENTAL DECLARATION OF
ERIN SHEAR IN SUPPORT OF MOTION FOR
ORDER GRANTING AUTHORITY TO RETURN
STORED INVENTORY, OTHER CUSTOMER
OWNED INVENTORY, AND COINING DIES - 9

K:\2070561\00001\20892_MJG\20892P25GE

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 681    Filed 09/09/16    Ent. 09/09/16 16:26:36    Pg. 9 of 13

of the bullion storage agreement, the invoice showing receipt of the product and storage invoices that verify the Stored Inventory for Mr. Chen.

23. I have reviewed the business records regarding the Stored Inventory of Jeffrey McMeel. As an initial matter, the business records erroneously listed Mr. McMeel as Jeffrey McNeil and the inventory has the name Jeffrey McNeil on it, but the storage account records including the bullion storage agreement and sales order acknowledgement are in the name of Mr. McMeel and the address on each of these documents matches that of Mr. McMeel as he listed on his filed proof of claim.. Among the records are a purchase order reflecting delivery by Mr. McNeil (sic) of 21 tubes of 1921 BU Morgan Silver Dollars and 3 tubes of BU Pre-1904 Morgan Silver Dollars on or about December 22, 2011. The records also contain a bullion storage agreement reflecting that Mr. McMeel was storing 24 rolls of BU Dollars. The storage records also reflect an additional sales order reflecting the purchase of 10 St. Gaudens MS-64 and 10 tubes of BU Morgan Dollars. The records do not disclose that NWTM ever repurchased these materials from Mr. McMeel. Based on my review of the Cannady Decl, we have not found 10 St. Gaudens MS-64 and 10 tubes of BU Morgan Dollars which company records suggest were in storage. Attached hereto as <u>Exhibit U</u> are copies of the bullion storage agreement, sales order and purchase order that verify the Stored Inventory for Mr. McMeel.

24. Based upon my review of the Cannady Decl, which describes the Stored Inventory remaining in the possession of NWTM, it appeared there were 3 - 100oz silver bars marked for Gary Bushouse. I have reviewed the business records regarding the Stored Inventory of Mr. Bushouse. According to the business records, NWTM repurchased all of Mr. Bushouse's Stored Inventory. I contacted Mr. Bushouse and he confirmed that he does not have any metals remaining in his storage account. Attached hereto as <u>Exhibit V</u> is a copy of the email exchange with Mr. Bushouse reflecting his confirmation of the status of his account.

25. Based upon my review of the Cannady Decl, which describes the Stored Inventory remaining in the possession of NWTM, it appeared there were 1,000 - 1oz Silver

SECOND SUPPLEMENTAL DECLARATION OF
ERIN SHEAR IN SUPPORT OF MOTION FOR
ORDER GRANTING AUTHORITY TO RETURN
STORED INVENTORY, OTHER CUSTOMER
OWNED INVENTORY, AND COINING DIES - 10

K:\2070561\00001\20892_MJG\20892P25GE

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 681    Filed 09/09/16    Ent. 09/09/16 16:26:36    Pg. 10 of 13

American Eagles marked for the Mary Louise Donovan Trust stored in the vault at Auburn. I have reviewed the NWTM business records regarding the Stored Inventory of the Donovan Trust. According to the business records, NWTM repurchased all of the Donovan Trust's Stored Inventory. I contacted Mary Secaur, the beneficiary of the Donovan Trust who confirmed that there are no metals remaining in the Donovan Trust storage account. Attached hereto as Exhibit W is a copy of the email correspondence with Ms. Secaur reflecting her confirmation of the status of the Donovan Trust account.

26. Based upon my review of the Cannady Decl, which describes the Stored Inventory remaining in the possession of NWTM, there were 500 - 1oz Silver American Eagles marked for Mary Secaur stored in Auburn. I have reviewed the business records regarding the Stored Inventory of Ms. Secaur. According to the NWTM business records, NWTM repurchased all of the Ms. Secaur's Stored Inventory. I contacted Ms. Secaur and she confirmed that there are no metals remaining in Ms. Secaur's storage account. Attached hereto as Exhibit X is a copy of the email exchange with Ms. Secaur reflecting her confirmation of the status of her account.

27. Based upon my review of the Cannady Decl, which describes the Stored Inventory remaining in the possession of NWTM, it appeared there were 2 proof silver American Eagles and a silver necklace marked for Rosanne Herrin held in storage at Federal Way. I have searched without success for records substantiating any storage of materials by Ms. Herrin and have tried to locate her. We cannot locate Ms. Herrin and cannot verify that she stored the 2 proof silver American Eagles and the silver necklace that is in the NWTM vault.

28. Based upon the Motion, the NWTM records indicate there was a 1922 St. Gaudens marked for Scott Serles. Business records indicate that Mr. Serles was a walk in customer that placed an order and the product was set aside for him until the rest of the order was ready. Mr. Serles did not return to pick up the order. This inventory will not be provided to Mr. Serles unless and until he contacts NWTM and substantiates his ownership.

SECOND SUPPLEMENTAL DECLARATION OF
ERIN SHEAR IN SUPPORT OF MOTION FOR
ORDER GRANTING AUTHORITY TO RETURN
STORED INVENTORY, OTHER CUSTOMER
OWNED INVENTORY, AND COINING DIES - 11

K:\2070561\00001\20892_MJG\20892P25GE

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 681    Filed 09/09/16    Ent. 09/09/16 16:26:36    Pg. 11 of 13

29. Based upon the Motion, the NWTM records indicate that scrap metal was brought in by Michael Laurion to be sent to assay. NWTM records do not reflect that Mr. Laurion ever returned to pick up the metal. NWTM records contain no other information regarding this scrap metal or contact information for Mr. Laurion. This inventory will not be returned to Mr. Laurion unless and until he contacts NWTM and substantiates his ownership.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 9th day of September, 2016, at Seattle, Washington.

Erin Shear

SECOND SUPPLEMENTAL DECLARATION OF ERIN SHEAR IN SUPPORT OF MOTION FOR ORDER GRANTING AUTHORITY TO RETURN STORED INVENTORY, OTHER CUSTOMER OWNED INVENTORY, AND COINING DIES - 12

K:\2070561\00001\20892_MJG\20892P25GE

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 681    Filed 09/09/16    Ent. 09/09/16 16:26:36    Pg. 12 of 13

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a paralegal in the law firm of K&L Gates LLP, and on September 9, 2016, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 9th day of September, 2016 at Seattle, Washington.

*/s/ Denise A. Evans*
Denise A. Evans

SECOND SUPPLEMENTAL DECLARATION OF ERIN SHEAR IN SUPPORT OF MOTION FOR ORDER GRANTING AUTHORITY TO RETURN STORED INVENTORY, OTHER CUSTOMER OWNED INVENTORY, AND COINING DIES - 13

K:\2070561\00001\20892_MJG\20892P25GE

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 681    Filed 09/09/16    Ent. 09/09/16 16:26:36    Pg. 13 of 13