Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Seattle, Rm. 7206
Hearing Date: November 18, 2016
Hearing Time: 9:30 a.m.
Response Date: November 10, 2016

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT, LLC,

Debtor.

Case No. 16-11767-CMA

**MOTION TO APPROVE SETTLEMENT WITH GRACO AWARDS AND RETT LP PURSUANT TO FRBP 9019**

Mark Calvert, the Chapter 11 Trustee (the "Trustee") of Northwest Territorial Mint, LLC ("NWTM" or "Debtor") files this motion seeking approval of the terms of a settlement with the RETT, LP ("RETT"); Tom Tucker; Larry Cook; and G. Ra. Co. Awards Manufacturing ("Graco Awards"). As described below, the terms of the settlement are in the best interests of the estate and should be approved by this Court.

**I. FACTS**

1. At the time of its bankruptcy filing, NWTM billed itself as the largest private mint in the United States. As of April 1, 2016 it had approximately 240 employees located at facilities in six states. One aspect of the Debtor's business is the minting of coins, awards, and medallions for third parties. In furtherance thereof, the Debtor owned a business commonly referred to as Graco Awards Manufacturing. The primary business facility for the Debtor's Graco business was located at 723 South Cherry Street, Tomball, Texas 77375 (the "Premises"). The Debtor leased the Premises from RETT pursuant to the Commercial Lease Agreement dated as of May 12, 2011 (the "Lease").

MOTION TO APPROVE SETTLEMENT - 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 799    Filed 10/28/16    Ent. 10/28/16 11:45:03    Pg. 1 of 7

Pursuant to the terms of the Lease, RETT held a $36,000 security deposit paid by the Debtor prepetition (the "Security Deposit"). RETT is owned by Tom Tucker.

2. On May 6, 2016, the Trustee filed a motion for approval of the sale of its assets related to the Graco business located at the Premises (the "Sale Motion") (Dkt. No. 200). The Sale Motion requested that the Court approve the sale of the Graco assets to Tom Tucker and Larry Cook, representing a to-be-formed entity ("Tucker/Cook"). In the Sale Motion, the Trustee requested that the Court approve a break-up fee for Tucker/Cook in the amount of $25,000 (the "Break-Up Fee").

3. Before the hearing on the Sale Motion, Ira Green, Inc. ("Ira Green") came forward with what the Trustee concluded was a higher and better offer for the assets. On May 27, 2016, the Trustee conducted an auction of the Graco assets and selected Ira Green as the prevailing bidder. On June 2, 2016, the Court approved the sale of the assets to Ira Green. The asset purchase agreement ("APA") the Trustee entered into with Ira Green, which was approved by the Court, required that the Trustee provide Ira Green with reasonable access to the Premises until July 31, 2016 (the "Removal Period"), in order to allow Ira Green to remove all of the purchased assets.

4. The Trustee requested, pursuant to the Trustee's Motion Pursuant to 11 U.S.C. § 365(d)(4) for an Extension of Time to Assume or Reject Unexpired Leases of Nonresidential Real Property (Dkt. No. 449), that the Court enter an order rejecting the Lease effective as of July 31, 2016. The Court granted the Trustee's request pursuant to its order entered on July 20, 2016 (Dkt. No. 532), and in accordance with that order the Lease was rejected effective July 31, 2016.

5. At the hearing on the Trustee's Sale Motion, the Court continued the Trustee's request for approval of the Break-Up Fee pending a submission by Tucker/Cook of evidence of actual expenses incurred. Tucker/Cook established Graco Awards for the purpose of acquiring the Graco assets. Tucker/Cook assigned all their rights relating to the acquisition of the Graco assets including, without limitation, their rights to the Break-Up Fee to Graco Awards. After the hearing on the Sale Motion, Graco Awards demanded, from the Trustee, recovery of fees and costs in excess of $25,000 and filed a Memorandum Supporting Break-Up Fee (Dkt. No. 479). In that memorandum,

MOTION TO APPROVE SETTLEMENT - 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Graco Awards requested a break-up fee in the amount of $52,111.14, plus costs and attorney's fees not to exceed $6,000.

