Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Rm. 7206
Hearing Date: December 16, 2016
Hearing Time: 9:30 a.m.
Response Date: December 9, 2016

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>NORTHWEST TERRITORIAL MINT, LLC,<br><br>Debtor. | Case No. 16-11767-CMA<br><br>**MOTION FOR ORDER AUTHORIZING TRUSTEE TO ASSUME AND REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND ENTER INTO NEW LEASE FOR GREEN BAY, WISCONSIN** |

## I. INTRODUCTION

Mark Calvert (the "Trustee"), Chapter 11 Trustee for Northwest Territorial Mint, LLC ("NWTM" or the "Debtor"), hereby file this motion (the "Motion"), pursuant to section 365(a) of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order authorizing the Trustee to assume the unexpired lease of nonresidential real property for premises located in Auburn, Washington, to reject the unexpired lease of nonresidential real property for premises located in Springfield, Virginia, and to authorize the Trustee to enter into a new lease for premises located in Green Bay, Wisconsin. The Motion is supported by the Declaration of Mark Calvert filed concurrently herewith. In support of this Motion, the Trustee respectfully represents as follows:

MOTION FOR ORDER AUTHORIZING TRUSTEE TO
ASSUME AND REJECT CERTAIN UNEXPIRED LEASES
OF NONRESIDENTIAL REAL PROPERTY - 1
K:\2070561\00001\22732_BTP\22732P21WU

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 804    Filed 10/28/16    Ent. 10/28/16 15:59:27    Pg. 1 of 8

## II. BACKGROUND

On April 1, 2016, the Debtor commenced this case by filing a voluntary petition under chapter 11 of the United States Bankruptcy Code. The Debtor's business is primarily comprised of the minting of medallions, coins and other awards and the sale of precious metals, such as gold, silver and platinum. On April 11, 2016, the Court entered an order appointing Mark Calvert as chapter 11 Trustee. *See* Dkt. No. 51. Upon his appointment, the Trustee took control over the business operations of the Debtor and initiated his investigation of the financial affairs of the bankruptcy estate.

From the date of his appointment, the Trustee has worked to restructure the business operations of the estate in order to preserve the going concern value of the business. At the time of the filing of the bankruptcy petition, there were seven (7) nonresidential real property leases related to NWTM's business operations with premises located in Green Bay, WI; Honolulu, HI; Dayton, NV; Tomball, TX; Federal Way, WA; Auburn WA; and Springfield, Virginia.

On June 2, 2016 the Court entered an order approving the sale of the Debtor's Tomball, Texas assets free and clear of liens. *See* Dkt. No. 374. Upon closing of that sale, the Trustee obtained approval of the Court to reject the Tomball, Texas lease effective as of July 31, 2016. The Trustee also sought and obtained approval from the Court to reject the Federal Way lease and to enter into a new lease in Kent, WA to house the corporate offices of the company. *See* Dkt. No. 596.

On July 20, 2016 the Court entered an order granting the Trustee's motion for an extension of time to assume or reject unexpired leases of nonresidential real property. *See* Dkt. No. 530. The deadline for filing motions to assume the unexpired leases of nonresidential real property under the extension order is October 28, 2016.

The Trustee filed a motion to assume the Dayton, Nevada Lease on September 27, 2016 which is presently set for hearing on December 1, 2016. The Honolulu, Hawaii lease was a lease for a three year term commencing December 2009. The lease converted to a month to month lease in

MOTION FOR ORDER AUTHORIZING TRUSTEE TO
ASSUME AND REJECT CERTAIN UNEXPIRED LEASES
OF NONRESIDENTIAL REAL PROPERTY - 2
K:\2070561\00001\22732_BTP\22732P21WU

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 804    Filed 10/28/16    Ent. 10/28/16 15:59:27    Pg. 2 of 8

December 2012. The Trustee has closed business operations in Hawaii and moved out of the Honolulu premises. The Hawaii lease has terminated under its own terms.

This Motion concerns the remaining three (3) real property leases for the Debtor's locations in Wisconsin, Auburn, and Virginia (the "Green Bay Lease," the "Auburn Lease" and the "Springfield Lease," respectively). The common addresses of the premises leased under each of these three leases are as follows: 1718 Velp Avenue, Unit E, Green Bay, Wisconsin 54303; 550 3rd Street, Building B, Auburn, Washington 98001; and 6564 Loisdale Court, Suite 318, Springfield, Virginia 22150. There are a number of skilled employees who work at the Wisconsin facility cutting and sculpting dies for the Debtor. The Debtor's Springfield, VA, location houses a small staff that manages the sales at the Pentagon and logistics for certain customers on the East Coast. The Debtor's Auburn, Washington, facility is the Debtor's principal home for pick, pack, storage, and shipping operations.

