The Honorable Christopher M. Alston
Chapter 11
Hearing Date: Friday, February 9, 2018
Hearing Time: 9:30 a.m.
Hearing Location: Seattle, Rm. 7206
Response Date: February 5, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

NORTHWEST TERRITORIAL MINT, LLC,

Debtor.

No. 16-11767-CMA

SUPPLEMENTAL OBJECTION TO TRUSTEE'S MOTION FOR ORDER AUTHORIZING THE AUCTION AND SALE OF THE DEBTOR'S EQUIPMENT, DIES, TOOLING, ARCHIVES, AND INVENTORY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

This supplemental objection is submitted on behalf of Ross Hansen in opposition to the Trustee's Motion for Order Authorizing the Auction and Sale of the Debtor's Equipment, Dies, Tooling, Archives, and Inventory Free and Clear of Liens, Claims, Interests and Encumbrances (ECF 1350).

**BACKGROUND**

At the last hearing, the Trustee's counsel said the Trustee was negotiating a term sheet for a going concern transaction that would yield in excess of $4 million to the estate. The Trustee has not filed additional pleadings indicating that he intends to seek approval of such a transaction (or any other going concern transaction). Parties can therefore only assume that the

SUPPLEMENTAL OBJECTION TO TRUSTEE'S MOTION - 1
4836-4257-4939v.3 0106937-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Case 16-11767-CMA    Doc 1403    Filed 02/05/18    Ent. 02/05/18 15:47:45    Pg. 1 of 6

motion before the Court is the Trustee's motion to approve an auction by the James Murphy Company.[1]

Among the issues raised at the January 26 hearing was whether the assets purchased from Medallic Ltd. in 2009 and transferred to Medallic Art Limited Partnership ("MALP"), can be sold by the Trustee. The Trustee's counsel incorrectly claimed that that issue had been resolved in the *Medallic Art Corporation LLC v. Calvert*, Adv. No. 16-01196 (the "Consolidation Adversary"). It appears that the Trustee contends that either Medallic Art Corporation ("MAC LLC") held title to the assets when judgment was entered in the Consolidation Adversary or that the Debtor owned the assets outright. As the Court noted, the Court did not decide the issue of ownership of the assets in the Consolidation Adversary.

The pleadings filed in the Consolidation Adversary confirm the Court's position. The Trustee moved for partial summary judgment in the Consolidation Adversary in October 2016, seeking a ruling that the Debtor was the tenant under the lease with the Hoffs for the Dayton, Nevada facility. (Adv. ECF 14) The stated purpose of the motion was to enable the Trustee to assume the Dayton lease with the Hoffs. The Trustee's position was that the Debtor had assumed the lease, and that there was no evidence of a sublease between MAC LLC and the Debtor. Id. at 3-7.

As the Court noted in its decision denying the Trustee's motion for partial summary judgment, there was no evidence that the lease had been assigned to NWTM. (Adv. ECF 39 at 26) (Hearing Transcript). It appears to have been the Trustee's theory of the case at the time that no transfer to MAC LLC had in fact occurred and that the Debtor owned the assets instead.

---

[1] Nothing else has changed in the record, except that a class action lawsuit has been filed alleging that the Trustee failed to comply with the WARN Act when he fired all employees in December 2016. If the complaint has merit, the administrative insolvency of this estate is only that much deeper.

SUPPLEMENTAL OBJECTION TO TRUSTEE'S MOTION - 2
4836-4257-4939v.3 0106937-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Case 16-11767-CMA    Doc 1403    Filed 02/05/18    Ent. 02/05/18 15:47:45    Pg. 2 of 6

To be sure, Mr. Hansen signed a declaration to the effect that it was his and Mr. Bressler's intention that the lease and the assets purchased from the Hoffs be held in MAC LLC and leased to NWTM and that it was not their intention that the assets be the property of NWTM. No evidence was presented by either party of a written agreement between MALP, MAC LLC and/or the Debtor transferring the assets subject to the Hoff's security interest to MAC LLC or the Debtor.

In May 2017, MAC LLC capitulated in the Cosolidation Adversary and a judgment was entered consolidating the assets of MAC LLC (whatever they were) with those of the Debtor. (Adv. ECF 86) The Trustee promptly assumed the lease with the Hoffs. No one objected to the assumption of the lease at the time.

