The Honorable Christopher M. Alston
Chapter 11
Hearing Date: Friday, February 9, 2018
Hearing Time: 9:30 am
Hearing Location: Seattle, Rm. 7206
Response Date: February 5, 2018

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>NORTHWEST TERRITORIAL MINT, LLC,<br><br>Debtor. | No. 16-11767-CMA<br><br>Interested Parties' Gary Marks and Heidi Wastweet's Limited Objection to Trustee's Motion to Sell Estate Property Free and Clear of Liens and Motion to Return Property |

Comes now, Gary Marks and Heidi Wastweet (collectively the "Interested Parties" or individually "Marks" and "Wastweet") Interested Parties in the above-reference matter, by and through their attorney, Michelle Carmody Kaplan, of Kaplan Law PLLC, and hereby object on a limited basis to the Chapter 11 Trustee's Motion to Sell Estate Property Free and Clear of Liens, 11 U.S.C. §363(f) (ECF No. 1350)(the "Motion") on the grounds that the Bankruptcy Estate does not own many of the dies it is attempting to sell in the Motion.

## I. RELEVANT FACTS REGARDING OWNERSHIP OF THE DIES

Interested Parties own custom medallic dies that are stored at one or more locations owned or leased by Northwest Territorial Mint, LLC ("NWTM" or the "Mint"). This Limited Objection only involves the eight custom dies owned by Marks and two custom dies owned by Wastweet.

Interested Parties' Limited
Objection to Sale Motion - 1

**KAPLAN LAW PLLC**
2155 - 112th Ave. NE
Bellevue, WA 98004
Phone: 425-818-4818
Fax: 425-484-4444

Case 16-11767-CMA    Doc 1406    Filed 02/05/18    Ent. 02/05/18 23:35:04    Pg. 1 of 7

A. <u>Interested Parties</u>

Marks is an artist who creates designs that are turned into limited edition art medals minted in Silver, Gold or Platinum. *See* the *Declaration of Gary Marks* at ¶ 3 ("*Marks Dec.*"). Marks is an established artist actively involved in the medallic art industry. *See* the Marks Dec. for a full description of his experience that renders him an expert in the medallic art industry.

Wastweet is an American Medallist and sculptor who specializes in bas-relief bronzes. Bas-relief bronzes are the 3D sculpts used by Mints to create a die. Wastweet has worked with dozens of mints across the United States to produce over 1000 coins, medals, tokens and rare coin replicas. *See* the *Declaration of Heidi Wastweet* at ¶ 1 ("*Wastweet Dec.*").

B. <u>Industry Standards for Die Ownership</u>

Creating a custom coin or medal is a three-part process. First, an artist creates a design digitally or manually on paper. Second, the artist contracts with a bas-relief sculptor, like Wastweet, to create 3D sculpts of the images. Third, the artist provides the sculpts to a mint such as the Medallic Art Company ("MACO" or the "Mint") to create the dies and ultimately strike and mint the coins or medals. *Marks Dec.* at ¶ 4.

Mints may store their customer's dies both for convenience and for prospective further business. For example, MACO advertises its "Die Library" on its website and states that "with hundreds of thousands of dies and a century of safekeeping, there's no one you can trust more than Medallic Art Company to protect **your** dies." *Marks Dec.* at ¶ 13 and <u>Exhibit G</u> (Medallic Art Company's Die Library) (emphasis added). MACO asserts its Die Library goes back to 1903 and promises that it will never dispose of its customer's dies and that "Your die will be ready for immediate use."[1] *Id.*

Prior to this Bankruptcy, MACO would return customer's dies to them upon request. For example, in approximately 2004, Marks designed a commemorative coin for the Whitefish,

---

[1] A footnote on the MACO website asserts that its custom dies will be available "for the lifetime of the company" but that "NWTM/Medallic Art retains copyright rights to all artwork it creates, and also retains possession and ownership of all dies it creates for its customers." However, it is uncertain whether this disclaimer was present on the website prior to this Bankruptcy filing, a fact which could be explored if necessary. Regardless, the disclaimer appears wholly untrue as Declarations filed in this case will show that customers simply needed to request their dies and MACO would always return the dies to the owners, at least prior to this Bankruptcy.

Interested Parties' Limited
Objection to Sale Motion - 2

**KAPLAN LAW PLLC**
2155 - 112th Ave. NE
Bellevue, WA 98004
Phone: 425-818-4818
Fax: 425-484-4444

Montana Centennial Celebration.  In that case MACO contracted with a bas-relief sculptor directly using Marks' designs.  After the limited edition commemorative medals were minted, and knowing that no more Whitefish Centennial Medals would be minted, Marks asked for and received the reverse (tails side) die for the Whitefish Medals. *Marks Dec*. at ¶ 10.  Pictures of the returned die are attached as <u>Exhibit D</u> to Marks' *Declaration*.  Additionally, Marks was the Artist, and Wastweet the bas-relief sculptor, for several commemorative coins commissioned by a third party.  In that case, on two separate occasions, the third party requested and received the dies from MACO. *Marks Dec*. at ¶ 11.  The ongoing practice of MACO returning custom dies to customers has been the practice for decades.

