Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Seattle, Rm. 7206
Hearing Date: Friday, February 9, 2018
Hearing Time: 9:30 a.m.
Response Date: February 5, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: <br><br> NORTHWEST TERRITORIAL MINT, LLC, <br><br> Debtor. | Case No. 16-11767-CMA <br><br> REPLY IN SUPPORT OF MOTION FOR ORDER AUTHORIZING THE AUCTION AND SALE OF THE DEBTOR'S EQUIPMENT, DIES, TOOLING, ARCHIVES, AND INVENTORY FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES |

## I. REPLY

Mark Calvert (the "Trustee"), Chapter 11 Trustee for Northwest Territorial Mint, LLC ("NWTM" or the "Debtor"), files this Reply in support of his Motion for Order Authorizing the Auction and Sale of the Debtor's Equipment, Dies, Tooling, Archives, and Inventory Free and Clear of All Liens, Claims, Interests, and Encumbrances (the "Auction Motion") (Dkt. No. 1350).

Since filing the Auction Motion, the Trustee has reached an agreement with Medalcraft Mint, Inc. ("Medalcraft") for the sale of a the Medallic Art name, and tradenames, website, customer lists, Medallic archives, three articles of machinery, and Medallic custom dies (the "Medalcraft Sale"). The Trustee has determined that the Medalcraft proposed sale is preferable to moving forward with the auction with respect to those assets. The Trustee intends to immediately move for approval of the purchase and sale agreement with Medalcraft by separate motion (the "Sale Motion"), and to seek approval of bidding procedures in connection with that proposed sale. The Trustee intends

REPLY IN SUPPORT OF MOTION FOR ORDER
APPROVING SALE OF DEBTOR'S ASSETS AT
AUCTION - 1

501022005 v5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1426    Filed 02/07/18    Ent. 02/07/18 22:28:10    Pg. 1 of 9

proceed with the auction with respect to the other remaining assets of the estate. The Trustee continues to market additional assets of the estate and has entertained offers from multiple purchasers for those additional assets.[1]

A number of parties and entities have raised objections or otherwise responded to the Auction Motion. None of those objections are an impediment to approval of the Auction Motion. The substantive objections that have been raised are addressed below.

**A. The Debtor Owns the Coining Dies.**

The Debtor's business was primarily comprised of (a) the sale of precious metals, such as gold, silver and platinum; and (b) the minting of medallions, coins, and other awards under the Medallic Art Company and Northwest Territorial Mint names. The Debtor owns and possesses thousands of dies used by the Debtor to produce custom-made products (the "Coining Dies"). Certain customers of the Debtor's custom-minting business have objected to the Trustee's ability to sell Coining Dies, asserting an ownership interest in the dies. The Trustee does intend to sell certain of the Coining Dies to Medalcraft Mint.[2] Other Coining Dies may be included in the auction or may be the subject of a separate sale proposal.

The Trustee has investigated the question of whether the Coining Dies are property of the estate, or are owned by individual customers. The Trustee has concluded that, with some very isolated exceptions, the Coining Dies are owned by the Debtor and not by its customers. The Medallic dies, tooling, archives, and collars were sold by the Hoffs under the Asset Purchase Agreement with Ross Hansen (the "Medallic APA"), evidencing that those dies were the property of the company. See, Declaration of Dave Neu, Exhibit B at Schedule A p. B47.

Former and current company employees have confirmed that the Coining Dies are part of the Debtor's tooling. While customers may have been charged for the tooling costs of creating the dies,

---

[1] Under the Murphy Auction Agreement, the Trustee has a right to remove assets from the auction on terms described in the agreement.
[2] The Medalcraft APA intends to sell Medallic company owned Coining Dies, trim tools and racks associated with any customer for which there has been a sale within the past twenty years.

REPLY IN SUPPORT OF MOTION FOR ORDER APPROVING SALE OF DEBTOR'S ASSETS AT AUCTION - 2

501022005 v5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1426    Filed 02/07/18    Ent. 02/07/18 22:28:10    Pg. 2 of 9

that did not confer ownership of the dies on the customer. The written policy of the Debtor was that ownership of the dies remained with the company. The Debtor stored, preserved, and maintained most of its Coining Dies in its facilities at its own cost, and did not charge customers for die storage and maintenance.

