Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Rm. 7206
Hearing Date: As determined by the Court
Hearing Time: As determined by the Court
Response Date: As determined by the Court

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT, LLC,

Debtor.

Case No. 16-11767-CMA

MOTION FOR ORDER GRANTING AUTHORITY TO INCUR CREDIT, APPROVING BID PROCEDURES FOR SALE OF ESTATE ASSETS; AND APPROVING BREAKUP FEE

## I. INTRODUCTION

Mark Calvert (the "Trustee"), Chapter 11 Trustee for Northwest Territorial Mint, LLC ("NWTM" or the "Debtor") submits this motion seeking authority to incur credit extended as a deposit from a stalking horse bidder on certain assets of the bankruptcy estate and further seeking approval of bid procedures for the sale of assets including a breakup fee.

The Trustee, subject to Court approval, has entered into an agreement with Industrial Assets Corp. and Maynards Industries USA LLC (collectively, "Industrial Assets") for the sale of the majority of the Debtor's machinery and equipment, and certain autos and trucks as well as related tooling, attachments parts accessories and manuals and office furniture located in Dayton, Nevada

MOTION FOR AUTHORITY TO INCUR CREDIT AND APPROVALOF BID PROCEDURES AND BREAKUP FEE - 1
501012319 v10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1432    Filed 02/08/18    Ent. 02/08/18 17:14:52    Pg. 1 of 12

and Green Bay Wisconsin[1]. The Trustee, subject to court approval, has separately entered into an Asset Purchase Agreement, with Medalcraft Mint, Inc. ("Medalcraft"), for the sale of the Medallic tradename, website, customer lists, archives, tools, specific machinery, certain company owned Medallic dies and other property.[2] The Trustee will file separate sale motions seeking approval of the Industrial Assets and Medalcraft sales (the "Sale Motions"). The Trustee submits this Motion, requesting authority to incur credit to allow the Trustee to immediately use the $195,000 earnest money deposit provided by Industrial Assets to satisfy the costs of the Trustee's expenses in connection with his efforts to liquidate the assets of the estate.

The Trustee further requests that the Court set a hearing on the Sale Motions and approve certain bid procedures, including the approval of a breakup fee to Industrial Assets, in connection with the Sale Motions in the event that other bidders for the assets come forward. In support of the Motion, the Trustee respectfully states as follows:

## II. BACKGROUND

On April 1, 2016, the Debtor commenced this case by filing a voluntary petition under chapter 11 of the United States Bankruptcy Code. On April 11, 2016, the Court appointed Mark Calvert as chapter 11 Trustee. *See* Dkt. No. 51.

The Trustee's goal in this case has been to maximize the recovery of creditors. Since May 2017, the Trustee has engaged in marketing efforts related to a potential sale of the business. The Trustee entertained expressions of interest from multiple parties including offers to purchase the assets of the estate on a going concern basis and for substantially all of the assets of the estate, but no concrete offer materialized on terms which provided any meaningful return to the estate. Because no concrete offer materialized, and because of the inadequate cash resources available to the Trustee,

---

[1] The assets which are the subject of the Industrial/Maynards Assets Purchase Agreement (the "Industrial APA") are more specifically indentified in the Industrial APA, filed as an exhibit to the Declaration of Mark Calvert in support of this Motion.

[2] The assets which are the subject of the Medalcraft Purchase Agreement (the "Medalcraft APA") are more specifically indentified in the Medalcraft APA, filed as an exhibit to the Declaration of Mark Calvert in support of this Motion.

MOTION FOR AUTHORITY TO INCUR CREDIT AND APPROVALOF BID PROCEDURES AND BREAKUP FEE - 2
501012319 v10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1432    Filed 02/08/18    Ent. 02/08/18 17:14:52    Pg. 2 of 12

the Trustee closed the custom minting business on December 29, 2017.[3] Since that time, the Trustee has continued to communicate with prospective buyers, but as of the middle of January, 2018, the Trustee had no concrete sales agreements in place to liquidate assets. On January 19, 2018, the Trustee filed his motion for approval of the sale of substantially all of the Debtor's assets at an auction to be conducted by James G. Murphy Company (the "Auction Motion"). A hearing on the Auction Motion is presently scheduled for February 9, 2018.

