Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT, LLC,

    Debtor.

Case No. 16-11767-CMA

DECLARATION OF MARK CALVERT IN SUPPORT OF MOTION FOR ORDER GRANTING AUTHORITY TO INCUR CREDIT; APPROVING BID PROCEDURES; AND APPROVING BREAKUP FEE

I, Mark Calvert, declare as follows:

1. I am the chapter 11 Trustee of Northwest Territorial Mint, LLC ("NWTM" or "Debtor") pursuant to the Court's order of appointment dated April 11, 2016. I am over eighteen (18) years of age and I am competent in all ways to testify. Unless otherwise stated, I make the following statements based on my personal knowledge. I submit this Declaration in support of my Motion for Order Granting Authority to Incur Credit; Approving Bid Procedures; and Approving Breakup Fee (the "Motion").

2. Since May, 2017, I have explored the option of selling the entire business as a going concern. I initiated a marketing process for the sale of the business. I entertained expressions of interest from multiple parties, including offers to purchase the assets of the estate. None of the offers I received were sufficiently concrete or for sufficient value that they could be proposed to the Court for approval as none of the offers provided any meaningful return to creditors.

DECLARATION OF MARK CALVERT IN SUPPORT OF
MOTION FOR ORDER GRANTING AUTHORITY TO
INCUR CREDIT, APPROVING BID PROCEDURES, AND
APPROVING BREAKUP FEE- 1
501014871 v4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1433    Filed 02/08/18    Ent. 02/08/18 17:31:08    Pg. 1 of 5

3. Because no concrete offer materialized, and because of the inadequate cash resources available to me, I was forced to close the custom minting business on December 29, 2017. I have continued to complete certain profitable work in progress after closing the custom minting operations with a skeleton crew that remains employed in connection with the wind down and liquidation efforts of the estate. I have continued to communicate with potential buyers of the Debtor's assets in an attempt to sell them on a liquidation basis, but as of the middle of January, 2018, I had no concrete sales agreements in place. Accordingly, I moved for approval by the Court for the authority to sell the Debtor's assets at an auction conducted by James G. Murphy Company. A hearing on that motion is presently scheduled for February 9, 2018.

4. While I prepared to sell the Debtor's equipment at auction, I continued to engage in negotiations with multiple buyers for the Debtor's assets, including the equipment. As a result, I reached agreements on the form on purchase agreements with two separate buyers for the sale of certain assets of the Debtor. I have determined that the sale of these assets, with the two buyers serving as stalking horse bidders, is in the best interests of the estate.

5. I negotiated a Purchase Agreement dated February 8, 2018 (the "Industrial APA") with Industrial Asset Corp. d/b/a Biditup Auctions Worldwide and Maynards Industries USA, LLC (collectively, "Industrial Assets"), for the sale of substantially all of the Debtor's machinery and equipment located at the Debtor's Dayton, Nevada, and Green Bay, Wisconsin, facilities. A copy of the Industrial APA is attached hereto as <u>Exhibit A</u>, and includes a detailed list of the equipment to be purchased thereunder. The purchase price under the agreement is $1,950,000. Industrial Assets has agreed to provide an earnest money deposit in the amount of $195,000 (the "<u>Earnest Money</u>"), which shall be immediately available to the Debtor upon approval by this Court. In addition, the agreement is subject to entry of an order approving bidding procedures, whereby Industrial Assets is used as a "stalking horse" bidder.

6. The agreement with Industrial Assets also requires that the Court approve a breakup fee equal to the sum of $58,500 (3% of the purchase price to be paid to Industrial Assets) if the

DECLARATION OF MARK CALVERT IN SUPPORT OF
MOTION FOR ORDER GRANTING AUTHORITY TO
INCUR CREDIT, APPROVING BID PROCEDURES, AND
APPROVING BREAKUP FEE- 2
501014871 v4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1433    Filed 02/08/18    Ent. 02/08/18 17:31:08    Pg. 2 of 5

Court approves a competing transaction for the Debtor's equipment to be sold under the Industrial APA. The agreement requires that a qualified bidder entitled to bid on the assets being purchased by Industrial Assets must provide an earnest money deposit equal to 10% of their bid, and submit a bid of no less than $2,033,500 (which is comprised of Industrial Assets' bid amount, plus $58,500 for a breakup fee, plus an initial overbid increment of $25,000).

