**Below is the Order of the Court.**



Christopher M. Alston
U.S. Bankruptcy Judge
(Dated as of Entered on Docket date above)

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT, LLC,

   Debtor.

Case No. 16-11767-CMA
(Jointly Administered)

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND RELATED RELIEF

This matter came before the Court for hearing upon the Motion for Relief From the Automatic Stay and for Related Relief (the "*Stay Motion*") filed by Robert and Connie Hoff (the "*Hoffs*"), landlords of the 118,000 square foot industrial and office space in Dayton, Nevada (the "*Dayton Premises*"). The Court has reviewed the files and records in this case, has considered all pleadings and files presented in connection with the Stay Motion, has taken judicial notice as appropriate, and is otherwise fully apprised and prepared to rule. The Court finds that good cause exists for granting in part and denying in part the relief requested in the Stay Motion, all as set forth more fully in the Court's comments on the record at the hearing on the Stay Motion.

Therefore, the Court **ORDERS AND CONCLUDES** as follows:

ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR RELIEF FROM STAY – 1

138035893.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 16-11767-CMA   Doc 1450   Filed 02/14/18   Ent. 02/14/18 09:56:01   Pg. 1 of 4

1. The Stay Motion is hereby **GRANTED IN PART AND DENIED IN PART AS SET FORTH HEREIN**.

2. The automatic stay of Section 362 is hereby modified to allow the Hoffs to immediately do the following: (a) obtain access to the Dayton Premises at any time without notice; (b) perform repairs, replacements, and rehabilitation efforts as they deem appropriate to place the Dayton Premises in a condition suitable for sale or re-leasing to a third party; (c) advertise, market and show the Dayton Premises to prospective purchasers and tenants; and (d) send any notices of default to the Trustee.

3. The automatic stay is further modified to allow the Hoffs to commence proceedings under Nevada law to take possession of the Dayton Premises on or after June 30, 2018, if the Trustee has not vacated the Dayton Premises by that date.

4. As adequate protection of the Hoffs' interests in the Dayton Premises pursuant to Section 363(e), the Hoffs are granted a lien on all assets of the bankruptcy estate to secure their Superpriority Claim (as defined below). The lien will not prime the lien of any other current secured creditor, and the Court makes no finding in this Order as to what assets are property of the estate.

5. Attached hereto as Exhibit A is a budget prepared by the Trustee (the "*Budget*"). The Trustee is authorized to use cash in the estate, otherwise subject to the Hoffs' lien granted above, to pay expenses of liquidation of the estate, all in the amounts, for the purposes, and subject to the tolerances set forth in the Budget, through and including March 9, 2018. A continued hearing on the Stay Motion will be held Friday, March 9,

ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR RELIEF FROM STAY – 2

138035893.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 16-11767-CMA    Doc 1450    Filed 02/14/18    Ent. 02/14/18 09:56:01    Pg. 2 of 4

2018, commencing at 9:30 a.m., for the limited purpose of discussing the Budget. If the Trustee and the Hoffs agree on a budget for the period after March 9, 2018, the Hoffs shall file a notice to such effect, with a copy of the agreed budget attached, and the continued hearing will be taken off calendar. If the Trustee and the Hoffs do not agree on a budget for the period after March 9, 2018, the Trustee and the Hoffs may each file supplemental statements regarding the outstanding issues relevant to the budget by March 7, 2018 at 5:00 p.m.

6. In addition to the lien referenced above, as additional adequate protection the Hoffs are hereby granted superpriority status pursuant to Section 507(b), with priority over every other claim allowable under Section 507(a)(2), for any administrative claim they may be allowed under Section 507(a)(2) that arises from the Trustee's use of the Dayton Premises prior to the time the Trustee vacates the Dayton Premises (the "*Superpriority Claim*"). The Superpriority Claim includes the repairs that the Court ruled were to be cured in order to assume the Dayton lease, as set forth in the Court's September 1, 2017 *Memorandum Decision on Trustee's Motion to Assume Dayton, Nevada Lease*, Dkt. No. 1185. The Court is not making any other ruling at this time respecting the amount of the Superpriority Claim.

ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR RELIEF FROM STAY – 3

138035893.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 16-11767-CMA    Doc 1450    Filed 02/14/18    Ent. 02/14/18 09:56:01    Pg. 3 of 4

**Below is the Order of the Court.**

7. Except as set forth above, all other relief requested in the Stay Motion is denied.

///End of Order///

PRESENTED BY:

/s/ Alan D. Smith
Attorney for Landlord Robert and Connie Hoff
WSBA No. 24964

ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR RELIEF FROM STAY – 4

138035893.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000