Alan D. Smith, WSBA No. 24964
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

The Honorable Christopher M. Alston
Chapter 11
Hearing Friday, February 23, 2018, 9:30 a.m.
Seattle, Courtroom 7206
Response due Tuesday, February 20, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT, LLC,

Debtor.

Case No. 16-11767-CMA
(Jointly Administered)

HOFF LIMITED OPPOSITION TO BID PROCEDURES AND RELATED MOTIONS

Robert and Connie Hoff (the "*Hoffs*"), landlords of the Dayton Premises, submit this limited opposition regarding the Trustee's Motion for Order Granting Authority to Incur Credit, Approving Bid Procedures for Sale of Estate Assets, and Approving Breakup Fee, Dkt. No. 1432 (the "***Bid Procedures Motion***"). The Hoffs do not oppose the gravamen of the Bid Procedures Motion, and do not oppose the Trustee's general program in terms of sale of the remaining estate assets.[1] But they believe certain aspects of the proposed sales have the potential to materially and adversely affect their rights, and believe any order

---

[1] The Hoffs opposed the Trustee's earlier Auction Motion, Dkt. No. 1350, on the ground that the Trustee was selling assets that did not appear to be assets of the estate. Dkt. No. 1399. Given the Court's February 13 ruling, Dkt. No. 1449, the Hoffs no longer oppose on that ground, as they do not intend to file an adversary proceeding or other continued challenge to MACLLC's ownership of the Medallic Assets. The Hoffs have not taken a position on ownership of the dies being sold.

HOFF LIMITED OPPOSITION RE BID PROCEDURES – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

138614011.1

Case 16-11767-CMA    Doc 1465    Filed 02/20/18    Ent. 02/20/18 13:32:27    Pg. 1 of 4

approving the proposed bid procedures, and any subsequent sale order, should clarify the situation so there is no confusion on the part of the Trustee, the buyers or prospective overbidders.

**Assets Being Sold**

The Hoffs do not believe the Trustee is making any attempt to sell any of the overhead cranes located at the Dayton Premises, or any of the electrical equipment or infrastructure located there. They were not included in the Medallic Assets sold to Ross Hansen and Medallic Art Limited Partnership in 2009, and have always been the Hoffs' property, not the estate's. The Hoffs simply want the record to be clear on what is and is not included in the sale.

**Protective Provisions[2]**

The Trustee is subject to a number of obligations respecting the Dayton Premises pursuant to paragraph 2 of the Court's Order Granting in Part and Denying in Part Motion for Relieve from the Automatic Stay and Related Relief, entered February 14, 2018 as Dkt. No. 1450 (the "*Stay Relief Order*"). Under the proposed agreement with one of the buyers, Industrial Assets Corp. and Maynards Industries USA LLC ("*Industrial Assets*"), the buyer and its agents have essentially unfettered access to the Dayton Premises. Any agreement, or any overbid, must acknowledge the Hoffs' rights under the Stay Relief Order and include the buyer's commitment to abide by the provisions of the Stay Relief Order. Further, the

---

[2] The Hoffs acknowledge that some of the provisions in this section relate primarily to the actual sale motions, Dkt Nos. 1457 and 1461, not merely the Bid Procedures Motion. But it is in no one's interest for overbidders to be confused over what they will have to address while participating in the bidding process.

HOFF LIMITED OPPOSITION RE BID PROCEDURES – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

138614011.1

final sale order should also contain a provision making it clear that nothing in the process relieves the Trustee from his obligations under the Stay Relief Order simply because he is to some extent ceding occupancy and control of the Premises. Without limiting the generality of the foregoing, the Trustee remains responsible for any damage done by the buyers or their invitees, and any such damage is included within the Hoffs' Superpriority Claim as defined in the Stay Relief Order.

The parties and the Court are well aware of the Hoffs' concerns over the current condition of the Premises. But things could get even worse if the auction and sale, including breakdown, rigging, and preparation of the equipment for removal, are not handled properly. Paragraph 17 of the Industrial Assets agreement requires it to provide general liability insurance in the amount of at least $1 million per occurrence, $2 million overall, with delivery of insurance certificates showing the Trustee as an additional named insured. That amount of insurance may be adequate, but barely so. The bid procedures motion should require any overbidder, as well as Industrial Assets, to carry at least that amount of insurance, and also to provide similar certificates to the Hoffs with the Hoffs as additional named insureds.

Finally, the Hoffs note for future reference their recent visit to the Premises, which not surprisingly evinced no progress in any repairs or other compliance with the Court's September 1, 2017 Cure Order, Dkt. 1185. The Hoffs are in the process of engaging a broker for sale or re-lease of the Premises, but given the condition of the Premises it is unlikely an economic deal can be struck with a new tenant or purchaser without completion

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

138614011.1

of all or most of the work needed to return the building to a high quality industrial facility, and given the auction and other activity at the Premises in the next three months, it is unlikely the Hoffs can accomplish much on the interior of the building before the auction is finished in June. They are moving forward with some exterior repairs that should not be negatively impacted by the sale and auction process.

Respectfully submitted,

DATED: February 20, 2018

**PERKINS COIE LLP**

By:/s/  Alan D. Smith
Alan D. Smith, WSBA No. 24964
ADSmith@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Landlord Robert and Connie Hoff

HOFF LIMITED OPPOSITION RE BID PROCEDURES – 4

138614011.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Case 16-11767-CMA    Doc 1465    Filed 02/20/18    Ent. 02/20/18 13:32:27    Pg. 4 of 4