The Honorable Christopher M. Alston
Chapter 11
Hearing Date: Tuesday, March 1, 2018
Hearing Time: 9:00 am
Hearing Location: Seattle, Rm. 7206
Response Date: March 1, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>NORTHWEST TERRITORIAL MINT, LLC,<br><br>Debtor. | No. 16-11767-CMA<br><br>Supplemental Brief Regarding Intellectual Property Issues In Support of Interested Parties New York Numismatic Club, Gary Marks and Heidi Wastweet's Limited Objection to Trustee's Motion to Sell Estate Property Free and Clear of Liens and Motion for Return of Property |

Comes now, New York Numismatic Club, ("NYNC"), Gary Marks ("Marks") and Heidi Wastweet ("Wastweet") Interested Parties in the above-reference matter, by and through their attorney, Michelle Carmody Kaplan, of Kaplan Law PLLC, and hereby submit this Supplemental Brief Regarding Intellectual Property Issues In Support their Limited Objections to Trustee's Motion to Sell Estate Property Free and Clear of Liens and Interested Parties' Motion for Return of Property [NYNC Objection Dkt. No. 1408] [Marks and Wastweet Objection Dkt. No. 1406].

/ / /
/ / /
/ / /
/ / /
/ / /

Interested Parties Supplemental
I.P. Brief - 1

**KAPLAN LAW PLLC**
2155 - 112th Ave. NE
Bellevue, WA 98004
Phone: 425-818-4818
Fax: 425-484-4444

Case 16-11767-CMA    Doc 1485    Filed 03/01/18    Ent. 03/01/18 16:58:02    Pg. 1 of 8

## I. NYNC, MARKS AND WASTWEET EACH OWN A PROTECTABLE COPYRIGHT INTEREST

Assuming *arguendo* that the Debtor has physical ownership rights in the dies,[1] this Court should strictly protect Interested Parties' copyrights in the art itself. Each of the Interested Parties owns the copyright and has exclusive rights that cannot be limited in a sale pursuant to 11 U.S.C. § 363.

### A. NYNC Owns the Copyright in Its Presidential Medal Dies

Trustee argues that the NYNC does not have a copyright interest in its Presidential Medal Dies because NYNC commissioned the work to one or more artists. Trustee's position is not only wrong but also unhelpful to the Trustee's case.

As set forth in NYNC's Objection, [Dkt. No. 1408], NYNC has commissioned the artwork and contracted with the Medallic Art Company ("MACO") (collectively with the Northwest Territorial Mint Company the "Mint") to produce a series of Presidential Medals to honor the outgoing President of NYNC every two years. The medals bear the portrait of the honored President on one side and the seal of the New York Numismatic Club on the other.[2] The NYNC dies still stored in MACO's Library were fabricated by MACO between 1917 and 1977.[3]

The Trustee's argument that the commissioned artist retains the copyright is only correct after January 1, 1978, the effective date of the Copyright Act of 1976, 11 U.S.C. § 101 *et seq.* ("1976 Copyright Law"). Prior to January 1, 1978 it was black letter law that the "work for hire" provisions of the 1909 Copyright Act, 17 U.S.C. § 26 ("1909 Copyright Act") applied equally to employees and independent contractors. *Lin-Brook Builders Hardware v. Gertler*,

---

[1] Ownership is steadfastly denied by these Interested Parties as well as potentially dozens of additional interested parties who have learned recently of the potential sale of dies and will be filing objections by March 8, 2018.

[2] NYNC will submit additional evidence as part of its renewed objection to sell property showing that Medallic Art has 16 NYNC dies remaining in its library, with the balance having been returned to NYNC at its request.

