The Honorable Christopher M. Alston
Chapter 11
Hearing Location: Rm 7206
Hearing Date: Friday, March 9, 2018
Hearing Time: 9:30 am
Responnse Date: March 2, 2018 (5 pm)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>NORTHWEST TERRITORIAL MINT, LLC,<br><br>Debtor. | No. 16-11767-CMA<br><br>Interested Parties New York Numismatic Club, Gary Marks and Heidi Wasteet Limited Objection to Trustee's Motion For Order Approving the Sale of Certain of the Debtor's Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances to Medalcraft Mint, Inc. |

Comes now, New York Numismatic Club, ("NYNC"), Gary Marks ("Marks") and Heidi Wastweet ("Wastweet") Interested Parties in the above-reference matter (collectively "Interested Parties"), by and through their attorney, Michelle Carmody Kaplan, of Kaplan Law PLLC, and hereby submit this Limited Objection to Trustee's Motion For Order Approving the Sale of Certain of the Debtor's Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances to Medalcraft Mint, Inc. (Dkt. No. 1457).

**I.     INCORPORATION OF PREVIOUSLY SUBMITTED OBJECTIONS**

Section 363 of the Bankruptcy Code does not provide authority for the Debtor to sell property it does not own. *See Folger Adam Sec., Inc. v. DeMatties/MacGregor, JV*, 209 F.3d

New York Numismatic Club, Marks, Wastweet's
Limited Objection to Sale - 1

**KAPLAN LAW PLLC**
2155 - 112th Ave. NE
Bellevue, WA 98004
Phone: 425-818-4818
Fax: 425-484-4444

Case 16-11767-CMA    Doc 1488    Filed 03/02/18    Ent. 03/02/18 16:54:42    Pg. 1 of 6

252, 263 (3d Cir. 2000) (property not part of the bankruptcy estate is not subject to a section 363 sale). Interested Parties have briefed the issue regarding their ownership of the dies and associated intellectual property that has been stored by debtor. Interested Parties herein adopt their objections and Supporting Declarations previously submitted to the Court: (Dkt. No. 1406 – Marks and Wastweet Ojbection); (Dkt. Nos. 1407 and 1412 – Declarations of Wastweet and Marks); (Dkt. No. 1408 – Objection of NYNC); (Dkt. Nos. 1409, 1410, 1411 – Declarations of Marinescu, Miller and Anderson).

## II. ADDITIONAL OBJECTIONS

*a. Debtors Motion and Supporting Declarations Lack the Specificity Necessary for Interested Parties and Other Similarly Situated Parties to Know Whether the Sale Includes Property Not Owned by the Debtor*

The Motion to Sell Assets to Medalcraft lacks any detail that would identify what dies or associated property are being included as part of the sale. It is unclear whether any or all of the property that Interested Parties claim ownership of is included in the sale. As of the date of this Objection, none of the Interested Parties have received the Court mandated notice of the sale. As it relates to the lack of specificity in both the Motion and the APA with Medalcraft, Interested Parties make the following objections.

1. In the Motion, the Trustee refers to "the Medallic trade name, website, customer lists, archives, tools, specific machinery, certain company owned Medallic dies and other property". (Dkt. No. 1457, p. 1). The distinction between what is part of the "Medallic" asserted assets and NWTM assets, or if there is a distinction, is unclear at best. The Trustee should be required to specifically identify any distinctions between what is being sold as "Medallic" and what is considered NWTM, if there even is such a distrinction.

New York Numismatic Club, Marks, Wastweet's
Limited Objection to Sale - 2

**KAPLAN LAW PLLC**
2155 - 112th Ave. NE
Bellevue, WA 98004
Phone: 425-818-4818
Fax: 425-484-4444

Case 16-11767-CMA    Doc 1488    Filed 03/02/18    Ent. 03/02/18 16:54:42    Pg. 2 of 6

2. The proposed APA with Medalcraft identifies the Assets being purchased in Section 1.1. (Dkt. No. 1462-1, p. A-1) The following categorized "Assets" need to be clarified and specifically identified in order for Interested Parties to know whether they include property owned by the Interested Parties.

**(b) Medallic marketing materials and image library**

Both the marketing materials and image library likely include copyrighted material of Interested Parties. For example, the Municipal Coins & Medallions page of the Medallic Art Company webpage includes a picture of the City of Whitefish, Montana Centenial Coin designed by Marks. *See* Marks Supplement Declaration, Exhibit J. Compare this to the Die that was returned to Marks, *Marks Decaration* (Dkt. No. 1412, Exhibit D). Marks does not consent to the transfer or display of his designed Whitefish coin and does not consent to any license or transfer of his copyright in the artwork. *Marks Supp. Decl*. page 1.

There are literally thousands of images contained in the marketing materials and image library. Trustee has not alleged that the Debtor has any rights or interests in the copyrighted works that may be contained in the library. Again, consistent with the supplemental briefing on intellectual property and copyright law, the Debtor does not have the right to transfer the right to display even if it can transfer the pictures themselves.

**(d) Medallic archives, written files, electronic files (ACT database) and reproduction samples.**

Of all the categories, this section has the most associated danger to the artists and customers that have done business with the Debtor in the past.

