Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Rm. 7206
Hearing Date: April 6, 2018
Hearing Time: 9:30 a.m.
Response Date: March 30, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT, LLC,

Debtor.

Case No. 16-11767-CMA

MOTION TO APPROVE AGREEMENT WITH BROOKGREEN GARDENS

Mark Calvert (the "Trustee"), Chapter 11 Trustee for the consolidated estates of Medallic Art Company, LLC ("MACLLC") and Northwest Territorial Mint, LLC ("NWTM"), hereby files this motion (the "Motion") for entry of an order approving an agreement (the "Agreement") reached by and between the Trustee and Brookgreen Gardens ("Brookgreen") regarding certain coining dies. In support of the Motion, the Trustee states as follows:

## I. FACTS

On January 19, 2018, the Trustee filed his Motion for Order Authorizing the Auction and Sale of the Debtor's Equipment, Dies, Tooling, Archives, and Inventory Free and Clear of All Liens, Claims, Interests, and Encumbrances (the "Auction Motion"). Dkt. No.1350. A handful of parties filed objections to the Auction Motion, asserting an interest in specific dies, plasters and galvanos. The Trustee continued the hearing on the Auction Motion and filed separate motions to sell certain assets of the estate including certain coining dies. In particular, the Trustee filed a motion to

MOTION RE: BROOKGREEN GARDENS - 1
501091114 v4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1500    Filed 03/06/18    Ent. 03/06/18 16:35:22    Pg. 1 of 4

approve the sale of some of the estate's dies to Medalcraft Mint, Inc. (the "Medalcraft Sale Motion"). Dkt. No. 1457.

On February 7, 2018, Brookgreen filed its Limited Objection to Trustee's Motion to Sell Estate Property Free and Clear of Liens and Motion for Return of Property (the "Objection"). In the Objection, Brookgreen asserts ownership of any and all coining dies manufactured for Brookgreen together with all related plasters, galvanos, and finished coins (the "Brookgreen Items")[1] a portion of which the Trustee had agreed to sell to Medalcraft Mint, Inc. The Trustee asserts that the Brookgreen Items are property of the estate.

After negotiation, the Trustee and Brookgreen reached an agreement resolving their dispute. Specifically, the Trustee and Brookgreen have agreed as follows:

- The Trustee will convey to Brookgreen the estate's interest in the Brookgreen Items;[2]
- Brookgreen will pay the estate $18,000;
- In the event less than 60 dies are located, the payments from Brookgreen will be reduced by $300/die;
- Brookgreen will be responsible for paying any applicable sales tax;
- The Trustee will pay for all packaging and shipping costs associated with delivery of the Brookgreen Items;
- The Trustee will permit a designee from Brookgreen to inspect the Debtor's facilities to ensure all Brookgreen Items are located.

## II. ARGUMENT

Compromises are a "normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). The Court has great latitude in approving compromise agreements and may approve a compromise if it is "fair

---

[1] The business records of MACLLC reflect that there are 60 Brookgreen Dies.
[2] The Trustee has amended the Asset Purchase Agreement with Medalcraft Mint Inc. to provide that the Brookgreen Items are excluded assets. In addition, this settlement contemplates Brookgreen's acquisition of all Brookgreen dies, plasters, galvanos and finished coins in the Trustee's possession, custody or control which relate to the production of medals from 1973-2009. Dkt. No. 1491.

MOTION RE: BROOKGREEN GARDENS - 2
501091114 v4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

and equitable." *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988). The Court does not have to decide the numerous questions of fact and law raised by objecting parties. *In re Planned Protective Serv., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991). The focus of the Court's inquiry is whether the settlement entered into by the Trustee was reasonable given the particular circumstances of the case. *Bache & Co. v. Loeffler (In re Equity Funding Corp. of Am.)*, 519 F.2d 1274, 1277 (9th Cir. 1975). Specifically, to determine whether a compromise is "fair and equitable," the Court should consider: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in collection; (3) the litigation's complexity and its attendant expense, inconvenience and delay; and (4) the paramount interest of the creditors with a proper deference to their reasonable view. *Martin v. Kane (In re A & C Prop.)*, 784 F.2d 1377, 1381 (9th Cir. 1986).

In effect, the Agreement is nothing more than an agreement by the Trustee to sell the estate's, albeit disputed, interest in the Brookgreen Items to Brookgreen. The price paid to the estate by Brookgreen, $300/die, is a price that the Trustee believes is fair compensation to the estate for individual dies. Moreover, the Agreement resolves an objection to the Medalcraft Sale Motion, the resolution of which likely would have required an evidentiary hearing and significant expense to the estate.

### III. CONCLUSION

Based on the foregoing, the Trustee respectfully requests that the Court enter an Order approving the Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, and authorizing the transfer of the Brookgreen Items to Brookgreen pursuant to 11 U.S.C. §363(b).

DATED this 6th day of March, 2018.

K&L GATES LLP

By */s/ David C. Neu*
Michael J. Gearin, WSBA #20982
David C. Neu, WSBA #33143
Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

MOTION RE: BROOKGREEN GARDENS - 3
501091114 v4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1500    Filed 03/06/18    Ent. 03/06/18 16:35:22    Pg. 3 of 4

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a Paralegal in the law firm of K&L Gates LLP, and on March 6, 2018, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

Also on March 6, 2018, she caused the foregoing document to be placed in the mail to the Parties at the addresses listed below:

Northwest Territorial Mint LLC
c/o Ross Hansen, Member
P.O. Box 2148
Auburn, WA  98071-2148

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 6th day of March, 2018 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

MOTION RE: BROOKGREEN GARDENS - 4
501091114 v4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1500    Filed 03/06/18    Ent. 03/06/18 16:35:22    Pg. 4 of 4