Jack J. Cullen, WSBA #7330
FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101
Phone (206) 447-4400

Richard Levy, Jr., NYS Atty. #1696756
(*pro hac vice* pending)
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Phone (212) 421-4100

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Seattle Rm. 7206
Hearing Date: March 9, 2018
Hearing time: 9:30 a.m. (PT)
Response Date: March 8, 2018, 5:00 p.m. (PT)

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

In re:

**NORTHWEST TERRITORIAL MINT, LLC,,**

Debtor.

Case No. 16-11767-CMA

**LIMITED OBJECTION OF UNITED STATES GOLF ASSOCIATION TO TRUSTEE'S MOTION FOR ORDER AUTHORIZING THE AUCTION AND SALE OF THE DEBTOR'S EQUIPMENT, DIES, TOOLING AND OTHER PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, INTEREST AND ENCUMBRANCES**

United States Golf Association ("USGA"), by its undersigned attorneys, objects to the motion by Chapter 11 Trustee Mark Calvert ("Trustee") to sell, at auction, various property free and clear of liens, claims, interests and encumbrances (ECF No. 1350) (the "Sale Motion").

**PRELIMINARY STATEMENT**

The Sale Motion seeks, among other things, authority for the Trustee to sell "coining dies" used in the business of Debtor Northwest Territorial Mint, LLC ("Debtor or "NWT"). USGA objects to the sale to the limited extent that the Trustee seeks authority to sell any coining dies that have been used by NWT to strike Championship Qualifying Medals awarded in

OBJECTION OF UNITED STATES GOLF ASSOCIATION TO TRUSTEE'S MOTION TO SELL ESTATE PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS - 1

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400 FAX (206) 447-9700

52975194.1

Case 16-11767-CMA    Doc 1512    Filed 03/08/18    Ent. 03/08/18 11:06:55    Pg. 1 of 14

connection with annual USGA championships (the "USGA Dies"). The USGA Dies are the property of USGA, and the USGA Dies (and medals struck and previously awarded at Championship Qualifiers) or that could hereafter be struck through their use, reflect registered names, logos and other proprietary information protected by USGA-owned and registered service marks. Section 363 of the Bankruptcy Code does not give the Trustee or the Court the authority to dispose of property owned by a third party such as USGA without such party's consent. If, in fact, the sale is intended to include the USGA Dies, USGA refuses to consent to their sale by the Trustee.

Under Section 363(e) of the Bankruptcy Code, USGA is entitled to adequate protection of its ownership interest in the USGA Dies and the intellectual property reflected thereon. If the Court determines that the USGA Dies may be included in the proposed sale, USGA submits that the only adequate protection of its intellectual property interests is the inclusion in the sale approval order of provisions restraining and enjoining any purchaser from using the USGA marks unless and until it receives consent from USGA.

Moreover, recognizing that the USGA Dies are impressed with USGA-protected intellectual property, and given the public filing of this objection which makes such fact clear, any purchaser of the USGA Dies could not be deemed or found to be a "good faith purchaser" of the USGA Dies pursuant to Section 363(m) of the Bankruptcy Code. The Trustee should be required to inform any prospective purchaser of that circumstance, in writing, prior to the proposed auction.

USGA objects to the sale only to the extent that it purports to involve or affect the USGA Dies and USGA's trademarks and service marks. So as not to burden the court with duplicative papers, USGA joins in all objections to the Sale Motion presented by The Boy Scouts of America, Pan American Silver Corp., New York Numismatic Club, and other objectors raising objections to the sales of coining dies, and the reasons why the dies addressed by such parties'

OBJECTION OF UNITED STATES GOLF ASSOCIATION TO
TRUSTEE'S MOTION TO SELL ESTATE PROPERTY FREE
AND CLEAR OF LIENS, CLAIMS AND INTERESTS - 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52975194.1

Case 16-11767-CMA    Doc 1512    Filed 03/08/18    Ent. 03/08/18 11:06:55    Pg. 2 of 14

objections cannot be sold by the Trustee free and clear of their respective interests, claims and rights.

.

