UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>NORTHWEST TERRITORIAL MINT, LLC,<br><br>Debtor. | Case No. 16-11767-CMA<br><br>ORDER APPROVING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS CLAIMS, INTERESTS, AND ENCUMBRANCES TO INDUSTRIAL ASSETS CORP. |

THIS MATTER comes before the Court upon the motion (the "Sale Motion") (Dkt. No. 146 )[1] of the chapter 11 Trustee, Mark Calvert (the "Trustee"), for the entry of an Order approving the sale of certain of the Debtor's assets free and clear of all liens, claims, interests, and encumbrances to Industrial Assets Corp. ("Industrial Assets" or "Buyer"). The Court held a hearing on the Sale Motion on March 9, 2018 (the "Sale Hearing"). Having considered the Sale Motion, the accompanying declarations, the testimony of any witnesses presented in Court, the Asset Purchase Agreement between the Trustee and Industrial Assets (the "Industrial Assets APA"), a copy of

---

[1] Unless specifically defined herein, capitalized terms used herein shall have the meanings given to them in the Asset Purchase Agreement between the Trustee and Industrial Assets Corp., which is attached hereto as Exhibit A, or, if not defined therein, the Sale Motion.

ORDER APPROVING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO INDUSTRIAL ASSETS CORP.- 1
501037994 v2

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1528    Filed 03/12/18    Ent. 03/12/18 17:02:01    Pg. 1 of 7

which is attached hereto as Exhibit A, any objections and reply materials, the arguments of counsel at the Sale Hearing, and the pleadings and papers herein, the Court **HEREBY FINDS AND DETERMINES AS FOLLOWS**:[2]

A. The Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O). Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. As evidenced by the affidavits of service previously filed with the Court, the Trustee provided proper, timely, adequate and sufficient notice of the Sale Motion, the Sale Hearing, the transactions contemplated under the Industrial Assets APA in accordance with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the Bankruptcy Court for the Western District of Washington. Such notice was good and sufficient, and afforded parties a reasonable opportunity to object or be heard with respect to the matters that are the subject of this Order, and no other or further notice of the Sale Motion or the Sale Hearing shall be required.

C. The Trustee marketed the assets being sold pursuant to the Industrial Assets APA with Industrial Assets (the "Purchased Assets") and conducted the sale process in compliance with applicable law and rules.

D. The Trustee has full power and authority to execute the Industrial Assets APA and all other documents contemplated thereby, and the sale of the Purchased Assets by the Trustee have been duly and validly authorized by all necessary action of the Trustee.

E. Approval of the Industrial Assets APA and consummation of the sale contemplated therein are in the best interests of the Debtor, its creditors, its estate, and other parties in interest.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

ORDER APPROVING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO INDUSTRIAL ASSETS CORP.- 2
501037994 v2

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1528    Filed 03/12/18    Ent. 03/12/18 17:02:01    Pg. 2 of 7

F. The Trustee has demonstrated both (i) good, sufficient, and sound business purpose and justification, and (ii) compelling circumstances for the sale of the Purchased Assets pursuant to 11 U.S.C. § 363(b).

G. The Industrial Assets APA was negotiated, proposed and entered into by the Trustee and the Buyer at arm's length without collusion or fraud, and in good faith within the meaning of Section 363(m) of the Bankruptcy Code.

H. The Buyer is a good faith purchaser under 11 U.S.C. § 363(m) and, as such, is entitled to all of the protections afforded thereby.

I. The consideration provided by the Buyer for the Purchased Assets pursuant to the Industrial Assets APA (i) is fair and reasonable, (ii) is the highest and best offer for the Purchased Assets, (iii) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

J. The transfer of the Purchased Assets to the Buyer will be a legal, valid, and effective transfer of the Purchased Assets, and, as except as expressly stated in this Order, will vest the Buyer with all right, title, and interest of the Debtor to the Purchased Assets free and clear to the fullest extent permitted under the Bankruptcy Code or other applicable law of all interests in such property of any person or entity.

K. The Trustee may sell the Purchased Assets free and clear of all interests, including liens, claims and encumbrances, because one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied. Those holders of interests who withdrew their objections to the Sale Motion are deemed to have consented pursuant to 11 U.S.C. § 363(f)(2). Other holders of interests who objected to the Sale Motion fall within one or more of the other subsections of 11 U.S.C. § 363(f) and are adequately protected by having their interests, if any, attach to the cash proceeds of

ORDER APPROVING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO INDUSTRIAL ASSETS CORP.- 3
501037994 v2

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1528    Filed 03/12/18    Ent. 03/12/18 17:02:01    Pg. 3 of 7

the sale attributable to the property against or in which they assert an interest, in the same order of priority that existed prior to the closing and subject to all objections, counterclaims, recoupments and other defenses of the Debtor's estate.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Sale Motion is GRANTED as described below.

2. The findings of fact and conclusions of law recited above are incorporated herein.

3. All objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

4. The Industrial Assets APA, and all of the terms and conditions thereof, is hereby APPROVED.

5. Pursuant to 11 U.S.C. § 363(b), the Trustee is authorized and directed to consummate the sale to Industrial Assets, pursuant to and in accordance with the terms and conditions of the Industrial Assets APA.

