Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Seattle, Rm. 7206
Hearing Date: May 4, 2018
Hearing Time: 9:30 a.m.
Response Date: April 27, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT, LLC,

Debtor.

Case No. 16-11767-CMA

TRUSTEE'S MOTION FOR ORDER CONVERTING CASE FROM A CHAPTER 11 CASE TO A CHAPTER 7 CASE

## I. INTRODUCTION

Mark Calvert (the "Trustee"), Chapter 11 Trustee for consolidated estates of Medallic Art Company, LLC and Northwest Territorial Mint, LLC (collectively "NWTM" or the "Debtor"), files this motion (the "Motion"), pursuant to 11 U.S.C. § 1112(b)(1) for an order converting this case to a case under Chapter 7 of the Bankruptcy Code. The Trustee worked for more than 20 months to reorganize the business of NWTM and preserve its value as a going concern. Unfortunately, the business has not been profitable since the Spring of 2017 and the Trustee has run out of cash to continue to operate the business. The Trustee closed the business on December 29, 2017 and laid off many of its remaining employees. The Trustee has taken steps to preserve the remaining value of the business by seeking to liquidate its remaining assets. The Debtor's business has terminated and there is no possibility of reorganization. Thus, it is in the best interests of creditors to convert this case.

TRUSTEE'S MOTION FOR ORDER CONVERTING CASE
FROM A CHAPTER 11 TO A CHAPTER 7 CASE - 1

500991539 v8

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## I. BACKGROUND

1. On April 1, 2016, the Debtor commenced this case by filing a voluntary petition under chapter 11 of the United States Bankruptcy Code. On April 11, 2016, the Court appointed Mark Calvert as chapter 11 Trustee. *See* Dkt. No. 51.

2. In recent months, the Debtor's business has suffered from inadequate sales growth due in part from headwinds from the Debtor's bankruptcy. In particular, the company has suffered marginal profits or net operating losses during each of the last eleven months and has suffered an operational loss for calendar year 2017. The operating losses have put a significant strain on the cash resources of the Trustee.

3. Concurrently with this decline in sales, the Trustee intensified his efforts to market and sell the Debtor's business as a going concern. Since May 2017, the Trustee has engaged in marketing efforts related to a potential sale of the business, including by creating a data room, and allowing multiple interested buyers to tour the Dayton facility and review financial and operational information related to the business. The Trustee entertained expressions of interest from multiple parties including offers to purchase the assets of the estate, but no concrete offer materialized on terms which provided any meaningful return to the estate.

4. Due to inadequate cash resources, the Trustee was forced to close the business on December 29, 2017, after working for many months to sell the business as a going concern. The Trustee is now working on liquidating the assets of the bankruptcy estate, which include the minting equipment, dies, and inventory. The Trustee has sought and obtained approval of the majority of the Debtor's equipment to Industrial Assets Corp. for $1.95 million, and is presently pursuing sales of the Debtor's inventory, coining dies, and raw materials to third parties. The Trustee is conserving expenses of the estate to the maximum extent possible.

TRUSTEE'S MOTION FOR ORDER CONVERTING CASE
FROM A CHAPTER 11 TO A CHAPTER 7 CASE - 2

500991539 v8

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1546    Filed 03/23/18    Ent. 03/23/18 14:08:22    Pg. 2 of 6

## II.     EVIDENCE RELIED UPON

This Motion relies on the arguments set forth herein, the Declaration of Trustee Mark Calvert filed in support of the Motion, the pleadings and records on file in this case, and the arguments of counsel, if any.

## III.     ARGUMENT

The Court should convert this bankruptcy case to a case under Chapter 7 of the Bankruptcy Code pursuant to 11 U.S.C. § 1112(b)(1). Section 1112(b)(1) of the Bankruptcy Code requires a court, on request of an interested party, to convert a case filed under Chapter 11 of the Bankruptcy Code to a Case under Chapter 7 if the moving party establishes cause for the conversion.

### A. Cause Exists to Convert this Case to One under Chapter 7 of the Bankruptcy Code.

Section 1112(b)(4) describes various circumstances that constitute "cause." The list, however, is non-exhaustive. *See In re Products Int'l Co.*, 395 B.R. 101, 110 (Bankr. D. Ariz. 2008); *see also* 11 U.S.C. § 102(3) (the word "includes," as used in the Bankruptcy Code, is not limiting). The first example set forth in 1112(b)(4) is "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).

