Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Rm. 7206
Hearing Date: Friday, April 20, 2018
Hearing Time: 9:30 a.m.
Response Date: April 13, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT, LLC,

Debtor.

Case No. 16-11767-CMA

MOTION FOR ORDER APPROVING THE SALE OF CERTAIN OF THE DEBTOR'S COINING DIES AND INVENTORY TO BOY SCOUTS OF AMERICA

## I. INTRODUCTION

Mark Calvert (the "Trustee"), Chapter 11 Trustee for Northwest Territorial Mint, LLC ("NWTM" or the "Debtor"), submits this Motion, which requests entry of an order approving the sale of certain Medallic Art Company LLC ("Medallic") coining dies and inventory to Boy Scouts of America ("BSA") free and clear of all liens, claims, interests, and encumbrances. BSA was a customer of the Debtor. The items the Trustee seeks to sell to BSA are medallions, coining dies, and awards that the bear the marks of BSA. Approval of the sale will generate $30,000 in sale proceeds for the benefit of the estate, and resolve any claims that BSA may have with respect to (i) the ownership of the property being sold; and (ii) the right of the Trustee to sell such property to third parties given that it contains the marks of BSA. As described in more detail below, approval of the sale to BSA is in the best interests of the estate and should be approved by the Court.

MOTION FOR ORDER APPROVING SALE OF CERTAIN
OF THE DEBTOR'S COINING DIES AND INVENTORY
TO BOY SCOUTS OF AMERICA.- 1

501125543 v7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1551    Filed 03/26/18    Ent. 03/26/18 15:50:00    Pg. 1 of 7

## II. BACKGROUND

On April 1, 2016, the Debtor commenced this case by filing a voluntary petition under chapter 11 of the United States Bankruptcy Code. On April 11, 2016, the Court appointed Mark Calvert as chapter 11 Trustee. *See* Dkt. No. 51.

The Trustee's goal in this case has been to maximize the recovery of creditors. Since May 2017, the Trustee has engaged in marketing efforts related to a potential sale of the business. The Trustee entertained expressions of interest from multiple parties including offers to purchase the assets of the estate on a going concern basis and for substantially all of the assets of the estate, but no concrete offer materialized for such a sale on terms which provided any meaningful return to the estate. Because no concrete offer materialized, and because of the inadequate cash resources available to the Trustee, the Trustee closed the Debtor's custom minting business on December 29, 2017 and prepared to liquidate the assets of the estate via auction.

The Trustee sought authority to sell substantially all of the Debtor's assets at auction. While the Trustee prepared to sell the Debtor's assets at auction, he engaged in negotiations with multiple buyers for various aspects of the Debtor's assets. Ultimately, the Trustee separately reached agreements with Industrial Assets Corp. and Medalcraft Mint, Inc. for the purchase and sale of certain assets of the Debtor. The Industrial Assets Corp. sale was approved by this Court on March 9, 2018. The Medalcraft sale, which contemplates the sale of certain company-owned coining dies, has not yet been approved.

BSA has filed pleadings in this case whereby it has asserted that the Debtor's inventory includes coins, medallions and knives bearing the marks, emblems, and logos of BSA. *See* Dkt. No. 1369, 1395. BSA has also asserted that the Debtor entered into certain agreements with the BSA regarding the use of the marks by the Debtor and the sale of merchandise to BSA at a fixed price. According to BSA, the Debtor does not have its permission to sell or distribute certain inventory on

MOTION FOR ORDER APPROVING SALE OF CERTAIN
OF THE DEBTOR'S COINING DIES AND INVENTORY
TO BOY SCOUTS OF AMERICA.- 2

501125543 v7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1551    Filed 03/26/18    Ent. 03/26/18 15:50:00    Pg. 2 of 7

hand. BSA has also argued that it owns the physical coining dies that the Debtor used to make products for BSA. *See* Dkt. No. 1484.

The Trustee has entered into an Asset Purchase Agreement with BSA ("Boy Scouts APA"). The Boy Scouts APA was the result of arms-length negotiations between the Trustee and BSA. A copy of the Boy Scouts APA is attached as Exhibit A to the Declaration of Mark Calvert filed in support of this Motion. The Boy Scouts APA provides that Boy Scouts will purchase certain medallions, awards, coining dies, and knives bearing the marks of BSA and identified in more detail on Schedule 2.1.2 of the Boy Scouts APA (the "Boy Scouts Assets"). The Boy Scouts APA provides for a purchase price of $30,000. BSA will be responsible for payment of costs associated with the shipping of the Boy Scouts Assets and any applicable sales tax.

