Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Rm. 7206
Hearing Date: Friday, May 4, 2018
Hearing Time: 9:30 a.m.
Response Date: April 27, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>NORTHWEST TERRITORIAL MINT, LLC,<br><br>Debtor. | Case No. 16-11767-CMA<br><br>RENEWED MOTION FOR ORDER APPROVING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MEDALCRAFT MINT, INC. |

## I. INTRODUCTION

Mark Calvert (the "Trustee"), Chapter 11 Trustee for Northwest Territorial Mint, LLC ("NWTM" or the "Debtor"), submits this Motion, which requests entry of an order approving the sale of the Medallic tradename, website, customer lists, archives, tools, specific machinery, certain company owned Medallic dies and other property to Medalcraft Mint, Inc. ("Medalcraft") free and clear of all liens, claims, interests, and encumbrances. Approval of the sale to Medalcraft is in the best interests of the estate and should be approved by the Court.

## II. BACKGROUND

On April 1, 2016, the Debtor commenced this case by filing a voluntary petition under chapter 11 of the United States Bankruptcy Code. On April 11, 2016, the Court appointed Mark Calvert as chapter 11 Trustee. *See* Dkt. No. 51.

RENEWED MOTION FOR ORDER APPROVING SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MEDALCRAFT MINT, INC.- 1
501163369 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1556    Filed 03/30/18    Ent. 03/30/18 15:28:13    Pg. 1 of 11

The Trustee's goal in this case has been to maximize the recovery of creditors. Since May 2017, the Trustee has engaged in marketing efforts related to a potential sale of the business. The Trustee entertained expressions of interest from multiple parties including offers to purchase the assets of the estate on a going concern basis and for substantially all of the assets of the estate, but no concrete offer materialized for such a sale on terms which provided any meaningful return to the estate. Because no concrete offer materialized, and because of the inadequate cash resources available to the Trustee, the Trustee closed the custom minting business on December 29, 2017 and prepared to liquidate the assets of the estate via auction.

While the Trustee prepared to sell the Debtor's assets at auction, he engaged in negotiations with multiple buyers for various aspects of the Debtor's assets. Ultimately, the Trustee separately reached agreements with Industrial Assets Corp. ("Industrial Assets") and Medalcraft for the purchase and sale of certain assets of the Debtor.

The Trustee entered into an Asset Purchase Agreement dated January 26, 2018 with Medalcraft (the "Initial Medalcraft APA"), and on February 16, 2018, the Trustee filed his Motion for Order Approving Sale of the Debtor's Assets Free and Clear of all Liens, Claims, Interests and Encumbrances to Medalcraft Mint, Inc. (the "Initial Medalcraft Sale Motion"). Following the filing of the Initial Medalcraft Sale Motion, the Trustee received an additional offer for the assets covered by the Initial Medalcraft APA from an individual named Rodger May. At a hearing on March 19, 2018, the Court denied entry of the Initial Medalcraft Sale Motion.

Immediately subsequent to the March 19, 2018 hearing, the Trustee and Rodger May began engaging in discussions regarding a potential purchase, by Rodger May, of the majority of the estate's remaining assets. To date, the Trustee has not received an offer from Rodger May resulting from these discussions.

A large portion of the coining dies which Medalcraft agreed to purchase are related to former Medallic Art Company LLC's ("MACLLC") customers such as colleges and universities which traditionally ordered medallions and medals for graduation ceremonies. As such, the peak business

RENEWED MOTION FOR ORDER APPROVING SALE
OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND
CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND
ENCUMBRANCES TO MEDALCRAFT MINT, INC.- 2
501163369 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1556    Filed 03/30/18    Ent. 03/30/18 15:28:13    Pg. 2 of 11

season for MACLLC was traditionally in the spring. The Trustee is growing increasingly concerned that if a deal is not consummated for these dies quickly, their value to Medalcraft will decrease, or that Medalcraft will lose interest in acquiring the dies. As a result, the Trustee has entered into a new Asset Purchase Agreement dated March 28, 2018 with Medalcraft (the "Medalcraft APA"). The only substantive difference between the Initial Medalcraft APA and the Medalcraft APA is an increase in the purchase price to $1,000,000.

