Hon. Christopher M. Alston
Chapter 7
Date of Hearing: April 20, 2018
Time of Hearing: 9:30 a.m.
Location of Hearing: United States Courthouse, 700 Stewart St., Rm. 7206, Seattle, WA
Response Date: April 13, 2018

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>NORTHWEST TERRITORIAL MINT, LLC,<br><br>Debtor. | NO. 16-11767-CMA<br><br>OBJECTION TO THE TRUSTEE'S MOTION TO APPROVE DEADLINE TO ASSERT CLAIMS WITH RESPECT TO OWNERSHIP OF DIES AND SETTLEMENT PROTOCOL TO RESOLVE CLAIMS TO OWNERSHIP OF DIES |

COMES NOW Nevada Northern Railway Foundation, Inc. ("NNRF") and OBJECTS to the Trustee's Motion to Approve (I) Deadline to Assert Claims with respect to Ownership of Northwest Territorial Mint ("NWTM') Coining Dies and (II) Settlement Protocol to Resolve Claims to Ownership of NWTM Dies.

Given the previous ruling made by the Court on March 9 and March 16 in regard to the Trustee's motion to sell assets, Respondent is dumbfounded and flummoxed that the Trustee would have the audacity to request approval of this summary process. At the March 9 hearing, the Court verbally appeared to recognize that the determination of ownership could be made by adversary proceeding only. Now, fancifully described as a "Settlement" and fancily entitled a "Protocol," the Trustee proposes this process that
Objection to the Trustee's Motion to Approve
Deadline to Assert Claims with respect to
Ownership of Dies and Settlement Protocol to
Resolve Claims to Ownership of Dies-1 of 3



THE LAW OFFICES OF LANCE L. LEE
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154-1003
(206) 332-9841 / Fax: (206) 905-2991

Case 16-11767-CMA    Doc 1589    Filed 04/13/18    Ent. 04/13/18 14:45:00    Pg. 1 of 3

would circumvent the need for presenting of evidence and other due process concerns in favor of a compromise for convenience sake.

Respondent seconds and hereby joins in the numerous objections voiced and explicated by United States Golf Association ("USGA") in its objection to the instant motion, filed on April 11, 2018 and numbered document 1580 on the case docket. Specifically:

1. <u>The timing of the motion is suspect.</u>  The hearing on the instant motion is set for exactly one week prior to the hearing on the Trustee's motion to convert the case to chapter 7.  The Trustee appears to be giving the Court one final opportunity to allow for some fruitful disposal of the dies before they would be discarded in chapter 7 proceedings, by his own estimate.

This ultimatum is a false dichotomy.  Although this trustee may be giving up on administering the dies, disposal of the dies is not the only alternative to granting the Trustee's motion.  The claimants' ownership rights cannot be abruptly terminated in the name of convenience for the Trustee in administering the estate.

2. <u>The proposed protocol is patently unfair and violates Due Process rights of parties claiming ownership of dies in question.</u>  The protocol, out of sake of convenience, essentially assumes that NWTM is the owner of all dies in question.  The claimant must pay $300.00 plus additional unspecified costs regardless of the merits of the claimant's claim to ownership.  It gives the claimant 60 days to pay this amount or forever lose any claim to ownership.

The protocol is certainly convenient, disposing of the need for otherwise-required adversary proceedings to determine ownership – even for the need for the Trustee to establish his own methods for determining ownership.  But, this procedure clearly violates Federal Bankruptcy Rule 7001.  *SLW Capital, LLC v. Mansaray-Ruffin (In re Mansaray-Ruffin)*, 530 F.3d 230 (3d Cir. 2008).  And, as further pointed out in USGA's objection, the Court recognized this requirement at the March 9th hearing.  Yet, the Trustee tries for a similarly summary approach here.

3. <u>Respondent has evidence of ownership of the dies in question.</u>

Respondent is not in a position to evaluate the Trustee's claims to the effect that the vast

Objection to the Trustee's Motion to Approve
Deadline to Assert Claims with respect to
Ownership of Dies and Settlement Protocol to
Resolve Claims to Ownership of Dies-2 of 3



THE LAW OFFICES OF LANCE L. LEE
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154-1003
(206) 332-9841 / Fax: (206) 905-2991

Case 16-11767-CMA    Doc 1589    Filed 04/13/18    Ent. 04/13/18 14:45:00    Pg. 2 of 3

majority of the subject dies are clearly owned by NWTM.  However, Respondent certainly took exception to claims made by the Trustee repeatedly at the aforementioned March 9th hearing that its ownership of dies associated with Respondent was clear.  Respondent submits that NWTM's ownership is at best cloudy and has evidence to the contrary.  As such, determination of ownership should not be made without opportunity to present evidence – or some form of meaningful due process.

Based on the Objection filed by USGA and the reasons outlined above, Respondent requests the Court to deny the Trustee's instant motion.

DATED this ___13th___ day of April 2018

/s/ Lance L. Lee
Lance L. Lee, WSBA #26518
Attorney for Respondent
Nevada Northern Railway Foundation, Inc.

Objection to the Trustee's Motion to Approve
Deadline to Assert Claims with respect to
Ownership of Dies and Settlement Protocol to
Resolve Claims to Ownership of Dies-3 of 3



THE LAW OFFICES OF LANCE L. LEE
1001 Fourth Avenue, Suite 3200
Seattle, WA  98154-1003
(206) 332-9841 / Fax: (206) 905-2991

Case 16-11767-CMA    Doc 1589    Filed 04/13/18    Ent. 04/13/18 14:45:00    Pg. 3 of 3