Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA  98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Rm. 7206
Hearing Date: April 20, 2018
Hearing Time: 9:30 a.m.
Response Date: April 13, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>NORTHWEST TERRITORIAL MINT, LLC,<br><br>Debtor. | Case No.  16-11767-CMA<br><br>REPLY IN SUPPORT OF MOTION TO APPROVE (I) DEADLINE TO ASSERT CLAIMS WITH RESPECT TO OWNERSHIP OF NWTM COINING DIES; AND (II) SETTLEMENT PROTOCOL TO RESOLVE CLAIMS TO OWNERSHIP OF NWTM DIES |

## I.     REPLY

Mark Calvert (the "Trustee"), Chapter 11 Trustee for Northwest Territorial Mint, LLC ("NWTM" or the "Debtor"), submits this Reply in support of Motion to Approve (I) Deadline to Assert Claims with Respect to Ownership of NWTM Coining Dies; and (II) Settlement Protocol to Resolve Claims to Ownership of NWTM Dies. The Trustee is in possession of thousands of Coining Dies. It is critical that the Trustee be permitted to implement his settlement protocol, which will efficiently resolve the issue of ownership with respect to all Coining Dies before the estate's interest in the Dayton facility ends in June. After reviewing the objections to the Motion, the Trustee proposes to modify the proposed Notice of Settlement Protocol Regarding Ownership of Northwest Territorial Mint Coining Dies (the "Settlement Notice") to provide for the situation where a former customer affirmatively asserts an ownership interest in a Coining Die but does not agree to the terms

REPLY IN SUPPORT OF MOTION TO APPROVE
SETTLEMENT PROTOCOL REGARDING NWTM
DIES - 1
501200940 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1600    Filed 04/17/18    Ent. 04/17/18 16:02:31    Pg. 1 of 12

of the Trustee's proposed compromise. Those formers customers may, if they wish, commence an adversary proceeding to obtain a decision regarding ownership of the disputed coining dies. The proposal protocol is a fair means of resolving ownership of the Coining Dies with numerous former customers. Absent approval of the proposed protocol, the Trustee may be forced to simply abandon all of the Coining Dies, a situation in which the fate of dies in which parties may assert an interest would be uncertain, and which could lead to administrative liability for the estate if the Trustee cannot remove dies from the Dayton facility. Simply put, the proposed protocol is an efficient method for addressing claims of ownership to dies, so the remainder of the dies can either be sold or scrapped, which must happen before the end of June. Needless to say, without some sort of method to separate out the dies in which parties claim an interest from the rest, even scrapping the dies is not an alternative.

### A. The Trustee Proposes to Modify the Settlement Notice and Protocol to Address Unresolved Disputes as to Ownership

There were a limited number of objections to the Trustee's Motion. The United States Golf Association ("USGA") and the Northern Railway Foundation, Inc. ("NRF") both objected to the Motion on the basis that it purports to, with respect to unresolved disputes as to ownership of certain Coining Dies, conclusively resolve ownership of such Coining Dies without a judicial determination or commencement of an adversary proceeding. The Trustee proposes to modify the Settlement Notice and protocol to address this particular concern.

The Trustee proposes to modify the Settlement Notice to provide that any party who asserts an interest in one or more Coining Dies but does not agree to pay the Settlement Payment set forth in the Settlement Notice, may commence an adversary proceeding to resolve the issue of ownership. Thus, unresolved questions of ownership, will be decided according to a judicial determination so long as the party affirmatively commences an adversary proceeding by date certain in June. If the party receiving notice either fails to commence an adversary proceeding, or fails to settle their

REPLY IN SUPPORT OF MOTION TO APPROVE
SETTLEMENT PROTOCOL REGARDING NWTM
DIES - 2
501200940 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1600    Filed 04/17/18    Ent. 04/17/18 16:02:31    Pg. 2 of 12

asserted interest under the terms proposed by the Trustee, they will forfeit any claimed interest in such Coining Dies and the Dies will be deemed property of the estate.

