Hon. Christopher M. Alston
Hearing: May 4, 2018 9:30 am
Response: April 27, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>NORTHWEST TERRITORIAL MINT, LLC<br><br>Debtor | Case No. 16-11767-CMA<br>Chapter 11<br><br>**OBJECTION TO MOTION TO CONVERT TO CHAPTER 7** |

COMES NOW Bill Atalla, former CEO of the debtor, and makes the following objection to the motion of the trustee to convert this case to Chapter 7. The estate is hopelessly administratively insolvent, and conversion would simply add another layer of administrative expense, to the detriment of existing administrative claimants. The estate can be wound up and the case dismissed without conversion. Therefore, conversion is not in the best interest of creditors or the estate.

Atalla was hired by the trustee, Mark Calvert, to be the CEO of the debtor during the Chapter 11 case. Atalla's employment was approved by order dated February 7, 2017 (ECF #897). Atalla has made a claim for unpaid compensation and unreimbursed expenses in the amount of over $220,000. This claim has priority as a cost of administration.

The trustee's motion to convert contains scant information about the financial condition of the estate. However, based on Atalla's knowledge of the case, a review of the docket, and discussions with trustee's counsel, it is clear that there are now and will continue to be insufficient assets to pay all allowed and allowable administrative claims

OBJECTION TO MOTION TO CONVERT TO CHAPTER 7 - 1

**DONALD A BAILEY**
720 Olive Way, #1000
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

in full.

Chapter 7 administrative expenses have priority over Chapter 11 administrative expenses. Bankruptcy Code §726(b). Thus, the administrative expense claims of the trustee and the attorneys and other professionals who assist him in the Chapter 7 phase of the case will be paid in full, to the detriment of existing administrative claimants. There is no prospect whatsoever of a dividend to pre-petition unsecured creditors.

The grounds for conversion of a Chapter 11 case to Chapter 7 are set forth in Bankruptcy Code §1112(b)(4). The trustee has sought conversion under subsection 1112(b)(4)(A). Although there is clearly the absence of a reasonable likelihood of reorganization here, there is no showing of imminent danger of continuing loss or diminution of the estate, which is also required by subsection 1112(b)(4)(A). Nor has the trustee explained how conversion, in and of itself, will reduce the ongoing expenses of the estate. In fact, they are likely to increase those expenses, as the estate will bear the cost of conducting a post-conversion Section 341 meeting and preparing post-conversion schedules, if for nothing else.

Nor is conversion in the best interest of creditors. As the trustee admits, the estate is administratively insolvent (although the trustee has not provided any meaningful disclosure of the degree of insolvency). Therefore, the $50 million of unsecured creditors cited by the trustee will receive nothing out of this case. There is no reason to convert the case for their benefit. Nor will the debtor, as a corporation, receive a discharge under Bankruptcy Code §727, so there is no reason to convert the case for the debtor's benefit. So who will benefit from conversion? Only the trustee and his professionals.

Bankruptcy Code §1112 gives the Court discretion to convert or dismiss a Chapter 11 case, whichever is in the best interests of creditors. Atalla respectfully submits that a far fairer and more economical alternative to conversion would be a

OBJECTION TO MOTION TO CONVERT TO CHAPTER 7 - 2

**DONALD A BAILEY**
720 Olive Way, #1000
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

structured dismissal, consisting of the following steps:

1) Set an administrative claim bar date;

2) Enter an order allowing and disallowing administrative claims;

3) Disburse the available funds pro-rata to allowed administrative claims;

4) Dismiss the case.

The administrative expenses incurred in this case were incurred on the trustee's watch. While not impugning the sincerity of the trustee's efforts to hit a home run for creditors in this case, Atalla believes it is not unfair for the trustee to bear some responsibility for the administrative insolvency of the estate, even if that responsibility is limited to requiring the trustee to administer the structured dismissal described above.

The motion to convert should be denied.

Dated: April 19, 2018

        DONALD A BAILEY
        Attorney at Law

        /s/ Donald A Bailey
        WSB#12289
        Attorney for Bill Atalla

OBJECTION TO MOTION TO CONVERT TO CHAPTER 7 - 3

**DONALD A BAILEY**
720 Olive Way, #1000
Seattle WA 98101
206 682 4802
donald.bailey@shaferbailey.com

Case 16-11767-CMA    Doc 1610    Filed 04/20/18    Ent. 04/20/18 15:14:54    Pg. 3 of 3