FILED
Western District of Washington
at Seattle

APR 26 2018

MARK L. HATCHER, CLERK
OF THE BANKRUPTCY COURT

April 23, 2018
William L. Hanson
PO Box 64655
University Place, WA
98464

Honorable Judge Christopher Alston
Bankruptcy Court
700 Stewart St
Seattle, WA 98101

Your Honor, Judge Alston:

The purpose of this letter is to address the proposed transfer of the bankruptcy of the Northwest Territorial Mint into a Chapter Seven Liquidation.

It appears that Chapter 7, is the only remaining viable position for the NWTM at this time, having been successfully run into the ground by the professional administrators of the Chapter 11 stage of the bankruptcy. No serious effort was ever made by the present professional as proposed or exercised to restructure the remains of the company into an entity with a chance of survival or able to provide any financial recovery for the creditors.

Under the present professionals management no real reorganization plan was ever proposed which outlined a business plan. Spread sheets were presented showing how if a situation ever arose which developed an income what the company would be worth under various gross income scenarios, but those were day dreams with no basis, and would be called smoke and mirrors in the circus world.

Presently there are many stories regarding improper disposition of existing assets, sold or transferred without court approval. There are also a number of accounting fictions which were balance sheets and when questioned were explained as draft copies. I have no idea what a draft copy of a final document is.

There is the issue also about the company being sold to Industrial Assets for 1.9 million dollars, and then sold by them to an unnamed purchaser. More smoke and mirrors. There is the fact that an employee of the present remains of the mint has started a competing business, Sierra Mint, while remaining a paid employee of NWTM. This unnamed purchaser of the machinery could be either the debtor (Ross Hansen) and also possibly the present employee of NWTM who has created Sierra Mint in competition with NWTM. Either would be inappropriate and a disservice to the creditors.

There is the problem of the fact that no complete or accurate inventory of the contents of the vaults was ever presented to the court or made available to concerned parties. There is the failure to follow the court's instructions. There are many issues similar to those mentioned here which lead me to the conclusion that the present professionals should not be involved in the Chapter Seven Liquidation.

The only way that the creditors will ever see an accurate report of what happened to their investment, and in many cases, their life savings, is to have a new trustee be appointed who would review the existing books developed during the Chapter Eleven stage of the bankruptcy.

It has been the opinion of many committee members, and many general unsecured creditors that the present Trustee and Attorneys were primarily interested in their own compensation. I would not like to see them continue to harvest the remains of the company with no oversight or new eyes on the situation.

William L. Hanson
Former CoChair of the Unsecured Creditors Committee