Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Rm. 7206
Hearing Date: Friday, May 4, 2018
Hearing Time: 9:30 a.m.
Response Date: April 27, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT, LLC,

Debtor.

Case No. 16-11767-CMA

REPLY TO LIMITED OBJECTION TO RENEWED MOTION FOR ORDER APPROVING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MEDALCRAFT MINT, INC.

Mark Calvert (the "Trustee"), Chapter 11 Trustee for Northwest Territorial Mint, LLC ("NWTM" or the "Debtor") replies to the limited objections filed by former customers to his Renewed Motion for Order Approving the Sale of Certain of the Debtor's Assets Free and Clear of All Liens, Claims, Interessts, and Encumbrances to Medalcraft Mint, Inc. (the "Motion") as follows:

## I. REPLY

The Trustee filed his initial Motion for Order Approving the Sale of Certain of the Debtor's Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances to Medalcraft Mint, Inc. (the "Initial Sale Motion") in February, 2018, seeking approval of a sale of certain of the Debtor's assets, including the Medallic Art name and website; marketing materials; Medallic archives; customer list; sales history; vendor list; certain company owned dies created in the last 20 years;

REPLY RE: RENEWED MOTION FOR ORDER
APPROVING SALE- 1
501366933 v1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1624    Filed 05/01/18    Ent. 05/01/18 15:21:42    Pg. 1 of 14

tools; and woodworking equipment (the "Medalcraft APA Assets"). At a hearing on the Initial Sale Motion on March 9, 2018, the Court made findings regarding the Trustee's ability to sell certain of the Medalcraft APA Assets including dies. At a continued hearing on March 16, 2018, the Court declined to approve the proposed Medalcraft sale due to concerns regarding the conduct of an auction between Medalcraft and Mr. Rodger May. Immediately following the conclusion of the hearing on the Initial Sale Motion, the Trustee engaged in discussions with Rodger May regarding his interest in purchasing assets of the estate. Mr. May initially expressed an interest in acquiring all the assets of the bankruptcy estate including purchasing equipment previously sold by the estate to Industrial Assets, but Mr. May did not make a proposal to purchase any assets and the Trustee renewed his request to approve a sale of the Medalcraft APA Assets to Medalcraft.[1] Rodger May has recently unequivocally informed the Trustee that he is not interested in purchasing assets from the estate, including the Medalcraft APA assets.[2]

A handful of former customers, asserting ownership of coining dies, objected to the Initial Motion. Of the objectors to the Initial Motion, the American Numismatic Association, Dick Johnson, Friedrike Merck, Daniel Altshuler, Don Everhart, Gould Studios, Don Weigand and the Weigan foundation have renewed their limited objection with respect to the Renewed Motion. In addition, Robert Miller, Betty Carey, and the American Dahlia Society have filed objections.

The American Dahlia Society does not object to the sale of dies to Medalcraft, rather it seeks to confirm that Medalcraft, as a potential manufacturer, will be the acquirer of the assets. The remaining objectors do not object to the overall sale, rather assert an ownership interest in certain dies, and object to "their" dies being sold. Accordingly, following the guidance provided by the Court at the hearing on the Initial Sale Motion, the Trustee has revised the proposed order to incorporate the Court's findings regarding die ownership and intellectual property considerations

---

[1] The terms of the sale to Medalcraft under the renewed sale are substantially identical to the original proposed sale except that Medalcraft increased the purchase price to $1 million.
[2] The Trustee has learned that Mr. May did acquire equipment that the estate previously sold to Industrial Assets from Industrial Assets. The estate was not a party to that transaction over the equipment.

REPLY RE: RENEWED MOTION FOR ORDER APPROVING SALE- 2
501366933 v1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1624    Filed 05/01/18    Ent. 05/01/18 15:21:42    Pg. 2 of 14

and to carve out the dies of the objecting parties from the sale. A revised proposed form of order, in redline to that submitted with the Motion, is attached as <u>Exhibit A</u>. Under the revised form of order, the objecting parties claims to interests in dies will not be affected. The Trustee does request, however, that the Court authorize him to settle disputed claims of ownership with the objecting parties and if an agreement can be reached that those dies can be transferred.

