Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Seattle, Rm. 7206
Hearing Date: May 4, 2018
Hearing Time: 9:30 a.m.
Response Date: April 27, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT,
LLC,

                              Debtor.

Case No. 16-11767-CMA

TRUSTEE'S REPLY IN SUPPORT OF MOTION
TO CONVERT CASE FROM CHAPTER 11 TO
CHAPTER 7

## I.     REPLY

Mark Calvert (the "Trustee"), Chapter 11 Trustee for consolidated estates of Medallic Art Company, LLC and Northwest Territorial Mint, LLC (collectively "NWTM" or the "Debtor"), files this reply in support of his motion, pursuant to 11 U.S.C. § 1112(b)(1), for an order converting this case to a case under Chapter 7 of the Bankruptcy Code (the "Motion"). The Trustee has established that "cause" exists to convert the case to one under chapter 7 of the Code. There is no longer any possibility of reorganization in this case. There is no practical purpose to filing a plan and incurring the attendant administrative costs for a chapter 11 plan process. *See* 11 U.S.C. § 1112(b)(4)(A).

Of the thousands of creditors in the case, only a few individuals have filed responses to the Motion. Three of the responding parties support conversion. Four creditors oppose conversion based on their believe that conversion will cause their prepetition unsecured claims to go unpaid. The objections to the Motion fail to refute that the Trustee has established "cause" pursuant to 11 U.S.C. § 1112(b) to convert the case. Many of the responses raise issues that are not before the Court,

TRUSTEE'S REPLY IN SUPPORT OF MOTION TO
CONVERT CASE FROM CHAPTER 11 TO CHAPTER
7 - 1

501366733 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

including addressing whether the Trustee may be appointed as trustee post-conversion of this case. None of the objections provide a basis to deny the Motion, or establish that cause does not exist to convert the case. The Trustee respectfully requests that the Court grant the Motion and convert this case to a case under chapter 7 of the Code.

### A. The Objection of Mr. Atalla Lacks Merit.

Mr. Bill Atalla, the former Chief Executive Officer of the estate, who has filed a separate motion for allowance of a $220,000 administrative claim, has objected to conversion of this case on the basis that it will "simply add another layer of administrative expense." According to Mr. Atalla, the estate can be wound up and dismissed without conversion. Conversion will not add an additional layer of administrative expense as Mr. Atalla suggests. Conversion will reduce administrative expenses, by relieving the Trustee from chapter 11 obligations, including preparation of a plan and disclosure statement, the payment of chapter 11 United States Trustee's fees, and the filing of monthly operating reports.

Mr. Atalla proposes a structured dismissal of this case. Mr. Atalla's four-step plan ignores all the additional work that needs to be done by a Trustee before this case can close, including the sale of remaining assets, the resolution of the ownership of certain dies, the resolution of outstanding litigation, the resolution of turnover of the Dayton premises to the landlord, and the pursuit of claims that may result in the recovery of additional assets. This case is clearly a liquidating case. There is no assurance that Mr. Atalla's plan for structured dismissal would be approved by the Court or that it would result in any less administrative expenses than would be incurred should this case be converted according to the Trustee's request.

### B. The Issue of the Trustee's rle In this Case Post-Conversion is Not Presently Before the Court.

Two individuals have suggested that Mr. Calvert should not act as Trustee in this case post-conversion. That issue is not presently before the Court. The Trustee understands that his role as chapter 11 Trustee will terminate upon conversion. The Trustee has requested that this case be

TRUSTEE'S REPLY IN SUPPORT OF MOTION TO
CONVERT CASE FROM CHAPTER 11 TO CHAPTER
7 - 2

501366733 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

converted. The effect of conversion is to terminate "the service of any trustee or examiner that is serving in the case before such conversion." 11 U.S.C. § 348(e). Section 701(a)(1) of the Bankruptcy Code provides that the United States Trustee shall appoint a panel trustee to serve as chapter 7 trustee *or* a trustee "that is serving as trustee in the case immediately before the order for relief under this chapter . . . ." If the Court orders conversion, the identity of the chapter 7 trustee will be determined in due course by the United States Trustee post-conversion. The Trustee has expressed his willingness to serve the estate as post conversion trustee and believes that his two year history in administering the assets of the estate provides a significant advantage to future administration of the case. In the past four months, the Trustee has liquidated significant components of the estate's assets on terms that are of benefit to the estate.

C. **The Post Conversion Trustee will Need Authority to Retain Skeleton Staff.**

In order to conclude the liquidation of the remaining assets of the estate, a post conversion trustee will need to have the authority to retain a skeleton staff of employees. The Court has previously approved a budget which includes the expenses for retention of this skeleton staff through June 30, 2018. The Trustee requests that the Court authorize the retention of such a skeleton staff by the chapter 7 trustee, subject to the existing budget, in connection with the order on conversion.

## III. CONCLUSION

For the foregoing reasons, the Trustee requests that the Court grant the Motion and enter an order converting this case to one under chapter 7 of the Bankruptcy Code.

DATED this 1st day of May, 2018.

K&L GATES LLP

By /s/ Michael J. Gearin
    Michael J. Gearin, WSBA #20982
    David C. Neu, WSBA #33143
    Brian T. Peterson, WSBA #42088
    Attorneys for Mark Calvert, Chapter 11 Trustee

TRUSTEE'S REPLY IN SUPPORT OF MOTION TO CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7 - 3

501366733 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1626    Filed 05/01/18    Ent. 05/01/18 18:44:04    Pg. 3 of 4

## **CERTIFICATE OF SERVICE**

The undersigned declares as follows:

That she is a Paralegal in the law firm of K&L Gates LLP, and on May 1, 2018, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 1st day of May, 2018 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

TRUSTEE'S REPLY IN SUPPORT OF MOTION TO
CONVERT CASE FROM CHAPTER 11 TO CHAPTER
7 - 4

501366733 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1626    Filed 05/01/18    Ent. 05/01/18 18:44:04    Pg. 4 of 4