FILED
18 MAY 10 AM 9:45
M. L. HATCHER, CLK
U.S. BANKRUPTCY COURT
W.D. OF WA AT SEATTLE
BY_____ DEP. CLK

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| In re: | Case No. 16-11767-CMA |
|---|---|
| NORTHWEST TERRITORIAL MINT, LLC,<br><br>Debtor. | MOTION TO STAY ALL SALES; and<br>MOTION TO COMPEL TRUSTEE TO<br>EXPLAIN STOLEN/MISSING INVENTORY |

Since September 2016 Claimant B. Carey, a Creditor/Claimant has asked the Trustee Mark Calvert repeatedly what she must do in order to get her stored metals and dies returned from the Debtor's business. The answer has been essentially the same time and time again, the Trustee indicating that none of her or her family's or business' metals were found, therefore supposedly none were in the Inventory. The overwhelming false accusation by the Trustee was that that the Debtor "stold" [sic] them. This manufacturing of evidence against the Debtor has caused undue hardships on the Creditor/Claimant and it has knowingly been slander to cast a false light on the Debtor. It has been proven to the satisfaction of the Creditor/Claimant that the metals were not stolen by the Debtor, and at least most of the metals were in the Inventory which the Trustee and His Honor have hidden from not only this Creditor/Claimant but also from potential buyers whom have simply asked to see the Inventory in order to know what they were buying.

The Creditor/Claimant has continually been concerned about fraud on the part of the Trustee and self-dealing by the three attorneys representing the Trustee who seem to manufacture problems to argue about costing the estate $1,700 per hour for the three to argue with each and every former NWTM client.

New concern of actual corruption in addition to Trustee fraud/lying and attorney "ambulance chasing" fraud/lying has arisen at the March 4, 2018 hearing whereby His Honor continuously ignores the question of where have all the metals gone which involves an alleged lie so material to this case that the case should not go forward until the Trustee answers for his alleged malfeasance, otherwise, to

continue, His Honor is aiding and abetting. At the March 4, 2018 hearing, His Honor tersely told Creditor/Claimant Carey that because she didn't give her email address to Mr. Neu she could not speak at the hearing, and she was ordered to sit down and be quiet. Yet when His Honor wrote his ensuing Order he stated that all parties had been heard, which obviously is not true. Mr. Gearin stated that Creditor/Claimant Carey was at court for her dies and that the three attorneys could not contact her; this allegation is false in at least two senses: 1) Creditor/Claimant Carey had been to the offices of the three attorneys just the day before the March 4th hearing, and none of the three attorneys told her they were trying to contact her; each were called by the attorneys' receptionist. Carey had atempted several phone calls to the Trustee and Mr. Neu only to reach no-answer-mailbox-full or Mr. Neu's phone that apparently doesn't accept calls from anything other than a land line. 2) Mr. Gearin doesn't know what he's talking about if he stated as he did that Carey's intent was just to get her dies back; the overwhelming concern that she has conveyed to the Court is that there is FRAUD occurring and her metals didn't just disappear on their own after they were logged into the Inventory, the phantom inventory.

Mr. Neu had falsely led the court to believe that Creditor/Claimant Carey refused to give him her email address, but His Honor would not hear Carey's response or rebuttal. His Honor has never allowed her to respond to the accusations of the adversarial attorneys or Trustee, Mr. Neu, Mr. Gearin or Mr. Calvert. Only after being lied about by attorney Neu did she determine not to give out her email unless, as she told him in person, it was her attorney's email address. Trustee Calvert, on January 5, 2018 told Carey that her attorney was Mark Northrup, which turned out to be yet another lie which was knowingly told by Mr. Calvert. It is likely that all creditors believe they are represented in this matter. That is what she was going to tell the court if ever allowed to speak, but instead, the ones whom were not truthful were allowed to further their deception and garner favorable Judge's signed Orders in the absence of one who would tell the truth, even having previously offered her testimony under polygraph. This participation by His Honor to stifle Carey is an indication of corruption rather than merely limited to alleged Trustee fraud. The result is that what was Inventory/evidence is going to quickly be swept away, far away, so it will benefit anyone trying to cover up misappropriation of funds and will alibi wrongdoing by having metals melted or sold to unknown buyers or shipped to Wisconsin for MedalCraft's private usage or transferred under a Chapter 7 liquidation to be merely transformed into bearer instruments, cash. Trustee Calvert has now removed his company, Cascade Capital, from the office building's ledger where His Honor Alston's law firm practices just a few floors away.

In a prior bankruptcy of a different matter, Trustee Mark Calvert sued an accounting firm, Moss

Adams, for one hundred fifty million dollars because he alleged they were responsible for producing incorrect financial information that customers relied upon. Creditor/Claimant Carey alleges that Trustee Mark Calvert and his attorney team have done far worse in this matter because Mr. Calvert, at least in Carey's instance, has pointed the finger at the Debtor, slandering him, and has lied to Carey about several things including Mr. Calvert having told her he was going to melt down all the dies and that there was no way to get hers back, and that nobody had gotten theirs back even though ten had tried. Most importantly, he allegedly lied about not receiving her precious metals, yet the FBI representative whom could see the inventory said listed the ones he could see that were in the Inventory.

**MOTION TO STAY ALL SALES** for thirty days or until an EXAMINATION as per Rule 2004 of Trustee Mark Calvert's actions and this case have been investigated by a non-biased SPECIAL investigation. It is hereby requested to Order a preservation of all evidence such as but not limited to all records, Inventory, emails, all communications, and Order Trustee Mark Calvert to sit for Deposition. Any sale going through allows for the destruction of evidence.
Creditor/Claimant hereby OBJECTS to any Orders stating that she must pay attorney fees if losing to adversarial Trustee or his attorneys or other legal opposition. They are practiced attorneys who engage in suing Debtors and adversaries of bankruptcy proceedings, each charging up to $690 per hour, which is yet another reason that Carey does not wish to email Mr. Neu. He told her that he charges his full attorney fees just to talk to her.

    Creditor/Claimant Carey reserves the right to supplement, and reserves all rights.

I declare under penalty of perjury that the forgoing information is true and correct to the best of my knowledge on this 10th day of May, 2018..

*[signature: Betty Carey]*

## CERTIFICATE OF SERVICE

Case No: 16-11767-CMA

The undersigned declares under penalty of Perjury that within the date of filing at the office of the Clerk of Court, she caused a true and correct copy of: MOTION TO STAY ALL SALES; and MOTION TO COMPEL TRUSTEE TO EXPLAIN STOLEN/MISSING INVENTORY, May 10, 2018:

1) K&L Gates LLP
Attn: Michael Gearin or David C, Neu, or Brian Peterson
925 Fourth Ave., Suite 2900
Seattle WA 98104

_____

MOTION TO STAY ALL SALES; and
MOTION TO COMPEL TRUSTEE TO EXPLAIN
STOLEN/MISSING INVENTORY        4 of 4