FILED
Western District of Washington
at Seattle

MAY 10 2018

MARK L. HATCHER, CLERK
OF THE BANKRUPTCY COURT

May 4, 2018

From: Michael Parish

To: The Honorable Christopher M. Alston

My name is Michael Parish. I am a professional butcher and I have been a successful businessman for over 40 years. And yes, I am proud to say I've been a friend of Ross Hansen and Diane Erdmann for many years.

I was out of the country on vacation and didn't return until Monday. My business attorney didn't want to be involved in this and I've been forced to find new counsel. Unfortunately, there are not many attorneys who are authorized to appear in bankruptcy court who are not already conflicted in this case. I appear today without counsel as a creditor of Medallic Art Company and also as someone with relevant information in this case.

As a businessman, I'm always on the lookout for a good business opportunity. Two years ago, when this bankruptcy started, I attempted to bid on the factory in Texas, called Graco, that was being liquidated by the Trustee. I was forced to jump through a number of qualifying hoops to participate in the sale. Despite meeting these requirements, Mr. Gearin changed the rules at the last minute and I was not allowed to bid. This cost the estate a minimum of $500,000.

Recently, I teamed up with Rodger May to buy other assets of the estate. Mr. May successfully outbid Medalcraft on these assets being approved for sale today. Despite Mr. May being the high bidder, Mr. Calvert has once again done everything he can to deny us the sale. We've also been told by Mr. Calvert that we will never be allowed to bid on any assets of this estate. We have also heard credible rumors that many of these assets have already been sent to Medalcraft.

Due to Mr. Calvert's obstructionist behavior, we allowed Industrial Assets Corp. To buy the majority of the physical assets of Northwest Territorial Mint and Medallic Art. I and Mr. May then negotiated the purchase of these assets from Industrial Assets Corp. for a higher price, solely to avoid the Trustee.

Since learning of my purchase of NWTM and MAC's assets, the Trustee has launched a vicious campaign of harassment and outright tortious interference. He's been trying to get Mr. May and Industial Assets Corp. to renege on their contractual obligations. Mr. Calvert has asked the

U.S. Attorney's office and the IRS to investigate me. Both my wife and I have been surveilled and interviewed. He has made threats that he will have me falsely prosecuted and he's been calling "emergency meetings" between Industrial Assets Corp., Rodger May, the Hoffs and anyone else who has an interest in this, using a combination of threats and intimidation to try to undo my current purchase.

Since my purchase, Mr. Calvert has instructed his staff at the Dayton office to deny me and/or my representatives access to my equipment.

I would respectfully request the following:

1. The Trustee be suspended or removed from his current position.
2. That an independent fact finder investigate the Trustee's blatant abuse of power and the damage he has caused this estate.
3. That the sale today of these assets be denied and your original order of a proper auction be followed.
4. That all remaining assets of the estate be identified and their current disposition and location be reported to the Court.
5. That I be granted access to the assets that I have purchased.

Sincerely,

Michael Parish