Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Seattle, Rm. 7206
Hearing Date: May 18, 2018
Hearing Time: 9:30 a.m.
Response Date: May 11, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT, LLC,

Debtor.

Case No. 16-11767-CMA

TRUSTEE'S RESPONSE TO MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE

## I. INTRODUCTION

Mark Calvert (the "Trustee"), Chapter 11 Trustee for consolidated estates of Medallic Art Company, LLC and Northwest Territorial Mint, LLC (collectively "NWTM" or the "Debtor"), files this response to Bill Atalla's Motion for Allowance and Payment of Administrative Expense (the "Motion").

As the Court is aware, Bill Atalla was employed as the Chief Executive Officer ("CEO") of NWTM pursuant to an order authorizing his employment entered on December 30, 2016. Dkt. No. 857. Bill Atalla's employment was terminated, in writing, along with the employment of the majority of NWTM's remaining employees, on December 29, 2017. A copy of the email and termination letter to Bill Atalla is attached to the accompanying Declaration of Mark Calvert (the "Calvert Decl.") as Exhibit A. Bill Atalla now seeks not only allowance, but also immediate payment in full, of an administrative claim arising from termination of his employment in the amount of $220,209 (the "Claim"). While the Trustee agrees that Bill Atalla is entitled to an

TRUSTEE'S RESPONSE TO MOTION FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE
EXPENSE - 1

501391983 v1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1649    Filed 05/11/18    Ent. 05/11/18 15:11:21    Pg. 1 of 6

administrative claim, he believes the amount that Bill Atalla seeks in the Motion is overstated and contains elements to which Bill Atalla is not entitled. Moreover, the Trustee objects to Bill Attala's request that the Claim be paid immediately, in full, effectively granting him a super-priority claim.

## II. ARGUMENT

A. <u>Objection to Amount of Claim</u>.

The Claim, as asserted by Bill Atalla, is broken down into several components. The Trustee addresses each of the components as follows:

1. <u>Deferred Salary</u>.

Bill Atalla asserts that he is owed deferred salary of $12,500. The Trustee agrees with this component of the Claim. Mr. Atalla did agree to defer ten percent of his salary for six months.

2. <u>Vacation Pay</u>.

The Trustee objects to this component of the Claim. Although under the terms of his employment contract, Bill Atalla was granted 20 days of vacation time for calendar year 2017, he is not entitled to compensation for unused vacation. There is no statutory law in Nevada requiring the payment of unused vacation time upon termination of an employee, and the Supreme Court of the State of Nevada has held, in an unpublished opinion, that absent an express agreement, an employee is not entitled to payment for unused vacation. *Paulk v. Maese*, 2014 WL 6609490 at *4 (2014), citing *Pressler v. Reno*, 118 Nev. 506, 512, 50 P.3d 1096, 1100 (2002) (employment agreement dictates the terms of payment for unused sick leave). There is no provision in Bill Atalla's employment contract that provides for payment of unused vacation time. In fact, it was NWTM's express policy that vacation time could not be cashed-out. Section 7.6 of NWTM's employee handbook, a copy of which is attached to the Calvert Decl. as <u>Exhibit B</u>, expressly states that "[v]acation time may not be cashed-out [and] is intended to be used during the year granted so that employees may have a period of rest . . . . [vacation time] is not intended to add additional cash to employees."

TRUSTEE'S RESPONSE TO MOTION FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE
EXPENSE - 2

501391983 v1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1649    Filed 05/11/18    Ent. 05/11/18 15:11:21    Pg. 2 of 6

Even were Bill Atalla entitled to payment for his unused vacation time, he used the majority of his twenty days of vacation time. Company records reflect that as of his termination, he had 22.3 hours remaining. Prorating his salary of $300,000 per year, the 22.3 hours would have been worth approximately $2,895 rather than the $25,000 he seeks.[1]

    3.    <u>Severance Pay</u>.

Contrary to Bill Atalla's assertion, his termination on December 29, 2017 was not a ruse, but was necessitated by circumstance. The Trustee agrees that under the terms of his employment agreement, Bill Atalla is entitled to $75,000 in severance pay. He was not employed, however, at the time the fourth $25,000 installment would have been triggered, and under the express terms of the employment agreement is not entitled to this component of his Claim. Bill Atalla's argument that under Nev. Rev. Stat. 608.040 he remained employed for an additional thirty days after his termination is unpersuasive. Nev. Rev. Stat. 608.040 reads:

1. If an employer fails to pay:

(a) Within 3 days after the wages or compensation of a discharged employee becomes due; or

(b) On the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit or was discharged until paid or for 30 days, whichever is less.

Nev. Rev. Stat. 608.040. The statute does not provide, contrary to Bill Atalla's argument, that *employment* continues for additional thirty days. It merely provides for a monetary penalty (which Bill Atalla also seeks as a component of his Claim).

