# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE:<br><br>NORTHWEST TERRITORIAL MINT, LLC<br><br>Debtor. | Case No. 16-11767-CMA<br><br>DECLARATION OF MICHAEL PARISH |

I declare under the penalty of perjury and the laws of the United States of America and Washington State that the following is true and correct.

My name is Michael Parish. I am over the age of 18 and competent to testify.

Attached as is a true and correct copy of a document filed with the Bankruptcy Court in this case under docket number 1648 See Exhibit A.

It is a letter that appears to bear my signature on the second page.

I did not file the Exhibit A document nor did I direct a third party to file Exhibit A.

I am not requesting the relief on page two of the Exhibit A document.

I suspect that Ross Hansen filed the Exhibit A document as Mr. Hansen persuaded me to sign a number of documents that looked like Exhibit A. Mr. Hansen advised me not to concern myself with contents of these documents because they would not actually be filed or used. Mr.

*DECLARATION OF MICHAEL PARISH*

Page 1 of 4

David Smith
201 Saint Helens Ave
Tacoma, WA 98402
Phone (253)272-4777
Fax (253)461-8888

Hansen did not provide me with copies of the documents that I had signed. Therefore, I am unsure of the actual contents of the various documents that I have signed in my meetings with Mr. Hansen. This may have been one of those letters

The Court should be aware that this Exhibit A document was prepared for talking points at the May 4, 2018 hearing. It was only intended to be filed if required at the hearing.

The document was prepared by Ross Hansen on the morning of May 4, 2018. On the way to the hearing, I contacted my attorney and I was instructed by him not to attend that hearing as the issue relating to my concerns had been resolved.

After that I did not concern myself with the Exhibit A document as I didn't need it and I didn't think there was any reason to further advance my position as I have an attorney representing me on the matter.

As to the Exhibit A document itself. That document has never been in my possession and therefore I cannot be certain that both pages are the actual document I signed. The second page does appear to bear my signature. I have not seen this Exhibit A document since the morning of May 4, 2018, so, I am not certain that the pages of the Exhibit A document on Dkt 1648 are true and correct copies of the document I signed at Ross Hansen's home. Also, I am not certain that the second page bears my actual signature.

I am not saying that my signature is forged, I just do not recall all of the content of the May 4, 2018 letter I signed, and I question the information contained in the letter as I do not recall all portions of the letter.

*DECLARATION OF MICHAEL PARISH*

Page 2 of 4

David Smith
201 Saint Helens Ave
Tacoma, WA 98402
Phone (253)272-4777
Fax (253)461-8888

For example, there is an assertion on page one that: "we've also been told by Mr. Calvert we will never be allowed to bid on any assets of this estate." This cannot be true as Mr. Calvert has never made that statement to me. And, I do not recall that line item in the original letter I signed.

On page two there is an assertion that Mr. Calvert "He has made threats that he will have me falsely prosecuted and he's been calling "emergency meetings" between Industrial Assets Corp., Rodger May, the Hoff's and anyone and anyone else who has an interest in this, using a combination of threats and intimidation to try to undo my purchase."

While there have been meetings to discuss my purchase of NWTM assets with all parties to the transaction included, which included Mr. Calvert, these were planned meetings to discuss the next steps after my purchase of the assets. I do not recollect that line in the letter as well.

The sentence "Since my purchase, Mr. Calvert has instructed his staff at the Dayton office to deny me and/or my representatives access to my equipment." This is equally untrue. I have no persanol knowledge of any conversations by Mr. Calvert to his staff. And, again, I do not recall this line being in the letter I signed on May 4, 2018.

This letter may have been signed by me, but it was drafted by Ross Hansen for the May 4, 2018 hearing. I just do not recall all these items that are in the Exhibit A Document that was filed by some third party.

Last, after the May 4, 2018 hearing, I have not communicated or contacted Ross Hansen or Diane Erdmann. I do not anticipate communication with them in the future.

*DECLARATION OF MICHAEL PARISH*

Page 3 of 4

David Smith
201 Saint Helens Ave
Tacoma, WA 98402
Phone (253)272-4777
Fax (253)461-8888

Signed this 15th Day of May 2018 at Tacoma, Washington.

                                            /s/ Michael Parish
                                            Michael Parish

*DECLARATION OF MICHAEL PARISH*

Page 4 of 4

David Smith
201 Saint Helens Ave
Tacoma, WA 98402
Phone (253)272-4777
Fax (253)461-8888

Case 16-11767-CMA    Doc 1665    Filed 05/17/18    Ent. 05/17/18 18:37:30    Pg. 4 of 6

FILED
Western District of Washington
at Seattle

MAY 10 2018

MARK L. HATCHER, CLERK
OF THE BANKRUPTCY COURT

May 4, 2018

From: Michael Parish

To: The Honorable Christopher M. Alston

My name is Michael Parish. I am a professional butcher and I have been a successful businessman for over 40 years. And yes, I am proud to say I've been a friend of Ross Hansen and Diane Erdmann for many years.

I was out of the country on vacation and didn't return until Monday. My business attorney didn't want to be involved in this and I've been forced to find new counsel. Unfortunately, there are not many attorneys who are authorized to appear in bankruptcy court who are not already conflicted in this case. I appear today without counsel as a creditor of Medallic Art Company and also as someone with relevant information in this case.

As a businessman, I'm always on the lookout for a good business opportunity. Two years ago, when this bankruptcy started, I attempted to bid on the factory in Texas, called Graco, that was being liquidated by the Trustee. I was forced to jump through a number of qualifying hoops to participate in the sale. Despite meeting these requirements, Mr. Gearin changed the rules at the last minute and I was not allowed to bid. This cost the estate a minimum of $500,000.

Recently, I teamed up with Rodger May to buy other assets of the estate. Mr. May successfully outbid Medalcraft on these assets being approved for sale today. Despite Mr. May being the high bidder, Mr. Calvert has once again done everything he can to deny us the sale. We've also been told by Mr. Calvert that we will never be allowed to bid on any assets of this estate. We have also heard credible rumors that many of these assets have already been sent to Medalcraft.

Due to Mr. Calvert's obstructionist behavior, we allowed Industrial Assets Corp. To buy the majority of the physical assets of Northwest Territorial Mint and Medallic Art. I and Mr. May then negotiated the purchase of these assets from Industrial Assets Corp. for a higher price, solely to avoid the Trustee.

Since learning of my purchase of NWTM and MAC's assets, the Trustee has launched a vicious campaign of harassment and outright tortious interference. He's been trying to get Mr. May and Industial Assets Corp. to renege on their contractual obligations. Mr. Calvert has asked the

U.S. Attorney's office and the IRS to investigate me. Both my wife and I have been surveilled and interviewed. He has made threats that he will have me falsely prosecuted and he's been calling "emergency meetings" between Industrial Assets Corp., Rodger May, the Hoffs and anyone else who has an interest in this, using a combination of threats and intimidation to try to undo my current purchase.

Since my purchase, Mr. Calvert has instructed his staff at the Dayton office to deny me and/or my representatives access to my equipment.

I would respectfully request the following:

1. The Trustee be suspended or removed from his current position.
2. That an independent fact finder investigate the Trustee's blatant abuse of power and the damage he has caused this estate.
3. That the sale today of these assets be denied and your original order of a proper auction be followed.
4. That all remaining assets of the estate be identified and their current disposition and location be reported to the Court.
5. That I be granted access to the assets that I have purchased.

Sincerely,

Michael Parish