Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Rm. 7206
Hearing Date: Friday, June 13, 2018
Hearing Time: 9:30 a.m.
Response Date: June 6, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT, LLC,

Debtor.

Case No. 16-11767-CMA

MOTION FOR ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO AMERICAN NUMISMATIC SOCIETY

## I. INTRODUCTION

Mark Calvert (the "Trustee"), Chapter 11 Trustee for Northwest Territorial Mint, LLC ("NWTM" or the "Debtor"), submits this Motion, requesting approval of a sale, to American Numismatic Society ("American Numismatic"), of Medallic Art Company (also "MACLLC") owned dies and hubs for medals, plaques and other objects made by and for Medallic Art Company before January 1, 1998; company owned galvanos, epoxy, rubber or other material models for medals, plaques and other objects made by and for Medallic Art Company before January 1, 1998; medals struck for Medallic Art Company before January 1, 1998 or restruck from dies originally made before January 1, 1998; files and documents relating to medals and plaques made by and for Medallic Art Company before January 1, 1998; digital photographs and photographic prints of certain objects dating before January 1, 1998; and certain other assets described in the asset purchase

MOTION FOR ORDER APPROVING SALE OF CERTAIN
ASSETS OF THE ESTATE FREE AND CLEAR OF ALL
LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
TO AMERICAN NUMISMATIC SOCIETY - 1
501407021 v5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1676    Filed 05/23/18    Ent. 05/23/18 17:43:44    Pg. 1 of 9

agreement between the Trustee and American Numismatic (collectively, the "ANS Assets") to American Numismatic free and clear of all liens, claims, interests, and encumbrances. The sale to American Numismatic is in the best interests of the estate.

## II. BACKGROUND

On April 1, 2016, the Debtor commenced this case by filing a voluntary petition under chapter 11 of the United States Bankruptcy Code. On April 11, 2016, the Court appointed Mark Calvert as chapter 11 Trustee. *See* Dkt. No. 51.

The Trustee's goal in this case has been to maximize the recovery of creditors. Since May 2017, the Trustee has engaged in extensive marketing efforts related to a potential sale of the business. The Trustee entertained expressions of interest from multiple parties including offers to purchase the assets of the estate on a going concern basis and for substantially all of the assets of the estate, but no concrete offer materialized for such a sale on terms which provided any meaningful return to the estate. Because no concrete offer materialized, and because of the inadequate cash resources available to the Trustee, the Trustee closed the custom minting business on December 29, 2017 and prepared to liquidate the assets of the estate.

Since the beginning of the year, the Trustee has engaged in negotiations with multiple buyers for various assets of the estate. The Trustee separately reached agreements with Industrial Assets Corp. ("Industrial Assets") and Medalcraft Mint, Inc. ("Medalcraft") for the purchase and sale of certain assets of the Debtor. The Industrial Assets and Medalcraft agreements were approved by the Court and have closed. The sale to Industrial Assets included substantially all of the Debtor's physical machinery and equipment. Medalcraft purchased the Medallic Art name and website; marketing materials; Medallic archives; customer list; sales history; vendor list; certain company owned dies associated with any customer for which there has been a sale in the last 20 years; tools; and woodworking equipment.

The Trustee has negotiated with American Numismatic for the sale of the ANS Assets, which principally include older Medallic dies, medals, plaques and other objects and archives that were

MOTION FOR ORDER APPROVING SALE OF CERTAIN
ASSETS OF THE ESTATE FREE AND CLEAR OF ALL
LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
TO AMERICAN NUMISMATIC SOCIETY - 2
501407021 v5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1676    Filed 05/23/18    Ent. 05/23/18 17:43:44    Pg. 2 of 9

created prior to January 1, 1998. The Trustee entered into an asset purchase agreement dated May 15, 2018, with American Numismatic (the "American Numismatic APA"). According to the terms of the American Numismatic APA, American Numismatic has agreed to purchase the ANS Assets for $420,000. The ANS Assets are described in the American Numismatic APA as follows:

(a) all company owned dies and hubs for medals, plaques and other objects made by and for MACLLC before January 1, 1998;

(b) all company owned galvanos, epoxy, rubber or other material models for medals, plaques and other objects made by and for MACLLC before January 1, 1998;

(c) all medals ("archive") struck by MACLLC before January 1, 1998 or restruck from dies originally made before January 1, 1998;

(d) any files, documents (paper and electronic), photographs, drawings, invoices and correspondence relating to medals, plaques or other objects made by and for MACLLC before January 1, 1998;

(e) historic card file and its digitized version of medals, plaques and other objects of MACLLC.

