Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Seattle, Rm. 7206
**SUBJECT TO COURT APPROVAL:**
Hearing Date: Friday, June 1, 2018
Hearing Time: 9:30 a.m.
Response Date: Thursday, May 31, 2018
(12:00 pm PDT)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT, LLC,

Debtor.

Case No. 16-11767-CMA

MOTION FOR ORDER AUTHORIZING THE SALE BY AUCTION OF MISCELLANEOUS PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES

## I. INTRODUCTION

Mark Calvert (the "Trustee"), Chapter 11 Trustee for Northwest Territorial Mint, LLC ("NWTM" or the "Debtor"), submits this Motion requesting approval of the sale by auction of certain miscellaneous items of property located in Dayton, Nevada, and Green Bay, Wisconsin, including but not limited to two vehicles, a gun safe, refrigerators, telescope, metal detector, WWII camera, microwaves, a television, retail merchandise furniture, shredders, pallets of plating tubes and control boxes (the "Miscellaneous Property").[1] The Miscellaneous Property does not include any coining dies or related custom-minting items. Previously, the Trustee sold substantially all of the Debtor's equipment, which is primarily located in Dayton, Nevada, to Industrial Assets Corp. Industrial Assets Corp. now intends to auction the equipment for sale in Nevada on June 6, 2018.

---

[1] The complete list of Miscellaneous Property is contained in Exhibit A to the Declaration of Mark Calvert filed in support of this Motion.

MOTION FOR ORDER APPROVING SALE OF
DEBTOR'S ASSETS AT AUCTION - 1

501409948 v4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Industrial Assets has agreed to include the Miscellaneous Property in its auction and liquidate it on behalf of the estate on the terms described herein. The disposal by Industrial Assets will result in the efficient disposition of a small number of remaining items of property before the estate needs to vacate the Dayton facility.

The Motion is supported by the Declaration of Mark Calvert filed concurrently herewith. In support of this Motion, the Trustee respectfully represents as follows:

## II. BACKGROUND

On April 1, 2016, the Debtor commenced this case by filing a voluntary petition under chapter 11 of the United States Bankruptcy Code. On April 11, 2016, the Court appointed Mark Calvert as chapter 11 Trustee. *See* Dkt. No. 51.

The Trustee's goal in this case has been to maximize the recovery of creditors. Since May 2017, the Trustee has engaged in marketing efforts related to a potential sale of the business. The Trustee entertained expressions of interest from multiple parties including offers to purchase the assets of the estate on a going concern basis and for substantially all of the assets of the estate, but no concrete offer materialized for such a sale on terms which provided any meaningful return to the estate. Because no concrete offer materialized, and because of the inadequate cash resources available to the Trustee, the Trustee closed the custom minting business on December 29, 2017 and prepared to liquidate the assets of the estate via auction.

While the Trustee prepared to sell the Debtor's assets at auction, he engaged in negotiations with multiple buyers for various aspects of the Debtor's assets. Ultimately, the Trustee separately reached agreements with Industrial Assets Corp. ("Industrial Assets") and Medalcraft Mint, Inc. ("Medalcraft") for the purchase and sale of certain assets of the Debtor. On March 14, 2018, the Court approved the Trustee's sale of substantially all of its equipment and machinery to Industrial Assets Corp. for $1.95 million. *See* Dkt. No. 1531.

Industrial Assets has not yet removed the equipment from the Debtor's Dayton facility. The Debtor's Dayton, Nevada facility therefore houses property of the Debtor acquired by Industrial

MOTION FOR ORDER APPROVING SALE OF
DEBTOR'S ASSETS AT AUCTION - 2

501409948 v4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1682    Filed 05/25/18    Ent. 05/25/18 17:59:59    Pg. 2 of 8

Assets as well as the Miscellaneous Property. According to the Court's *Order Granting in Part and Denying in Part Motion for Relief from the Automatic Stay and Related Relief* ("Relief From Stay Order") (Dkt. No. 1450), the automatic stay is modified to allow Bob and Connie Hoff (the "Hoffs") to commence proceedings under Nevada law to take possession of the Dayton Premises on or after June 30, 2018, if the Trustee has not vacated the Premises by that date. The Trustee and the Hoffs have recently reached an agreement in principal to extend that date to July 31, 2018 and the Court has approved that extension. Nevertheless, the Trustee needs to vacate the Dayton premises in short order.

