Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Seattle, Rm. 7206
Hearing Date: July 6, 2018
Hearing Time: 9:30 a.m.
Response Date: June 29, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT, LLC,

Debtor.

Case No. 16-11767-CMA

**MOTION TO APPROVE TERMS OF SEVERANCE AGREEMENT WITH EDGAR CHACON**

Mark Calvert, the Chapter 11 Trustee (the "Trustee") of Northwest Territorial Mint, LLC ("NWTM" or "Debtor") files this motion seeking approval of the terms of a severance agreement with Edgar Chacon. Mr. Chacon is one of the few remaining employees of the Debtor, and works out of the Debtor's Dayton, Nevada facility. It is imperative that Mr. Chacon, who manages the Dayton facility stay employed through the end of July, 2018 to assist with the wind down of this case. Thus, the Trustee has negotiated the terms of a severance agreement with Mr. Chacon, whereby Mr. Chacon promises to continue working at the Dayton facility through closure at the end of July in exchange for a severance payment.

## I.     FACTS

On April 1, 2016, the Debtor commenced this case by filing a voluntary petition under chapter 11 of the United States Bankruptcy Code. On April 11, 2016, the Court appointed Mark Calvert as chapter 11 Trustee. *See* Dkt. No. 51.

The Trustee's goal in this case has been to maximize the recovery of creditors. Since May 2017, the Trustee has engaged in extensive marketing efforts related to a potential sale of the

MOTION TO APPROVE TERMS
OF SEVERANCE AGREEMENT - 1
501570646 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

business. The Trustee entertained expressions of interest from multiple parties including offers to purchase the assets of the estate on a going concern basis and for substantially all of the assets of the estate, but no concrete offer materialized for such a sale on terms which provided any meaningful return to the estate. Because no concrete offer materialized, and because of the inadequate cash resources available to the Trustee, the Trustee closed the custom minting business on December 29, 2017 and prepared to liquidate the assets of the estate.

Since the beginning of the year, the Trustee has engaged in negotiations with multiple buyers for various assets of the estate. The Trustee separately reached agreements with Industrial Assets Corp. ("Industrial Assets"), Medalcraft Mint, Inc. ("Medalcraft"), and American Numismatic Society, for the purchase and sale of certain assets of the Debtor. The Industrial Assets and Medalcraft agreements were approved by the Court and have closed. The sale to Industrial Assets Corp. included substantially all of the Debtor's physical machinery and equipment. Medalcraft purchased the Medallic Art name and website; marketing materials; Medallic archives; customer list; sales history; vendor list; certain company owned dies associated with any customer for which there has been a sale in the last 20 years; tools; and woodworking equipment and other assets. The sale to American Numismatic includes older Medallic dies, medals, plaques, and other objects and archives that were created prior to January 1, 1998. The sale to American Numismatic Society was recently approved by this Court.

One of the Debtor's facilities is located in Dayton, Nevada. That facility housed the majority of the Debtor's custom minting operations. The Trustee ceased business operations in Dayton at the end of December 2017, and he now has until the end of July to vacate the Dayton premises before Bob and Connie Hoff, the landlord, may commence an unlawful detainer action under state law. The majority of staff in Dayton, Nevada has been laid off and only a skeleton staff of five employees remains.

Edgar Chacon is the plant manager of Dayton and has a wide array of duties, which include but are not limited to managing the shut down of the company, arranging the shipment of dies,

MOTION TO APPROVE TERMS
OF SEVERANCE AGREEMENT - 2
501570646 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1721    Filed 06/15/18    Ent. 06/15/18 15:45:23    Pg. 2 of 6

preparing items of property for sale, assisting with records retention or destruction, and maintaining the building in accordance with lease obligations. There is no other employee in Dayton that has the capability of performing the duties of Mr. Chacon. The Trustee has reached an agreement with Mr. Chacon to ensure that he will stay employed through the closing and move-out of the Dayton, facility (the "Severance Agreement"). A copy of the Severance Agreement is attached to the declaration of Mark Calvert filed in support of this Motion.

