Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Seattle, Rm. 7206
Hearing Date: Friday, July 6, 2018
Hearing Time: 9:30 a.m.
Response Date: June 29, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT, LLC,

Debtor.

Case No. 16-11767-CMA

MOTION FOR ORDER AUTHORIZING THE SALE OF REMAINING PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES

## I. INTRODUCTION

Mark Calvert (the "Trustee"), Chapter 11 Trustee for Northwest Territorial Mint, LLC ("NWTM" or the "Debtor"), submits this Motion requesting approval of the sale by the Trustee, at auction, or through private sale, of the remaining miscellaneous items of the Debtor's property (the "Remaining Property"). The Remaining Property includes items located in Dayton, Nevada, and Green Bay, Wisconsin. The Remaining Property does not include any custom coining dies. The Trustee must vacate the Dayton, Nevada premises by the end of July. It is therefore imperative that he sell the Debtor's remaining property before that date, otherwise, the Trustee will be unable to realize any value for the estate for the items located in Dayton. The Motion is supported by the Declaration of Mark Calvert filed concurrently herewith. In support of this Motion, the Trustee respectfully represents as follows:

MOTION FOR ORDER APPROVING SALE OF
DEBTOR'S REMAINING PROPERTY - 1

501580179 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1724    Filed 06/15/18    Ent. 06/15/18 15:53:57    Pg. 1 of 9

## II. BACKGROUND

On April 1, 2016, the Debtor commenced this case by filing a voluntary petition under chapter 11 of the United States Bankruptcy Code. On April 11, 2016, the Court appointed Mark Calvert as chapter 11 Trustee. *See* Dkt. No. 51.

The Trustee's goal in this case has been to maximize the recovery of creditors. Since May 2017, the Trustee has engaged in marketing efforts related to a potential sale of the business. The Trustee entertained expressions of interest from multiple parties including offers to purchase the assets of the estate on a going concern basis and for substantially all of the assets of the estate, but no concrete offer materialized for such a sale on terms which provided any meaningful return to the estate. Because no concrete offer materialized, and because of the inadequate cash resources available to the Trustee, the Trustee closed the custom minting business on December 29, 2017 and prepared to liquidate the assets of the estate via auction.

While the Trustee prepared to sell the Debtor's assets at auction, he engaged in negotiations with multiple buyers for various aspects of the Debtor's assets. Ultimately, the Trustee separately researched agreements with Industrial Assets Corp. ("Industrial Assets") and Medalcraft Mint, Inc. ("Medalcraft") for the purchase and sale of certain assets of the Debtor. On March 14, 2018, the Court approved the Trustee's sale of substantially all of its equipment and machinery to Industrial Assets Corp. for $1.95 million. *See* Dkt. No. 1531. The Trustee has also reached agreement with American Numismatic Society for the sale of older Medallic dies, medals, plaques, and other objects and archives that were created prior to January 1, 1998. The sale to American Numismatic Society was recently approved by this Court.

According to the Court's *Order Granting in Part and Denying in Part Motion for Relief from the Automatic Stay and Related Relief* ("Relief From Stay Order") (Dkt. No. 1450), the automatic stay is modified to allow Bob and Connie Hoff (the "Hoffs") to commence proceedings under Nevada law to take possession of the Dayton Premises on or after June 30, 2018, if the Trustee has

MOTION FOR ORDER APPROVING SALE OF
DEBTOR'S REMAINING PROPERTY - 2

501580179 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1724    Filed 06/15/18    Ent. 06/15/18 15:53:57    Pg. 2 of 9

not vacated the Premises by that date. The Trustee and the Hoffs agreed to extend that date to July 31, 2018.

While the Trustee has already liquidated substantially all of the Debtor's assets, he still must liquidate the Remaining Property for the benefit of the estate. The majority of the Remaining Property is comprised of miscellaneous items of property located in Dayton, Nevada and Green Bay, Wisconsin. The Remaining Property includes, but is not limited to the following: two vehicles, a gun safe, refrigerators, metal detector, microwaves, a television, retail merchandise furniture, office furniture, equipment, appliances, and raw materials. The Trustee has compiled pictures and written descriptions of much or all of the Remaining Property, which are described on Exhibit A attached to the Declaration of Mark Calvert filed in support of the Motion. However, the Trustee also seeks the authority to sell any and all additional items of Remaining Property that may not be on the list attached hereto, wherever such property is located. The Trustee does not, by the Motion, seek to sell any custom coining dies.

By this Motion, the Trustee seeks authority to sell the Remaining Property by private sale or public auction, whichever he determines is in the best interest of the estate. Additionally, Industrial Assets Corp., which previously purchased substantially all of the Debtor's equipment and machinery, has expressed a willingness to assist the Trustee's sale efforts with respect to the Remaining Property. The Trustee therefore also requests that he be authorized to pay Industrial Assets a 10% commission on sales of any of the Remaining Property for which Industrial Assets brings forward a buyer—whether at an auction conducted by Industrial Assets, or through private sales.

