The Honorable Christopher M. Alston
Chapter 11
Hearing Location: Rm 7206
Hearing Date: Friday, July 6, 2018
Hearing Time: 9:30 am
Response Date: July 2, 2018 (5 pm)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re

NORTHWEST TERRITORIAL MINT, LLC,

Debtor.

No. 16-11767-CMA

(**shortened time requested**)
Interested Parties' Motion to Enforce a Prior Court Order

Comes now, Gary Marks, Heidi Wastweet, Grove Minting (Jared Grove), Lebanon Fire Department, Bob Palmisano, Gould Studios and American Numismatic Association, Interested Parties in the above-reference matter (collectively "Interested Parties"), by and through their attorney, Michelle Carmody Kaplan, of Kaplan Law PLLC, and move the Court for an order to enforce the Court's Order Approving Motion to Approve (I) Deadline to Assert Claims with Respect to Ownership of NWTM Coining Dies; and (II) Settlement Protocol to Resolve Claims to Ownership of NWTM Dies entered on May 21, 2018. *See* Dkt. No. 1671 (the "Order").

The Interested Parties became involved in this matter in February of this year to assert ownership interests in their respective coining dies and all the associated material and to prevent Mark Calvert, the Chapter 11 Trustee ("Trustee"), from selling their property. Their efforts resulted in entry of the Order. The Order required the Trustee to publish notice of his

Motion to Enforce a Prior Court Order - 1

**KAPLAN LAW PLLC**
2155 - 112th Ave. NE
Bellevue, WA 98004
Phone: 425-818-4818
Fax: 425-484-4444

Case 16-11767-CMA    Doc 1728    Filed 06/19/18    Ent. 06/19/18 10:34:10    Pg. 1 of 3

intent to sell the NWTM coining dies, provided a mechanism for individuals or entities to submit documentation substantiating their ownership claims, and set future hearing dates to address any disputes regarding the ownership claims. The Court-approved notice instructed individuals or entities to complete a form at www.dierequest.nwtmint.com and submit their documentation.

On June 14, 2018, the Interested Parties discovered that the Trustee's employee, Jennifer Baker, was responding to such die requests by sending an email stating:

> I have received your email requesting die ownership to be transferred from Northwest Territorial Mint to [requesting party's name]. I have found the artwork for your coin and would be happy to process this request. ***The court has determined that NWTMINT retained ownership of all NWTMINT dies created to produce coins, medallions or other products for customers. The court has approved the settlement for the ownership transfer in the amount of $300 per die….*** (emphasis added)

See the Declaration of Gordon Sletmoe, Lebanon Oregon Fire Chief at ¶ 3.

Ms. Baker's statements are blatantly false. The Court has not ruled on the ownership issue; instead, it established a framework to resolve any ownership disputes. The Court has also not approved a specific settlement amount per die. The undersigned believes that at a hearing in April of this year, the Court specifically stated that there is a settlement amount per die, but it was not $300 per die.

The Interested Parties are **very** troubled and concerned about the Trustee's false statements. They do not know how many such emails Ms. Baker sent out in response to submitted die requests or how many paid the $300 per die settlement amount.

The Interested Parties are comprised of individual artists, heirs of artists and non-profit organizations. They are not funded by a wealthy corporation; instead, they have pooled their meager resources to wage the ownership issue fight against the Trustee on behalf of all the similarly situated parties impacted by this case. Ms. Baker's email is shocking and

Motion to Enforce a Prior Court Order - 2

**KAPLAN LAW PLLC**
2155 - 112th Ave. NE
Bellevue, WA 98004
Phone: 425-818-4818
Fax: 425-484-4444

Case 16-11767-CMA    Doc 1728    Filed 06/19/18    Ent. 06/19/18 10:34:10    Pg. 2 of 3

in complete disregard of the truth. It is difficult to imagine a scenario in which Ms. Baker's emails were not sent in bad faith. So, in addition to funding the ownership issue fight, the Interested Parties are now forced to incur additional legal fees to force the Trustee to comply with a prior Court Order.

The Interested Parties request the Court to take all actions it deems necessary to rectify the false emails, including without limitation forfeiting any profits from the same. They also ask the Court to award their legal fees incurred to bring this Motion as a sanction against the Trustee.

DATED this 19th day of June 2018.

**KAPLAN LAW PLLC**

By */s/ Michelle Carmody Kaplan*
Michelle Carmody Kaplan
WSBA No. 27286
Attorney for Interested Parties

Motion to Enforce a Prior Court Order - 3

**KAPLAN LAW PLLC**
2155 - 112th Ave. NE
Bellevue, WA 98004
Phone: 425-818-4818
Fax: 425-484-4444

Case 16-11767-CMA    Doc 1728    Filed 06/19/18    Ent. 06/19/18 10:34:10    Pg. 3 of 3