Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Rm 7206
Hearing Date: Friday, July 6, 2018
Hearing Time: 9:30 a.m.
Response Date: July 2, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>NORTHWEST TERRITORIAL MINT, LLC, | Case No. 16-11767-CMA<br><br>DECLARATION OF MARK CALVERT IN SUPPORT OF TRUSTEE'S RESPONSE TO INTERESTED PARTIES' MOTION TO ENFORCE A PRIOR COURT ORDER |

Mark Calvert declares as follows:

1. I am the Chapter 11 Trustee of Northwest Territorial Mint, LLC ("NWTM"). I am over eighteen (18) years of age and I am competent in all ways to testify. Unless otherwise stated, I make the following statements based on my personal knowledge.

2. On May 21, 2018, the court entered an order authorizing me to settle issues of ownership of dies. As I have stated in previous declarations, there was a great deal of uncertainty regarding ownership of some of the coining dies created by NWTM for customers. The uncertainty was the product of inconsistent statements made by NWTM salespeople regarding the ownership of dies, as well as inconsistent paperwork. In some instances the paperwork provided to NWTM customers made it clear that all dies remained the property of NWTM. In other instances, the policy was not expressed on the paperwork, and customers have indicated that they assumed the "die

DECLARATION OF MARK CALVERT IN SUPPORT OF
RESPONSE TO MOTION TO ENFORCE ORDER - 1
501635047 v1

K&L Gates LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1754    Filed 06/29/18    Ent. 06/29/18 16:35:37    Pg. 1 of 4

charge" they paid was a purchase price rather than a charge for the expense NWTM incurred in creating a die.

3. I proposed the settlement protocol as a way of sorting the dies to which there was no dispute of ownership from the ones that either belonged to a customer, or to which a customer asserted an interest. Without resolving ownership, the NWTM dies could not be sold or even destroyed.

4. I worked with counsel to create a form of notice that could be sent to NWTM's customer database. After the notice was approved, it was mailed, published and posted on NWTM's websites at http://existingbullionorders.com and http://www.nwtmint.com. I assigned one of NWTM's employees with the task of responding to customers who contracted NWTM to assert an interest in a die. I instructed her that if paperwork related to that customer contained communications or notations that indicated the customer owned a die or if the invoice stated that a die was "not to be shipped" but rather held in NWTM's archive, that I would concede ownership and that the die(s) would be returned for a $45 shipping fee. I also instructed her that if there was not agreement on ownership, to make an opening settlement offer of $300/die for NWTM to transfer its interest, whatever that interest might be, in a die.

5. On June 19, 2018, I learned for the first time that the employee had sent an email to 74 customers, in response to their inquiries, that contained the false information that the court had determined dies belonged to NWTM, and that the court had authorized a specific settlement amount of $300. I immediately instructed the employee to send a corrective email, drafted by my counsel, to every customer that had received the original email. I also instructed that the settlement payment made by any customer who received that email, and who settled before receiving the corrective email, be refunded. The total refunds to 11 customers was approximately $6,900.

6. It was never my intention to profit from the ownership resolution process and sincerely regret that incorrect information was provided to some customers. The mistake, however,

DECLARATION OF MARK CALVERT IN SUPPORT OF
RESPONSE TO MOTION TO ENFORCE ORDER - 2
501635047 v1

K&L Gates LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1754    Filed 06/29/18    Ent. 06/29/18 16:35:37    Pg. 2 of 4

was not the result of a deliberate intention on my part, or the part of the employee to mislead customers.

EXECUTED this 29th day of June, at Seattle, Washington.

*/s/ Mark Calvert*
Mark Calvert

DECLARATION OF MARK CALVERT IN SUPPORT OF
RESPONSE TO MOTION TO ENFORCE ORDER - 3
501635047 v1

K&L Gates LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1754    Filed 06/29/18    Ent. 06/29/18 16:35:37    Pg. 3 of 4

## CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a paralegal in the law firm of K&L Gates LLP, and on June 29, 2018, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 29th day of June, 2018 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

DECLARATION OF MARK CALVERT IN SUPPORT OF
RESPONSE TO MOTION TO ENFORCE ORDER - 4
501635047 v1

K&L Gates LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1754    Filed 06/29/18    Ent. 06/29/18 16:35:37    Pg. 4 of 4