| | |
|---|---|
| Michael J. Gearin, WSBA # 20982<br>David C. Neu, WSBA # 33143<br>Brian T. Peterson, WSBA # 42088<br>K&L GATES LLP<br>925 Fourth Avenue, Suite 2900<br>Seattle, WA 98104-1158<br>(206) 623-7580 | Honorable Christopher M. Alston<br>Chapter 11<br>Hearing Location: Rm 7206<br>Hearing Date: Friday, July 6, 2018<br>Hearing Time: 9:30 a.m.<br>Response Date: July 2, 2018 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>NORTHWEST TERRITORIAL MINT, LLC, | Case No. 16-11767-CMA<br><br>DECLARATION OF JENIFER BAKER IN SUPPORT OF TRUSTEE'S RESPONSE TO INTERESTED PARTIES' MOTION TO ENFORCE A PRIOR COURT ORDER |

Jenifer Baker declares as follows:

1. I am a sales executive with Medallic Art Company, LLC. I am over eighteen (18) years of age and I am competent in all ways to testify. Unless otherwise stated, I make the following statements based on my personal knowledge.

2. I am the employee responsible for processing information received from customers asserting an ownership interest in Northwest Territorial Mint ("NWTM") coining dies. It has been my responsibility to review the paperwork associated with these customers, locate the relevant dies, and coordinate either a settlement of ownership or to return dies that the Trustee agrees belong to a customer. My tasks also include taking payment for settlement or cost of shipping, answering customer questions, and arranging shipping of NWTM Dies.

3. I received 167 contacts in the first week after the Die Settlement Notice was sent to customers. Because of the amount of labor involved in addressing each claim, and the number of

DECLARATION OF JENIFER BANKER IN SUPPORT
OF RESPONSE TO MOTION TO ENFORCE ORDER - 1
501634699 v1

K&L Gates LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1755    Filed 06/29/18    Ent. 06/29/18 16:37:58    Pg. 1 of 6

customer contacts' I was not able to respond to all customers immediately. I contacted some of the customers by email, using an email that I drafted. I did not realize it at the time, but my email had inaccurate information based on my understanding that the court had made a determination that the dies belonged to NWTM, but if a customer claimed ownership of a die, the Trustee was allowed to transfer title for a settlement payment. Mark Calvert, the Trustee, had instructed me to make an initial settlement offer of $300/die. The Trustee did not review the email that I sent out, nor did he instruct me with respect to the language in the email.

4. The erroneous email was sent out to a total of 74 customers. Upon learning that the information in the email was not correct, I sent out the email attached hereto as Exhibit A to all 74 customers that had received the original email. The corrective email was sent on June 20, 2018. During the period between the time I sent the incorrect email, and the correction, the Trustee settled with 11 customers who received the original email. Gordon Sletmoe was one of the customers to whom I sent the incorrect information.

5. As of June 29, 2018, the Trustee has settled disputed ownership of 29 dies with 13 customers (including the 11 mentioned above). Since the Die Settlement Notice was sent out, the Trustee had agreed with 67 customers that they own coining dies and shipped them 203 dies. For these dies, the Trustee agreed to ship them to the owner for a single $45 shipping fee per customer. The Trustee also provided 53 dies to 10 customers for no charge, using the customer's shipping account. There are an additional 31 customers for whom the Trustee has agreed to return 141 dies, but whose dies have not yet been pulled and shipped. Several customers requested that dies be transferred to Medalcraft Mint so that they could place new orders. At least one customer has made a counter-offer which the Trustee is considering. Some customers who originally made contact have indicated they are no longer interested in the dies.

6. As of June 29, 2018, I have responded to 370 contacts. As detailed above, the claims of 137 customers have been resolved. I am working to resolve the claims of the remaining 233

DECLARATION OF JENIFER BANKER IN SUPPORT
OF RESPONSE TO MOTION TO ENFORCE ORDER - 2
501634699 v1

K&L Gates LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1755    Filed 06/29/18    Ent. 06/29/18 16:37:58    Pg. 2 of 6

customers who I have contacted. There are 11 recent email contacts to which I still need to respond. It takes me roughly one to one-and-one-half hour per die to locate and pull a die.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 29th day of June, at Dayton, Nevada.

_____
Jenifer Baker

DECLARATION OF JENIFER BANKER IN SUPPORT
OF RESPONSE TO MOTION TO ENFORCE ORDER - 3
501634699 v1

K&L Gates LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a paralegal in the law firm of K&L Gates LLP, and on June 29, 2018, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 29th day of June, 2018 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

DECLARATION OF JENIFER BANKER IN SUPPORT
OF RESPONSE TO MOTION TO ENFORCE ORDER - 4
501634699 v1

K&L Gates LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1755    Filed 06/29/18    Ent. 06/29/18 16:37:58    Pg. 4 of 6

# EXHIBIT A

| From: | Jenifer Baker |
|---|---|
| To: | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| Subject: | Correction to information provided in response to inquiry regarding Northwest Territorial Mint Dies |

Dear Andrew,

I am reaching out to correct an error in our last email communication to you. In it, we erroneously stated that the "court has determined that NWTMINT retained ownership of all NWTM dies." This statement was incorrect. The court has made no determination as to the ownership of NWTM dies. Per the previous written notice that you received, it is the <u>Trustee's belief</u> that with limited exceptions, NWTM retained ownership of all NWTM Dies created to produce coins, medallions, or other products for customers. The Trustee has received numerous communications from customers that believe that they own dies. To date, the court has made no determinations or rulings as to ownership of any NWTMINT dies. The court has authorized the trustee to settle disputed claims of ownership, but <u>has not</u> approved a settlement amount. At the current time, the Trustee is willing to settle claims of ownership for $300/die, an amount that is subject to negotiation. If documentation exists that establishes that a customer owns a die, the Trustee will return that die to the customer for cost of shipping.

We apologize for any confusion which our email caused.