Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Seattle, Rm. 7206
Hearing Date: July 6, 2018
Hearing Time: 9:30 a.m.
Response Date: June 29, 2018

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT, LLC,

Debtor.

Case No. 16-11767-CMA

**TRUSTEE'S REPLY IN SUPPORT OF MOTION TO APPROVE TERMS OF SEVERANCE AGREEMENT WITH EDGAR CHACON**

### I.    REPLY

Mark Calvert (the "Trustee"), Chapter 11 Trustee of Northwest Territorial Mint, LLC ("NWTM" or the "Debtor"), files this reply in support of his motion seeking approval of the terms of a severance agreement with Edgar Chacon (the "Motion"). The Motion requests that the Trustee be permitted to pay Mr. Chacon a stay-on or retention bonus, which the Trustee and Mr. Chacon have called a "severance payment." The bonus is meant to incentivize Mr. Chacon to stay employed through the Trustee's closure of the Dayton facility.

The lone objection to the Motion was filed by Bill Atalla, the former CEO of NWTM who was hired by the Trustee on a postpetition basis. Mr. Atalla's objection to the Motion is meritless. Mr. Atalla erroneously conflates the relief requested by the Motion with his request for allowance of an administrative expense claim based on services he provided to the estate prior to his termination. Mr. Atalla's separate request is the subject of an ongoing contested matter that will be determined by this Court at a later date.

REPLY IN SUPPORT OF MOTION TO APPROVE TERMS
OF SEVERANCE AGREEMENT - 1
501654163 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Mr. Atalla argues that the proposed "severance" to be paid to Mr. Chacon is unfair and should not be approved because the Trustee has argued, in the context of a separate contested matter, that Mr. Atalla should be paid on a pro rata basis, along with other administrative expenses in this case. According to Mr. Atalla, the Trustee cannot pay Mr. Chacon 100-cent dollars if Mr. Atalla's claim is paid pro rata with other allowed administrative claims.

The "severance payment" to Mr. Chacon for which the Trustee seeks approval in the Motion is, in reality, a retention bonus. It is not equivalent to the "severance" Mr. Atalla seeks to have paid by the estate. Mr. Atalla's employment was terminated in December and he no longer works for the Debtor. Unlike Mr. Atalla, Mr. Chacon continues to work for the benefit of the estate and is critical to the efforts of the Trustee to wind-down the estate. The "severance" that the Trustee seeks to pay Mr. Chacon is an incentive for Mr. Chacon to continue to provide services to the estate through the closing of the Dayton, Nevada facility—a facility which Mr. Chacon manages. Mr. Chacon has continued to perform his employment services in reliance on the Trustee's commitment to seek court approval of the Trustee's agreement to pay this retention bonus.

In contrast to Mr. Chacon, Mr. Atalla provides no ongoing value to the estate and his services are entirely unnecessary to the Trustee's efforts to vacate the premises in Dayton and close the case. For that reason, the Trustee terminated his employment. The severance for which Mr. Atalla seeks an order compelling payment was part of Mr. Atalla's original employment agreement with the Trustee. It was not, however, a retention or stay-on bonus for which the Trustee sought Court approval to pay with 100-cent dollars.

The relief sought by the Motion is therefore entirely distinguishable from the facts of the dispute with Mr. Atalla. Mr. Atalla's entitlement to severance is the subject of an ongoing contested matter with the Trustee, which is set for trial in August. The relief sought by this Motion is a distinct matter that, if approved, will do nothing to improve Mr. Atalla's argument that he is entitled to be paid ahead of other administrative claimants in this case.

//

REPLY IN SUPPORT OF MOTION TO APPROVE TERMS
OF SEVERANCE AGREEMENT - 2
501654163 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## III.  CONCLUSION

For the foregoing reasons, the Trustee requests that the Court approve the terms of the Severance Agreement.

Dated this 3rd day of July, 2018.

K&L GATES LLP

By /s/ David C. Neu
    Michael J. Gearin, WSBA #20982
    David C. Neu, WSBA #33143
    Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

REPLY IN SUPPORT OF MOTION TO APPROVE TERMS
OF SEVERANCE AGREEMENT - 3
501654163 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a Paralegal in the law firm of K&L Gates LLP, and on July 3, 2018, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 3rd day of July, 2018 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

REPLY IN SUPPORT OF MOTION TO APPROVE TERMS
OF SEVERANCE AGREEMENT - 4

501654163 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022