Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Rm. 7206
Hearing Date: Friday, July 27, 2018
Hearing Time: 9:30 a.m.
Response Date: July 20, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: <br><br> NORTHWEST TERRITORIAL MINT, LLC, <br><br> Debtor. | Case No. 16-11767-CMA <br><br> MOTION FOR ORDER APPROVING SALE OF UNCLAIMED NWTM DIES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO MEDALCRAFT MINT, INC. |

## I. INTRODUCTION

Mark Calvert (the "Trustee"), Chapter 11 Trustee for Northwest Territorial Mint, LLC ("NWTM" or the "Debtor"), submits this Motion, which requests entry of an order approving the sale of the unclaimed NWTM dies to Medalcraft Mint, Inc. ("Medalcraft") free and clear of all liens, claims, interests, and encumbrances. Approval of the sale to Medalcraft is in the best interests of the estate and should be approved by the Court.

## II. BACKGROUND

On April 1, 2016, the Debtor commenced this case by filing a voluntary petition under chapter 11 of the United States Bankruptcy Code. On April 11, 2016, the Court appointed Mark Calvert as Chapter 11 Trustee. *See* Dkt. No. 51.

MOTION FOR ORDER APPROVING SALE OF
UNCLAIMED NWTM DIES FREE AND CLEAR OF ALL
LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
TO MEDALCRAFT MINT, INC.- 1
501656549 v7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1765    Filed 07/06/18    Ent. 07/06/18 16:10:49    Pg. 1 of 8

The Trustee's goal in this case has been to maximize the recovery of creditors. Since May 2017, the Trustee has engaged in marketing efforts related to a potential sale of the business. The Trustee entertained expressions of interest from multiple parties including offers to purchase the assets of the estate on a going concern basis and for substantially all of the assets of the estate, but no concrete offer materialized for such a sale on terms which provided any meaningful return to the estate. Because no concrete offer materialized, and because of the inadequate cash resources available to the Trustee, the Trustee closed the custom minting business on December 29, 2017 and prepared to liquidate the assets of the estate via auction.

While the Trustee prepared to sell the Debtor's assets at auction, he engaged in negotiations with multiple buyers for various aspects of the Debtor's assets. Ultimately, the Trustee separately reached agreements with Industrial Assets Corp., Medalcraft, and the American Numismatic Society for the purchase and sale of certain assets of the Debtor.

The Debtor owns various coining dies used to produce custom products. Certain former customers have asserted an interest in some of the coining dies. Ultimately, the Court approved the sale of Medallic Art Company coining dies in separate sales to Medalcraft and American Numismatic Society. However, to date, the Trustee has not sold the Debtor's coining dies produced and owned under the "NWTM" name rather than the "Medallic" name.

On March 30, 2018, the Trustee filed his *Motion to Approve (I) Deadline to Assert Claims with Respect to Ownership of NWTM Coining Dies; and (II) Settlement Protocol to Resolve Claims to Ownership of NWTM Dies (the "Die Settlement Motion")* [Dkt. No. 1560]. After several hearings, the Court approved, on May 21, 2018, an order (the "Die Ownership Order") authorizing the Trustee to settle disputes over ownership of coining dies created by NWTM ("NWTM Dies") and approving a form of notice to NWTM customers (the "Die Settlement Notice").

The Die Settlement Motion was prompted by a desire to identify and segregate the NWTM dies from customer-owned dies and settle disputes as to any dies for which there was contested ownership. The Die Ownership Order established a deadline, of June 21, 2018, to assert an interest

MOTION FOR ORDER APPROVING SALE OF
UNCLAIMED NWTM DIES FREE AND CLEAR OF ALL
LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
TO MEDALCRAFT MINT, INC.- 2
501656549 v7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1765    Filed 07/06/18    Ent. 07/06/18 16:10:49    Pg. 2 of 8

in, or ownership of, a NWTM die. The Die Ownership Order further provided that a claim of any party other than the bankruptcy estate of Northwest Territorial Mint to ownership of a NWTM die was deemed waived and extinguished unless such party (i) contacted the Trustee in writing asserting an interest in a NWTM die; and (ii) provided evidence of an interest in the die.

The Trustee provided notice by mail and email of the Die Ownership Order to more than 14,000 customer addresses. The date by which a party was to assert an interest in, or ownership of, a NWTM Die has passed. Approximately 300 customers asserted an interest in the NWTM Dies by the court-imposed deadline. Those parties are identified in the *List of Parties Asserting an Interest in Northwest Territorial Mint Coining Dies* [Dkt. No. 1762]. The NWTM Dies that are the subject of those parties' claims of ownership are not included in the proposed sale contemplated by this Motion.