6. On June 23, 2016, RETT filed a Motion for Relief from Stay and Application for Allowance and Payment of its Administrative Expense and/or Adequate Protection (Dkt. No. 439) ("RETT RFS Motion"). RETT requested that the Court award it an administrative expense claim in the total amount of $31,426.77, and grant it adequate protection in the amount of $44,000 to, in part, "compensate RETT for the continuing and ongoing damage the Debtor and its invitee Ira Green . . . are causing to RETT's property." The administrative expense claim sought by RETT was comprised of its assertion that it owed late fees, post petition taxes, and insurance under the Lease. RETT further requested that the Court allow it to terminate the Lease.

7. The Trustee filed written oppositions to the RETT RFS Motion and to Graco Awards' request for a break-up fee in excess of $25,000. The Trustee argued that RETT is not entitled to an administrative expense claim, nor is RETT entitled to relief from stay or adequate protection. The Trustee also argued that the Court should grant, to Graco Awards, a break-up fee of no more than the $25,000 Break-Up Fee that was requested in the Sale Motion.

8. On July 8, 2016, the Court held a hearing on the on the RETT RFS Motion and Graco Awards' request for a break-up fee award. At the hearing, the Court denied RETT's request for relief from the automatic stay and adequate protection. RETT's request for allowance of an administrative expense claim, and other issues to be considered by the Court relative to all claims of the bankruptcy estate and RETT against one another, were set over by the Court to be considered in connection with an evidentiary hearing scheduled by the Court for August 30, 2016. The Court also set over, for an evidentiary hearing, the issues regarding Graco Awards' request for a break-up fee.

9. After the rejection of the Lease, and after the July 8 hearing, RETT claimed that the Trustee, on behalf of the bankruptcy estate, failed to return the Premises to RETT in the condition it existed at the commencement of the Lease as required thereunder. RETT further claimed that the bankruptcy estate and Ira Green are responsible for causing damage to the Premises during removal

MOTION TO APPROVE SETTLEMENT - 3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

of the Graco assets from the Premises, including potential environmental damage. RETT provided the Trustee with pictures documenting (a) alleged damage to the Premises caused upon removal of the equipment, (b) certain personal property that was left behind and that could be removed but only at significant expense to RETT, and (c) damage to grass allegedly caused by the spillage of potentially hazardous materials during the removal process. RETT contends the alleged damages should be entitled to administrative expense priority because they were incurred post-petition and pre-rejection, and in violation of the Lease's terms. The Trustee has denied the basis of, and the estate's responsibility for, these claims asserted by Graco Awards.

10. Prior to scheduled evidentiary hearing, the parties entered into a global settlement agreement resolving all the claims and issues between them (the "Settlement Agreement," and the settlement detailed therein, the "Settlement"), a copy of which is attached to the accompanying declaration of Mark Calvert as <u>Exhibit A</u>. Under the terms of the Settlement Agreement, the Trustee will pay $50,000 to RETT in satisfaction of all claims. Any and all recovery by Graco Awards is limited to this $50,000 and must be obtained by Graco Awards from RETT. In return RETT and Graco Awards will release all claims against the Trustee and the bankruptcy estate.

## II.  ISSUE

Whether the Court should approve the terms of the Settlement Agreement.

## III.  EVIDENCE RELIED UPON

This Motion relies on the Declaration of Mark Calvert and the pleadings and papers on file with the Court.