The Green Bay Lease was entered into for a term of eighteen months in 2010 and converted to month to month. The Trustee has negotiated for a new lease for a reduced amount of space at the Green Bay, Wisconsin premises. The terms of the new lease are more favorable to the estate than the existing Green Bay Lease. By this Motion, the Trustee requests authority from the Court to enter into the new lease, effective December 1, 2016, for space in Green Bay, Wisconsin on terms described in the letter of intent which is attached to the Declaration of Mark Calvert filed herewith. The Trustee intends to remain in possession of the Green Bay premises under the provisions of the existing month to month lease until the Court approves the new lease. The Trustee seeks authority to assume the existing month to month lease for the period through the effectiveness of the new lease.

The proposed lease agreement for the Green Bay facility, which has a three-year term, is beneficial to the estate in that it will result in significant net savings to the estate. The estate's monthly rental obligation will be reduced from $2,230 per month, to $950 per month in year 1, $975 per month in year 2, and $1,000 per month in year 3.

The lease of the Springfield, Virginia premises was executed in November 2015 and is for a term of thirty-nine months. The Trustee seeks authority to reject the Springfield Lease effective

MOTION FOR ORDER AUTHORIZING TRUSTEE TO
ASSUME AND REJECT CERTAIN UNEXPIRED LEASES
OF NONRESIDENTIAL REAL PROPERTY - 3
K:\2070561\00001\22732_BTP\22732P21WU

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 804    Filed 10/28/16    Ent. 10/28/16 15:59:27    Pg. 3 of 8

November 30, 2016. The Springfield real property space is more than the Debtor currently needs. The Debtor's operations in Springfield will be moved to the home of one of the Debtor's salespersons. This arrangement will be more cost-effective for the Debtor.

The lease of the Auburn, Washington premises was originally executed on November 2, 2006 the term of the Auburn Lease was extended in August, 2014 for five years to expire on July 31, 2019. The Auburn facility is presently the location of the primary packing and shipping operations of the company. It is necessary and beneficial for the Trustee to assume the Auburn Lease as the Debtor does not presently have the ability to conduct picking and packing in another location as efficiently. The Trustee seeks authority to assume the Auburn Lease. The Trustee is current on all obligations under and is unaware of any defaults under the Auburn Lease.

### III. RELIEF REQUESTED

By this Motion, the Trustee respectfully requests the entry of an order authorizing the Trustee's assumption of the Auburn Lease and rejection of the Springfield Lease. In addition, the Trustee seeks Court authority for approval to enter into a new lease for the Debtor's Green Bay, Wisconsin facility effective December 1, 2016.

### IV. EVIDENCE RELIED UPON

This Motion relies on the arguments set forth herein, the Declaration of Mark Calvert filed in support of the Motion, the pleadings and records on file in this case, and the arguments of counsel, if any.

### V. ARGUMENT

**A. Assumption of Auburn Lease and Rejection of Springfield Lease.**

The Trustee's assumption of the Auburn Lease is in the best interests of the estate. The facility is a necessary component of the Debtor's operations, housing the principal packing and shipping aspects of the business. The Trustee's rejection of the Springfield Lease is likewise in the best interests of the estate. The Trustee has determined that it is less costly and more efficient for the Debtor to move its Washington, D.C. area operations into the home of one of its salespersons who

MOTION FOR ORDER AUTHORIZING TRUSTEE TO
ASSUME AND REJECT CERTAIN UNEXPIRED LEASES
OF NONRESIDENTIAL REAL PROPERTY - 4
K:\2070561\00001\22732_BTP\22732P21WU

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 804    Filed 10/28/16    Ent. 10/28/16 15:59:27    Pg. 4 of 8

lives in the area. The Court should also grant the Trustee authority to enter into a new lease for the Green Bay, Wisconsin facility as that lease is on more favorable terms than the existing Green Bay Lease. The Green Bay facility houses valuable artistic resources of the business and the Trustee's evaluation of the benefits of those resources has led him to conclude that the operations are beneficial to the business.

Section 365(a) of the Bankruptcy Code provides that a debtor or trustee "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The decision to assume or reject an executory contract "is left to the business judgment of the trustee or debtor in possession." *Official Creditors' Committee v. X10 Wireless Tech., Inc. (In re X10 Wireless Tech., Inc.)*, 2005 WL 6960205, *3 (9th Cir. BAP April 5, 2005). *See also Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 (5th Cir. 1985) (to place "more exacting scrutiny" on a debtor's decision to assume or reject an executory contract "would slow the administration of the debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially").

The "business judgment" standard is not a strict standard; the trustee or debtor in possession must simply show that assumption will benefit the bankruptcy estate. *In re Crystalin, LLC*, 293 B.R. 455, 464 (8th Cir. BAP 2003). "As long as assumption of a lease appears to enhance a debtor's estate, a bankruptcy court should normally grant its approval, unless the debtor in possession's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code . . . ." *In re X10 Wireless Tech., Inc.*, 2005 WL at *3 (internal quotations omitted) (quoting *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d at 1309). Similarly the Ninth Circuit Court of Appeals has stated that the Court need only engage in a "cursory review" of a trustee's decision to reject an executory contract. *In re Pomona Valley Medical Group, Inc.*, 476 F.3d 665, 670 (9th Cir. 2007) (quoting *In re G.I. Indus. Inc.*, 204 F.3d 1276, 1282 (9th Cir. 2000)).