Without doubt, the Trustee and his counsel were aware that ownership of the MALP assets had not been resolved when the judgment in the Consolidation Adversary was entered on May 3, 2017. There is no reference to those assets in the judgment, and there is no provision in the judgment purporting to consolidate MALP's assets with the assets of the Debtor. The Trustee can hardly now be heard to complain that he cannot sell those assets.

## DISCUSSION

It is black letter law that a trustee can only sell assets that are property of the estate. *Warnick v. Yassian (In re Rodeo Canon Dev. Corp.)*, 362 F.3d 603 (9th Cir. 2004), opinion withdrawn pursuant to stipulation, 126 Fed. App'x 353 (9th Cir. 2005). It follows that the Trustee cannot sell property that belongs to MALP, Mr. Hansen, or anyone else. The Trustee has yet to file papers indicating which assets in his possession he contends are owned by the Debtor and that he intends to sell. He should be required to provide a list of assets he intends to sell before proceeding further.

It is also black letter law that a trustee can only sell assets, the ownership of which is disputed, after the court decides whether the property is in fact property of the estate. *See Moldo v. Clark (In re Clark)*, 266 B.R. 163, 172 (B.A.P. 9th Cir. 2001) (holding that "the

SUPPLEMENTAL OBJECTION TO TRUSTEE'S MOTION - 3
4836-4257-4939v.3 0106937-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Case 16-11767-CMA    Doc 1403    Filed 02/05/18    Ent. 02/05/18 15:47:45    Pg. 3 of 6

threshold question, is [the property] still property of the estate, must . . . be decided" before it can be sold free and clear under § 363(f)); <u>Anderson v. Conine (In re Robertson)</u>, 203 F.3d 855, 863 (5th Cir. 2000) ("Because the separate property home of [a nondebtor] was not included or owned in indivision with the property of the Debtor's bankruptcy estate, the Trustee lacked authority to sell her home . . . as property of the estate in which there is an interest of 'an entity other than the estate' under section 363(f). The Trustee has known since the fall of 2016 that title to assets transferred to MALP was an issue – indeed the Trustee appears to have contended that the assets were never transferred to MAC LLC. If the Court decides the estate does not own the property, the Trustee cannot sell it. The Trustee cannot sell any disputed property the Court determines who owns it.

Similarly, the Trustee cannot sell assets that belong to Mr. Hansen personally. The status of Mr. Hansen's personal property (including for example, personal records, books, memorabilia, etc.) has not been worthy of bringing to the Court's attention. That said, the Trustee should not be permitted to sell Mr. Hansen's personal property or to dispose of Mr. Hansen's personal records. Again, the Trustee should be required to disclose the list of assets that he proposes to sell so that Mr. Hansen review the list and determine whether any of the assets are his personal property.

The Court should therefore deny the Trustee's current motion, with leave to file a new motion that includes a list of property sufficient to allow Mr. Hansen, MALP, the Hoffs and other creditors to determine whether the property proposed to be sold belongs to the Debtor or some other person or entity.

SUPPLEMENTAL OBJECTION TO TRUSTEE'S MOTION - 4
4836-4257-4939v.3 0106937-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Case 16-11767-CMA    Doc 1403    Filed 02/05/18    Ent. 02/05/18 15:47:45    Pg. 4 of 6

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Mr. Hansen's initial objection, the Court should deny the Trustee's motion as submitted.

DATED this 5th day of February, 2018.

        Davis Wright Tremaine LLP
        Attorneys for Ross B. Hansen

        By  */s/ Ragan L. Powers*
            Ragan L. Powers, WSBA #11935

SUPPLEMENTAL OBJECTION TO TRUSTEE'S MOTION - 5
4836-4257-4939v.3 0106937-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Case 16-11767-CMA    Doc 1403    Filed 02/05/18    Ent. 02/05/18 15:47:45    Pg. 5 of 6

**PROOF OF SERVICE**

I certify that on February 5, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system:

DATED this 25th day of February, 2018.

*/s/ Ragan L. Powers*
Ragan L. Powers, WSBA #11935

SUPPLEMENTAL OBJECTION TO TRUSTEE'S MOTION - 6
4836-4257-4939v.3 0106937-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Case 16-11767-CMA    Doc 1403    Filed 02/05/18    Ent. 02/05/18 15:47:45    Pg. 6 of 6