According to MACO's website, MACO's Die Library protects "our customer's designs as well."  See <u>Exhibit G</u> to the *Marks Dec*.  MACO actively promoted and solicited business based on its Die Library.  As recently as 2017, MACO sent Electronic Solicitations stating: "WE'VE GOT **YOUR** DIES.  You've done business with Northwest Territorial Mint before.  Let's use **your** dies to mark your accomplishments since!". *Marks Dec*. at ¶ 12, <u>Exhibit F</u> (emphasis added).  The advertisement proudly states that: "**We Have Your Assets** and We're Ready to Use Them" and  that MACO has "faithfully served as sentinels for the dies that minted your special item.  **Your dies** are among the 309,405 we have meticulously archived, some dating back to the earliest years of the 20th century." *Id*. (emphasis added).  Nowhere in the solicitation does MACO assert an ownership in the dies.

For convenience, many customers allowed their dies to be stored at MACO.  Marks' understanding with MACO was that he purchased the dies but they would be stored at MACO for convenience in the event he wanted additional coins struck. *Marks Dec*. at ¶ 9.  The only other time Marks had dealt with MACO, the 2003 Whitefish Centennial Medal, he had requested and received the reverse die after the limited-edition coins were struck. *Marks Dec*. at ¶ 10.

Wastweet is a recognized expert in the medallic art industry, where she earns her livelihood and as a sculptor, engraver, presenter and author.  During her 30 years in the industry, her experience is that mints always release custom dies to the customer who paid for them upon request by the customer. *Wastweet Dec*. at ¶ 5.  She agrees that mints will often store custom dies for their customers but that "industry standards dictate that the dies belong

Interested Parties' Limited
Objection to Sale Motion - 3

**KAPLAN LAW PLLC**
2155 - 112th Ave. NE
Bellevue, WA   98004
Phone: 425-818-4818
Fax: 425-484-4444

Case 16-11767-CMA    Doc 1406    Filed 02/05/18    Ent. 02/05/18 23:35:04    Pg. 3 of 7

to the customer." *Id*. Between 2013 and 2015 Marks worked with BEX Minting and Engraving in Fullerton, California to mint his medallic art. In late 2015 he became concerned with quality control issues at BEX and decided to change his minting companies. At that time, he requested and received all of his dies from BEX that were created between 2013 and 2015. *Marks Dec*. at ¶ 16.

      C.     Specific Dies Owned by Marks and Wastweet

Marks has seven dies that should be stored in the "meticulously archived" die library of MACO. In each case Marks provided all of the artwork and sculptures for the dies, and paid for the dies themselves. *Marks Dec*. at ¶ 5. Overall, Marks paid $4900 to MACO in 2017 for his dies. *Marks Dec*. at ¶ 14. In each case, the invoice shows a charge of $700 for each "Custom Coining Die." Nowhere on the invoice does it indicate that Marks is buying anything less than the die itself. Exhibits A through C to the *Marks Declaration* illustrate the Dies purchased and the price for each. All invoices are for post-petition sales.

  Marks also asserts his ownership of the obverse side (heads side) die of the Whitefish Centennial Medal in approximately 2004. Page 5 of Exhibit D to the *Marks Declaration* is a picture of the medal struck with this die. The only reason Marks did not receive the die when he requested it in 2004 was because MACO asserted that they could not locate it. In the event the obverse side die is stored at MACO, it should be returned to Marks.

In 2016, Marks designed a challenge coin for the Lebanon Fire Department. The Lebanon Fire Department provided the Sculpt to NWTM and paid $1400 for the dies, identified as Part Nos. M 11 91 and M 11 92 "Lebanon Fire District Fireman" and "Lebanon Fire District Eagle". *Marks Dec*., Exhibit I. The Lebanon Fire Department dies should be returned to the Lebanon Fire Department.

Wastweet purchased a pair of dies from MACO pursuant to Sales Order 172604 on or about April 7, 2017. *Wastweet Dec*. at ¶ 4, Exhibit B. Wastweet provided all of the artwork and sculpts for the custom dies without the aid of any intellectual property or other artwork from MACO and paid $1400 for the pair of dies. *Id*.