While there may have been isolated exceptions, the Debtor did not engage in a practice of giving customers the dies used to strike their product. *See* Declaration of Paul Wagner, filed concurrently herewith ("Wagner Dec."). The Debtor's policy with respect to the Coining Dies is stated on its website, and indicates that the Debtor ***retains possession and ownership of all dies it creates for its customers***. *Id.* (emphasis added). (Wagner Dec. at ¶3). The Trustee acknowledges that the company policy, as stated on the website, also provides that the Coining Dies and individual customer's artwork will not be used without their consent. Thus, to the extent that the Coining Dies are sold to a third party, the purchaser will need to reach an agreement with the customers regarding the use of the customer artwork and designs to the extent the artwork and designs are protected intellectual property. The Trustee does not intend to assume and assign any license to use customer artwork to purchasers and the purchase agreement with Medalcraft does not provide for any such license assumption or assignment. The Trustee believes that the disposition of the Coining Dies to a reputable purchaser is of benefit to customers as it results in an identifiable party to contact regarding the use of the dies and a party who will be capable of servicing customer needs going forward.

Unless an objecting customer presents evidence in the form of a written agreement specifically providing otherwise, the Debtor owns the Coining Dies and the Trustee has the authority to sell them. The Trustee is prepared to discuss a protocol for resolving customer objections related to ownership of the Coining Dies in connection with its intended sale of the dies to the extent that any such objections remain unresolved at the time of the hearing.

REPLY IN SUPPORT OF MOTION FOR ORDER APPROVING SALE OF DEBTOR'S ASSETS AT AUCTION - 3

501022005 v5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1426    Filed 02/07/18    Ent. 02/07/18 22:28:10    Pg. 3 of 9

### B. The Trustee May Sell the Debtor's Assets Free and Clear of the Interests of the Hoffs and Pan American Silver Corporation.

Both Pan American Silver Corporation ("Pan American") and the Hoffs[3] have asserted objections to the Auction Motion in which they assert that they have a security interest in assets the Trustee seeks to sell. As set forth in detail in the Motion, the Trustee disputes that such creditors hold enforceable security interests. Accordingly, the Trustee may sell assets of the estate free and clear of such interests pursuant to 11 U.S.C. § 363(f). The Trustee will agree to a form of order providing that valid liens asserted by Pan American and the Hoffs that encumber assets to be sold by the Trustee shall attach to the proceeds of such assets; provided, that the Trustee reserves all rights to object to the validity, perfection, priority, or avoidability of such liens after the Trustee's sale(s) of such assets.

### C. The Assets Sold by the Hoffs are Property of the Bankruptcy Estate and May be Sold by the Trustee.

The Hoffs and Ross Hansen have suggested, without any supporting evidence, that Medallic Art Company LP ("MALP"), a predecessor in interest to Medallic Art Company, LLC ("MACLLC"), may be the owner of assets owned by MACLLC, including machinery and equipment, tools and dies and other assets. These contentions are without merit, without evidentiary support and are not likely to have evidentiary support regardless of any further investigation or discovery.

MACLLC, which is owned by the same parties as MALP,[4] has previously appeared in this case and alleged that the assets at issue were owned by MACLLC.[5] The assets of MACLLC were

---

[3] As described in the Auction Motion, the Trustee seeks to sell via auction certain equipment that was the subject of a sale agreement with American Relief Mint ("ARM") that ARM breached. The Trustee sued ARM to enforce its sale agreement. ARM has not objected to the Trustee selling the surplus equipment that is the subject of the ARM dispute in order to mitigate the Trustee's damages. The Trustee reserves all rights to with respect his damages claims against ARM.

[4] The owners of both entities are Ross Hansen and Richard Bressler.

[5] See Adversary Docket #1 ¶ 10 "MACLLC is the successor in interest to MALP and now owns the assets originally purchased from Medallic Art Company Ltd. . . . ." Adversary proceeding docket references are for *Medallic Art Company, LLC v. Mark Calvert*, Adversary Proceeding No. 16-01196-CMA (the "Medallic Adversary Proceeding").