While the Trustee prepared to sell the Debtor's assets at auction, he engaged in negotiations with multiple buyers for the Debtor's assets. Ultimately, the Trustee reached agreements with Industrial Assets and Medalcraft for the purchase and sale of certain assets of the Debtor. The Trustee has determined that the sale of these assets using these purchasers as stalking horse bidders, is in the best interests of the estate.[4]

The Trustee has entered into the Industrial APA dated February 8, 2018 with Industrial Assets. The purchase price under the Industrial APA is $1,950,000. Industrial Assets has agreed to provide an earnest money deposit in the amount of $195,000 (the "Earnest Money"), which Industrial Assets has agreed shall be immediately available to the Debtor as an advance upon approval of the Court. The Industrial APA calls for entry of an order approving bidding procedures, whereby Industrial Assets is designated as a "stalking horse" bidder. The Industrial APA also calls for a breakup fee of $58,500 (3% of the purchase price) to be paid to Industrial if the Court approves a competing transaction for the Debtor's equipment. The Industrial APA requires that a qualified bidder entitled to bid on the assets being purchased by Industrial Assets must provide an earnest money deposit equal to 10% of their bid, and submit a bid of no less than $2,033,500 (which is

---

[3] The Trustee has completed certain profitable work in progress after the closing of the plant with the skeleton crew that remains employed in connection with the winddown and liquidation efforts of the estate.

[4] The Trustee intends to request that the Court continue the Auction Motion to a date coinciding with the hearing on the Sale Motions. In the event that the Sale Motions are not approved or the sales fail to close, the Trustee reserves the right to proceed with the Auction Motion.

MOTION FOR AUTHORITY TO INCUR CREDIT AND
APPROVALOF BID PROCEDURES AND BREAKUP
FEE - 3
501012319 v10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

comprised of Industrial Assets' bid amount, plus $58,500 for a breakup fee, plus an initial overbid increment of $25,000).

The Trustee has also entered into the Medalcraft APA. The Medalcraft APA provides that Medalcraft will purchase, among other things, the Medallic Art name and website; marketing materials; archives; customer list, sales history, and vendor list; certain company owned dies associated with any customer for which there has been a sale in the last 20 years; tools; and woodworking equipment. The Medalcraft APA also provides that Medalcraft will purchase three pieces of specifically identified equipment. The Medalcraft APA provides for a purchase price of $700,000. Medalcraft has provided a nonrefundable earnest money deposit in the amount of $100,000 in connection with the sale.

The Trustee intends to move for approval of each of the sales described above, with Medalcraft and Industrial Assets serving as stalking horse bidders. Should qualified competing bids be received in advance of the hearing on the Sale Motion, the Trustee would intend to hold an auction for the Debtor's assets for which a competing bid has been received. The Trustee proposes bid procedures for each of the sales in the event that competing bidders come forward.

### III. EVIDENCE RELIED UPON

This Motion relies on the arguments set forth herein, the Declaration of Trustee Mark Calvert, the Declaration of Steven Mattes, the Declaration of Taso Sofikitis all filed in support of the Motion and the pleadings and records on file in this case, and the arguments of counsel, if any.

### IV. ARGUMENT

**A. The Court Should Authorize the Trustee to Incur Credit in Order to Apply the Earnest Money to Current Expenses**

As is contemplated in the Industrial APA, the Trustee wishes to apply the Earnest Money to pay certain current expenses of the estate necessary to the Trustee's liquidation efforts, including the rent obligations owed to Robert and Connie Hoff, the landlord for the Dayton, Nevada facility, rent owed to the Wisconsin landlord, utilities, compensation for the skeleton staff remaining employed