7. Separately, I have entered into a purchase agreement with Medalcraft Mint, Inc. ("Medalcraft"), for assets not subject to the agreement with Industrial Assets (the "Medalcraft APA"). The Medalcraft APA, a copy of which is attached hereto as Exhibit B, provides that Medalcraft will purchase, among other things, the Medallic Art name and website; marketing materials; archives; customer list, sales history, and vendor list; certain company owned dies associated with any customer for which there has been a sale in the last 20 years; tools; and woodworking equipment. The Medalcraft APA also provides that Medalcraft will purchase three pieces of specifically identified equipment. The Medalcraft APA provides for a purchase price of $700,000. Medalcraft is providing a nonrefundable earnest money deposit in the amount of $100,000 in connection with the sale.

8. I intend to move for approval of each of the sales described above, with Industrial Assets and Medalcraft serving as stalking horse bidders. Should qualified competing bids be received in advance of the hearing on the Sales Motions, I would intend to hold an auction for the Debtor's assets for which a competing bid has been received. To that end, I have requested in the Motion that the Court approve certain bidding procedures in connection with the sales. I believe that the bid procedures set forth in the Motion are reasonable, and will provide the appropriate framework for expeditiously receiving the best and highest offer for the estate's assets.

9. It is necessary for me to immediately use the Earnest Money in order to pay current expenses of the estate necessary to my liquidation efforts, including rent obligations owed Robert and Connie Hoff, the landlord for the Dayton, Nevada facility, rent owed to the Wisconsin landlord, utilities, compensation for the skeleton staff remaining employed, and other expenses as more fully

DECLARATION OF MARK CALVERT IN SUPPORT OF
MOTION FOR ORDER GRANTING AUTHORITY TO
INCUR CREDIT, APPROVING BID PROCEDURES, AND
APPROVING BREAKUP FEE- 3
501014871 v4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1433    Filed 02/08/18    Ent. 02/08/18 17:31:08    Pg. 3 of 5

detailed in the cash collateral budget filed with the Court. I therefore request that I be authorized to incur credit in the form of the Earnest Money pending the Court's authorization of the sale to Industrial Assets or such other bidder as may come forward for those assets. Industrial Assets has agreed to my use of the Earnest Money pending the Court's approval of the sale so long as Industrial Assets is afforded a priority administrative expense claim under Section 364(c)(1) for its rights to reimbursement of the Earnest Money in the event that it is not the successful purchaser of the assets described in the Industrial APA. I am unable to obtain credit on any other basis than the advance of the Earnest Money.

10. For all of the foregoing reasons, I believe that the relief I request in connection with the Motion is in the best interests of the estate. I respectfully request that the Court approve the Motion.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 8th day of February, at Seattle, Washington.

_____
Mark Calvert

DECLARATION OF MARK CALVERT IN SUPPORT OF
MOTION FOR ORDER GRANTING AUTHORITY TO
INCUR CREDIT, APPROVING BID PROCEDURES, AND
APPROVING BREAKUP FEE- 4
501014871 v4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1433    Filed 02/08/18    Ent. 02/08/18 17:31:08    Pg. 4 of 5

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a Paralegal in the law firm of K&L Gates LLP, and on February 8, 2018, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

Also on February 8, 2018, she caused the foregoing document to be deposited in the U.S. mail to the Party at the address listed below:

Northwest Territorial Mint LLC
c/o Ross Hansen, Member
P.O. Box 2148
Auburn, WA 98071-2148

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 8th day of February, 2018 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

DECLARATION OF MARK CALVERT IN SUPPORT OF MOTION FOR ORDER GRANTING AUTHORITY TO INCUR CREDIT, APPROVING BID PROCEDURES, AND APPROVING BREAKUP FEE- 5
501014871 v4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022