[3] The additional evidence to be submitted will identify each die by year of production. 300 NY 135

Interested Parties Supplemental
I.P. Brief - 2

**KAPLAN LAW PLLC**
2155 - 112th Ave. NE
Bellevue, WA 98004
Phone: 425-818-4818
Fax: 425-484-4444

352 F.2d 298, 299 (9th Cir. 1965); *Brattleboro Publishing Co. v. Winmill Publishing Corp.*, 369 F.2d 565 (2nd Cir. 1966). In *Gertler*, the 9th Circuit held:

> "[W]e believe that when one person engages another, whether as a employee or as an independent contractor, to produce a work of an artistic nature, that in the absence of an express contractual reservation of the copyright in the artist, the presumption arises that the mutual intent of the parties is that the title to the copyright shall be in the person at whose instance and expense the work is done." *Id*. At 299.

Similarly, in *Brattleboro Publishing*, the 2nd Circuit held that the "works for hire" provision of the 1909 Act, which codified the Supreme Court decision in *Bleistein v. Donaldson Lithography Co.*, 188 U.S. 239, 248 (1903), established a presumption that "the copyright shall be in the person at whose instance and expense the work is done. *Brattleboro Publishing*, 369 F.2d at 567.

Thus, the only evidence before the Court is that the NYNC commissioned the artistry for each of their Presidential Medals between 1903 and 1977. As the party who paid for and controlled the work, prior to January 1, 1978, the NYNC owns the copyrights.

However, even assuming Trustee was correct, that the artist who was commissioned by the NYNC to provide the artwork owns the copyright, the Trustee does not explain how that would give the Debtor the right to sell, transfer or extinguish the artist's copyright. Section 363(f) cannot be used to sell property that the Debtor does not own, such as intellectual property. *See Folger Adam Sec., Inc. v. DeMatties/MacGregor, JV*, 209 F.3d 252, 263 (3d Cir. 2000 (property not part of the bankruptcy estate is not subject to a section 363 sale); *Novacare Holdings, Inc. v. Mariner Post-Acute Network, Inc.* (*In re Mariner Post-Acute Network, Inc.*) 267 B.R. 46, 59 (Bankr. D. Del. 2001) (bankruptcy court's jurisdiction does not extend to property that is not part of the debtor's estate).

Further, a sale under §363(f) could not extinguish a copyright holder from asserting tortious claims, like copyright infringement, against a buyer. Such a claim would only arise in the event that a buyer violated the copyright's exclusive rights. *See Morgan Olson, LLC v. Frederico* (*In re Grumman Olson Indus., Inc.*), 445 B.R. 243, 254-55 (Bankr. S.D.N.Y. 2011).

Finally, Debtor has not provided adequate notice to potential holders of copyrights that may have become fixed earlier than 1977. Due process requires that a party seeking relief

Interested Parties Supplemental
I.P. Brief - 3

**KAPLAN LAW PLLC**
2155 - 112th Ave. NE
Bellevue, WA 98004
Phone: 425-818-4818
Fax: 425-484-4444

must give "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The bankruptcy code "requires the trustee or debtor in possession to provide parties in interest with adequate notice and an opportunity to be hear before their interests may be adversely affected. *Western Auto Supply Co. v. Savage Arms, Inc*. (*In re Savage Indus., Inc*.), 43 F.3d 714, 720 (1st Cir. 1994). Section 363(f) requires notice and a hearing before assets can be sold outside of the ordinary course of business. Any sale order under that section that attempts to free a debtor from its liabilities does not bind a party in interest that did not receive appropriate notice. *Id*. at 721.

In this case, Trustee has made no attempt to notify the artists, or in many cases their heirs, of a sale that may transfer or interfere with the artist's copyright. The Trustee cannot sell any copyrights applicable to the dies because the Debtor does not own them, there has been no consent to transfer, and there has been inadequate notice provided to the extent the Court finds that the original artists hold the copyrights.

Ultimately, however, the NYNC owns the copyrights in the original work, and all derivative works, for its Presidential Medals because each of those Medals were made pursuant to the 1909 Copyright Act.