New York Numismatic Club, Marks, Wastweet's
Limited Objection to Sale - 3

**KAPLAN LAW PLLC**
2155 - 112th Ave. NE
Bellevue, WA 98004
Phone: 425-818-4818
Fax: 425-484-4444

Case 16-11767-CMA    Doc 1488    Filed 03/02/18    Ent. 03/02/18 16:54:42    Pg. 3 of 6

### Reproduction Samples

Interested Parties assume that this category refers to what is called "Specimens" in the industry. On information and belief, Debtor, and Medallic Art Company before them, would strike one extra medal with every run. These "specimens" are then kept in drawers at Medallic Art Company. This means that for limited edition runs of 100 medals may be increased to 101 if Debtor is allowed to sell them.

However, Debtor has not and cannot allege it has the legal authority to sell these Specimens. The copyright and artwork belongs to either the customer or the artist, but not to the Debtor. At the very least, Debtor should be required to provide the Court and Interested Parties a digital copy of the "Specimen Book" that identifies each of the Specimens and identifies the dies used to create them.

### Medallic Archives

Neither the Motion to approve the APA, the APA itself, or the supporting Declarations identify what is included in the Medallic Archives. Does this include historic bas-relief sculpts used to create dies? If so, Interested Parties object to the sale of its copyrighted material. Does it include galvanos (metal shells which replicate a bas-relief design)? If so, Interested Parties object to the sale of its copyrighted material. If it includes drawings, concepts, pictures (for example a photograph of one of the former Presidents of the New York Numismatic Club), then Interested Parties object to the sale of its copyrighted material and intellectual property.

### Written Files and Electronic Files (ACT database)

Interested Parties can only assume that the written files and electronic files of the Debtor include protected copyrighted material. Even if this material can be sold by Debtor,

New York Numismatic Club, Marks, Wastweet's
Limited Objection to Sale - 4

**KAPLAN LAW PLLC**
2155 - 112th Ave. NE
Bellevue, WA 98004
Phone: 425-818-4818
Fax: 425-484-4444

Case 16-11767-CMA    Doc 1488    Filed 03/02/18    Ent. 03/02/18 16:54:42    Pg. 4 of 6

the purchaser cannot acquire any rights of display or reproduction of any copyrighted material that might be included in the written files or electronic files. Any sale would need to be subject to the copyright owners' rights, and not free and clear.

    (f) **Medallic Company owned Dies, Trim Tools and Associated Racks associated with any customer for which there has been a sale within the past twenty years**

It is unclear what "Associated Racks" means in this context. It likely does not mean just the shelving. Does it mean Racks of galvanos, sculpts, specimens, etc.? Interested Parties object to the extent it includes any of these items. Additionaly "Medallic Company owned Dies" is to vague to understand. The Debtor has the ability to provide an excel spreadsheet identifying each and every die that is contained in the Medallic Art Company Die Library.[1]

Ultimately, the APA with Medalcraft does not give adequate notice to Interested Parties as to what is being sold and what is included in the proposed sale. Debtor has not provided adequate notice to potential holders of copyrights that may have become fixed earlier than 1977. Due process requires that a party seeking relief must give "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The bankruptcy code "requires the trustee or debtor in possession to provide parties in interest with adequate notice and an opportunity to be hear before their interests may be adversely affected. *Western Auto Supply Co. v. Savage Arms, Inc.* (*In re Savage Indus., Inc.*), 43 F.3d 714, 720 (1st Cir. 1994). Section 363(f) requires notice

---

[1] Additional Objections will be filed before the March 8, 2018 deadline and those Ojbections will include Declarations explaining the organization of the Die Library as well as the Excel Spreadsheet and InDesign database that were used to categorize the Die Library.

New York Numismatic Club, Marks, Wastweet's
Limited Objection to Sale - 5

**KAPLAN LAW PLLC**
2155 - 112th Ave. NE
Bellevue, WA 98004
Phone: 425-818-4818
Fax: 425-484-4444

Case 16-11767-CMA    Doc 1488    Filed 03/02/18    Ent. 03/02/18 16:54:42    Pg. 5 of 6

and a hearing before assets can be sold outside of the ordinary course of business.

    *a. Objections Specific to Interested Parties.*

Interested Party NYNC objects to the proposed sale to Medalcraft to the extent it includes any of the following property of NYNC: Any property, including but not limited to dies, Specimens, galvanos, sculpts, drawings, sketches, pictures, images (stored digitally or in hard copy), or other digitally stored information, referring or related to the Presidential Medal Series of the NYNC or identified as belonging to or originating from the NYNC.

Specifically, NYNC objects to the sale to the extent it includes galvanos, sculpts, Specimens or other property related to the dies located at Medallic Art as of 2016 as set forth in the Supplemental Declaration of Dr. Constantin Marinescu, <u>Exhibit A</u>.

Interested Parties Marks and Wastweet specifically object to the sale of dies specifically identified in their previous objections, as well as any Specimens, sculpts, drawings, or digitally stored images related to their copyrighted property and other intellectual property.

DATED this 2nd day of March 2018.

                                          **KAPLAN LAW PLLC**

                                          By */s/ Michelle Carmody Kaplan*
                                               Michelle Carmody Kaplan
                                               WSBA No. 27286
                                               Attorney for New York Numismatic Club

New York Numismatic Club, Marks, Wastweet's
Limited Objection to Sale - 6

**KAPLAN LAW PLLC**
2155 - 112th Ave. NE
Bellevue, WA 98004
Phone: 425-818-4818
Fax: 425-484-4444

Case 16-11767-CMA    Doc 1488    Filed 03/02/18    Ent. 03/02/18 16:54:42    Pg. 6 of 6