OBJECTION OF UNITED STATES GOLF ASSOCIATION TO
TRUSTEE'S MOTION TO SELL ESTATE PROPERTY FREE
AND CLEAR OF LIENS, CLAIMS AND INTERESTS - 3

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52975194.1

## FACTUAL BACKGROUND

The facts supporting this objection are set forth in the accompanying Declaration of Joseph Negri, USGA's Manager of Championship Administration, dated March 8, 2018 (the "Negri Decl.").

USGA is a non-profit organization organized under the laws of Delaware. Founded in 1894, USGA celebrates, serves and advances the game of golf. USGA conducts many of golf's premier championships for both professional and amateur golfers, including the U.S. Open, U.S. Women's Open, U.S. Senior Open and the U.S. Senior Women's Open Championships, as well as 10 amateur championships, two state team championships and international matches, which attract players and fans around the world. Together with The R&A (based in St. Andrews, Scotland), USGA governs the game of golf worldwide, jointly administering the Rules of Golf, Rules of Amateur Status, equipment standards and World Amateur Golf Rankings. USGA, for those governance purposes, has a working jurisdiction in the United States, its territories and Mexico. (Negri Decl. ¶2).

The USGA Handicap System is used in more than 40 countries, and its Course Rating System covers 95 percent of the world's golf courses, enabling all golfers to play on an equitable basis. The USGA campus in Liberty Corner, New Jersey, includes USGA's executive offices, the USGA Research and Test Center, where science and innovation fuel a healthy and sustainable game for the future, and the USGA Golf Museum. (Negri Decl. ¶3).

USGA's name and other terms used by USGA in connection with its business and the championships it conducts are protected as registered U.S. service marks or as common law

OBJECTION OF UNITED STATES GOLF ASSOCIATION TO TRUSTEE'S MOTION TO SELL ESTATE PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS - 4

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400   FAX (206) 447-9700

52975194.1

Case 16-11767-CMA    Doc 1512    Filed 03/08/18    Ent. 03/08/18 11:06:55    Pg. 4 of 14

trademarks.[1] (Negri Decl. ¶4, Exh. 1). For decades, the front side of each USGA Championship Qualifying Medal has shown the USGA logo:



The reverse side identifies the championship by the USGA-trademarked event name (e.g., "U.S. Senior Open") and other information relating to the qualifying found. (Negri Decl. ¶5).

In 2014, USGA approached NWT to discuss its possible engagement to produce the hundreds of sterling silver Championship Qualifying Medals awarded at the approximately 650 Local and Sectional Qualifiers to qualify for USGA's then eleven (now twelve) U.S. annual national championships for professional and amateur golfers.[2] NWT agreed to make a total of sixteen USGA Dies to cover the 1,300 Championship Qualifying Medals required in the aggregate by USGA for its Sectional and Local Qualifiers in advance of the championships.[3] Pursuant to its purchase order issued in February 2015, USGA ordered a total of 16 "black dies" at $300 each, for a total cost to USGA of $4,800.00. (Negri Decl., Exh. 2). (One dies shows the USGA logo used on the face side of every USGA Championship Qualifying Medal. The other

---

[1] A set of relevant USGA trademark registration certificates are submitted as Exhibit 1 to the Negri Decl. The term "USGA" was first used in commerce in 1927.

[2] Those championships included: U.S. Open, U.S. Senior Open, U.S. Women's Open, U.S. Amateur, U.S. Women's Amateur, U.S. Junior Amateur, U.S. Girls' Junior Amateur, U.S. Women's Mid-Amateur, U.S. Mid-Amateur, U.S. Senior Amateur, and U.S. Senior Women's Amateur. In 2018, USGA will stage a new twelfth event, the U.S. Senior Women's Open Championship, for which medals will also be presented at each of the Qualifiers.

[3] These include medals that are awarded to the approximately 650 players at Qualifiers held around the world, and many of those medalists advance to the USGA Championships (low medalist and low amateur).