6. The Trustee is authorized and directed to execute and deliver, and empowered to perform under, consummate and implement, the Industrial Assets APA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Industrial Assets APA, and to take all further actions as may be requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer or reducing to possession, the Purchased Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Industrial Assets APA.

7. Except as otherwise specifically provided herein, pursuant to 11 U.S.C. §§ 105(a) and 363(f), the Purchased Assets shall be transferred at Closing to the Buyer, free and clear of all interests, including liens, claims, and encumbrances, with all such interests to attach to the net

ORDER APPROVING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO INDUSTRIAL ASSETS CORP.- 4
501037994 v2

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1528    Filed 03/12/18    Ent. 03/12/18 17:02:01    Pg. 4 of 7

proceeds of the Sale in the order of their priority, with the same validity, force and effect which they now have as against the Purchased Assets, subject to any claims and defenses the Debtor may possess with respect thereto.

8. The sale of the Purchased Assets by the Trustee to Buyer (A) is or will be legal, valid and effective transfers of the Purchased Assets; (B) except as otherwise specifically provided herein, will vest Buyer with all right, title and interest of the Debtor to the Purchased Assets free and clear of all liens, claims and encumbrances pursuant to Section 363(f) of the Bankruptcy Code (other than liens created by Buyer); and (C) constitute transfers for reasonably equivalent value and fair consideration under the Bankruptcy Code and the laws of the state in which Debtor is incorporated and any other applicable non-bankruptcy laws.

9. Except as otherwise provided herein, all persons having interests of any kind or nature whatsoever against or in any of the Purchased Assets shall be forever barred, estopped, and permanently enjoined from pursuing or asserting such interests against the Purchased Assets, the Buyer, or any of its assets, property, successors, or assigns.

10. Except as specifically provided in the Industrial Assets APA and this Order, the transfers contemplated by the Industrial Assets APA do not and shall not subject the Buyer to any liability for claims against the Debtor by reason of such transfers under: (i) the laws of the United States, any state, territory or possession thereof, including claims relating to the operation of the Debtor's business before the Closing Date; (ii) any employment contract, understanding, or agreement, including, without limitation, collective bargaining agreements, employee pension plans, or employee welfare or benefit plans; and/or (iii) any additional contracts and/or other agreements which have been previously entered into by the Debtor.

11. The Transactions contemplated under the Industrial Assets APA do not amount to a consolidation, merger or de facto merger of either the Buyer or the Debtor and/or its estate, particularly as there is no substantial continuity between the Buyer and the Debtor, no continuity of

ORDER APPROVING THE SALE OF CERTAIN OF THE
DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES TO
INDUSTRIAL ASSETS CORP.- 5
501037994 v2

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900SEATTLE,
WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1528    Filed 03/12/18    Ent. 03/12/18 17:02:01    Pg. 5 of 7

enterprise between the Buyer and the Debtor and the Buyer is not a mere continuation of either the Debtor or its estate.

12. This Court retains exclusive jurisdiction to interpret, enforce, implement and resolve any disputes arising under or in connection with the terms and provisions of the Industrial Assets APA, all amendments thereto, any waivers and consents thereunder, and any agreements executed in connection therewith, and this Order.

13. Neither the Trustee nor the Buyer is required to make any filing with or give any notice to, or to obtain any approval, consent, ratification, permission, waiver or authorization from, any person or any governmental authority in connection with the execution and delivery of the Industrial Assets APA, and the Trustee does not need to seek or obtain consent to consummate the sale.

14. The Industrial Assets APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that there will be no material impact on the bankruptcy estate.

15. This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004(h), 6006(d), 7062 and any other provision of the Bankruptcy Code or Bankruptcy Rules shall not apply, is expressly lifted and this Order is immediately effective and enforceable.

16. If any person or entity that has filed financing statements, mortgages, mechanics' liens, lis pendens, or other documents or agreements evidencing claims against or in the Debtor or the Purchased Assets, shall not have delivered to the Trustee prior to Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Debtor, the Purchased Assets, or otherwise, then (at the Closing) only with regard to the Purchased Assets being acquired

ORDER APPROVING THE SALE OF CERTAIN OF THE
DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES TO
INDUSTRIAL ASSETS CORP.- 6
501037994 v2

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900SEATTLE,
WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

by the Buyer pursuant to the Industrial Assets APA, the Buyer is hereby authorized to file, register, or otherwise record a certified copy of this Order (and file any UCC-3 termination statements), which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all claims against the Purchased Assets. This Order is deemed to be in a recordable form sufficient to be placed in the filing or recording system of each and every federal, state or local government agency, department or office.

17. Article 6 of the Uniform Commercial Code governing Bulk Sale Transfers and comparable state statutes are not applicable to the sale of the Purchased Assets to the Buyer.

18. To the extent that any provision of this Order is inconsistent with the provisions of the Industrial Assets APA, any prior order, or any pleading with respect to the motions in this case, the terms of this Order control.

///END OF ORDER///

Presented by:

K&L GATES LLP

*/s/ Michael J. Gearin*
Michael J. Gearin, WSBA #20982
David C. Neu, WSBA #33143
Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

ORDER APPROVING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO INDUSTRIAL ASSETS CORP.- 7
501037994 v2

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022