Here, cause exists to convert this case to a Chapter 7 case because of continuing losses to the estate and the absence of a reasonable likelihood of rehabilitation. While the Trustee attempted to reorganize the Debtor's business, inadequate sales for many months resulted in an operational loss for 2017. The cash resources of the estate have been significantly depleted, forcing the Trustee to shut down the business and layoff the vast majority of employees. At this point, there is no possibility of rehabilitation. Thus, the "cause" identified by Section 1112(b)(4) is present in this case, and warrants conversion to a case under chapter 7. This case is now a liquidation proceeding that can be accomplished under chapter 7 of the Bankruptcy Code.

### B. Conversion is in the Best Interests of Creditors.

Once cause is established under 11 U.S.C. § 1112 (b)(1), the Court must consider three alternatives actions: (1) whether to dismiss the case; (2) whether to convert the case to one under

TRUSTEE'S MOTION FOR ORDER CONVERTING CASE
FROM A CHAPTER 11 TO A CHAPTER 7 CASE - 3

500991539 v8

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1546    Filed 03/23/18    Ent. 03/23/18 14:08:22    Pg. 3 of 6

Chapter 7; or (3) whether to appoint a Chapter 11 Trustee. The Court makes its decision based upon whichever result is in the best interest of creditors. *In re Bowers Investment Company, LLC*, 553 B.R. 762 (Bankr. D. Alaska 2016); *In re Gladys Marie Jayo*, 2006 WL 2433451 at *9 (Bankr.D.Idaho July 28, 2006). The court must also identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors. *See* 11 U.S.C. 1112(b)(2); *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 612 (9th Cir. BAP 2014).

Here, conversion is requested by the Trustee. The only option other than converting this case would be dismissal. Dismissal, however, is not in the best interests of estate. There are thousands of creditors who have filed claims in this case totaling in excess of $50 million. While the case is administratively insolvent, the Trustee expects that the liquidation of the physical assets of the estate will generate in excess of $3 million. An orderly liquidation of the assets of the estate will maximize the return for such assets and result in an equitable distribution of the proceeds.

Any person opposing conversion on the basis that "unusual circumstances" exist that establish that conversion is not in the best interests of creditors must also satisfy the requirements of 1112(b)(2), including the requirement that there be a reasonable likelihood of confirmation of a plan within a reasonable period of time, and that the grounds for conversion do not arise under Section 1112(b)(4)(A). *See* 11 U.S.C. 1112(b)(A), (B). No party can establish that there is a reasonable likelihood that a plan will be confirmed within the Bankruptcy Code time frames and the grounds for converting the case arise under section 1112(B)(4)(A). Thus, the additional requirements for denying the motion set forth in section 11 U.S.C. § 1112(b)(2) do not exist.

**C. The Court Should Establish a Preconversion Administrative Claims Bar Date.**

Federal Rule of Bankruptcy Procedure 1019(6) provides that "[a] request for payment of an administrative expense incurred before conversion of the case is timely filed under § 503(a) of the Code if it is filed before conversion or a time fixed by the court." The Trustee requests that in connection with the conversion of this case, the Court fix a deadline for filing preconversion administrative expense

TRUSTEE'S MOTION FOR ORDER CONVERTING CASE
FROM A CHAPTER 11 TO A CHAPTER 7 CASE - 4

500991539 v8

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1546    Filed 03/23/18    Ent. 03/23/18 14:08:22    Pg. 4 of 6

claims. The Trustee believes that a deadline of 90 days from the date of entry of the order coverting this case is reasonable and appropriate under the circumstances.

### IV. CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court convert this case to a case under chapter 7 of the Bankruptcy Code, and establish a deadline of 90 days from entry of the conversion order for creditors to files preconversion administrative expense claims.

DATED this 23rd day of March, 2018.

K&L GATES LLP

By /s/ *David C. Neu*
Michael J. Gearin, WSBA #20982
David C. Neu, WSBA #33143
Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

TRUSTEE'S MOTION FOR ORDER CONVERTING CASE
FROM A CHAPTER 11 TO A CHAPTER 7 CASE - 5

500991539 v8

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1546    Filed 03/23/18    Ent. 03/23/18 14:08:22    Pg. 5 of 6

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a Paralegal in the law firm of K&L Gates LLP, and on March 23, 2018, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

Also on March 23, 2018, she caused the foregoing document to be deposited in the U.S. mail to the Party at the address listed below:

Northwest Territorial Mint LLC
c/o Ross Hansen, Member
P.O. Box 2148
Auburn, WA  98071-2148

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 23rd day of March, 2018 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

TRUSTEE'S MOTION FOR ORDER CONVERTING CASE
FROM A CHAPTER 11 TO A CHAPTER 7 CASE - 6

500991539 v8

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1546    Filed 03/23/18    Ent. 03/23/18 14:08:22    Pg. 6 of 6