The Trustee believes that the Boy Scouts' offer is on reasonable terms. If the Trustee does not sell the Boy Scouts Assets to BSA, he will be forced to sell them at auction, or to a third party. The proposed sale to BSA guarantees a certain return for the estate, and avoids the cost of an auctioneer. Importantly, if the Trustee were to sell to a third party, the Trustee would be forced to resolve, perhaps through litigation, the objections of BSA and their claim to ownership of some or all of the Boy Scouts Assets.

Based on the Trustee's experience in marketing coining dies, medallions, and the Debtor's inventory for sale, the Trustee believes that the price offered for the Boy Scouts Assets is reasonable. The Trustee believes that it is in the best interests of the estate to consummate the sale to BSA. The Trustee seeks to sell the Boy Scouts Assets free and clear of liens and encumbrances. The Trustee is unaware of any parties, other than the Boy Scouts, who assert an interest in the Boy Scouts Assets.

### III. EVIDENCE RELIED UPON

This Motion relies on the arguments set forth herein, the Declarations of Trustee Mark Calvert filed in support of this Motion, the pleadings and records on file in this case, and the arguments of counsel, if any.

MOTION FOR ORDER APPROVING SALE OF CERTAIN
OF THE DEBTOR'S COINING DIES AND INVENTORY
TO BOY SCOUTS OF AMERICA.- 3

501125543 v7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1551    Filed 03/26/18    Ent. 03/26/18 15:50:00    Pg. 3 of 7

## IV. ARGUMENT

The Court should approve the Trustee's proposed sale of the Boy Scouts Assets, free and clear of liens, claims, interests, and encumbrances, pursuant to the terms of the Boy Scouts APA. Section 363(b) of the Bankruptcy Code provides that the Trustee is authorized to sell assets outside the ordinary course of its business. While the text of the Bankruptcy Code does not provide the standard for determining when it is appropriate for a court to authorize the sale of property of the estate, courts often approve a proposed sale if such sale is based upon the sound business judgment of the debtor. *See, e.g.*, *Meyers v. Martin (In re Martin)*, 9 F.3d 389, 395 (3d Cir. 1996); *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983).

### A. The Proposed Sale Meets the Requirements for a Sale Under 363(b).

Here, a sound business reason exists for the proposed sale to BSA. Namely, the objective of the Trustee's proposed sale is to maximize the proceeds of such sale for the benefit of the bankruptcy estate. *See, e.g., Four B. Corp. v. Food Barn Stores, Inc.(In re Food Barn Stores, Inc.)*, 107 F.3d 558, 564-65 (8th Cir. 1997) (stating that in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *In re Integrated Res, Inc.*, 147 B.R. 650, 659 (S.D.N.Y. 1992) ("'It is a well-established principle of bankruptcy law that the objective of bankruptcy rules and the [Debtor's] duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.'") (alteration in original) (quoting *In re Atlanta Packaging Products, Inc.*, 99 B.R. 124, 130 (Bankr. N.D. Ga. 1988)). The Trustee has closed the Debtor's operations and proposes the sale to BSA with an aim to maximize the recovery for the benefit of the estate.

The sale of assets outside of the ordinary course of business may be conducted by a public sale, or a private sale under appropriate circumstances. *See In re Bakalis*, 220 B.R. 525, 531 (Bankr. E.D.N.Y. 1998) ("Unlike judicial sales under the former Bankruptcy Act, the sale of estate property under the Bankruptcy Code is conducted by a trustee, who has ample discretion . . . to conduct public or private sales of estate property.") (internal quotations and citation omitted). Here, the

MOTION FOR ORDER APPROVING SALE OF CERTAIN
OF THE DEBTOR'S COINING DIES AND INVENTORY
TO BOY SCOUTS OF AMERICA.- 4

501125543 v7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1551    Filed 03/26/18    Ent. 03/26/18 15:50:00    Pg. 4 of 7

Trustee proposes to sell the assets to BSA in a private sale. The proposed sale to BSA is fair, and on reasonable terms. The Trustee does not believe he could obtain a higher and better offer for the Boy Scouts Assets within a reasonable period of time. Here, the sale to BSA has the additional value of resolving all claims by BSA to the Boy Scouts Assets, which the Trustee would be forced to resolve if he were to sell to a third party.