The Medalcraft APA was the result of arms-length negotiations between the Trustee and Medalcraft. A copy of the Medalcraft APA is attached as Exhibit A to the Declaration of Mark Calvert filed in support of this Motion. The Medalcraft APA provides that Medalcraft will purchase, among other things, the Medallic Art name and website; marketing materials; Medallic archives; customer list; sales history; vendor list; certain company owned dies associated with any customer for which there has been a sale in the last 20 years; tools; and woodworking equipment (the "Medalcraft Assets"). The Medalcraft APA also provides that Medalcraft will purchase three pieces of specifically identified equipment. The Medalcraft APA provides for a purchase price of $1,000,000. Medalcraft will provide a nonrefundable earnest money deposit in the amount of $100,000 in connection with the sale.

The Trustee believes that the Medalcraft Assets offer is on reasonable terms. If the Trustee does not sell the Medalcraft Assets to Medalcraft, there is the potential that there will be no sale of the Medalcraft Assets or that he will be forced to attempt to sell such assets at auction. The proposed sale to Medalcraft guarantees a certain return for the estate. Since the Medalcraft sale will close immediately upon Court approval, the assets will be expeditiously moved from the Dayton facility, which aids the Trustee's efforts to conclude the use of that facility.

The Trustee has communicated with multiple interested purchasers regarding the sale of the assets of the Debtor over the course of more than six months. Based on his experience in marketing the assets which are the subject of the Medalcraft sale, the Trustee believes that the price offered for

RENEWED MOTION FOR ORDER APPROVING SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MEDALCRAFT MINT, INC.- 3
501163369 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1556    Filed 03/30/18    Ent. 03/30/18 15:28:13    Pg. 3 of 11

the assets is reasonable. The Trustee believes that it is in the best interests of the estate to consummate the sale to Medalcraft.

The Trustee seeks to sell the Medalcraft Assets free and clear of liens and encumbrances. Two creditors have asserted liens against certain of the assets of the estate, the validity of which liens are disputed by the Trustee. On February 13, 2018, the Court ordered that if Connie Hoff, Robert Hoff, Medallic Art Company, Ltd., Ross Hansen, Medallic Art Limited Partnership ("MALP"), or any of their affiliates (each an "Interested Party") intend to object to a proposed sale of estate property on the basis that assets sought to be sold by the Trustee are not property of the estate, they must commence an adversary proceeding by filing a verified complaint no later than 5:00 p.m. on February 22, 2018. "Any Interested Party who does not timely commence suit waives any and all rights to assert in this case that the Medallic Assets are not property of the estate." Dkt. No. 1449. As of the date of this Motion, no such verified complaint has been filed. The Trustee submits that there is no legitimate basis for an assertion that the assets which are the subject of the Medalcraft sale are the property of MALP or are otherwise not property of the bankruptcy estate.

The Hoffs allege that they hold a pre-petition security interest in certain personal property relating to a the Debtor's lease for its Dayton facility. A copy of the Hoff Security Agreement is attached to the Declaration of Connie Hoff at Dkt. No. 1330, Ex. D. The Trustee disputes that the Hoffs hold a perfected security interest in the assets identified in the Security Agreement. MALP executed the Security Agreement on July 10, 2009 and it was perfected on the same day. The initial financing statement expired after five years, *i.e.*, July 10, 2014. The Hoffs did not file a continuation statement prior to the expiration of the initial UCC-1, causing their security interest to lapse.

Following the filing of this bankruptcy case, the Hoffs realized their security interest had become unperfected and attempted to perfect it with a new financing statement. The Hoffs attempted to file a new UCC-1 financing statement on April 21, 2016. The Hoffs further filed an amendment to their April 21, 2016 financing statement on May 17, 2017, which purported to add MACLLC as a debtor. MACLLC is the successor in interest to the defunct MALP, and it was

RENEWED MOTION FOR ORDER APPROVING SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MEDALCRAFT MINT, INC.- 4
501163369 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1556    Filed 03/30/18    Ent. 03/30/18 15:28:13    Pg. 4 of 11

substantively consolidated with the Debtor *nunc pro tunc* as of April 1, 2016. Thus, the Hoffs' May 17, 2017 financing statement amendment was filed post-petition as to MACLLC.

The Hoffs' alleged pre-petition security interest in the estate's assets is subject to a bona fide dispute. Even assuming that the security interest was valid, its perfection after lapse was barred by the automatic stay rendering the security interest avoidable.