Attached hereto as Exhibit A is a redline of the Settlement Notice, which includes the language proposed by the Trustee. The amended settlement notice, if approved by this Court, allows customers to settle on the terms proposed by the Trustee, but also gives customers the ability to resolve the issue of ownership by adversary proceeding so long as they affirmatively file suit before the estate's interest in the Dayton premises ends.

### B. The Pending Motion to Convert Does Not Form a Basis to Deny the Motion

Certain of the objecting parties argue that the Motion should not be granted in light of the fact that the Trustee's pending motion to convert this case to one under Chapter 7 of the Bankruptcy Code is set for May 4, 2018. The fact that the Trustee has moved this Court to convert this case is not a reason to deny the Motion. Time is of the essence, given that the Trustee will no longer have use of the Dayton Facility after June. The Dayton Facility houses the Coining Dies. If a process is not put in place immediately to efficiently resolve the issue of ownership with respect to the Coining Dies, then the Trustee (even if, as the USGA suggests, it is a *different* chapter 7 trustee) may be forced to abandon or scrap the Coining Dies before the estate's ability to use the Dayton Facility terminates. The proposed protocol gives a pathway forward to expeditiously resolve the issues with respect to ownership of the Coining Dies. Delaying implementation of a settlement protocol until after entry of an order converting this case serves no useful purpose and leaves the estate with very little time to resolve the issue of ownership of the Coining Dies before the Trustee is forced to vacate the Dayton Facility.

### C. The Proposed Settlement Payment is Reasonable

Certain of the objecting parties take issue with the Trustee's proposed Settlement Payment, in the amount of $300 per Coining Die plus shipping costs. The USGA, for instance, argues that the Settlement Payment is an "arbitrary figure" that "makes no distinction between dies that were recently manufactured and dies that may have been held at NWT for longer periods." The brief filed

REPLY IN SUPPORT OF MOTION TO APPROVE
SETTLEMENT PROTOCOL REGARDING NWTM
DIES - 3
501200940 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1600    Filed 04/17/18    Ent. 04/17/18 16:02:31    Pg. 3 of 12

on behalf of various interested parties, including American Numismatic Association, argues that $300 is not reasonable because Ms. Swinburg would routinely return dies to customers. The various interested parties also argue that Ms. Swinburg can take on the task of returning Coining Dies to customers for the cost of $25 per hour.

The objecting parties' arguments are unconvincing. The Declaration of Mark Calvert filed in support of the Motion justifies the $300 Settlement Payment as reasonable in light of the cost of administering the Settlement Protocol, which includes more than just locating and packaging dies. The cost includes an allocation of additional expenses such as the cost of noticing, publication, communications with claimants, etc. As was set forth in the Trustee's declaration, $300/die may not even cover the hard cost to the estate if few dies are claimed through the Settlement Protocol, which is a possibility. Nonetheless, even if the Settlement Protocol costs the estate money, it makes economic sense to propose a uniform Settlement Payment rather than separate settlement terms for Coining Die customers depending on when they placed their orders.

The objecting parties fail to acknowledge that the estate asserts an interest in the Coining Dies and that the Settlement Payment is part of the Trustee's proposed compromise to resolve the issue absent litigation. Ultimately, the few parties who have lodged objections to the Motion assert an interest in certain Coining Dies and want possession of them without charge. That certain customers want the Coining Dies at no cost to them (or at a lower cost) is unsurprising. Ultimately, if certain customers believe that the terms of the proposed compromise are not reasonable, they are free to commence an adversary proceeding so that the Court may resolve the issue of ownership, or, if they have a clear claim to ownership, the Trustee would request authority to turn over the dies without further court order. The fact that some of the customers have objected to the Settlement Payment, however, does not make it an unfair means of resolving the issue facing the Trustee.

The terms of the Trustee's proposed protocol is a fair and reasonable means of attempting to resolve the issue of ownership. Approval in advance of the protocol will allow the Trustee to settle with individual former customers without the need to file numerous settlement motions. It would be

REPLY IN SUPPORT OF MOTION TO APPROVE
SETTLEMENT PROTOCOL REGARDING NWTM
DIES - 4
501200940 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1600    Filed 04/17/18    Ent. 04/17/18 16:02:31    Pg. 4 of 12

extraordinarily burdensome, expensive, and time consuming for the Trustee to either sue all former customers to resolve the issue of ownership, or reach out to them and attempt to negotiate settlement agreements that would require separate approval from the Court.