## II. CONCLUSION

For the foregoing reasons, the Trustee respectfully renews his request that the Court enter an order in the form proposed by the Trustee, granting the Motion, authorizing his proposed sale to Medalcraft, and for such other relief as the Court deems appropriate under the circumstances.

DATED this 1st day of May, 2018.

K&L GATES LLP


By /s/ *Michael J. Gearin*_____
   Michael J. Gearin, WSBA #20982
   David C. Neu, WSBA #33143
   Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

REPLY RE: RENEWED MOTION FOR ORDER APPROVING SALE- 3
501366933 v1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1624    Filed 05/01/18    Ent. 05/01/18 15:21:42    Pg. 3 of 14

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a Paralegal in the law firm of K&L Gates LLP, and on May 1, 2018, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 1st day of May, 2018 at Seattle, Washington.

                                     */s/ Denise A. Lentz*
                                     Denise A. Lentz

REPLY RE: RENEWED MOTION FOR ORDER APPROVING SALE- 4

501366933 v1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1624    Filed 05/01/18    Ent. 05/01/18 15:21:42    Pg. 4 of 14

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>NORTHWEST TERRITORIAL MINT, LLC,<br><br>Debtor. | Case No. 16-11767-CMA<br><br>ORDER GRANTING RENEWED MOTION FOR ORDER APPROVING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MEDALCRAFT MINT, INC. |

THIS MATTER comes before the Court upon the renewed sale motion (the "Sale Motion") (Dkt. No. 1556–)[1] of the chapter 11 Trustee, Mark Calvert (the "Trustee"), for the entry of an Order approving the sale of certain of the Debtor's assets free and clear of all liens, claims, interests, and encumbrances to Medalcraft Mint, Inc. ("Medalcraft" or "Buyer"). The Court held a hearing on the Sale Motion on May 4, 2018 (the "Sale Hearing"). Having considered the Sale Motion, the accompanying declarations, the testimony of any witnesses presented in Court, the Asset Purchase Agreement between the Trustee and Medalcraft (the "Medalcraft APA"), a copy of which is attached

---

[1] Unless specifically defined herein, capitalized terms used herein shall have the meanings given to them in the Asset Purchase Agreement between the Trustee and Medalcraft Mint, Inc., which is attached hereto as Exhibit A, or, if not defined therein, the Sale Motion.

ORDER GRANTING RENEWED MOTION FOR ORDER APPROVING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MEDALCRAFT MINT, INC.- 1

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

hereto as Exhibit A, any objections and reply materials, the arguments of counsel at the Sale Hearing, and the pleadings and papers herein, the Court **HEREBY FINDS AND DETERMINES AS FOLLOWS**:[2]

A. The Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O). Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. As evidenced by the affidavits of service previously filed with the Court, the Trustee provided proper, timely, adequate and sufficient notice of the Sale Motion, the Sale Hearing, the transactions contemplated under the Medalcraft APA in accordance with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the Bankruptcy Court for the Western District of Washington. Such notice was good and sufficient, and afforded parties a reasonable opportunity to object or be heard with respect to the matters that are the subject of this Order, and no other or further notice of the Sale Motion or the Sale Hearing shall be required.

C. The Trustee marketed the assets being sold pursuant to the Medalcraft APA with Medalcraft (the "Purchased Assets") and conducted the sale process in compliance with applicable law and rules.

D. The Trustee has full power and authority to execute the Medalcraft APA and all other documents contemplated thereby, and the sale of the Purchased Assets by the Trustee have been duly and validly authorized by all necessary action of the Trustee.

E. Approval of the Medalcraft APA and consummation of the sale contemplated therein are in the best interests of the Debtor, its creditors, its estate, and other parties in interest.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

ORDER GRANTING RENEWED MOTION FOR ORDER APPROVING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MEDALCRAFT MINT, INC.- 2

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900 SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

F. The Trustee has demonstrated both (i) good, sufficient, and sound business purpose and justification, and (ii) compelling circumstances for the sale of the Purchased Assets pursuant to 11 U.S.C. § 363(b).