    4.    <u>Un-Reimbursed Expenses</u>.

The Trustee agrees with this component of Bill Atalla's claim. Bill Atalla is owed $2,909 for expenses.

---

[1] Moreover, even if Bill Atalla were correct that he never used any vacation time, 20-days of vacation is equivalent to $16,438.36 of his prorated annual salary. It is unclear where Mr. Atalla gets the figure of $25,000.

TRUSTEE'S RESPONSE TO MOTION FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE
EXPENSE - 3

501391983 v1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

### 5. Late Payment Fee for Last Paycheck.

Bill Attalla seeks an award of a claim of $25,000 under Nev. Rev. Stat. 608.040, cited above. The Trustee objects to this portion of Bill Atalla's asserted Claim, as Bill Atalla agreed to have his final paycheck paid at a later date so that final payroll could be met for the terminated employees. Having expressly agreed to defer compensation, Bill Atalla inherently intended to relinquish his rights to seek statutory damages for such late payment. *Mahban v. MGM Grand Hotels, Inc.*, 100 Nev. 593, 596, 691 P.2d 421, 423 (1984) ("a waiver is the intentional relinquishment of a known right [and] may be implied from conduct which evidences an intention to waive a right, or by conduct which is inconsistent with any other intention than to waive the right). It is simply not credible to believe that Bill Atalla, the CEO of NWTM, agreed to defer his last paycheck while intending to penalize the estate for not paying it at the time of his termination.

### 6. Additional Services Rendered After 12/29/17.

Bill Atalla seeks an award of $54,800 for work he performed to put together a sale of the company in January and early February, 2018. As an initial matter, it is unclear why Mr. Atalla believes he is entitled to $400/hr., when his prorated salary while employed by NWTM was $129.80/hr. Setting aside that issue, however, there is the larger issue that the worked performed by Bill Atalla was for his own account. During the month of January, 2018, Bill Atalla did participate in phone calls and meetings with potential purchasers and investors that he identified. What he fails to explain, however, is that he was seeking employment with, and effectively working on behalf of, the purchasers. Ultimately his efforts provided no material benefit to the estate, as would be required to allow compensation for the "additional services" as an administrative claim under 11 U.S.C. §503(b)(1).

### B. Objection to Payment of Claim.

Bill Atalla provides no support, statutory or otherwise, for the proposition that his administrative claim is entitled to priority over all other administrative claims, for the simple reason that no such authority exists. His argument, in essence, is that he is entitled to elevated priority as a

TRUSTEE'S RESPONSE TO MOTION FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE
EXPENSE - 4

501391983 v1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1649    Filed 05/11/18    Ent. 05/11/18 15:11:21    Pg. 4 of 6

matter of equity because the Trustee should have ensured that the elements of his Claim (less the "additional services") were paid prior to December 31, 2017. Setting aside the fact that there is no legal support for such an argument, the only two elements of his Claim to which could have been paid prior to his termination and the company ceasing operations was the $12,500 in deferred salary, which he expressly agreed to defer, and $2,909 in expense reimbursements. The remaining elements of his Claim *arise from* his termination and cessation of operations. The fact that Bill Atalla may be entitled to compensation arising from his termination under this employment contract or Nevada law does not mean that such compensation is entitled to priority over other administrative claims. In his position as the CEO of NWTM, Bill Atalla was responsible for the day-to-day operations of the company, and had authority to make management decisions. He was certainly aware of the financial difficulties NWTM was experiencing and the consequences of the cessation of business. It is disingenuous for Mr. Atalla to now claim, that as a matter of equity, he is entitled to superior treatment than other creditors due to the failure of a business which he managed.

### III. CONCLUSION

For the foregoing reasons, the Trustee requests that the Court disallow Bill Atalla's Claim in the amount of $129,800, and allow the Claim in the amount of $90,409. The Trustee also requests that the Court order that Bill Atalla's allowed Claim be paid on a pro-rata basis with, and at the same time as, other allowed administrative claims.

DATED this 11th day of May, 2018.

K&L GATES LLP


By /s/ *David C. Neu*
  Michael J. Gearin, WSBA #20982
  David C. Neu, WSBA #33143
  Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

TRUSTEE'S RESPONSE TO MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE - 5

501391983 v1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1649    Filed 05/11/18    Ent. 05/11/18 15:11:21    Pg. 5 of 6

## CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a Paralegal in the law firm of K&L Gates LLP, and on May 11, 2018, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 11th day of May, 2018 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

TRUSTEE'S RESPONSE TO MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE - 6

501391983 v1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1649    Filed 05/11/18    Ent. 05/11/18 15:11:21    Pg. 6 of 6