(f) digital photographs, negatives, and photographic prints of medals, plaques, and other objects, which date before January 1, 1998;

(g) company owned positive galvanos of commemorative company medals of MACLLC (framed and unframed);

(h) the model of the "Last Supper Medal", die, and plaque, wherever located, including if located in the Janvier Machine;

(i) the company owned copyrights relating to the Assets;

(j) the company owned dies, sample strikes, and/or galvanos for which Buyer and Seller both express ownership rights and which are associated with the medals listed on Exhibit A attached hereto;

(k) dies, sample strikes, and/or galvanos associated with the Captain Rostron United States Congressional Medal of Honor and

(l) the file cabinets in which any of the foregoing is currently kept.

MOTION FOR ORDER APPROVING SALE OF CERTAIN
ASSETS OF THE ESTATE FREE AND CLEAR OF ALL
LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
TO AMERICAN NUMISMATIC SOCIETY - 3
501407021 v5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1676    Filed 05/23/18    Ent. 05/23/18 17:43:44    Pg. 3 of 9

The American Numismatic APA was the result of arms-length negotiations between the Trustee and American Numismatic. A copy of the American Numismatic APA is attached as Exhibit A to the Declaration of Mark Calvert filed in support of this Motion. American Numismatic has furnished an earnest money deposit of One Hundred Thousand Dollars ($100,000) which is currently held in the IOLTA account of the Trustee's counsel, pending closing of the proposed transaction with American Numismatic.

The Trustee believes that the American Numismatic offer is on favorable terms to the estate. If the Trustee does not sell the ANS Assets to American Numismatic, the Trustee would be forced to attempt to sell the assets at auction. The proposed sale to ANS guarantees a certain return for the estate. ANS is a non-profit organization founded in 1858 and dedicated to the study, research and public appreciation of coins, currencies, medals, and other related objects from all cultures, past and present. Therefore, American Numismatic is also a party who can satisfy the concerns of customers regarding the disposition and potential use of the dies and reproductions that are included in the sale.

The Trustee has communicated with multiple interested purchasers regarding the sale of the assets of the estate over the course of more than six months. Based on his experience in marketing the assets which are the subject of this sale, the Trustee believes that the price offered for the assets is fair. The Trustee believes that it is in the best interests of the estate to consummate the sale to American Numismatic.

The Trustee seeks to sell the ANS Assets free and clear of liens and encumbrances. The only known liens on the ANS Assets are the adequate protection lien afforded the Hoffs[1] and the disputed pre-petition security interest asserted by the Hoffs.

The Hoffs' alleged pre-petition security interest in the estate's assets is subject to a bona fide dispute for reasons expressed on numerous prior occasions in the case.

---

[1] On February 14, 2018, the Court entered its Order Granting in Part and Denying in Part Motion for Relief from the Automatic Stay (Dkt. No. 1450). By that order, the Court granted a post-petition lien on all assets of the bankruptcy estate to secure any administrative claim they may be allowed under Section 507(a)(2) that arises from the Trustee's use of the Dayton Premises prior to the time the Trustee vacates the Dayton Premises.

MOTION FOR ORDER APPROVING SALE OF CERTAIN
ASSETS OF THE ESTATE FREE AND CLEAR OF ALL
LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
TO AMERICAN NUMISMATIC SOCIETY - 4
501407021 v5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1676    Filed 05/23/18    Ent. 05/23/18 17:43:44    Pg. 4 of 9

The estate owns and possesses thousands of dies used to produce custom-made products (the "Coining Dies"). The American Numismatic APA contemplates a sale of Medallic Art Company owned Coining Dies and other assets created before January 1, 1998. The Trustee has concluded that, with some limited exceptions, it was the policy of the Debtors that they owned the Coining Dies. While the Debtors charged customers a fee to create the dies, the Debtors retained ownership in the Coining Dies. The American Numismatic APA intends to sell only the **company owned** dies and hubs for medals, plaques and other objects made by and for MACLLC before January 1, 1998, the **company owned** galvanos, epoxy, rubber or other material models for medals, plaques and other objects made by and for MACLLC before January 1, 1998. The American Numismatic APA provides that any assets being acquired that are subject to third party existing and demonstrative copyright or trademark protection, American Numismatic "agrees to the use of such assets subject to the consent of such third parties."