Industrial Assets has planned to auction the property it acquired from the estate on June 6, 2018. Industrial Assets has agreed to include the Miscellaneous Property, which is more particularly described in the Trustee's declaration filed in support of this Motion. Industrial Assets has agreed to auction the Miscellaneous Property in exchange for an 18% buyer's premium on the assets sold at auction. The Trustee believes it is in the best interests of the estate to authorize the sale of the Miscellaneous Property in the Industrial Assets auction. The Miscellaneous Property is not of significant value relative to the other assets of the estate. The Trustee believes it makes economic sense for Industrial Assets, who has already scheduled an auction, to auction the Miscellaneous Property. Doing so will avoid the time associated with the Trustee engaging a separate auctioneer and scheduling a separate auction.

The only party, of which the Trustee is aware, that may assert an interest in the Miscellaneous Property is the Hoffs. By virtue of the Relief from Stay Order, the Hoffs have a post-petition lien on all assets of the bankruptcy estate to secure any administrative claim they may be allowed under Section 507(a)(2) of the Bankruptcy Code that arises from the Trustee's use of the Dayton premises prior to the time the Trustee vacates. Additionally, the Hoffs hold an alleged-prepetition security interest in the estate's assets that is subject to bona fide dispute for the reasons articulated by the Trustee in prior pleadings. *See, e.g.*, Dkt. No. 1556. A copy of the security agreement of the Hoffs is attached to the Declaration of Connie Hoff at Dkt. No. 1330, Ex. D. As

MOTION FOR ORDER APPROVING SALE OF
DEBTOR'S ASSETS AT AUCTION - 3

501409948 v4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1682    Filed 05/25/18    Ent. 05/25/18 17:59:59    Pg. 3 of 8

described below, the Hoffs' asserted liens do not provide an impediment to the Trustee's ability to sell the Miscellaneous Property at auction.

### III. EVIDENCE RELIED UPON

This Motion relies on the arguments set forth herein, the Declaration of Trustee Mark Calvert filed in support of the Motion, the pleadings and records on file in this case, and the arguments of counsel, if any.

### IV. ARGUMENT

The Court should authorize the Trustee to sell, at an auction conducted by Industrial Assets, the Miscellaneous Property free and clear of liens, claims, interests, and encumbrances. The Court should further authorize the sale according to the compensation terms agreed by the Trustee and Industrial Assets. In particular, the Trustee asks that Industrial Assets be authorized to charge a buyer's premium of 18% on the Miscellaneous Property it sells at auction.

Section 363(b) of the Bankruptcy Code provides that the Trustee is authorized to sell assets outside the ordinary course of its business. While the text of the Bankruptcy Code does not provide the standard for determining when it is a appropriate for a court to authorize the sale of property of the estate, courts often approve a proposed sale if such sale is based upon the sound business judgment of the debtor. *See, e.g.*, *Meyers v. Martin (In re Martin)*, 9 F.3d 389, 395 (3d Cir. 1996); *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983). Here, the Trustee's desire to sell the Debtor's Miscellaneous Property at auction is based on his sound business judgment and is in the best interests of the estate.

Here, a sound business reason exists for the proposed sale. Namely, the objective of the Trustee's proposed sale is to maximize the proceeds of such sale for the benefit of the bankruptcy estate. *See, e.g., Four B. Corp. v. Food Barn Stores, Inc.(In re Food Barn Stores, Inc.)*, 107 F.3d 558, 564-65 (8th Cir. 1997) (stating that in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *In re Integrated Res, Inc*., 147 B.R. 650, 659 (S.D.N.Y. 1992) ("'It is a well-established principle of bankruptcy law that the objective of bankruptcy rules

MOTION FOR ORDER APPROVING SALE OF
DEBTOR'S ASSETS AT AUCTION - 4

501409948 v4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1682    Filed 05/25/18    Ent. 05/25/18 17:59:59    Pg. 4 of 8

and the [Debtor's] duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.'") (alteration in original) (quoting *In re Atlanta Packaging Products, Inc.*, 99 B.R. 124, 130 (Bankr. N.D. Ga. 1988)).

An immediate sale by auction of the Debtor's Miscellaneous Property is necessary. There are only a few remaining physical assets that the Trustee needs to liquidate for the benefit of the estate. Allowing Industrial Assets to sell the Miscellaneous Property on the estate's behalf will avoid the expense of engaging a separate auctioneer who would otherwise need to schedule and conduct a separate auction for the relatively few items included in the Miscellaneous Property. Furthermore, the Miscellaneous Property must be liquidated before the end of July, at which time the Hoffs will be permitted to proceed with an unlawful detainer action.