The Severance Agreement with Mr. Chacon provides that the Trustee will pay Mr. Chacon severance in the amount of $14,700 (approximately two months of pay) on July 8, 2018. In exchange, Mr. Chacon promises to continue working for the Trustee until such time that all tasks in Dayton are completed or until the Trustee dismisses his services. Mr. Chacon will not seek, or accept other employment during this time. Under the agreement, Mr. Chacon will continue to be paid his existing normal hourly rate, at no less than 40 hours a week. All overtime, if approved, will be paid as time and a half.

As described in the Declaration of the Trustee filed in support of this Motion, the Trustee believes that there is a risk that Mr. Chacon will leave the company absent approval of the Severance Agreement. If Mr. Chacon were to leave, the Trustee would be forced to hire someone to work on a short-term contract basis. It would be very difficult to find such a person on short notice and such a person will not have the institutional knowledge and experience of Mr. Chacon. Additionally, the Trustee would be forced to travel to Dayton to supervise the efforts of the new hire and oversee the sale and shipment of remaining property located in that facility.

## II.  ISSUE

Should the Court approve the Severance Agreement between the Trustee and Mr. Edgar Chacon?

## III.   EVIDENCE RELIED UPON

This Motion relies on the Declaration of Mark Calvert.

MOTION TO APPROVE TERMS
OF SEVERANCE AGREEMENT - 3
501570646 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1721    Filed 06/15/18    Ent. 06/15/18 15:45:23    Pg. 3 of 6

# IV. ARGUMENT

Mr. Chacon is an employee of NWTM, and is not a professional. Accordingly, his employment is not governed by 11 U.S.C. § 327, and the Trustee does not believe it necessary to seek approval of the Severance Agreement pursuant to Section 330 of the Bankruptcy Code. That said, because the Severance Agreement is arguably outside the ordinary course of business, the Trustee seeks approval of the Severance Agreement under 11 U.S.C. § 503(c)(3). Section 503(c)(3) provides in relevant part that transfers or obligations that are outside the ordinary course of business, must be justified by the facts and circumstances of the case.

Here, the Trustee believes, in his sound business judgment that the terms of the Severance Agreement, are in the best interest of the estate and creditors and are amply justified by the facts. Mr. Chacon has worked at the Dayton facility since prior to the bankruptcy case. The Trustee is concerned that absent approval of the Severance Agreement, Mr. Chacon will seek and find employment elsewhere given that his duties will terminate upon closure of the Dayton facility anyway. The Trustee would be unable to hire someone with the skill and institutional knowledge of Mr. Chacon to work for the estate on a short-term basis through the end of July. If Mr. Chacon were to leave the company, Mr. Calvert would be forced to hire a short-term contract employee. The Trustee would also be forced to travel to Dayton frequently himself in order to supervise the efforts of that contract employee to comply with lease terms, arrange for the shipment of dies, and coordinate the sale of the remaining items of property in the Dayton facility. In simple terms, given NWTM's current status, the Severance Agreement is a necessary and is justified by the facts and circumstances of the case.

MOTION TO APPROVE TERMS
OF SEVERANCE AGREEMENT - 4
501570646 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1721    Filed 06/15/18    Ent. 06/15/18 15:45:23    Pg. 4 of 6

# V. CONCLUSION

Based on the above, the Trustee respectfully requests that the Court approve the terms of the Severance Agreement.

Dated this 15th day of June, 2018.

K&L GATES LLP

By /s/ Brian T. Peterson
    Michael J. Gearin, WSBA #20982
    David C. Neu, WSBA #33143
    Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

MOTION TO APPROVE TERMS
OF SEVERANCE AGREEMENT - 5
501570646 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1721    Filed 06/15/18    Ent. 06/15/18 15:45:23    Pg. 5 of 6

## CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a Paralegal in the law firm of K&L Gates LLP, and on June 15, 2018, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

Also on June 15, 2018, she caused the foregoing document to be placed in the mail to the Parties at the addresses listed below:

Northwest Territorial Mint LLC
c/o Ross Hansen, Member
P.O. Box 2148
Auburn, WA 98071-2148

Mr. Edgar Chacon
80 E. Airpark Vista Blvd
Dayton, NV 89403

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 15th day of June, 2018 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

MOTION TO APPROVE TERMS
OF SEVERANCE AGREEMENT - 6
501570646 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1721    Filed 06/15/18    Ent. 06/15/18 15:45:23    Pg. 6 of 6