The only party, of which the Trustee is aware, that may assert an interest in the Remaining Property is the Hoffs. By virtue of the Relief from Stay Order, the Hoffs have a post-petition lien on all assets of the bankruptcy estate to secure any administrative claim they may be allowed under Section 507(a)(2) of the Bankruptcy Code that arises from the Trustee's use of the Dayton premises prior to the time the Trustee vacates. Additionally, the Hoffs hold an alleged-prepetition security

MOTION FOR ORDER APPROVING SALE OF
DEBTOR'S REMAINING PROPERTY - 3

501580179 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1724    Filed 06/15/18    Ent. 06/15/18 15:53:57    Pg. 3 of 9

interest in the estate's assets that is subject to bona fide dispute for the reasons articulated by the Trustee in prior pleadings. *See, e.g.*, Dkt. No. 1556. A copy of the security agreement of the Hoffs is attached to the Declaration of Connie Hoff at Dkt. No. 1330, Ex. D. The Trustee asserts that the Hoffs' security agreement was not property perfected because the Hoffs' initial financing statement lapsed, and a new financing statement was only filed after the commencement of the bankruptcy case. As described below, the Hoffs' asserted liens do not provide an impediment to the Trustee's ability to sell the Remaining Property at auction or through private sales.

### III. EVIDENCE RELIED UPON

This Motion relies on the arguments set forth herein, the Declaration of Trustee Mark Calvert filed in support of the Motion, the pleadings and records on file in this case, and the arguments of counsel, if any.

### IV. ARGUMENT

The Court should authorize the Trustee to sell, whether by public auction or private sales, all Remaining Property of the estate free and clear of liens, claims, interests, and encumbrances. In addition, the Trustee asks that he be authorized to pay Industrial Assets a 10% commission on items of the Remaining Property for which Industrial Assets brings forward a buyer.

Section 363(b) of the Bankruptcy Code provides that the Trustee is authorized to sell assets outside the ordinary course of its business. While the text of the Bankruptcy Code does not provide the standard for determining when it is a appropriate for a court to authorize the sale of property of the estate, courts often approve a proposed sale if such sale is based upon the sound business judgment of the debtor. *See, e.g.*, *Meyers v. Martin (In re Martin)*, 9 F.3d 389, 395 (3d Cir. 1996); *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983). Here, the Trustee's desire to sell the Debtor's Remaining Property is based on his sound business judgment and is in the best interests of the estate.

Here, a sound business reason exists for the proposed sale. Namely, the objective of the Trustee's proposed sale is to maximize the proceeds of such sale for the benefit of the bankruptcy estate. *See, e.g., Four B. Corp. v. Food Barn Stores, Inc.(In re Food Barn Stores, Inc.)*, 107 F.3d

MOTION FOR ORDER APPROVING SALE OF
DEBTOR'S REMAINING PROPERTY - 4

501580179 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1724    Filed 06/15/18    Ent. 06/15/18 15:53:57    Pg. 4 of 9

558, 564-65 (8th Cir. 1997) (stating that in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *In re Integrated Res, Inc*., 147 B.R. 650, 659 (S.D.N.Y. 1992) ("'It is a well-established principle of bankruptcy law that the objective of bankruptcy rules and the [Debtor's] duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.'") (alteration in original) (quoting *In re Atlanta Packaging Products, Inc.*, 99 B.R. 124, 130 (Bankr. N.D. Ga. 1988)).

The sale of assets outside of the ordinary course of business may be conducted by public sale, or a private sale, under the appropriate circumstances. *See In re Bakalis*, 220 B.R. 525, 531 (Bankr. E.D.N.Y. 1998) ("Unlike judicial sales under the former Bankruptcy Act, the sale of estate property under the Bankruptcy Code is conducted by a trustee, who has ample discretion . . . to conduct public or private sales of estate property.") (internal quotations and citation omitted).

Here, the Trustee wishes to obtain approval to sell either buy public auction or private sale. The Trustee, with the assistance of Industrial Assets, may be able to liquidate much of the Remaining Property without the use of a public auction. Nevertheless, he wishes to retain the flexibility to sell the Remaining Property by whatever means necessary.

Approval of the Motion is in the best interests of the estate. The Remaining Property, much of which is located in Dayton, Nevada, must be liquidated before the end of July, at which time the Hoffs will be permitted to proceed with an unlawful detainer action. Additionally, the Remaining Property is of de minimis value when compared with the value of substantially all of the Debtor's physical assets, which have already been sold by the Trustee. It would be overly expensive and time consuming for the Trustee to file multiple individual sale motions each time he negotiates a sale for a piece of the Remaining Property.

**A. Good Cause Exists to Waive the Stay Under Fed. R. Bankr. P. 6004(h)**

Pursuant to Fed. R. Bankr. P. 6004(h), any order authorizing the use, sale, or lease of property other than cash collateral is stayed for 14 days, unless the court orders otherwise. As noted herein, it is necessary for the Trustee to quickly consummate the sale of as much of the Remaining

MOTION FOR ORDER APPROVING SALE OF
DEBTOR'S REMAINING PROPERTY - 5

501580179 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1724    Filed 06/15/18    Ent. 06/15/18 15:53:57    Pg. 5 of 9

Property as possible. It is therefore in the best interests of the estate to waive the 14 day stay under Fed. R. Bank. P. 6004(h).