The Trustee has reached an agreement with Medalcraft for the sale of the unclaimed NWTM Dies in which no parties asserted an interest by the court-imposed deadline (the "Unclaimed NWTM Dies"). Medalcraft has agreed to purchase the Unclaimed NWTM Dies in exchange for $75,000. The terms of the agreement with Medalcraft were the result of arms-length negotiations between the Trustee and Medalcraft. The Trustee believes that the agreement is fair, reasonable, and guarantees a certain return for the estate. All of the Unclaimed NWTM Dies are located at the Debtor's Dayton, Nevada facility. It is uncertain whether the Trustee would be able to find another buyer before he is forced to vacate the Dayton facility at the end of July. Moreover, there are very few entities in the custom-minting business for whom the Unclaimed NWTM Dies would have any value at all.

The Trustee has communicated with multiple interested purchasers regarding the sale of the Debtor's assets, including coining dies, over the course of more than ten months. Based on his experience in marketing the assets which are the subject of this sale, the Trustee believes that the price offered for the assets is reasonable. The Trustee believes that it is in the best interests of the estate to consummate the sale to Medalcraft.

MOTION FOR ORDER APPROVING SALE OF
UNCLAIMED NWTM DIES FREE AND CLEAR OF ALL
LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
TO MEDALCRAFT MINT, INC.- 3
501656549 v7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1765    Filed 07/06/18    Ent. 07/06/18 16:10:49    Pg. 3 of 8

The Trustee seeks to sell the Unclaimed NWTM Dies free and clear. There is only one party that could potentially assert an interest in the Unclaimed NWTM Dies: Robert and Connie Hoff. On February 14, 2018, the Court entered its Order Granting in Part and Denying in Part Motion for Relief from the Automatic Stay (Dkt. No. 1450). By that order, the Court granted a post-petition lien on all assets of the bankruptcy estate to secure any administrative claim they may be allowed under Section 507(a)(2) that arises from the Trustee's use of the Dayton Premises prior to the time the Trustee vacates the Dayton Premises. The Trustee believes that the Hoffs are adequately protected by having the lien attached to the proceeds. The Trustee further believes that the Hoffs will not oppose the sale.

### III. EVIDENCE RELIED UPON

This Motion relies on the arguments set forth herein and the Declarations of Trustee Mark Calvert filed in support of this Motion.

### IV. ARGUMENT

The Court should approve the Trustee's proposed sale to Medalcraft, free and clear of liens, claims, interests, and encumbrances. Section 363(b) of the Bankruptcy Code provides that the Trustee is authorized to sell assets outside the ordinary course of its business. While the text of the Bankruptcy Code does not provide the standard for determining when it is a appropriate for a court to authorize the sale of property of the estate, courts often approve a proposed sale if such sale is based upon the sound business judgment of the debtor. *See, e.g., Meyers v. Martin (In re Martin)*, 9 F.3d 389, 395 (3d Cir. 1996); *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983).

**A. The Proposed Sale Meets the Requirements for a Sale Under 363(b).**

Here, a sound business reason exists for the proposed sale to Medalcraft. Namely, the objective of the Trustee's proposed sale is to maximize the proceeds of such sale for the benefit of the bankruptcy estate. *See, e.g., Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.)*, 107 F.3d 558, 564-65 (8th Cir. 1997) (stating that in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *In re Integrated Res, Inc.*, 147 B.R. 650,

MOTION FOR ORDER APPROVING SALE OF
UNCLAIMED NWTM DIES FREE AND CLEAR OF ALL
LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
TO MEDALCRAFT MINT, INC.- 4
501656549 v7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1765    Filed 07/06/18    Ent. 07/06/18 16:10:49    Pg. 4 of 8

659 (S.D.N.Y. 1992) ("'It is a well-established principle of bankruptcy law that the objective of bankruptcy rules and the [Debtor's] duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.'") (alteration in original) (quoting *In re Atlanta Packaging Products, Inc.*, 99 B.R. 124, 130 (Bankr. N.D. Ga. 1988)). The Trustee has closed the Debtor's operations and proposes the sale to Medalcraft with an aim to maximize the recovery for the benefit of the estate.

The sale of assets outside of the ordinary course of business may be conducted by a public sale, or a private sale under appropriate circumstances. *See In re Bakalis*, 220 B.R. 525, 531 (Bankr. E.D.N.Y. 1998) ("Unlike judicial sales under the former Bankruptcy Act, the sale of estate property under the Bankruptcy Code is conducted by a trustee, who has ample discretion . . . to conduct public or private sales of estate property.") (internal quotations and citation omitted). The proposed sale to Medalcraft is the highest and best concrete offer that the Trustee has received to date and the Trustee does not believe he could obtain a higher and better offer within a reasonable period of time.

For purposes of 11 U.S.C. § 363(m), a "good faith purchaser" is one who buys "in good faith" and "for value." *Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 281 (9th Cir. 1992). "The requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings." *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 147 (3d Cir. 1992) (quotations omitted). The "lack of good faith is shown by 'fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.'" *In re Ewell*, 958 F.2d at 281 (quoting *Community Thrift & Loan v. Suchy (In re Suchy)*, 786 F.2d 900, 902 (9th Cir. 1985)); *see also In re Abbotts Dairies*, 788 F.2d at 147.