## IV.  ARGUMENT

Compromises are a "normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). The Court has great latitude in approving compromise agreements and may approve a compromise if it is "fair and equitable." *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988). The Court does not have to decide the numerous questions of fact and law raised by

MOTION TO APPROVE SETTLEMENT - 4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 799    Filed 10/28/16    Ent. 10/28/16 11:45:03    Pg. 4 of 7

objecting parties. *In re Planned Protective Serv., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991). The focus of the Court's inquiry is whether the settlement entered into by the Trustee was reasonable given the particular circumstances of the case. *Bache & Co. v. Loeffler (In re Equity Funding Corp. of Am.)*, 519 F.2d 1274, 1277 (9th Cir. 1975). An order approving a compromise will be upheld absent abuse of discretion. *Goodwin v. Mickey Thompson Entm't Group, Inc. (In re Mickey Thompson Entm't Group, Inc.)*, 292 B.R. 415, 420 (BAP 9th Cir. 2003). In considering whether to approve a compromise, the Court should apprise itself of:

> all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*TMT Trailer Ferry*, 390 U.S. at 424. Specifically, to determine whether a compromise is "fair and equitable," the Court should consider: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in collection; (3) the litigation's complexity and its attendant expense, inconvenience and delay; and (4) the paramount interest of the creditors with a proper deference to their reasonable view. *Martin v. Kane (In re A & C Prop.)*, 784 F.2d 1377, 1381 (9th Cir. 1986).

The Trustee has determined, in his reasonable business discretion, that the Settlement is reasonable and in the best interests of the estate. The total amount of the claims asserted by Graco Awards and RETT against the bankruptcy estate exceeded $80,000. Of this amount, the Trustee had always committed to supporting a $25,000 Break-Up Fee in favor of Graco Awards. Tucker/Cook's participation in the sale process provided significant value to the estate in that it allowed the Trustee to obtain a significantly higher offer from Ira Green for the Graco related assets. While the Trustee believed that it had the better of the arguments on RETT's administrative expense claim arguments, such issues were not without risk to the estate. The Court, by ordering an evidentiary hearing on all

MOTION TO APPROVE SETTLEMENT - 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 799    Filed 10/28/16    Ent. 10/28/16 11:45:03    Pg. 5 of 7

of the issues between the parties, signaled that it believed the resolution of the disputes required factual, as opposed to legal, determinations. Absent entering into the Settlement Agreement, the Trustee would be forced to engage in discovery regarding the various issues between the parties. Such discovery would result in significant expense to the bankruptcy estate. Furthermore, the cost of conducting the evidentiary hearing, including argument and examination of witnesses would be considerable. Additionally, the Trustee, absent entering into the Settlement, would be at risk for an adverse judgment on one or more of the administrative expense claims asserted by RETT. The Settlement also eliminates the estate's liability associated with potential environmental damage to the Premises that occurred during the Removal Period, which RETT only asserted after the Court ordered the evidentiary hearing. For all of these reasons, the Settlement Agreement is reasonable and in the best interests of the estate and its creditors.

## V. CONCLUSION

Based on the above, the Trustee respectfully requests that the Court approve the terms of the Settlement Agreement and permit the Trustee to take all necessary actions to carry out the estate's obligations under the Settlement Agreement.

Dated this 28th day of October, 2016.

K&L GATES LLP

By */s/ Brian T. Peterson*
Michael J. Gearin, WSBA #20982
David C. Neu, WSBA #33143
Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

MOTION TO APPROVE SETTLEMENT - 6

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 799    Filed 10/28/16    Ent. 10/28/16 11:45:03    Pg. 6 of 7

## CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a Paralegal in the law firm of K&L Gates LLP, and on October 28, 2016, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

Also on October 28, 2016, she caused the foregoing document to be mailed to the Parties at the addresses listed below:

Northwest Territorial Mint LLC
c/o Ross Hansen, Member
P.O. Box 2148
Auburn, WA 98071-2148

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 28th day of October, 2016 at Seattle, Washington.

*/s/ Denise A. Evans*
Denise A. Evans

MOTION TO APPROVE SETTLEMENT - 7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 799    Filed 10/28/16    Ent. 10/28/16 11:45:03    Pg. 7 of 7