MOTION FOR ORDER AUTHORIZING TRUSTEE TO
ASSUME AND REJECT CERTAIN UNEXPIRED LEASES
OF NONRESIDENTIAL REAL PROPERTY - 5
K:\2070561\00001\22732_BTP\22732P21WU

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 804    Filed 10/28/16    Ent. 10/28/16 15:59:27    Pg. 5 of 8

Here, there are valid and sufficient business justifications for the Trustee to assume the Auburn Lease and reject the Springfield Lease. The Auburn Lease is presently necessary for the Trustee's operation of the business, as the Debtor's pick, pack, storage, and shipping operations are located there. It is in the best interests of the estate for the Trustee to reject Springfield Lease. The Trustee has determined that the Springfield premises is not necessary for the estate and that he can save the estate resources by moving sales operations to the home of an employee in the area.

### B. Court Approval for New Green Bay Lease.

Pursuant to Bankruptcy Code § 363(c)(1), the Trustee may "enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing . . ." The Trustee believes that it is unnecessary for him to obtain Court approve to execute a new lease for the Green Bay facility. *See In re Dant & Russell*, 853 F.2d 700 (9th Cir. 1988) (determining that execution of postpetition leases were ordinary course transactions). Execution of a lease is a transaction of the type that other similar businesses would engage in, and the transaction at issue does not subject a hypothetical creditor "to economic risks of a nature different from those he accepted when he decided to extend credit." *Id.* at 705 (quoting *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986)). Nevertheless, out of an abundance of caution, the Trustee files this Motion to seek court authority pursuant to 11 U.S.C. § 363(b)(1), which requires court approval for transactions "other than in the ordinary course of business."

The Trustee's decision to execute a new lease for the Green Bay facility must, if it is not an ordinary course transaction, be based on the Trustee's reasonable business judgment and may be approved by the Court so long as the Trustee has "established some articulated business justification for the transaction." *In re Ernst Home Center, Inc.*, 209 B.R. 974, 979 (Bankr. W.D. Wa. 1997) (citing *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Walter*, 83 B.R. 14 (9th Cir. BAP 1988)). Here, that standard has been met. While it is necessary for the Debtor to maintain the Green Bay premises for its operations, the Debtor presently leases more space at the facility than is required. As a result, the Trustee negotiated a new lease on amended terms that will result in

MOTION FOR ORDER AUTHORIZING TRUSTEE TO
ASSUME AND REJECT CERTAIN UNEXPIRED LEASES
OF NONRESIDENTIAL REAL PROPERTY - 6

K:\2070561\00001\22732_BTP\22732P21WU

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 804    Filed 10/28/16    Ent. 10/28/16 15:59:27    Pg. 6 of 8

significant saving to the estate. For these reasons, the Court should authorize the Trustee to enter into a lease for the Green Bay premises on the terms set forth in the letter of intent attached to the Declaration of Mark Calvert filed in support of this Motion.

## VI. CONCLUSION

Based on the foregoing, the Trustee respectfully requests an Order authorizing the Trustee to (a) assume the Auburn Lease, (b) reject the Springfield Lease, and (c) grant the Trustee authority to into a new lease for the Green Bay premises on terms described in this Motion and Declaration of Mark Calvert filed in support hereof.

DATED this 28th day of October, 2016.

K&L GATES LLP

By *Brian T. Peterson*_____
Michael J. Gearin, WSBA #20982
David C. Neu, WSBA #33143
Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

MOTION FOR ORDER AUTHORIZING TRUSTEE TO ASSUME AND REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY - 7

K:\2070561\00001\22732_BTP\22732P21WU

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 804    Filed 10/28/16    Ent. 10/28/16 15:59:27    Pg. 7 of 8

## CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a Paralegal in the law firm of K&L Gates LLP, and on October 28, 2016, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

Also on October 28, 2016, she caused the foregoing document to be mailed to the Parties at the addresses listed below:

Northwest Territorial Mint LLC
c/o Ross Hansen, Member
P.O. Box 2148
Auburn, WA  98071-2148

ARC Management
8150 Leesburg Pike, Suite 1100
Vienna, VI  22182-7730
(*via Certified Mail, Return Receipt Requested*)

Port City Centre, LLC
PO Box 12206
Green Bay, WI  54307
(*via Certified Mail, Return Receipt Requested*)

Humphrey Industries LTD.
c/o Mr. George Humphrey
PO Box 19252
Seattle, WA  98109
(*via Certified Mail, Return Receipt Requested*)

Humphrey Industries LTD.
c/o Mary Jo Heston
Lane Powell PC
PO Box 91302
Seattle, WA  98111

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 28th day of October, 2016 at Seattle, Washington.

*/s/ Denise A. Evans*
Denise A. Evans

MOTION FOR ORDER AUTHORIZING TRUSTEE TO
ASSUME AND REJECT CERTAIN UNEXPIRED LEASES
OF NONRESIDENTIAL REAL PROPERTY - 8

K:\2070561\00001\22732_BTP\22732P21WU

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 804    Filed 10/28/16    Ent. 10/28/16 15:59:27    Pg. 8 of 8