/ / /

/ / /

/ / /

Interested Parties' Limited
Objection to Sale Motion - 4

**KAPLAN LAW PLLC**
2155 - 112th Ave. NE
Bellevue, WA 98004
Phone: 425-818-4818
Fax: 425-484-4444

Case 16-11767-CMA    Doc 1406    Filed 02/05/18    Ent. 02/05/18 23:35:04    Pg. 4 of 7

## II. LEGAL ARGUMENT

### A. The Interested Parties' Dies are not Property of the Estate.

The Interested Parties' nine dies and the Lebanon Fire Department die are not property of the Bankruptcy Estate and cannot be sold by the Trustee. A trustee can only sell property of the estate. §363(b)(1).[2] Property of the estate is defined as "all legal or equitable interests of the debtor in property as of the commencement of the case. §541(a)(1). A trustee can only sell assets when the ownership is disputed after the court decides whether or not the property is, in fact, property of the estate. *Moldo v. Clark (In re Clark),* 266 B.R. 163, 172, (B.A.P. 9th Cir. 2001). In that case the trustee was attempting to sell exempt assets. The 9th Cir. B.A.P. concluded that before the court could determine whether the trustee could sell assets free and clear under §363, the court had to determine whether the assets were, in fact, property of the estate under §541. Marks and Wastweet have established that the Trustee does not have a legal or equitable interest in their dies; therefore, their dies cannot be included in any sale.

Marks and Wastweet established their ownership interests in their nine custom dies. Those dies were cast from the artwork of both Marks and Wastweet and the sculpts of Wastweet. Nothing contained in the invoices or sales orders for the dies (Exhibits A, B and C to the *Marks Declaration* and Exhibit B to the *Wastweet Declaration*) contained any reservation of interest in the dies.

Further, Marks and Wastweet established that the Debtor has always treated custom dies as property of the customer. In Marks case, MACO returned his Whitefish Centennial obverse die upon his request, and only failed to return the reverse side because it indicated it could not be found.

Finally, Marks and Wastweet use of MACO's own website and promotional e-mails revealed MACO's admission that the dies belong to the customers. As recent as 2017, MACO solicited customers to use the customer's dies to order additional product and proudly exclaimed that "WE'VE GOT YOUR DIES." *Marks' Dec.*, Exhibit F. In fact, MACO referred to the custom dies as "Your Assets" and referred to itself as a "sentinel" protecting the

---

[2] 11 U.S.C. §§ 101-1532. Unless specified otherwise, all chapter and section references are to the Bankruptcy Code.

Interested Parties' Limited
Objection to Sale Motion - 5

**KAPLAN LAW PLLC**
2155 - 112th Ave. NE
Bellevue, WA 98004
Phone: 425-818-4818
Fax: 425-484-4444

customer's dies. *Id*. On its website, MACO continues to this day to assert that it will "never dispose of our customer dies" and that "your dies are safe in our state-of-the-art die library. *Marks' Dec.*, Exhibit G.

  B.  Sale of the Dies Compromises the Interested Parties Intellectual Property Rights

  The Trustee's Motion seeks to sell dies that not only include but comprise the intellectual property of Marks and Wastweet. Marks and Wastweet have copyright protection in their original works "fixed in any tangible medium of expression." 17 USC § 102(a). As copyright owners, Marks and Wastweet have exclusive rights both to the art itself and all derivative works based on the art. 17 USC § 106 (1)-(3). Other than the metal itself, the custom dies in this case have no value extrinsic to the copyright value. Any order allowing Trustee to sell the custom dies, while theoretically reserving the intellectual property rights of the artists, is an oxymoron because their only value is the intellectual property.

  MACO can have no copyright interest in Marks and Wastweet's custom dies. MACO cannot claim any originality in the custom dies which bars a copyright claim. 17 USC § 102(a). The die itself should be considered a work for hire pursuant to 17 USC § 101, which reserves the copyright to the person commissioning the work. In this case, Marks and Wastweet own both the underlying copyright of the art, and any copyright associated with the work for hire, the die. Thus, the only separate value of the dies is the value of the metal composing the die.

  The Trustee should not be allowed to sell any assets, including Marks' and Wastweet's dies, that could result in third parties using and benefiting from their protected work. Any sale including Marks' and Wastweet's dies would likely lead to both artists and other similarly situated customers immediately seeking Restraining Orders against any purchaser of the dies from using those dies for any purpose.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Interested Parties' Limited
Objection to Sale Motion - 6

**KAPLAN LAW PLLC**
2155 - 112th Ave. NE
Bellevue, WA 98004
Phone: 425-818-4818
Fax: 425-484-4444

Case 16-11767-CMA Doc 1406 Filed 02/05/18 Ent. 02/05/18 23:35:04 Pg. 6 of 7

### III. CONCLUSION

For the reasons set forth above, Marks and Wastweet request that any order allowing the Trustee to sell assets specifically exclude their dies.

DATED this 5th day of February 2018.

                                         **KAPLAN LAW PLLC**

                                       By */s/ Michelle Carmody Kaplan*
                                             Michelle Carmody Kaplan
                                             WSBA No. 27286
                                             Attorney for Marks and Wastweet

Interested Parties' Limited
Objection to Sale Motion - 7

**KAPLAN LAW PLLC**
2155 - 112th Ave. NE
Bellevue, WA 98004
Phone: 425-818-4818
Fax: 425-484-4444

Case 16-11767-CMA    Doc 1406    Filed 02/05/18    Ent. 02/05/18 23:35:04    Pg. 7 of 7