REPLY IN SUPPORT OF MOTION FOR ORDER APPROVING SALE OF DEBTOR'S ASSETS AT AUCTION - 4

501022005 v5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1426    Filed 02/07/18    Ent. 02/07/18 22:28:10    Pg. 4 of 9

substantively consolidated into this estate by a final judgment entered by this Court. MALP, a defunct entity, has not appeared in this case and has never asserted an interest in the subject assets. Notably, Mr. Hansen, who is a principal of MALP has not submitted any evidence in support of the contention that the assets were not transferred from MALP to MACLLC. Nor has Mr. Hansen caused MALP to raise an objection asserting its ownership of the assets the Trustee seeks to sell.

As has been discussed in prior submissions to the Court, Medallic LTD entered into an agreement to sell its personal property assets to Ross Hansen under the Medallic APA. A schedule of the assets acquired under the Medallic APA is attached thereto, including a list of equipment acquired under the sale. Ross Hansen testified that he assigned his interest in the Medallic APA to MALP. *See* Adv. Pro. Dkt. No 24, ¶ 9. The Bill of Sale attached to the copy of the Medallic APA filed by the Hoffs (Dkt. No. 1375-2) is dated July 10, 2009 and provides that MALP is the "Buyer" under the Medallic APA.

Thereafter, the assets acquired under the Medallic APA were transferred by MALP to MACLLC and ultimately became property of this bankruptcy estate.[6] Mr. Hansen testified that MACLLC "inherited, succeeded to or **obtained** all right, title and interest in the purchased assets" from MALP. *Id*. at ¶ 13 (Emphasis added). As set forth in the Auction Motion, Richard Bressler, as well as the attorney for the Debtor, all testified to the same in the Medallic Adversary Proceeding. In addition, MACLLC asserted in the Medallic Adversary Proceeding that it rented the assets acquired from Medallic LTD to the Debtor and was entitled to unpaid equipment rental charges based upon that equipment rental.

---

[6] The Hoffs assert that because there is no bill of sale supporting the transfer, arguments that the assets were transferred to MACLLC are barred by the Nevada statute of frauds. The Hoffs have no standing to assert the statute of frauds defense to the transfer between MALP and MACLLC. The statute of frauds is a defense that is personal to the parties to the agreement. Here, the transfer at issue took place between MALP and MACLLC. *Harmon v. Tanner Motor Tours of Nevada, Ltd*., 79 Nev. 4, 15-16, 377 P.2d 622, 628 (1963) (stranger to agreement could not seek declaration that agreement failed to satisfy statute of frauds, as the statute of frauds is a personal defense available only to contracting parties and their successors). Nor does language in a security agreement between MALP and Medallic LTD bear on whether the assets were transferred to MACLLC. The fact that MALP may have violated the Hoffs' security agreement by transferring the assets does not change the fact that the assets were transferred.

REPLY IN SUPPORT OF MOTION FOR ORDER APPROVING SALE OF DEBTOR'S ASSETS AT AUCTION - 5

501022005 v5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1426    Filed 02/07/18    Ent. 02/07/18 22:28:10    Pg. 5 of 9

The foregoing is more than sufficient to establish the estate's ownership of the assets. Yet there is additional documentation establishing the transfer of the assets to MACLLC (and therefore the bankruptcy estate). During the course of this case, the Trustee obtained accounting records and tax returns from Rhodes & Associates, PLLC ("Rhodes"). Rhodes prepared tax returns for Ross Hansen, MALP, and the Debtor, including tax returns for MACLLC for the years of 2009 though 2013. The MALP tax return for year end 2009[7], described as a final return, a copy of which is attached to the Declaration of David C. Neu as Exhibit H, reflects that *MALP had no assets as of year end 2009*.

The tax returns and financial statements for MACLLC on the other hand reflect MACLLC's ownership of the assets acquired from the Hoffs. The MACLLC tax return for calendar year 2009 contains a Depreciation and Amortization Schedule (Form 4562) showing a depreciation deduction in the amount of $129,767 for business equipment with a basis of approximately $2,000,000. Each subsequent tax return shows depreciation deductions for business equipment on a consistent basis.