MOTION FOR AUTHORITY TO INCUR CREDIT AND
APPROVAL OF BID PROCEDURES AND BREAKUP
FEE - 4
501012319 v10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1432    Filed 02/08/18    Ent. 02/08/18 17:14:52    Pg. 4 of 12

by the estate, and other expenses as more fully detailed in the cash collateral budget filed with the Court. The Trustee requests that he be authorized to incur credit in the form of the Earnest Money pending the Court's authorization of the sale to Industrial Assets or such other bidder as may come forward for those assets. Industrial Assets has agreed to the Trustee's use of the Earnest Money pending the Court's approval of the sale so long as Industrial Assets is afforded a priority administrative expense claim under § 364(c)(1) for its rights to reimbursement of the Earnest Money in the event that it is not the succcessful purchaser of the assets described in the Industrial APA. The Trustee is unable to obtain credit on any other basis than the advance of the Earnest Money.

Section 364(c) of the Bankruptcy Code provides:

> (c) If the trustee is unable to obtain unsecured credit allowable under section 503 (b) (1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt –
>
> (1) with priority over any or all administrative expenses of the kind specified in section 503(b) or, 507 (b) of this title;
>
> (2) secured by a lien on property of the estate that is not otherwise subject to a lien; or
>
> (3) secured by a junior lien on property of the estate that is subject to a lien.

Here, the Trustee requests that the Court approve the Trustee's immediate use of the Earnest Money. Because the Trustee will be obligated to repay Industrial Assets the Earnest Money he consumes in the event that the Court does not approve the sale to Industrial Assets, the Earnest Money constitutes an extension of credit. There is good cause for the Court to approve the Trustee's request to incur credit in the form of the Earnest Money as the Trustee is unable to obtain unsecured credit from any other source. Industrial Assets will be entitled to a superpriority administrative expense for its reimbursement of the Earnest Money under § 364(c)(1).

MOTION FOR AUTHORITY TO INCUR CREDIT AND APPROVALOF BID PROCEDURES AND BREAKUP FEE - 5
501012319 v10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1432    Filed 02/08/18    Ent. 02/08/18 17:14:52    Pg. 5 of 12

**B. The Court Should Approve the Proposed Bid Procedures**

The Bankruptcy Code permits the Trustee to sell assets of the Debtor's estate free and clear of liens pursuant to 11 U.S.C. § 363. The Trustee will separately file Sales Motions seeking approval of the sales of the Debtor's assets to Industrial Assets and Medalcraft (the "Stalking Horse Bidders"). It is possible that one or more bidders come forward to offer more for the assets identified in the Industrial and Medalcraft purchase agreements. In that event, the Trustee believes that the following bid procedures (the "Bid Procedures") will facilitate the sale process and maximize value of the assets for the estate:

a. The assets identified as being purchased by Industrial Assets under the Industrial APA shall be referred to as the "Equipment Assets." The Industrial APA shall serve as a stalking-horse bid for the Equipment Assets (with Industrial Assets referred to as the "Buyer" or the "Stalking-Horse Bidder") with respect to the Equipment Assets. Only qualified bidders who are financially capable of purchasing the Equipment Assets (or substantially all of the Equipment Assets) for a minimum cash purchase price of $2,033,500.00 (the "Initial Overbid Amount") may participate in the Auction. The Initial Overbid Amount comprises the amount of the Initial Equipment Offer, plus a breakup fee of $58,500.00, plus an initial overbid of $25,000. The Trustee will consider proposals for less or more than substantially all of the Equipment Assets, provided that, the Trustee may evaluate each bid, in his sole discretion (in consultation with the Committee of Unsecured Creditors), to determine whether such bid maximizes the value of the Debtor's estate as a whole. To constitute an alternative bidder qualified to purchase the Equipment Assets ("Alternative Bidder" and its bid, an "Alternative Bid"), the Alternative Bidder must satisfy all of the following conditions:

   i) be actually received by the Trustee's counsel on February ___, 2018, by 5:00 p.m. (the "Alternative Bid Deadline"). Alternative Bids must be submitted by mail to the attention of Michael J. Gearin at K&L Gates, LLP, 925 Fourth Avenue, Suite 2900, Seattle, WA 98104, and transmitted to the