B. <u>Marks and Wastweet Own the Copyright in Their Art</u>

While it does not appear to be disputed by Trustee, Marks and Wastweet own the copyrights in the work submitted to Debtor used to manufacture the dies for Marks and Wastweet's medallic art.[4] Copyright protection subsists in "original works of authorship fixed in any tangible medium of expression, 17 U.S.C. § 102(a), and includes "pictorial, graphic, and sculptural works," § 102(a)(5). Thus, to be copyrightable, a work must meet the requirements of (1) authorship, (2) originality, and (3) fixation. artist signature fixation

---

[4] With respect to the bas-relief sculpture created by Wastweet based on Marks' design, Wastweet would own a copyright on the derivative work and Marks owns the copyright on the original design. See 17 U.S.C. §§ 101 (definition of "derivative work"),102(a)(5), (106)(2) (owner of copyright has exclusive right to authorize derivative work).

Interested Parties Supplemental
I.P. Brief - 4

**KAPLAN LAW PLLC**
2155 - 112th Ave. NE
Bellevue, WA 98004
Phone: 425-818-4818
Fax: 425-484-4444

As set forth in Marks and Wastweet's Limited Objection (Dkt. No. 1406, p. 2), creating a custom coin or medal is a three-part process. First, an artist creates a design digitally or manually on paper. Second, the artist contracts with a bas-relief sculptor, like Wastweet, to create 3D sculpts of the images.[5] Third, the artist provides the sculpts to a mint such as MACO or Northwest Territorial Mint to create the dies and ultimately strike and mint the coins or medals.

Both Marks and Wastweet have submitted Declarations to the Court that confirm their authorship of the artwork submitted to the Mint. (Marks Decl. Dkt. No. 1412 ¶¶ 4-5 and Wastweet Decl. Dkt. No. 1407 ¶4). Their work is also original in that it was independently created. *See L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486, 489-90 (2nd Cir. 1976). The scupts ultimately provided to the Mint were "fixed" as the work was signed by both Wastweet and Marks (Marks' work) or just by Wastweet with respect to her work.

There can be little doubt that Marks and Wastweet, like the NYNC, own the copyrights for the artwork that is captured in the dies manufactured by the Mint.

**II.  MARKS, WASTWEET AND NYNC OWN ALL COPYRIGHT PROTECTIONS**

With the exception of the Trustee's incorrect argument that the NYNC doesn't own the copyright on its Presidential Medals because it commissioned the art, Trustee does provide any argument that the Interested Parties have anything less than full rights under the Copyright law. The exclusive rights afforded copyright owners include (1) to copy the work, (2) prepare derivative works based on the original work, (3) to distribute copies of the work to the public and (4) the exclusive right to display the work publicly. 17 U.S.C. § 106(1)-(3), (4).

The die, on the other hand, is simply a "useful article" which has no copyright protection separate from the copyright owners. A "useful article" is "an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." 17 U.S.C. § 101. A useful article cannot be copyrighted "except to the extent that their designs incorporate artistic features that can be identified separately from the functional elements of the articles." *Kieselstein-Cord v. Accessories by Pearl, Inc*., 632 F.2nd 989, 992 (2nd Cir. 1980); 17 U.S.C. § 101. In *Mazer v. Stein*, 347 U.S. 201, 211-13 (1954) the

---

[5] In Wastweet's case she authored both the design and the bas-relief sculpture.

Interested Parties Supplemental
I.P. Brief - 5

**KAPLAN LAW PLLC**
2155 - 112th Ave. NE
Bellevue, WA  98004
Phone: 425-818-4818
Fax: 425-484-4444

Case 16-11767-CMA    Doc 1485    Filed 03/01/18    Ent. 03/01/18 16:58:02    Pg. 5 of 8

Corut identified a lamp that incorporated in its design statuettes of male and female dancing figures as a "useful article" while recognizing the copyright in the dancing figures.

In this case, the die has only an intrinsic utilitarian function. The die's function is to strike medals so that a derivative work can be created (the medal). However, if you remove the "art" from the die, the die cannot be considered to have original work. Thus, there can be no copyright in the die itself[6], only the art owned by, in this case, NYNC, Marks and Wastweet.

Thus, in the event that the Court finds that the Mint "owns" the dies themselves, as useful articles, they can only sell the object itself, without any attendant rights to copy, prepare derivative works, distribute copies or display publicly. As set forth previously in Marks and Wastweet's Objection, the die's only value separate and apart from the copyrighted work is the value of the metal itself.