OBJECTION OF UNITED STATES GOLF ASSOCIATION TO TRUSTEE'S MOTION TO SELL ESTATE PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS - 5

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52975194.1

Case 16-11767-CMA    Doc 1512    Filed 03/08/18    Ent. 03/08/18 11:06:55    Pg. 5 of 14

dies are for the obverse side of medals, which varies by championship and honor.) USGA paid that amount to NWT, plus a NWT-invoiced charge of $48.36 for "shipping and handling" of the dies. (Negri Decl. Exh. 3). With authorization from USGA under separate purchase orders, NWT thereafter struck the medals for 2015, using sterling silver and ribbons purchased by USGA under purchase orders issued to NWT. NWT then invoiced, and USGA paid, the costs of production of the Championship Qualifying Medals, and delivered the finished medals to USGA. (Negri Decl. ¶6).[4]

The USGA purchase orders do not contain any license or grant of other rights to NWT with respect to any USGA logo, championship names or other protected words or marks. At no time did NWT assert, or explain, to USGA that the dies used to strike the USGA championship medals were the property of NWT and not USGA. (Negri Decl. ¶7).

The arrangement between USGA and NWT continued in 2016 and 2017 on the same basis, with medals produced by NWT using the USGA Dies and with silver and ribbon purchased by USGA, all dealings having been authorized by USGA purchase orders. (Negri Decl. ¶8).

In October 2017, USGA requested a quote by NWT for the production of Championship Qualifying Medals for a new event to debut during 2018, the U.S. Senior Women's Open. NWT quoted a price of $300 for the face and obverse dies for those medals, which USGA paid in early January 2018. (Negri Decl. ¶9, Exh. 4).

In November 2017, USGA also had requested a full run of medals for its 2018 championship season. USGA supplemented its purchase orders for those medals with additional terms explained in Mr. Negri's email dated November 16, 2017, including a requirement that full delivery be received by January 5, 2018, and the following statement:

> *This Order is an offer by USGA to Supplier that will become a binding contract when this Order is accepted by Supplier. Supplier confirms acceptance by*

---

[4] After attaching ribbons purchased by USGA, NWT packed the finished medals in presentation boxes provided by USGA to NWT through USGA's third party vendor based in Asia.

OBJECTION OF UNITED STATES GOLF ASSOCIATION TO TRUSTEE'S MOTION TO SELL ESTATE PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS - 6

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52975194.1

Case 16-11767-CMA    Doc 1512    Filed 03/08/18    Ent. 03/08/18 11:06:55    Pg. 6 of 14

> *acknowledgement or commencement of work. In no event shall any terms or conditions contained in Supplier's acknowledgement, invoices or other documents become part of or apply to this Order unless signed by a USGA representative. USGA's complete Order number must appear on all invoices, shipping notices, packing slips, containers, etc. Time and rate of delivery are of the essence. Supplier must immediately notify USGA, in writing, of any actual or potential delay in performance of this Order. If any goods are not received or if any element of the work is not completed by the date specified, USGA, at its option may either approve a revised date or may cancel this Order and may obtain such goods elsewhere, and Supplier shall be liable to USGA for any resulting loss incurred by USGA. To the extent Supplier has partially performed under this Order, and has obtained the materials necessary to complete this Order, but is otherwise unable to complete the Order, USGA shall be entitled to immediate delivery of such items and shall only be obligated for payment for that portion of the goods.* ***Supplier shall have no proprietary interest in any intellectual property or work product developed in connection with its performance under this Order. Supplier agrees that any such intellectual property is a work made for hire, and that the USGA shall have all proprietary rights therein.***

Negri Decl. ¶10, Exh. 5 (emphasis added).

NWT was unable to fulfill USGA's delivery requirement, as a result of which USGA canceled its order, contracted with a third party to provide the 2018 Championship Qualifying Medals, and requested a refund from NWT for silver previously purchased and paid for by USGA. (Negri Decl. ¶11, Exh. 6).

USGA only learned of the Trustee's proposed sale of NWT dies – possibly including, but not identifying, the USGA Dies – when it received the Sale Notice, within the last few days. (Negri Decl. ¶12, Exh. 7).

## **ARGUMENT**

The Sale Motion should be denied to the extent that it purports to cover the USGA Dies, for the following reasons (in addition to those stated by other objectors challenging the Trustee's intention to include dies in the auction).