For purposes of 11 U.S.C. § 363(m), a "good faith purchaser" is one who buys "in good faith" and "for value." *Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 281 (9th Cir. 1992). "The requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings." *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 147 (3d Cir. 1992) (quotations omitted). The "lack of good faith is shown by 'fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.'" *In re Ewell*, 958 F.2d at 281 (quoting *Community Thrift & Loan v. Suchy (In re Suchy)*, 786 F.2d 900, 902 (9th Cir. 1985)); *see also In re Abbotts Dairies*, 788 F.2d at 147.

Here, the Boy Scouts APA is the result of arm's length negotiations between the Trustee and BSA. It is not the result of any fraud or collusion between the Trustee and BSA or between the Debtor and BSA. BSA is therefore a good-faith buyer within the meaning of 11 U.S.C. § 363(m). The proposed purchase price of $30,000, is fair and reasonable, and represents the highest and best offer the Trustee can obtain for the Boy Scouts Assets.

**B. Good Cause Exists to Waive the Stay Under Fed. R. Bankr. P. 6004(h).**

Pursuant to Fed. R. Bankr. P. 6004(h), any order authorizing the use, sale, or lease of property other than cash collateral is stayed for 14 days, unless the court orders otherwise. Given the liquidity concerns facing the Debtor's estate, and the necessity that this sale close quickly, cause exists to waive the stay and permit the Trustee to quickly consummate the proposed sale to BSA.

**C. The Proposed Sale Satisfies the Requirements of 11 U.S.C. § 363(f).**

Pursuant to 11 U.S.C. § 363(f), a Trustee may sell property of the estate under 11 U.S.C. § 363(b) free and clear of any interest in such property of any entity other than the estate only if (1)

MOTION FOR ORDER APPROVING SALE OF CERTAIN
OF THE DEBTOR'S COINING DIES AND INVENTORY
TO BOY SCOUTS OF AMERICA.- 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

501125543 v7

Case 16-11767-CMA    Doc 1551    Filed 03/26/18    Ent. 03/26/18 15:50:00    Pg. 5 of 7

applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which the property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; *or* (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f) (emphasis added).

Here, the Trustee is not aware of any entities that claim a lien on, or interest in, any of the Boy Scouts Assets (other than BSA). The Trustee will provide notice of this Motion to the entire mailing matrix, so that if any entity claims a lien on the assets being sold, they will have an opportunity to object. If no such creditor objects, the sale free and clear will be permitted under 11 U.S.C. § 363(f)(2). Moreover, even if alleged secured creditors object to the sale, the sale free and clear is permissible under 11 U.S.C. § 363(f)(5) because there are legal and equitable proceedings in which a lienholder could be compelled to accept a money satisfaction of such lien, including the disposition of collateral under the default remedies provided in Washington's Uniform Commercial Code (Chapter 62A.9A RCW) or in a receivership proceeding pursuant to RCW 7.60.260.

## V. CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order in the form proposed by the Trustee, granting the Motion, authorizing his proposed sale to BSA, and for such other relief as the Court deems appropriate under the circumstances.

DATED this 26th day of March, 2018.

K&L GATES LLP

By /s/ *David C. Neu*
　　Michael J. Gearin, WSBA #20982
　　David C. Neu, WSBA #33143
　　Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

MOTION FOR ORDER APPROVING SALE OF CERTAIN
OF THE DEBTOR'S COINING DIES AND INVENTORY
TO BOY SCOUTS OF AMERICA.- 6

501125543 v7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1551    Filed 03/26/18    Ent. 03/26/18 15:50:00    Pg. 6 of 7

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a Paralegal in the law firm of K&L Gates LLP, and on March 26, 2018, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

Also on March 26, 2018, she caused the foregoing document to be deposited in the U.S. mail to the Party at the address listed below:

Northwest Territorial Mint LLC
c/o Ross Hansen, Member
P.O. Box 2148
Auburn, WA 98071-2148

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 26th day of March, 2018 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

MOTION FOR ORDER APPROVING SALE OF CERTAIN OF THE DEBTOR'S COINING DIES AND INVENTORY TO BOY SCOUTS OF AMERICA.- 7

501125543 v7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1551    Filed 03/26/18    Ent. 03/26/18 15:50:00    Pg. 7 of 7