On February 14, 2018, the Court entered its Order Granting in Part and Denying in Part Motion for Relief from the Automatic Stay (Dkt. No. 1450). By that order, the Court granted a post-petition lien on all assets of the bankruptcy estate to secure any administrative claim they may be allowed under Section 507(a)(2) that arises from the Trustee's use of the Dayton Premises prior to the time the Trustee vacates the Dayton Premises.

Pan American Silver Corporation ("Pan American") asserts that it holds a security interest in one item of equipment that the Trustee intends to sell to Medalcraft.[1] The Trustee and Pan American have entered into a settlement agreement which allows Pan American a secured claim in the amount of $20,000 to be paid from the sale of its collateral. The Trustee has noted a motion to approve the settlement for April 6, 2018.

The Debtor owns and possesses thousands of dies used by the Debtor to produce custom-made products (the "Coining Dies"). Prior to the hearing on the Initial Medalcraft Sale Motion, various customers of the Debtor objected to the sale of certain of the Debtor's Coining Dies, asserting an ownership interest in the dies. The Medalcraft APA intends to sell Medallic company owned Coining Dies, trim tools, and racks associated with any customer for which there has been a sale within the past twenty years. A very limited number of objecting parties assert an interest in the Coining Dies being sold to Medalcraft under the Medalcraft APA. The Trustee has concluded that,

---

[1] The original Pan American security agreement dated back to April, 4, 2005 and described ten items of equipment. Only seven of those items of equipment remained in the possession of the Debtor at the time the bankruptcy case was filed. Those items are: Columbia coining press 360 ton #6080-242, Clean Aire melt furnace, #M1225T-03, HME-K360 coining press #15413, Augenstein reduction machine type 505, #5034, Janvier reduction machine #2, Janvier reduction machine #4, and HME-K600 coining press #16371. Only the HME-K360 coining press #15413 is included in the assets in the Medalcraft sale.

RENEWED MOTION FOR ORDER APPROVING SALE
OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND
CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND
ENCUMBRANCES TO MEDALCRAFT MINT, INC.- 5
501163369 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1556    Filed 03/30/18    Ent. 03/30/18 15:28:13    Pg. 5 of 11

with some limited exceptions, it was the Debtor's written policy that it owned the Medallic Coining Dies. While the Debtor charged customers a fee to create the dies, the Debtor retained ownership in the Coining Dies. The Debtor's written policy is maintained on its website, and was communicated in other documents. Employees of the Debtor, including the Debtor's former Director of Sales on the Medallic side, have confirmed this policy. The Debtor stored, preserved, and maintained most of its Coining Dies in its facilities at its own cost, and did not charge customers for die storage and maintenance. Medalcraft has acknowledged that there may be exceptions to the general rule of company ownership of the dies and has agreed to address such issues with individual customers post closing. Medalcraft has also confirmed that it will honor its longstanding policy that the dies which contain customer owned copyright or tradenames will not be used absent express permission from the customer. *See* Declaration of Jerry Moran. [Dkt No. 1460].

### III. EVIDENCE RELIED UPON

This Motion relies on the arguments set forth herein; the Declarations of Trustee Mark Calvert filed in support of this Motion,; the Declarations of Jerry Moran, Susan Skaggs, and Paul Wagner filed in support of the Initial Medalcraft Sale Motion (Dkt. Nos.1458, 1459, and 1460); the pleadings and records on file in this case; and the arguments of counsel, if any.

### IV. ARGUMENT

The Court should approve the Trustee's proposed sale of the Medalcraft Assets, free and clear of liens, claims, interests, and encumbrances, pursuant to the terms of the Medalcraft APA. Section 363(b) of the Bankruptcy Code provides that the Trustee is authorized to sell assets outside the ordinary course of its business. While the text of the Bankruptcy Code does not provide the standard for determining when it is a appropriate for a court to authorize the sale of property of the estate, courts often approve a proposed sale if such sale is based upon the sound business judgment of the debtor. *See, e.g.*, *Meyers v. Martin (In re Martin)*, 9 F.3d 389, 395 (3d Cir. 1996); *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983).