## II.     CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court grant the Motion, and approve the form of Settlement Notice. A revised form of Order is attached as Exhibit B.

DATED this 17th day of April, 2018.

                                          K&L GATES LLP

                                          By /s/David C. Neu
                                              Michael J. Gearin, WSBA #20982
                                              David C. Neu, WSBA #33143
                                              Brian T. Peterson, WSBA #42088
                                          Attorneys for Mark Calvert, Chapter 11 Trustee

REPLY IN SUPPORT OF MOTION TO APPROVE SETTLEMENT PROTOCOL REGARDING NWTM DIES - 5
501200940 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1600    Filed 04/17/18    Ent. 04/17/18 16:02:31    Pg. 5 of 12

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a senior practice assistant in the law firm of K&L Gates LLP, and on April 17, 2018, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 17th day of April, 2018 at Seattle, Washington.

*/s/ Benita G. Gould*
Benita G. Gould

REPLY IN SUPPORT OF MOTION TO APPROVE
SETTLEMENT PROTOCOL REGARDING NWTM
DIES - 6
501200940 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1600    Filed 04/17/18    Ent. 04/17/18 16:02:31    Pg. 6 of 12

# EXHIBIT A

## NOTICE OF SETTLEMENT PROTOCOL REGARDING OWNERSHIP OF NORTHWEST TERRITORIAL MINT COINING DIES AND DEADLINE TO ASSERT INTEREST IN COINING DIES

PLEASE TAKE NOTICE that on April 1, 2016, Northwest Territorial Mint, LLC ("NWTM") filed a petition for bankruptcy relief under Chapter 11 of the United States Bankruptcy Code under Case No. 16-11767-CMA. On April 11, 2016, the United States Bankruptcy Court for the Western District of Washington appointed Mark Calvert as the Chapter 11 Trustee (the "Trustee") over NWTM.

PLEASE TAKE FURTHER NOTICE that NWTM operated a custom minting business whereby customers would contract with NWTM to produce coins and medallions bearing specific designs. In order to produce these coins and medallions, NWTM first had to create a custom coining die (an "NWTM Die") used to press the coin or medallion.

PLEASE TAKE FURTHER NOTICE that the Trustee submits that with limited exceptions, NWTM retained ownership of all NWTM Dies created to produce coins, medallions, or other products for customers. The Trustee understands that some NWTM customers may assert ownership of an NWTM Die. It is the intent of the Trustee to attempt to sell the NWTM Dies, subject to court approval, to a mint capable of storing the NWTM Dies and producing goods at the request of the customer.

PLEASE TAKE FURTHER NOTICE that the United States Bankruptcy Court has approved a Settlement Protocol to resolve disputes between the Trustee and customers asserting an interest in a NWTM Die. Under the terms of the Settlement Protocol, the Trustee will release any interest held by NWTM's bankruptcy estate in a NWTM Die in exchange for a payment of $300 per die (the "Settlement Payment"). Settling customers will be responsible for paying the cost of shipping the die to their location, plus any costs of shipping associated plasters or galvanos. Settling customers will need to prove their association with the specific dies in question with a copy of a sales quote, order, invoice, written communication, or other information sufficient to establish the association.

PLEASE TAKE FURTHER NOTICE that if you assert ownership of an NWTM Die and wish to settle with the Trustee according to the terms expressed herein, you must, by JUNE ___, 2018 (the "Settlement Deadline") fill out a request for die form at www.dierequest.nwtmint.com. All Settlement Payments must be paid by credit card, which a customer service representative of the estate will collect upon shipment. Upon shipment, the estate will transfer ownership of the die(s) to the purchasing agent.

It is important to note that dies manufactured by the Medallic Art Company ("MACO") are not part of this settlement protocol. The MACO division of NWTM generally created medallions in excess of 2" in diameter.