G. The Medalcraft APA was negotiated, proposed and entered into by the Trustee and the Buyer at arm's length without collusion or fraud, and in good faith within the meaning of Section 363(m) of the Bankruptcy Code.

H. The Buyer is a good faith purchaser under 11 U.S.C. § 363(m) and, as such, is entitled to all of the protections afforded thereby.

I. The consideration provided by the Buyer for the Purchased Assets pursuant to the Medalcraft APA (i) is fair and reasonable, (ii) is the highest and best offer for the Purchased Assets, (iii) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

J. The transfer of the Purchased Assets to the Buyer will be a legal, valid, and effective transfer of the Purchased Assets, and, as except as expressly stated in this Order, will vest the Buyer with all right, title, and interest of the Debtor to the Purchased Assets free and clear to the fullest extent permitted under the Bankruptcy Code or other applicable law of all interests in such property of any person or entity.

K. The Trustee may sell the Purchased Assets free and clear of all interests, including liens, claims and encumbrances, because one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied. Those holders of interests who withdrew their objections to the Sale Motion are deemed to have consented pursuant to 11 U.S.C. § 363(f)(2). Other holders of interests who objected to the Sale Motion fall within one or more of the other subsections of 11 U.S.C. § 363(f) and are adequately protected by having their interests, if any, attach to the cash proceeds of

ORDER GRANTING RENEWED MOTION FOR ORDER APPROVING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MEDALCRAFT MINT, INC.- 3

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900 SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1624    Filed 05/01/18    Ent. 05/01/18 15:21:42    Pg. 8 of 14

the sale attributable to the property against or in which they assert an interest, in the same order of priority that existed prior to the closing and subject to all objections, counterclaims, recoupments and other defenses of the Debtor's estate.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Sale Motion is GRANTED as described below.

2. The findings of fact and conclusions of law recited above are incorporated herein.

3. All objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

4. The Medalcraft APA, and all of the terms and conditions thereof, is hereby APPROVED.

5. Pursuant to 11 U.S.C. § 363(b), the Trustee is authorized and directed to consummate the sale to Medalcraft, pursuant to and in accordance with the terms and conditions of the Medalcraft APA.

6. The Trustee is authorized and directed to execute and deliver, and empowered to perform under, consummate and implement, the Medalcraft APA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Medalcraft APA, and to take all further actions as may be requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer or reducing to possession, the Purchased Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Medalcraft APA.

7. Except as otherwise specifically provided herein, pursuant to 11 U.S.C. §§ 105(a) and 363(f), the Purchased Assets shall be transferred at Closing to the Buyer, free and clear of all interests, including liens, claims, and encumbrances, with all such interests to attach to the net

ORDER GRANTING RENEWED MOTION FOR ORDER APPROVING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MEDALCRAFT MINT, INC.- 4

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900 SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1624    Filed 05/01/18    Ent. 05/01/18 15:21:42    Pg. 9 of 14

proceeds of the Sale in the order of their priority, with the same validity, force and effect which they now have as against the Purchased Assets, subject to any claims and defenses the Debtor may possess with respect thereto.

8. The sale of the Purchased Assets by the Trustee to Buyer (A) is or will be legal, valid and effective transfers of the Purchased Assets; (B) except as otherwise specifically provided herein, will vest Buyer with all right, title and interest of the Debtor to the Purchased Assets free and clear of all liens, claims and encumbrances pursuant to Section 363(f) of the Bankruptcy Code (other than liens created by Buyer); and (C) constitute transfers for reasonably equivalent value and fair consideration under the Bankruptcy Code and the laws of the state in which Debtor is incorporated and any other applicable non-bankruptcy laws.

9. Except as otherwise provided herein, all persons having interests of any kind or nature whatsoever against or in any of the Purchased Assets shall be forever barred, estopped, and permanently enjoined from pursuing or asserting such interests against the Purchased Assets, the Buyer, or any of its assets, property, successors, or assigns.