### III. EVIDENCE RELIED UPON

This Motion relies on the arguments set forth herein; the Declarations of Trustee Mark Calvert filed in support of this Motion; the Declaration of Ute Wartenberg Kagan; the pleadings and records on file in this case; and the arguments of counsel, if any.

### IV. ARGUMENT

The Court should approve the Trustee's proposed sale of the ANS Assets, free and clear of liens, claims, interests, and encumbrances, pursuant to the terms of the American Numismatic APA. Section 363(b) of the Bankruptcy Code provides that the Trustee is authorized to sell assets outside the ordinary course of its business. While the text of the Bankruptcy Code does not provide the standard for determining when it is a appropriate for a court to authorize the sale of property of the estate, courts often approve a proposed sale if such sale is based upon the sound business judgment of the debtor. *See, e.g.*, *Meyers v. Martin (In re Martin)*, 9 F.3d 389, 395 (3d Cir. 1996); *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983).

MOTION FOR ORDER APPROVING SALE OF CERTAIN
ASSETS OF THE ESTATE FREE AND CLEAR OF ALL
LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
TO AMERICAN NUMISMATIC SOCIETY - 5
501407021 v5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1676    Filed 05/23/18    Ent. 05/23/18 17:43:44    Pg. 5 of 9

### A. The Proposed Sale Meets the Requirements for a Sale Under 363(b).

Here, a sound business reason exists for the proposed sale to American Numismatic. Namely, the objective of the Trustee's proposed sale is to maximize the proceeds of such sale for the benefit of the bankruptcy estate. *See, e.g., Four B. Corp. v. Food Barn Stores, Inc.(In re Food Barn Stores, Inc.)*, 107 F.3d 558, 564-65 (8th Cir. 1997) (stating that in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *In re Integrated Res, Inc*., 147 B.R. 650, 659 (S.D.N.Y. 1992) ("'It is a well-established principle of bankruptcy law that the objective of bankruptcy rules and the [Debtor's] duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.'") (alteration in original) (quoting *In re Atlanta Packaging Products, Inc.*, 99 B.R. 124, 130 (Bankr. N.D. Ga. 1988)). The Trustee has closed the Debtor's operations and proposes the sale to American Numismatic with an aim to maximize the recovery for the benefit of the estate.

The sale of assets outside of the ordinary course of business may be conducted by a public sale, or a private sale under appropriate circumstances. *See In re Bakalis*, 220 B.R. 525, 531 (Bankr. E.D.N.Y. 1998) ("Unlike judicial sales under the former Bankruptcy Act, the sale of estate property under the Bankruptcy Code is conducted by a trustee, who has ample discretion . . . to conduct public or private sales of estate property.") (internal quotations and citation omitted). The proposed sale to American Numismatic is the highest and best concrete offer for the ANS Assets that the Trustee has received to date and the Trustee does not believe he could obtain a higher and better offer for such assets within a reasonable period of time.

For purposes of 11 U.S.C. § 363(m), a "good faith purchaser" is one who buys "in good faith" and "for value." *Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 281 (9th Cir. 1992). "The requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings." *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 147 (3d Cir. 1992) (quotations omitted). The "lack of good faith is shown by 'fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other

MOTION FOR ORDER APPROVING SALE OF CERTAIN
ASSETS OF THE ESTATE FREE AND CLEAR OF ALL
LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
TO AMERICAN NUMISMATIC SOCIETY - 6
501407021 v5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1676    Filed 05/23/18    Ent. 05/23/18 17:43:44    Pg. 6 of 9

bidders.'" *In re Ewell*, 958 F.2d at 281 (quoting *Community Thrift & Loan v. Suchy (In re Suchy)*, 786 F.2d 900, 902 (9th Cir. 1985)); *see also In re Abbotts Dairies*, 788 F.2d at 147.