The sale of assets outside of the ordinary course of business may be conducted by public sale, or a private sale, under the appropriate circumstances. Here, the Trustee has determined, as is within his discretion, that it is preferable to hold a public auction for the property. *See In re Bakalis*, 220 B.R. 525, 531 (Bankr. E.D.N.Y. 1998) ("Unlike judicial sales under the former Bankruptcy Act, the sale of estate property under the Bankruptcy Code is conducted by a trustee, who has ample discretion . . . to conduct public or private sales of estate property.") (internal quotations and citation omitted).

It is most efficient to conduct an auction of the Miscellaneous Property. The Miscellaneous Property does not include custom-minting dies and is of little interest to the customers or buyers of the Debtor's other assets that are specific to its former operations. It would be difficult and time intensive for the Trustee to market each individual item included in the Miscellaneous Property for sale to specific buyers. To the extent the Trustee is presented with more beneficial offers to purchase the substantially all of the assets prior to the auction, the Trustee reserves the right to retract assets from the auction and present such purchase offers to the Court for approval.

**A. Good Cause Exists to Waive the Stay Under Fed. R. Bankr. P. 6004(h)**

Pursuant to Fed. R. Bankr. P. 6004(h), any order authorizing the use, sale, or lease of property other than cash collateral is stayed for 14 days, unless the court orders otherwise. As noted

MOTION FOR ORDER APPROVING SALE OF
DEBTOR'S ASSETS AT AUCTION - 5

501409948 v4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

herein, the auction will take place on June 6, 2018. If the Court hears this Motion on June 1, 2018, there will be fewer than 14 days between the date that an order is entered and the date that the auction is held. As such, waiver of the stay pursuant to FRBP 6004(h) is essential.

### B. The Proposed Sale Satisfies the Requirements of 11 U.S.C. § 363(f)

The Trustee requests that the sale by auction be free and clear of liens, interests, and encumbrances. Pursuant to 11 U.S.C. § 363(f), a Trustee may sell property of the estate under 11 U.S.C. § 363(b) free and clear of any interest in such property of any entity other than the estate only if (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which the property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; *or* (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f) (emphasis added). Here, there are multiple bases upon which the Court should authorize the Trustee to sell the Debtor's assets "free and clear" at auction.

The sale free and clear is permissible under 11 U.S.C. § 363(f)(5) because there are legal and equitable proceedings in which a lienholder could be compelled to accept a money satisfaction of such lien, including the disposition of collateral under the default remedies provided in Washington's Uniform Commercial Code (Chapter 62A.9A RCW) or in a receivership proceeding pursuant to RCW 7.60.260.

In addition, the Motion satisfies the requirements of 11 U.S.C. § 363(f) because the alleged prepetition lien interest in the property (asserted by the Hoffs) are subject to a bona fide dispute by the Trustee and because any lienholder will be adequately protected by having its liens, if any, attach to the proceeds of the sale in the same order of priority, with the same validity, force, and effect that such creditor had prior to such sale, subject to any claims and defenses that the Trustee and the Debtor's bankruptcy estate may possess with respect thereto. For these reasons, the proposed sale free and clear of liens should be approved.

MOTION FOR ORDER APPROVING SALE OF
DEBTOR'S ASSETS AT AUCTION - 6

501409948 v4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1682    Filed 05/25/18    Ent. 05/25/18 17:59:59    Pg. 6 of 8

## V. CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order in the form proposed by the Trustee approving the liquidation of the Miscellaneous Property at the Industrial Assets auction, free and clear of liens, claims, interests, and encumbrances. The Trustee further requests that Industrial Assets' be authorized to charge an 18% buyer's premium in connection with the sale of the Miscellaneous Property at auction.

DATED this 25th day of May, 2018.

K&L GATES LLP

By /s/ *Michael J. Gearin*
Michael J. Gearin, WSBA #20982
David C. Neu, WSBA #33143
Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

MOTION FOR ORDER APPROVING SALE OF
DEBTOR'S ASSETS AT AUCTION - 7

501409948 v4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1682    Filed 05/25/18    Ent. 05/25/18 17:59:59    Pg. 7 of 8

## CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a Paralegal in the law firm of K&L Gates LLP, and on May 25, 2018, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

Also on May 25, 2018, she caused the foregoing document to be deposited in the U.S. mail to the Party at the address listed below:

Northwest Territorial Mint LLC
c/o Ross Hansen, Member
P.O. Box 2148
Auburn, WA 98071-2148

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 25th day of May, 2018 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

MOTION FOR ORDER APPROVING SALE OF
DEBTOR'S ASSETS AT AUCTION - 8

501409948 v4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022