### B. The Proposed Sale Satisfies the Requirements of 11 U.S.C. § 363(f)

The Trustee requests that the sale by auction be free and clear of liens, interests, and encumbrances. Pursuant to 11 U.S.C. § 363(f), a Trustee may sell property of the estate under 11 U.S.C. § 363(b) free and clear of any interest in such property of any entity other than the estate only if (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which the property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; *or* (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f) (emphasis added). Here, there are multiple bases upon which the Court should authorize the Trustee to sell the Debtor's Remaining Property "free and clear."

Here, the Trustee is aware of no parties with an alleged interest in the Remaining Property other than the Hoffs. If no creditors object to the sale, the sale free and clear will be permitted under 11 U.S.C. § 363(f)(2). Moreover, even if alleged secured creditors object to the sale, the sale free and clear is permissible under 11 U.S.C. § 363(f)(5) because there are legal and equitable proceedings in which a lienholder could be compelled to accept a money satisfaction of such lien, including the disposition of collateral under the default remedies provided in Washington's Uniform Commercial Code (Chapter 62A.9A RCW) or in a receivership proceeding pursuant to RCW 7.60.260.

In addition, the Motion satisfies the requirements of 11 U.S.C. § 363(f) because the alleged prepetition lien interest in the property (asserted by the Hoffs) are subject to a bona fide dispute by the Trustee. The Hoffs' alleged prepetition security interest is subject to a bona fide dispute because it is subject to avoidance. The Trustee disputes that the Hoffs hold a perfected security interest in the assets listed on Exhibit "B" to the Security Agreement. Medallic Art Limited Partnership ("MALP")

MOTION FOR ORDER APPROVING SALE OF
DEBTOR'S REMAINING PROPERTY - 6

501580179 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1724    Filed 06/15/18    Ent. 06/15/18 15:53:57    Pg. 6 of 9

executed the Security Agreement on July 10, 2009. On July 10, 2009, the Hoffs' attorney filed a UCC-1 financing statement with the State of Nevada. The initial financing statement expired after five years, *i.e.*, July 10, 2014. The Hoffs did not file a continuation statement prior to the expiration of the initial UCC-1, causing their security interest to lapse and become unperfected.

Following the filing of this bankruptcy case, the Hoffs realized their security interest had become unperfected and attempted to perfect it with a new financing statement. The Hoffs attempted to file a new UCC-1 financing statement on April 21, 2016. The Hoffs further filed an amendment to their April 21, 2016 financing statement on May 17, 2016, which purported to add Medallic Art Company, LLC ("MACLLC") as a debtor. MACLLC is the successor in interest to the defunct MALP, and it was substantively consolidated with the Debtor *nunc pro tunc* as of April 1, 2016. Thus, the Hoffs' May 17, 2016 financing statement amendment was filed post-petition as to MACLLC. The hypothetical lien creditor referenced in section 544 of the Bankruptcy Code is one holding a lien as of the date of the commencement of the case. Thus, any lien of the Hoffs is subject to avoidance under 11 U.S.C. § 544, and therefore is subject to a bona fide dispute.

Furthermore, section 363(f) of the Bankruptcy Code is satisfied because any lienholder also will be adequately protected by having its liens, if any, attach to the proceeds of the sale in the same order of priority, with the same validity, force, and effect that such creditor had prior to such sale, subject to any claims and defenses that the Trustee and the Debtor's bankruptcy estate may possess with respect thereto. For all of these reasons, the proposed sale free and clear of liens should be approved.

//

//

//

//

//

MOTION FOR ORDER APPROVING SALE OF DEBTOR'S REMAINING PROPERTY - 7

501580179 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1724    Filed 06/15/18    Ent. 06/15/18 15:53:57    Pg. 7 of 9

## V. CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order in the form proposed by the Trustee authorizing the Trustee to liquidate the Remaining Property free and clear of liens, claims, interests, and encumbrances.

DATED this 15th day of June, 2018.

K&L GATES LLP

By /s/ *Brian T. Peterson*
   Michael J. Gearin, WSBA #20982
   David C. Neu, WSBA #33143
   Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

MOTION FOR ORDER APPROVING SALE OF DEBTOR'S REMAINING PROPERTY - 8

501580179 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1724    Filed 06/15/18    Ent. 06/15/18 15:53:57    Pg. 8 of 9

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a Paralegal in the law firm of K&L Gates LLP, and on June 15, 2018, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

Also on June 15, 2018, she caused the foregoing document to be deposited in the U.S. mail to the Party at the address listed below:

Northwest Territorial Mint LLC
c/o Ross Hansen, Member
P.O. Box 2148
Auburn, WA  98071-2148

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 15th day of June, 2018 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

MOTION FOR ORDER APPROVING SALE OF
DEBTOR'S REMAINING PROPERTY - 9

501580179 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1724    Filed 06/15/18    Ent. 06/15/18 15:53:57    Pg. 9 of 9