Here, the sale of the Unclaimed NWTM Dies are the result of arm's length negotiations between the Trustee and Medalcraft. It is not the result of any fraud or collusion between the Trustee and Medalcraft or between the Debtor and Medalcraft. Medalcraft is therefore a good-faith buyer within the meaning of 11 U.S.C. § 363(m). Furthermore, the proposed purchase price of $75,000, is

MOTION FOR ORDER APPROVING SALE OF
UNCLAIMED NWTM DIES FREE AND CLEAR OF ALL
LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
TO MEDALCRAFT MINT, INC.- 5
501656549 v7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1765    Filed 07/06/18    Ent. 07/06/18 16:10:49    Pg. 5 of 8

fair and reasonable, and represents the highest and best concrete offer that the Trustee has received for the Unclaimed NWTM Dies.

**B. Good Cause Exists to Waive the Stay Under Fed. R. Bankr. P. 6004(h).**

Pursuant to Fed. R. Bankr. P. 6004(h), any order authorizing the use, sale, or lease of property other than cash collateral is stayed for 14 days, unless the court orders otherwise. As noted herein, the Trustee must vacate the Dayton premises where the Unclaimed NWTM Dies are located by the end of July, only four days after the hearing on this Motion. Because it is necessary that the sale close quickly and that the Trustee vacate the Dayton premises before the end of the month, the Trustee asks that the Court waive the stay under Fed. R. Bankr. P. 6004(h).

**C. The Proposed Sale Satisfies the Requirements of 11 U.S.C. § 363(f).**

Pursuant to 11 U.S.C. § 363(f), a Trustee may sell property of the estate under 11 U.S.C. § 363(b) free and clear of any interest in such property of any entity other than the estate only if (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which the property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; *or* (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f) (emphasis added). Here, there are multiple bases upon which the Court should authorize the Trustee sale of the Unclaimed NWTM Dies "free and clear."

First and foremost, by the terms of the Die Settlement Order, no customers have the right or ability to assert an interest in any of the Unclaimed NWTM Dies. Moreover, the Trustee has provided notice of this Motion to the creditors and parties in interest as required by the Court, so that if any entity claims a lien on the assets being sold, they will have an opportunity to object. If no such creditor objects, the sale free and clear will be permitted under 11 U.S.C. § 363(f)(2). Moreover, even if alleged secured creditors object to the sale, the sale free and clear is permissible under 11 U.S.C. § 363(f)(5) because there are legal and equitable proceedings in which a lienholder could be compelled to accept a money satisfaction of such lien, including the disposition of collateral

MOTION FOR ORDER APPROVING SALE OF
UNCLAIMED NWTM DIES FREE AND CLEAR OF ALL
LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
TO MEDALCRAFT MINT, INC.- 6
501656549 v7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1765    Filed 07/06/18    Ent. 07/06/18 16:10:49    Pg. 6 of 8

under the default remedies provided in Washington's Uniform Commercial Code (Chapter 62A.9A RCW) or in a receivership proceeding pursuant to RCW 7.60.260.

Additionally, Section 363(f) of the Bankruptcy Code is satisfied because any lienholder also will be adequately protected by having its liens, if any, attach to the proceeds of the sale in the same order of priority, with the same validity, force, and effect that such creditor had prior to such sale, subject to any claims and defenses that the Trustee and the Debtor's bankruptcy estate may possess with respect thereto. For all of these reasons, the proposed sale free and clear of liens should be approved.

## V.  CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order in the form proposed by the Trustee, granting the Motion, authorizing his proposed sale to Medalcraft, and for such other relief as the Court deems appropriate under the circumstances.

DATED this 6th day of July, 2018.

K&L GATES LLP

By /s/ *David C. Neu*
    Michael J. Gearin, WSBA #20982
    David C. Neu, WSBA #33143
    Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

MOTION FOR ORDER APPROVING SALE OF
UNCLAIMED NWTM DIES FREE AND CLEAR OF ALL
LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
TO MEDALCRAFT MINT, INC.- 7
501656549 v7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1765    Filed 07/06/18    Ent. 07/06/18 16:10:49    Pg. 7 of 8

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a senior practice assistant in the law firm of K&L Gates LLP, and on July 6, 2018, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

Also on July 6, 2018, she caused the foregoing document to be placed in the mail to the Parties at the addresses listed below:

Northwest Territorial Mint LLC
c/o Ross Hansen, Member
P.O. Box 2148
Auburn, WA 98071-2148

The Medalcraft Mint Inc.
2660 W. Mason Street
Green Bay, WI 54303

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 6th day of July, 2018 at Seattle, Washington.

Benita G. Gould

MOTION FOR ORDER APPROVING SALE OF
UNCLAIMED NWTM DIES FREE AND CLEAR OF ALL
LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
TO MEDALCRAFT MINT, INC.- 8
501656549 v7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1765    Filed 07/06/18    Ent. 07/06/18 16:10:49    Pg. 8 of 8