The tax preparer's files also contained financial statements for MACLLC for the years of 2009, 2011, and 2012 together with worksheets used by Rhodes to calculate depreciation (collectively, the "MACLLC Financial Statements"). The MACLLC Financial Statements for 2011 and 2012 contain item-specific lists of the equipment owned by MACLLC for which depreciation deductions were being calculated. A review of the list of MACLLC equipment shows that it is the same equipment which was sold pursuant to the Medallic APA. For example, the first several items listed in the schedule of sold assets in the Medallic APA includes the following equipment:

- 6 K600 ton pressing and tooling;
- 3 K360 ton pressing and tooling;
- 1 CME3 HME Automatic 360 ton Press with tooling;
- 1 1000 ton automatic production S&K Press and tooling;
- 1 1250 ton hydraulic press with tooling;

REPLY IN SUPPORT OF MOTION FOR ORDER
APPROVING SALE OF DEBTOR'S ASSETS AT
AUCTION - 6

501022005 v5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1426    Filed 02/07/18    Ent. 02/07/18 22:28:10    Pg. 6 of 9

- 2 18" Annealing Ovens with 100 gal ammonia tank;
- 1 Induction melting station with cooling system and dust collector;
- 1 900 ton Extrusion Press with induction billet heater.

The equipment inventory contained in the MACLLC Financial Statements list the exact same equipment in the exact same order.[8] Moreover, the overlap of the schedule to the Medallic APA and the equipment inventory in the MAC Financial Statements does not stop after the equipment listed above, but continues on. It is clear that the equipment listed in the MACLLC Financial Statements is the same equipment purchased pursuant to the Medallic APA.

The financial statements of MACLLC also reflect that MACLLC recorded rental income for the personal property equipment acquired from Medallic LTD under the Medallic APA. *See* Declaration of Annette Trunkett in Support of Trustee's Motion for Summary Judgment on Dayton Lease Ownership Rights attached as <u>Exhibit L</u> to the Neu Declaration (Adv. Pro. Dkt. No. 20).

The foregoing evidence establishes that the assets used in the Debtor's operations which were acquired from the Hoffs were assets of MALP and are now therefore, assets of the estate. Parties without any evidentiary support for contentions to the contrary should not be allowed to scuttle the Trustee's efforts to liquidate the estate's assets by simply suggesting that MALP may own the assets.

## II. CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court authorize the sale by auction of the Debtor's equipment, inventory, dies, tooling, and archives, (other than the assets which are the subject of the Medalcraft sale) free and clear of liens, claims, interests, and encumbrances and approve the terms of James G. Murphy's Auctioneer Engagement Agreement.

---

[8] Albeit the presses listed as K600 on the Medallic APA schedule are listed as K300 in the financial statements. Presumably one or the other was in error.

REPLY IN SUPPORT OF MOTION FOR ORDER
APPROVING SALE OF DEBTOR'S ASSETS AT
AUCTION - 7

501022005 v5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1426    Filed 02/07/18    Ent. 02/07/18 22:28:10    Pg. 7 of 9

DATED this 7th day of February, 2018.

K&L GATES LLP

By /s/ *Michael J. Gearin*
　Michael J. Gearin, WSBA #20982
　David C. Neu, WSBA #33143
　Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

REPLY IN SUPPORT OF MOTION FOR ORDER
APPROVING SALE OF DEBTOR'S ASSETS AT
AUCTION - 8

501022005 v5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1426    Filed 02/07/18    Ent. 02/07/18 22:28:10    Pg. 8 of 9

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a Paralegal in the law firm of K&L Gates LLP, and on February 7, 2018, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 7th day of February, 2018 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

REPLY IN SUPPORT OF MOTION FOR ORDER APPROVING SALE OF DEBTOR'S ASSETS AT AUCTION - 9

501022005 v5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1426    Filed 02/07/18    Ent. 02/07/18 22:28:10    Pg. 9 of 9