MOTION FOR AUTHORITY TO INCUR CREDIT AND APPROVALOF BID PROCEDURES AND BREAKUP FEE - 6
501012319 v10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1432    Filed 02/08/18    Ent. 02/08/18 17:14:52    Pg. 6 of 12

Trustee's counsel electronically by sending to the following email addresses: michael.gearin@klgates.com; and denise.lentz@klgates.com.

ii) identify the proponent of the Alternative Bid and an officer who is authorized to appear and act on behalf of the party submitting such Alternative Bid;

iii) present a firm, unconditional bid to purchase the Equipment Assets on terms that are on a cash basis, not subject to any financing contingency and which are, in the Trustee's business judgment, substantially the same or better than the terms of the Stalking Horse's APA;

iv) deliver to the Trustee, in trust, a deposit of 10.0% of their bid, which will form part of the purchase price;

v) provide to the Trustee financial information for the prospective Alternative Bidder as follows: (A) a binding commitment letter from a verifiable financial institution with sufficient assets to clearly support such a commitment, which commitment shall be for an amount sufficient to pay the overbid purchase price plus necessary closing costs, or (B) proof reasonably satisfactory to the Trustee and, if applicable, the Court, that the Alternative Bidder has sufficient disposable cash on hand to pay the foregoing amount;

vi) stipulate that the Alternative Bid not be conditional on the outcome of any unperformed due diligence by the Alternative Bidder, the receipt of equity or debt financing, or the approval of the Board of Directors, shareholder, or other corporate approval;

vii) stipulate that the Alternative Bid be open and irrevocable through the conclusion of the Sale Hearing (defined below), unless extended by agreement of the parties; and

viii) stipulate that the Alternative Bid and any subsequent bid tendered at the auction will remain irrevocable as a back-up bid until the earlier of the date the sale closes with another bidder or twenty days after the Sale Order is entered.

An Alternative Bid that complies with the requirements of subsections i-vii above shall be deemed a "Qualified Alternative Bid." If no Qualified Alternative Bid is submitted for the Equipment Assets, then the Trustee will request at the hearing that the Court approve the proposed sale of the Assets to Industrial Assets.

b. The assets identified as being purchased by Medalcraft under the APA between the Trustee and Medalcraft shall be referred to as the "Medalcraft Assets." The bid procedures described above for the Equipment Assets shall apply to bids for the Medalcraft

MOTION FOR AUTHORITY TO INCUR CREDIT AND APPROVALOF BID PROCEDURES AND BREAKUP FEE - 7
501012319 v10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1432    Filed 02/08/18    Ent. 02/08/18 17:14:52    Pg. 7 of 12

Assets, except that Medalcraft shall be the Stalking Horse Bidder for the Medalcraft Assets and if bidding occurs on the Medalcraft Assets, the Initial Overbid Amount shall be $725,000.00.

    c.    <u>Auction, Bidding Increments, and Bids Remaining Open</u>.  If the Trustee receives a Qualified Alternative Bid on either the Equipment Assets or the Medalcraft Assets by the Alternative Bid Deadline, then:

    i)    The Trustee shall conduct an auction (the "<u>Auction</u>") at such time and place as the Trustee shall notify the Buyer and all Alternative Bidders who have submitted Qualified Alternative Bids (such Persons, as well as Buyer, are referred to collectively herein as "<u>Qualified Bidders</u>" and each as a "<u>Qualified Bidder</u>" and their bid, a "<u>Qualified Bid</u>") and all other persons allowed to attend the auction. The auction, if any, will be held at the offices of K&L Gates, LLP, 925 Fourth Avenue, Suite 2900, Seattle, WA 98104, on _____ ___, 2018, beginning at _____ a.m. (PST) or such later time and/or other place as the Trustee shall notify the Buyer and all Alternative Bidders who have submitted Qualified Alternative Bids;

    ii)    All Qualified Bidders shall be entitled to be present for all bidding with the understanding that the true identity of each Qualified Bidder shall be fully disclosed to all other persons present at the Auction and that all material terms of each bid will be fully disclosed to all other persons present at the Auction throughout the entire Auction.