## III. CONCLUSION

NYNC, Marks and Wastweet, and generally hundreds of artists, organizations, society's and associations, own a large portion of the copyrights contained in the die library that Trustee is attempting to sell. While Copyright protection will follow the die, if the Mint is allowed to sell them, that protection will end the United States border for all practical purposes. The Mint recognized this and, as an apparent inducement for customers to maintain their dies in its Library, boasted that:

> "your dies are safe in our state-of-the-art library"

and

> "We store each customer die domestically, protecting our customer's designs as well. **Dies produced overseas often fall prey to loss or counterfeit**."

and finally

> "Without domestic storage, the status of dies can be uncertain and prices on reordering work will naturally skyrocket. Thanks to our secure die library, we stand ready to strike your future coins, medals, or other products immediately,

---

[6] Interested Parties do not dispute that to the extent employees of the Mint provided graphics, art, etc. to a die, that work is subject to copyright protection. However, the Mints suggestion that it would be the exclusive owner of that copyright is mistaken. Rather, if the Mint takes a rough drawing from a customer, and turns it into a drawing that is then used to create the die, then the Mint <u>and</u> the customer would be "joint" owners of undivided interests in the copyright. 17 U.S.C. § 101. As joint owners of the copyright, the Mint would be subject to account for any exploitation of the work resulting in profit.

Interested Parties Supplemental
I.P. Brief - 6

**KAPLAN LAW PLLC**
2155 - 112th Ave. NE
Bellevue, WA 98004
Phone: 425-818-4818
Fax: 425-484-4444

Case 16-11767-CMA    Doc 1485    Filed 03/01/18    Ent. 03/01/18 16:58:02    Pg. 6 of 8

for a reasonable cost." *See* Marks Declaration, Exhibit G (Dkt. No. 1412).

Ultimately, the decision of this Court goes to the very core of copyright protection. Customers have trusted this Mint to secure not only the physical properties of the die itself, but the expression of personal artistry of potentially thousands of artists and bas-relief sculptors.

In the event the Court finds that the Trustee can sell the physical dies, without any transfer of copyright, Interested Parties would request the following language be included in the sale order:

> Notwithstanding anything to the contrary contained in this Order, nothing in this Order shall be construed to give the Debtor the power to convey any interest in or authorize the Purchaser to infringe on or use the copyrights or other intellectual property of third parties. To the extent that Purchaser takes custody of, or otherwise acquires control over, any property (which includes dies, galvanos, bas-relief sculpts, electronically stored images, diagrams or manifiestations of copyrighted material, or sample strikes of coins or medals that have not been authorized to be used, sold, displayed or circulated) that is subject to copyright, Purchaser shall not be relieved or excused from any liability or claims arising after the sale for Copyright Infringement or other applicable causes of action.
>
> The Purchaser shall have no greater right in or to copyrights or other intellectual property that is owned by parties other than the Debtor to the extent those copyrights or intellectual property protections are manifested in property transferred to Purchaser. Purchaser agrees that all copyrights and intellectual property will be held in trust by Purchaser for the benefit of the copyright or intellectual property owner and that Purchaser shall maintain the copyrighted or intellectual property safely and securely in order to avoid copies, replicas, derivative works, unauthorized striking or the transfer of any such property to an entity outside the United States.

DATED this 1st day of March 2018.

**KAPLAN LAW PLLC**

By */s/ Michelle Carmody Kaplan*
Michelle Carmody Kaplan
WSBA No. 27286
Attorney for New York Numismatic Club, Gary Marks and Heidi Wastweet

Interested Parties Supplemental
I.P. Brief - 7

**KAPLAN LAW PLLC**
2155 - 112th Ave. NE
Bellevue, WA 98004
Phone: 425-818-4818
Fax: 425-484-4444

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Interested Parties Supplemental
I.P. Brief - 8

**KAPLAN LAW PLLC**
2155 - 112th Ave. NE
Bellevue, WA 98004
Phone: 425-818-4818
Fax: 425-484-4444