**(1) The Sale Motion Is Improperly Ambiguous as to the Identification of Property to Be Sold.**

OBJECTION OF UNITED STATES GOLF ASSOCIATION TO TRUSTEE'S MOTION TO SELL ESTATE PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS - 7

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400 FAX (206) 447-9700

52975194.1

Case 16-11767-CMA    Doc 1512    Filed 03/08/18    Ent. 03/08/18 11:06:55    Pg. 7 of 14

USGA and other parties in interest cannot clearly determine whether the Trustee intends to sell the particular coining dies in which they hold ownership and/or protected intellectual property interests. The Sale Motion is unreasonably ambiguous and unclear in that respect, and nowhere specifically identifies the USGA Dies or provides any information that would allow USGA (or, for that matter, other interested parties and objectors) to determine whether dies that they own and/or in which their intellectual property is embodied or displayed will be included in the auction.

The only possible clarification appears in the Trustee's short-form "Notice to Die Customers Regarding Sale of the Debtor's Assets Free and Clear of Liens, Claims and Interest, and Encumbrances, dated February 27, 2018 ("Sale Notice") (attached as Exh. 7 to the Negri Decl.). USGA received a copy of the Sale Notice within the last few days, but the Sale Notice itself indicates only that the Trustee intends to sell unspecified property including "coining dies owned by Medallic [Art Company LLC] to the extent such dies were created in the last twenty years." USGA's dealings were solely with NWT; accordingly, a sale of dies "owned" by Medallic does not cover the USGA Dies, which therefore cannot be sold in the instant proposed auction without USGA's consent – which it declines to give.

**(2) If the USGA Dies Are Intended to Be Part of the Property to Be Sold, the Trustee Lacks Authority to Sell Them Without USGA's Consent Because They Are Owned by USGA, Not NWT or Medallic.**

USGA owns the USGA Dies. The business relationship between USGA and NWT began in 2014, when USGA contracted with NWT to create – solely for USGA – the coining dies for the Championship Qualifying Medals awarded at the Local and Section Qualifiers for USGA annual national championships, and to strike the requisite number of medals for championships during the annual championship season.

The transactions between USGA and NWT (never Medallic) were memorialized by purchase orders issued by USGA to NWT, and certain other documents reflecting USGA-

OBJECTION OF UNITED STATES GOLF ASSOCIATION TO TRUSTEE'S MOTION TO SELL ESTATE PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS - 8

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400 FAX (206) 447-9700

52975194.1

Case 16-11767-CMA    Doc 1512    Filed 03/08/18    Ent. 03/08/18 11:06:55    Pg. 8 of 14

required terms. Thus, in 2015, pursuant to purchase orders and NWT's invoice, USGA purchased 16 dies, paying NWT a total of $4,000.00 at that time *plus* NWT's additional cost of shipping and handling for the USGA Dies. USGA owned the USGA Dies, and does not consent to their transfer by the Trustee.

In addition, there can be no doubt that NWT does not own any rights in the USGA service marks. It only had the right to reproduce the mark on the limited run of Championship Qualifying Medals produced by NWT with dies that are owned by USGA. At most, USGA granted NWT an extremely limited license to show the USGA marks on the Championship Qualifying Medals produced for USGA's (and its authorized licensees') use at Qualifiers conducted by and under the auspices of USGA. NWT had no right to use the marks for any purpose other than production of the medals, and had no right to grant or license any USGA marks to any other party. A sale under Section 363 cannot convey an asset in which the debtor-transferor lacks any ownership or right. *See Folger-Adam Sec., Inc. v. DeMatties/MacGregor, JV*, 209 F.3d 252, 263 (3d Cir. 2000) (property in question was not part of bankruptcy estate and therefore was not subject to the sale under Section 363); *In re Portrait Corp. of Am.*, 406 B.R. 637, 648 (Bankr. S.D.N.Y. 2009) (debtors "could not have sold to [the purchaser] what they did not at least colorably own.").