RENEWED MOTION FOR ORDER APPROVING SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MEDALCRAFT MINT, INC.- 6
501163369 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1556    Filed 03/30/18    Ent. 03/30/18 15:28:13    Pg. 6 of 11

**A. The Proposed Sale Meets the Requirements for a Sale Under 363(b).**

Here, a sound business reason exists for the proposed sale to Medalcraft. Namely, the objective of the Trustee's proposed sale is to maximize the proceeds of such sale for the benefit of the bankruptcy estate. *See, e.g., Four B. Corp. v. Food Barn Stores, Inc.(In re Food Barn Stores, Inc.)*, 107 F.3d 558, 564-65 (8th Cir. 1997) (stating that in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *In re Integrated Res, Inc*., 147 B.R. 650, 659 (S.D.N.Y. 1992) ("'It is a well-established principle of bankruptcy law that the objective of bankruptcy rules and the [Debtor's] duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.'") (alteration in original) (quoting *In re Atlanta Packaging Products, Inc.*, 99 B.R. 124, 130 (Bankr. N.D. Ga. 1988)). The Trustee has closed the Debtor's operations and proposes the sale to Medalcraft with an aim to maximize the recovery for the benefit of the estate.

The sale of assets outside of the ordinary course of business may be conducted by a public sale, or a private sale under appropriate circumstances. *See In re Bakalis*, 220 B.R. 525, 531 (Bankr. E.D.N.Y. 1998) ("Unlike judicial sales under the former Bankruptcy Act, the sale of estate property under the Bankruptcy Code is conducted by a trustee, who has ample discretion . . . to conduct public or private sales of estate property.") (internal quotations and citation omitted). The proposed sale to Medalcraft is the highest and best concrete offer that the Trustee has received to date and the Trustee does not believe he could obtain a higher and better offer within a reasonable period of time.

For purposes of 11 U.S.C. § 363(m), a "good faith purchaser" is one who buys "in good faith" and "for value." *Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 281 (9th Cir. 1992). "The requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings." *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 147 (3d Cir. 1992) (quotations omitted). The "lack of good faith is shown by 'fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other

RENEWED MOTION FOR ORDER APPROVING SALE
OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND
CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND
ENCUMBRANCES TO MEDALCRAFT MINT, INC.- 7
501163369 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1556    Filed 03/30/18    Ent. 03/30/18 15:28:13    Pg. 7 of 11

bidders.'" *In re Ewell*, 958 F.2d at 281 (quoting *Community Thrift & Loan v. Suchy (In re Suchy)*, 786 F.2d 900, 902 (9th Cir. 1985)); *see also In re Abbotts Dairies*, 788 F.2d at 147.

Here, the Medalcraft APA is the result of arm's length negotiations between the Trustee and Medalcraft. It is not the result of any fraud or collusion between the Trustee and Medalcraft or between the Debtor and Medalcraft. Medalcraft is therefore a good-faith buyer within the meaning of 11 U.S.C. § 363(m).

The proposed purchase price of $1,000,000, is fair and reasonable, and represents the highest and best concrete offer that the Trustee has received for the Medalcraft Assets.

### B. Good Cause Exists to Waive the Stay Under Fed. R. Bankr. P. 6004(h).

Pursuant to Fed. R. Bankr. P. 6004(h), any order authorizing the use, sale, or lease of property other than cash collateral is stayed for 14 days, unless the court orders otherwise. As noted herein, given the liquidity concerns facing the Debtor's estate, and the necessity that this sale close quickly, cause exists to waive the stay and permit the Trustee to quickly consummate the proposed sale to Medalcraft Assets.

### C. The Proposed Sale Satisfies the Requirements of 11 U.S.C. § 363(f).

Pursuant to 11 U.S.C. § 363(f), a Trustee may sell property of the estate under 11 U.S.C. § 363(b) free and clear of any interest in such property of any entity other than the estate only if (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which the property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; *or* (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f) (emphasis added). Here, there are multiple bases upon which the Court should authorize the Trustee sale of the Medalcraft Assets "free and clear."