PLEASE TAKE FURTHER NOTICE THAT IF YOU WISH TO ASSERT AN OWNERSHIP INTEREST IN A NWTM DIE BUT DO NOT SETTLE YOUR INTEREST IN A NWTM DIE BY THE SETTLEMENT DEADLINE, YOU HAVE UNTIL JUNE ___, 2018 TO

COMMENCE AN ADVERSARY PROCEEDING FOR THE DETERMINATION OF OWNERSHIP OF SUCH DIE(S) ~~BY FILING A COMPLAINT AGAINST THE TRUSTEE IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON~~.

PLEASE TAKE FURTHER NOTICE THAT YOUR FAILURE TO EITHER SETTLE WITH THE TRUSTEE OR COMMENCE AN ADVERSARY PROCEEDING BY THE DEADLINES SET FORTH HEREIN WILL RESULT IN YOU FORFEITING ~~YOU WILL FORFEIT~~ ANY CLAIMED INTEREST IN SUCH DIE(S) AND THE NWTM DIE(S) WILL BE DEEMED PROPERTY OF NWTM'S BANKRUPTCY ESTATE.

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>NORTHWEST TERRITORIAL MINT, LLC,<br><br>                       Debtor. | Case No. 16-11767-CMA<br><br>ORDER APPROVING MOTION TO APPROVE (I) DEADLINE TO ASSERT CLAIMS WITH RESPECT TO OWNERSHIP OF NWTM COINING DIES; AND (II) SETTLEMENT PROTOCOL TO RESOLVE CLAIMS TO OWNERSHIP OF NWTM DIES |

THIS MATTER comes before the Court upon the Trustee's Motion to Approve (I) Deadline to Assert Claims with Respect to Ownership of NWTM Coining Dies; and (II) Settlement Protocol to Resolve Claims to Ownership of NWTM Dies (the "Motion")[1]. The Court having considered the Motion, the accompanying declarations, and objections and replies, and having heard the argument of counsel, if any, and having found that approval of the Settlement Protocol is in the best interest of the estate and customers claiming an interest in NWTM Dies, NOW, THEREFORE, it is ORDERED as follows:

---

[1] Unless specifically defined, capitalized terms used herein shall have the meanings given to them in the Motion.

ORDER APPROVING MOTION TO APPROVE (I) DEADLINE TO ASSERT CLAIMS WITH RESPECT TO OWNERSHIP OF NWTM COINING DIES; AND (II) SETTLEMENT PROTOCOL TO RESOLVE CLAIMS TO OWNERSHIP OF NWTM DIES - 1
501159166 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1. The Settlement Protocol proposed by the Trustee is approved;

2. The Trustee is authorized, without further court order to settle all disputes regarding ownership of NWTM Dies for a settlement payment of $300 per die;

3. The Trustee shall mail copies of the Settlement Notice to all Custom Customers that have been identified;

4. The Settlement Notice shall be posted on NWTM's websites;

5. The Trustee shall publish the Settlement Notice in a prominent trade publication once a week for four (4) consecutive weeks;

6. ~~Any NWTM Die,~~ Any claim of a party, other than the bankruptcy estate of NWTM, to ownership of an NWTM Die shall be deemed waived and fully extinguished unless: a) on or before the Settlement Deadline, ownership of such NWTM Die ~~which had~~ has ~~not~~ been settled pursuant to the Settlement Protocol; or b)~~, held by the Trustee after the Settlement Deadline~~ an adversary proceeding has been commenced to determine ownership of an NWTM Die on or before the Settlement Deadline. Except as provided in the preceding sentence all NWTM Dies shall be deemed property of NWTM's bankruptcy estate.

~~6.~~

///END OF ORDER///

Presented by:

K&L GATES LLP

*/s/ David C. Neu*
 Michael J. Gearin, WSBA #20982
 David C. Neu, WSBA #33143
 Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

ORDER APPROVING MOTION TO APPROVE (I) DEADLINE TO ASSERT CLAIMS WITH RESPECT TO OWNERSHIP OF NWTM COINING DIES; AND (II) SETTLEMENT PROTOCOL TO RESOLVE CLAIMS TO OWNERSHIP OF NWTM DIES - 2
501159166 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

B-3

Case 16-11767-CMA    Doc 1600    Filed 04/17/18    Ent. 04/17/18 16:02:31    Pg. 12 of 12