10. Except as specifically provided in the Medalcraft APA and this Order, the transfers contemplated by the Medalcraft APA do not and shall not subject the Buyer to any liability for claims against the Debtor by reason of such transfers under: (i) the laws of the United States, any state, territory or possession thereof, including claims relating to the operation of the Debtor's business before the Closing Date; (ii) any employment contract, understanding, or agreement, including, without limitation, collective bargaining agreements, employee pension plans, or employee welfare or benefit plans; and/or (iii) any additional contracts and/or other agreements which have been previously entered into by the Debtor.

11. The Transactions contemplated under the Medalcraft APA do not amount to a consolidation, merger or de facto merger of either the Buyer or the Debtor and/or its estate, particularly as there is no substantial continuity between the Buyer and the Debtor, no continuity of

ORDER GRANTING RENEWED MOTION FOR ORDER APPROVING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MEDALCRAFT MINT, INC.- 5

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900 SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1624    Filed 05/01/18    Ent. 05/01/18 15:21:42    Pg. 10 of 14

enterprise between the Buyer and the Debtor and the Buyer is not a mere continuation of either the Debtor or its estate.

12. This Court retains exclusive jurisdiction to interpret, enforce, implement and resolve any disputes arising under or in connection with the terms and provisions of the Medalcraft APA, all amendments thereto, any waivers and consents thereunder, and any agreements executed in connection therewith, and this Order.

13. Neither the Trustee nor the Buyer is required to make any filing with or give any notice to, or to obtain any approval, consent, ratification, permission, waiver or authorization from, any person or any governmental authority in connection with the execution and delivery of the Medalcraft APA, and the Trustee does not need to seek or obtain consent to consummate the sale.

14. The Medalcraft APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that there will be no material impact on the bankruptcy estate.

15. This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004(h), 6006(d), 7062 and any other provision of the Bankruptcy Code or Bankruptcy Rules shall not apply, is expressly lifted and this Order is immediately effective and enforceable.

16. If any person or entity that has filed financing statements, mortgages, mechanics' liens, lis pendens, or other documents or agreements evidencing claims against or in the Debtor or the Purchased Assets, shall not have delivered to the Trustee prior to Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Debtor, the Purchased Assets, or otherwise, then (at the Closing) only with regard to the Purchased Assets being acquired by the Buyer pursuant to the Medalcraft APA, the Buyer is hereby authorized to file, register, or

ORDER GRANTING RENEWED MOTION FOR ORDER APPROVING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MEDALCRAFT MINT, INC.- 6

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1624    Filed 05/01/18    Ent. 05/01/18 15:21:42    Pg. 11 of 14

otherwise record a certified copy of this Order (and file any UCC-3 termination statements), which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all claims against the Purchased Assets. This Order is deemed to be in a recordable form sufficient to be placed in the filing or recording system of each and every federal, state or local government agency, department or office.

17. Article 6 of the Uniform Commercial Code governing Bulk Sale Transfers and comparable state statutes are not applicable to the sale of the Purchased Assets to the Buyer.

18. To the extent that any provision of this Order is inconsistent with the provisions of the Medalcraft APA, any prior order, or any pleading with respect to the motions in this case, the terms of this Order control.

~~18.~~ The Court's oral ruling determining that the Trustee may sell Coining Dies and related materials which embody designs that constitute the intellectual property of third parties, made at a hearing on March 6, 2018 [Dkt. No. 1497], is incorporated by reference.

19. Buyer warrants that the Coining Dies sold pursuant to the Medalcraft APA will not be used without the express consent of the customer(s) on whose behalf the Coining Die was created. Buyer acknowledges and agrees to submit to the jurisdiction of this court to resolve any claim of unauthorized use of any of the Coining Dies and acknowledges and agrees that unauthorized use of the Coining Dies, whether by the Buyer or any agent or employee of the Buyer, or any person who subsequently acquires title or possession of a Coining Die may subject the Buyer and all its officers, directors and managers of the Buyer to sanctions for contempt of this sale order in addition to any other claims or penalties that may be imposed under non-bankruptcy law.