Here, the American Numismatic APA is the result of arm's length negotiations between the Trustee and American Numismatic. It is not the result of any fraud or collusion between the Trustee and American Numismatic or between the Debtor and American Numismatic. American Numismatic is therefore a good-faith buyer within the meaning of 11 U.S.C. § 363(m).

**B. Good Cause Exists to Waive the Stay Under Fed. R. Bankr. P. 6004(h).**

Pursuant to Fed. R. Bankr. P. 6004(h), any order authorizing the use, sale, or lease of property other than cash collateral is stayed for 14 days, unless the court orders otherwise. The ANS Assets are located in the Dayton, Nevada facility. It is imperative that the Trustee quickly liquidate the ANS A assets and vacate the Dayton premises before the Hoffs are able to commence an unlawful detainer action under Nevada law. The Trustee has until the end of June to vacate the Dayton facility, although he has reached an agreement with the Hoffs in principal that would extend that date to the end of July. Based on the foregoing, the Trustee believes that cause exists to waive the stay and permit the Trustee to quickly consummate the proposed sale to American Numismatic.

**C. The Proposed Sale Satisfies the Requirements of 11 U.S.C. § 363(f).**

Pursuant to 11 U.S.C. § 363(f), a Trustee may sell property of the estate under 11 U.S.C. § 363(b) free and clear of any interest in such property of any entity other than the estate only if (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which the property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; *or* (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f) (emphasis added). Here, there are multiple bases upon which the Court should authorize the Trustee sale of the ANS Assets "free and clear."

The Trustee has provided notice of this Motion to the creditors and parties in interest as required by the Court, so that if any entity claims a lien on the assets being sold, they will have an

MOTION FOR ORDER APPROVING SALE OF CERTAIN
ASSETS OF THE ESTATE FREE AND CLEAR OF ALL
LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
TO AMERICAN NUMISMATIC SOCIETY - 7
501407021 v5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1676    Filed 05/23/18    Ent. 05/23/18 17:43:44    Pg. 7 of 9

opportunity to object. If no such creditor objects, the sale free and clear will be permitted under 11 U.S.C. § 363(f)(2). Moreover, even if alleged secured creditors object to the sale, the sale free and clear is permissible under 11 U.S.C. § 363(f)(5) because there are legal and equitable proceedings in which a lienholder could be compelled to accept a money satisfaction of such lien, including the disposition of collateral under the default remedies provided in Washington's Uniform Commercial Code (Chapter 62A.9A RCW) or in a receivership proceeding pursuant to RCW 7.60.260.

In addition, the Motion satisfies the requirements of 11 U.S.C. § 363(f). With respect to the Hoffs' post-petition and disputed pre-petition liens, the Hoffs are adequately protected by having the liens attach to the sale proceeds and the pre-petition lien is subject to a bona fide dispute.

### V. CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order in the form proposed by the Trustee, granting the Motion, authorizing his proposed sale to American Numismatic and for such other relief as the Court deems appropriate under the circumstances.

DATED this 23rd day of May, 2018.

K&L GATES LLP

By /s/ *Michael J. Gearin*_____
    Michael J. Gearin, WSBA #20982
    David C. Neu, WSBA #33143
    Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

MOTION FOR ORDER APPROVING SALE OF CERTAIN ASSETS OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO AMERICAN NUMISMATIC SOCIETY - 8
501407021 v5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1676    Filed 05/23/18    Ent. 05/23/18 17:43:44    Pg. 8 of 9

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a Paralegal in the law firm of K&L Gates LLP, and on May 23, 2018, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

Also on May 23, 2018, she caused the foregoing document to be placed in the mail to the Parties at the addresses listed below:

Northwest Territorial Mint LLC
c/o Ross Hansen, Member
P.O. Box 2148
Auburn, WA  98071-2148

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 23rd day of May, 2018 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

MOTION FOR ORDER APPROVING SALE OF CERTAIN ASSETS OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO AMERICAN NUMISMATIC SOCIETY - 9
501407021 v5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1676    Filed 05/23/18    Ent. 05/23/18 17:43:44    Pg. 9 of 9