    iii)    Prior to start of the Auction, the Trustee will disclose to all Qualified Bidders and all other persons entitled to attend the Auction, the highest and best Qualified Alternative Bid received, and all other Qualified Alternative Bids.  In addition, the Trustee will inform each Qualified Bidder and each other person entitled to attend the Auction of the identity of all Qualified Bidders that may participate in the Auction.

    iv)    As of the date of the Auction, no Qualified Bid shall have any contingency that has not been waived or satisfied.

    v)    Prior to the start of the Auction, the Trustee may announce at the Auction additional procedural rules that it determines to be reasonable under the circumstances (e.g., the amount of time allotted to make subsequent bids) for conducting the Auction, so long as such rules are not inconsistent with these Bidding Procedures.

    vi)    Bidding shall begin initially at the Initial Overbid Amount and subsequently increase by increments in amounts determined by the Trustee in his discretion.

MOTION FOR AUTHORITY TO INCUR CREDIT AND
APPROVALOF BID PROCEDURES AND BREAKUP
FEE - 8
501012319 v10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1432    Filed 02/08/18    Ent. 02/08/18 17:14:52    Pg. 8 of 12

vii) The Stalking Horse Bidder may credit bid the amount of its approved Breakup Fee at its discretion.

viii) The Auction shall continue in one or more rounds of bidding and shall conclude after each participating Qualified Bidder has had the opportunity to submit an additional subsequent bid with full knowledge of the then-existing highest bid.

ix) No bids shall be considered by the Trustee unless a party submitted a Qualified Bid and participates in the Auction;

x) No bids shall be considered by the Trustee unless such bid provides that the assets to be purchased thereunder consist of all or substantially all of assets which the Buyer(s) propose to purchase under the relevant purchase agreements and unless such bid is on terms substantially similar to the relevant purchase agreements;

xi) At the conclusion of the Auction, the Trustee will identify the next highest or best Qualified Bid(s) (the "Back-Up Bid" and, such bidder(s), the "Back-Up Bidder(s)") shall hold their bid(s) open until the earlier of the closing of the sale to another bidder or twenty (20) calendar days following the entry of the Sale Order. If, following the approval of the Sale(s) to the Successful Bidder(s), such sale(s) fails to be consummated, then the Back-Up Bidder(s) will be deemed to be the Successful Bid and the Trustee will be obligated to effectuate a sale to the Back-Up Bidder(s) subject to the terms of the Back-Up Bid(s) without further order of the Court.

xii) The Deposit of any Back-Up Bidder shall be retained by the Trustee until the Back-Up Bid expiration date and returned to the Back-Up Bidder within five (5) business days thereafter or, if the Back-Up Bid becomes the Successful Bid, shall be applied to the purchase price to be paid by the Back-Up Bidder in accordance with the terms of the Back-Up Bid. The Deposits of Qualified Bidders not selected as either the Successful Bidder or Back-Up Bidder (including Buyer(s)) shall be returned to such bidders within five (5) business days of the date of the conclusion of the Auction. The Deposit of the Successful Bidder will be applied in accordance with the terms of the Successful Bid, and will become nonrefundable upon entry of the Sale Order.

xiii) In the event that the Trustee determines in good faith and in accordance with this Bidding Procedures Order that he has not received a Qualified Alternative Bid by the Bid Deadline that is a higher and better bid than the one represented by the APA, the Trustee will seek approval of the purchase agreement of the Stalking Horse bidder at the Sale Hearing without conducting an Auction and without further motion or adjournment.

xiv) A hearing to approve the sale of the Assets to the Successful Bidder shall be held after the Auction. The hearing shall be held on _____, 2018 (the "Sale Hearing").

xv) If the Court approves the sale of substantially all of the Equipment Assets to a Buyer other than Industrial Assets, Industrial Assets shall be entitled to a break up fee in the amount of $58,500.00, payable from the

MOTION FOR AUTHORITY TO INCUR CREDIT AND APPROVALOF BID PROCEDURES AND BREAKUP FEE - 9
501012319 v10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1432    Filed 02/08/18    Ent. 02/08/18 17:14:52    Pg. 9 of 12

proceeds of the sale of the Equipment Assets.