Moreover, as a matter of the non-bankruptcy federal laws of trademarks, a trademark license is personal to the licensee such that, absent the express consent of the licensor, a mark is not assignable by the licensee. *See Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (courts that have addressed the issue uniformly hold that a trademark licensee may not sub-license the mark without express permission from the licensor); *Tap Publications v. Chinese Yellow Pages (New York)*, 925 F. Supp. 212, 218 (S.D.N.Y. 1996), *quoting* 2 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 18.14[2] (3d ed. 1996) ("Similarly, the general rule is that unless the license states otherwise, the licensee's right to use the licensed mark is personal and cannot be assigned to another."); *N.C.P. Marketing Group, Inc. v. Blanks*

OBJECTION OF UNITED STATES GOLF ASSOCIATION TO TRUSTEE'S MOTION TO SELL ESTATE PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS - 9

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52975194.1

Case 16-11767-CMA    Doc 1512    Filed 03/08/18    Ent. 03/08/18 11:06:55    Pg. 9 of 14

*(In re N.C.P. Marketing Group, Inc.)*, 337 B.R. 230 (D. Nev. 2005) (under Lanham Act, all trademark licenses are personal and, therefore, non-assignable without consent), *aff'd mem., sub nom. N.C.P. Marketing Group, Inc. v. BG Star Prod'ns, Inc. (In re N.C.P. Marketing Group, Inc.)*, 279 Fed. Appx. 561 (9th Cir. 2008), *cert. denied*, 129 S. Ct. 1577 (2009). *See also In re Trump Entm't Resorts, Inc.*, 526 B.R. 1126 (Bankr. D. Del. 2015) (in the case of an executory non-exclusive trademark license, federal trademark law prohibits the licensee's assignment of the license to another party without the non-debtor licensor's consent).

Accordingly, the USGA Dies cannot be sold by the Trustee without the consent of USGA, which USGA declines to give.

**(3) The Trustee Cannot Satisfy the Requirements of Section 363(f) for a <u>Transfer of the USGA Dies Free and Clear of Any Liens, Claims or Interests</u>**

Section 363(f) of the Bankruptcy Code permits assets to be sold free and clear of interests (the statute does not mention "liens or claims") if any of 5 criteria are met:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). A trademark is a property "interest" subject to protection under Section 363(f). protectable under the statute. *See Pusser's (2001) Ltd. v. HMX, LLC*, 2012 WL 1068756, at *10 (N.D. Ill. Mar. 28, 2012).

The Trustee cannot satisfy the statute with respect to any of the criteria that are applicable to a disposition of the USGA Dies. (Subsection (3) is inapplicable, there being no lien at issue on the part of USGA's interest in the dies.) First, as explained above, federal law gives USGA

OBJECTION OF UNITED STATES GOLF ASSOCIATION TO TRUSTEE'S MOTION TO SELL ESTATE PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS - 10

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52975194.1

Case 16-11767-CMA    Doc 1512    Filed 03/08/18    Ent. 03/08/18 11:06:55    Pg. 10 of 14

protected rights in its marks, which cannot be sold absent USGA's consent. Second, USGA does not consent to the sale of the USGA Dies or the marks thereon. Third, there is no bona fide dispute concerning the nature, extent and legal import of USGA's superior rights in its service marks. Fourth, because the marks cannot be sold without USGA's consent, there is no monetary sum that could satisfy its interest in the continuing protection and exclusive right of use granted to USGA as owner of the marks.

In particular, given USGA's timely and unequivocal refusal to consent, the proposed sale may not divest USGA of any of its ownership interests and rights in the dies and the trademarks and service marks that their use would be intended to reproduce.

**(4) If the Court Determines that the USGA Dies May Be Sold by the Trustee, USGA Is Entitled As a Matter of Law to Adequate Protection of its Interest in the Trademarked Images and Words That Appear On the Dies, In the Form of A Restraint Against Any Use of USGA's Marks By Any Purchaser without USGA's Prior Consent**

As explained above, and for the reasons advanced by other objectors with whom it joins, USGA submits that the Trustee does not hold any salable interest in the USGA Dies. If, however, the Court determines otherwise, there still can be no question that USGA's trademarked images and words are USGA's property. In addressing copyrighted images on certain dies included in the proposed sale, the Trustee concedes that

> [T]hird parties do hold intellectual property rights in works embodied in many of the Dies. The Trustee also agrees that the sale of the physical dies, material objects embodying potentially copyrighted works, does not allow a purchaser to use the Dies to create products that infringe on protected interests.

Reply to Responses to Supplemental Brief Regarding Intellectual Property Interests In support of Trustee's Motions [sic] to Approve Sales of Assets, ECF No. 1493, at 2. The same principles necessarily apply in the case of trademarks and service marks.