The Trustee has provided notice of this Motion to the creditors and parties in interest as required by the Court, so that if any entity claims a lien on the assets being sold, they will have an opportunity to object. If no such creditor objects, the sale free and clear will be permitted under

RENEWED MOTION FOR ORDER APPROVING SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MEDALCRAFT MINT, INC.- 8
501163369 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1556    Filed 03/30/18    Ent. 03/30/18 15:28:13    Pg. 8 of 11

11 U.S.C. § 363(f)(2). Moreover, even if alleged secured creditors object to the sale, the sale free and clear is permissible under 11 U.S.C. § 363(f)(5) because there are legal and equitable proceedings in which a lienholder could be compelled to accept a money satisfaction of such lien, including the disposition of collateral under the default remedies provided in Washington's Uniform Commercial Code (Chapter 62A.9A RCW) or in a receivership proceeding pursuant to RCW 7.60.260.

In addition, the Motion satisfies the requirements of 11 U.S.C. § 363(f). With respect to Pan American, Pan American has consented to the sale of its purported collateral with their interest attaching to the proceeds. With respect to the Hoffs, the Hoffs' alleged security interest is subject to a bona fide dispute because it is subject to avoidance. The Trustee disputes that the Hoffs hold a perfected security interest in the assets listed on Exhibit "B" to the Security Agreement. MALP executed the Security Agreement on July 10, 2009. On July 10, 2009, the Hoffs' attorney filed a UCC-1 financing statement with the State of Nevada. The initial financing statement expired after five years, *i.e.*, July 10, 2014. The Hoffs did not file a continuation statement prior to the expiration of the initial UCC-1, causing their security interest to lapse and become unperfected.

Following the filing of this bankruptcy case, the Hoffs realized their security interest had become unperfected and attempted to perfect it with a new financing statement. The Hoffs attempted to file a new UCC-1 financing statement on April 21, 2016. The Hoffs further filed an amendment to their April 21, 2016 financing statement on May 17, 2017, which purported to add MACLLC as a debtor. MACLLC is the successor in interest to the defunct MALP, and it was substantively consolidated with the Debtor *nunc pro tunc* as of April 1, 2016. Thus, the Hoffs' May 17, 2017 financing statement amendment was filed post-petition as to MACLLC. The hypothetical lien creditor referenced in section 544 of the Bankruptcy Code is one holding a lien as of the date of the commencement of the case. Thus, any lien of the Hoffs is subject to avoidance under 11 U.S.C. § 544, and therefore is subject to a bona fide dispute. With respect to the Hoffs' post-petition lien, the Trustee believes that the Hoffs are adequately protected by having the lien

RENEWED MOTION FOR ORDER APPROVING SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MEDALCRAFT MINT, INC.- 9
501163369 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1556    Filed 03/30/18    Ent. 03/30/18 15:28:13    Pg. 9 of 11

attach to the proceeds. The Trustee further believes that the Hoffs will consent to the sale, and that the value of any claim it holds is less than the purchase price of the Medalcraft Assets.

Furthermore, Section 363(f) of the Bankruptcy Code is satisfied because any lienholder also will be adequately protected by having its liens, if any, attach to the proceeds of the sale in the same order of priority, with the same validity, force, and effect that such creditor had prior to such sale, subject to any claims and defenses that the Trustee and the Debtor's bankruptcy estate may possess with respect thereto. For all of these reasons, the proposed sale free and clear of liens should be approved.

## V. CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order in the form proposed by the Trustee, granting the Motion, authorizing his proposed sale to Medalcraft, and for such other relief as the Court deems appropriate under the circumstances.

DATED this 30th day of March, 2018.

K&L GATES LLP

By /s/ *David C. Neu*_____
Michael J. Gearin, WSBA #20982
David C. Neu, WSBA #33143
Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

RENEWED MOTION FOR ORDER APPROVING SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MEDALCRAFT MINT, INC.- 10
501163369 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1556    Filed 03/30/18    Ent. 03/30/18 15:28:13    Pg. 10 of 11

## CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a Paralegal in the law firm of K&L Gates LLP, and on March 30, 2018, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

Also on March 30, 2018, she caused the foregoing document to be placed in the mail to the Parties at the addresses listed below:

Northwest Territorial Mint LLC
c/o Ross Hansen, Member
P.O. Box 2148
Auburn, WA  98071-2148

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 30th day of March, 2018 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

RENEWED MOTION FOR ORDER APPROVING SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MEDALCRAFT MINT, INC.- 11
501163369 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1556    Filed 03/30/18    Ent. 03/30/18 15:28:13    Pg. 11 of 11