20. Notwithstanding anything to the contrary contained in this Order, nothing in this Order shall be construed to give the Debtor the power to convey any interest in or authorize Buyer to infringe on or use the copyrights or other intellectual property of third parties. To the extent that

ORDER GRANTING RENEWED MOTION FOR ORDER
APPROVING THE SALE OF CERTAIN OF THE
DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES TO
MEDALCRAFT MINT, INC.- 7

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900SEATTLE,
WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Buyer takes custody of or otherwise acquires control over any property (including Coining Dies, galvanos, bas-relief sculpts, electronically stored images, diagrams or manifestations of copyrighted material, or sample strikes of coins or medals that have not been authorized to be used, sold, displayed or circulated) that is subject to copyright, Buyer shall not be relieved or excused from any liability or claims arising after the sale for copyright infringement or other applicable causes of action. Buyer shall have no greater right in or to copyrights or other intellectual property that is owned by parties other than the Debtor to the extent those copyrights or intellectual property protections are manifested in property transferred to Buyer. All copyrights and intellectual property will be held in trust by Buyer for the benefit of the copyright or intellectual property owner and Buyer shall maintain the copyrighted or intellectual property safely and securely in order to avoid copies, replicas, derivative works, unauthorized striking or the transfer of any such property to an entity outside of the United States.

21. The Coining Dies, galvanos, bas-relief sculpts, electronically stored images, diagrams or manifestations of copyrighted material, or sample strikes of coins or medals associated with the following customers are not included in the assets which are the subject of this sale order: 1) Betty Carey; 2) the United States Golf Association; 3) Gary Marks; 4) New York Numismatic Club; 5) Heidi Wasteet; 6) Joseph Paul Illg.

~~19~~ 22.

~~20~~ 23. This Order does not authorize the Trustee to transfer to Buyer any interest in Coining Dies, galvanos, bas-relief sculpts, electronically stored images, diagrams or manifestations of copyrighted material, or sample strikes of coins or medals that have not been authorized to be used, sold, displayed or circulated that are associated with the following parties: 1) the Northern Railway Foundation, Inc.; 2) Dick Johnson; 3) Friedrike Merck; 4) Daniel Altshuler; 5) Don Everhart; 6) Gould Studios; 7) Don Wiegand and the Weigan Foundation; 8) American Numismatic Association; 9) National Sculpture Society; 10) Grove Minting Company; 11) Bob Palmisano; 12) Marcel Jovine;

ORDER GRANTING RENEWED MOTION FOR ORDER APPROVING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MEDALCRAFT MINT, INC.- 8

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1624    Filed 05/01/18    Ent. 05/01/18 15:21:42    Pg. 13 of 14

13) Paul Mansip; 14) Karen Worth; 15) Island Boutique; 16) Herff Jones, LLC; 2117) Robert Miller D/B/A Hobby Machine; and 18) the Beckham Foundation (collectively, the "Disputed Die Ownership Claimants"), and all disputes relating to the ownership of dies of such Disputed Die Ownership Claimants shall be subject to separate resolution by the Court, provided, however, that the Trustee is authorized without further court order to settle claims of interests- in or ownership-of Coining Dies by Disputed Die Ownership Claimants on terms the Trustee deems acceptable. If a settlement authorized under this paragraph results in agreement that any Coining Dies associated with Die Ownership Claimants are property of the estate, or if a Die Ownership Claimant expressly agrees, the Trustee is authorized to transfer any such Coining Dies and associated materials to Buyer or to the Customer as provided in such settlement agreement.

21.24.  Buyer shall comply with the policies of Seller with respect to limitations on the transfer of personally identifiable about individuals who are not affiliated with the debtor.

///END OF ORDER///

Presented by:

K&L GATES LLP

*/s/ David C. Neu*
    Michael J. Gearin, WSBA #20982
    David C. Neu, WSBA #33143
    Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

ORDER GRANTING RENEWED MOTION FOR ORDER APPROVING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MEDALCRAFT MINT, INC.- 9

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022