In the hope of maximizing the value received by the estate, courts often establish procedures that are intended to enhance competitive bidding by, among other things, setting forth the rules that will govern the auction process. *See, e.g.*, *In re Fin. News Network, Inc.*, 126 B.R. 152, 156 (Bankr. S.D.N.Y. 1991) ("court-imposed rules for the disposition of assets . . . [should] provide an adequate basis for comparison of offers, and [should] provide for a fair and efficient resolution of bankrupt estates"); *In re Edwards*, 228 B.R. 552, 561 (Bankr. E.D. Pa. 1998) (bid procedures should allow for "an open and fair public sale designed to maximize value for the estate"). The foregoing Bid Procedures are reasonable and should be approved by the Court. The Trustee believes that the Bid Procedures are designed to maximize the value received for the Debtor's assets and prevent any chilling of potential bids by establishing a fair and competitive bidding process.

The amount of the proposed break-up fee to Industrial Assets is fair and reasonable in relation to the purchase price and the amount of expenses incurred by Industrial Assets in connection with its due diligence and other actions relating to the Industrial APA. Industrial assets has or will incur out-of-pocket legal fees in conducting due diligence, and negotiating the purchase agreement and related sale pleadings.*See In re Integrated Res., Inc.*, 147 B.R. 650, 659-60 (S.D.N.Y. 1992) (stating that break-up fees "are important tools to encourage bidding and to maximize the value of the debtor's assets" and are enforceable if they encourage, as oppose to stiffle, bidding). Thus, both the bidding procedurings and the break-up fee should be approved by the Court.

In addition, the Trustee requests that the Court fix a date for the Sale Hearing at which hearing the Court will consider approval of the sales to the Stalking Horse Bidders, and/or Successful Bidder(s) in the event that an Auction is held. The Trustee will propose a corresponding Alternative Bid Deadline and Auction Date based on the date set by the Court for the Sale Hearing. The Industrial APA provides that Industrial Assets has 90 days from Court approval of the agreement to remove the purchased assets from the Debtor's Dayton facility. Because this Court has already ordered the Trustee to vacate the premises by June 30, 2018, the Trustee must obtain court

MOTION FOR AUTHORITY TO INCUR CREDIT AND APPROVALOF BID PROCEDURES AND BREAKUP FEE - 10
501012319 v10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1432    Filed 02/08/18    Ent. 02/08/18 17:14:52    Pg. 10 of 12

approval of the Industrial APA as early as possible and in no event later than the end of March in order to meet the vacation deadline estabished by the Court.

## V. CONCLUSION

The relief requested herein is critical to enable the Trustee to pay immediate expenses and will facilitate orderly sales of assets of the estate that maximize the return for the Debtor's assets. The Trustee respectfully requests that the Court enter an order in the form proposed by the Trustee authorizing the Trustee's immediate use of the Earnest Money to pay critical expenses, and approving the Bid Procedures and break-up feeas described in the Motion.

DATED this 8th day of February, 2018.

K&L GATES LLP

By */s/ Michael J. Gearin*
Michael J. Gearin, WSBA #20982
David C. Neu, WSBA #33143
Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

MOTION FOR AUTHORITY TO INCUR CREDIT AND APPROVALOF BID PROCEDURES AND BREAKUP FEE - 11
501012319 v10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1432    Filed 02/08/18    Ent. 02/08/18 17:14:52    Pg. 11 of 12

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a Paralegal in the law firm of K&L Gates LLP, and on February 8, 2018, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

Also on February 8, 2018, she caused the foregoing document to be placed in the mail to the Parties at the addresses listed below:

Northwest Territorial Mint LLC
c/o Ross Hansen, Member
P.O. Box 2148
Auburn, WA 98071-2148

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 8th day of February, 2018 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

MOTION FOR AUTHORITY TO INCUR CREDIT AND APPROVAL OF BID PROCEDURES AND BREAKUP FEE - 12
501012319 v10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1432    Filed 02/08/18    Ent. 02/08/18 17:14:52    Pg. 12 of 12