OBJECTION OF UNITED STATES GOLF ASSOCIATION TO
TRUSTEE'S MOTION TO SELL ESTATE PROPERTY FREE
AND CLEAR OF LIENS, CLAIMS AND INTERESTS - 11

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52975194.1

Case 16-11767-CMA    Doc 1512    Filed 03/08/18    Ent. 03/08/18 11:06:55    Pg. 11 of 14

Section 363(e) of the Bankruptcy Code entitles the holder of an interest in property sold from a bankruptcy estate to adequate protection of its interest. The relevant sentence of the statute operates with mandatory effect:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, **the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. . . . .**

11 U.S.C. § 363(e) (emphasis added).

USGA submits that the only way for it to receive adequate protection of its rights in its service marks is for the Court to include in the sale approval order a specific direction that any purchaser of the USGA Dies – assuming, arguendo, that they are, in fact, subject to sale – may not use any of the USGA Dies for any purpose. The teeth behind such a restraint are the risks to the purchaser of facing remedies in favor of USGA for contempt of court (violation of such a restraint in this Court's sale approval order) and trademark infringement (misuse of USGA's service marks).

For this purpose, USGA joins in the language proposed by New York Numismatic Club and allied objectors for inclusion in a sale approval order. *See* Supplemental Brief Regarding Intellectual Property Issues In Support of Interest Parties New York Numismatic Club, et al., ECF No. 1485, at 7.

**(5) No Purchaser Will Be Entitled to Protection as a Good Faith Purchaser Under Section 363(m) With Respect to the USGA Dies**

Finally, it is clear, and cannot reasonably be disputed, that USGA owns its trademarks, and that NWT lacks the right to confer any right or license upon a purchaser of dies to use those marks for any purposes. See BLACK'S LAW DICTIONARY 1271 (8th ed. 2004) (bona-fide

OBJECTION OF UNITED STATES GOLF ASSOCIATION TO TRUSTEE'S MOTION TO SELL ESTATE PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS - 12

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400 FAX (206) 447-9700

52975194.1

Case 16-11767-CMA    Doc 1512    Filed 03/08/18    Ent. 03/08/18 11:06:55    Pg. 12 of 14

purchaser is "one who has in good faith paid valuable consideration for property *without notice of prior adverse claims*" (italics added)); *In re Rock Indus. Mach. Corp.*, 572 F.2d 1195, 1197 (7th Cir. 1978) (adopting similar definition for the term "good faith purchaser" in the statutory predecessor of 11 U.S.C. § 363(m)); *Doolittle v. County of Santa Cruz (In re Metzger),* 346 B.R. 806 (Bankr. N.D. Cal. 2006) (purchaser with knowledge of adverse claims in the property to be sold was not a bona fide purchaser protected from the rights of a non-debtor respecting the property). Accordingly, any purchaser of the USGA Dies – if, <u>arguendo</u>, they are subject to sale could not be deemed to take the dies without knowledge of USGA's senior rights and entitlements, and therefore cannot stand behind the shield of Section 363(m) of the Bankruptcy Code as a basis to use the USGA Dies for any purpose without the prior express consent of USGA – which USGA declines to give.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the Trustee's Sale Motion to the extent that it purports to authorize the sale of the USGA Dies and/or any USGA trademarks and service marks.

OBJECTION OF UNITED STATES GOLF ASSOCIATION TO TRUSTEE'S MOTION TO SELL ESTATE PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS - 13

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400 FAX (206) 447-9700

52975194.1

Case 16-11767-CMA    Doc 1512    Filed 03/08/18    Ent. 03/08/18 11:06:55    Pg. 13 of 14

DATED this 8th day of March 2018.

PRYOR CASHMAN LLP
Richard Levy, Jr., NYS Atty. #1696756
*Pro Hac Vice* Pending

and

FOSTER PEPPER PLLC

*/s/ Jack Cullen*
Jack J. Cullen, WSBA #7330
Attorneys for *United States Golf Association*

OBJECTION OF UNITED STATES GOLF ASSOCIATION TO TRUSTEE'S MOTION TO SELL ESTATE PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS - 14

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52975194.1

Case 16-11767-CMA    Doc 1512    Filed 03/08/18    Ent. 03/08/18 11:06:55    Pg. 14 of 14