FILED
Western District of Washington
at Seattle

JUL 27 2018

MARK L. HATCHER, CLERK
OF THE BANKRUPTCY COURT

Joshua Gibbons
or boxholder
PO Box 821
Westborough, MA  01581

July 24, 2018

The Honorable Christopher M. Alston
United States Bankruptcy Court
700 Stewart Street #6301
Seattle, WA 98101

Re: 16-11767-CMA, Northwest Territorial Mint

Dear Judge Alston,

**I am writing today to provide a summary of what I noticed in the potentially fraudulent emails about die ownership transfer.** I previously wrote (docket 1579), mentioning that I act as an advocate (in an unpaid, unofficial capacity) for those harmed by bullion bankruptcies and frauds.

You are likely aware of this information, but I feel it is important for those that cannot afford to view the emails to have an understanding of what they contain (due solely to the cost[1] I only examined about 10% of the emails).

The most important email I saw was from a customer to Ms. Baker, informing her of a phone call he had with Mark Calvert. He wrote "After our call I spoke with Mark Calvert. ... **Mark indicated that the price per [die] is $300 regardless of ownership, as dictated by the bankruptcy court.**"[2] (emphasis added).

Ms. Baker wrote to at least one customer "**Per the courts I will have to charge for the shipping,** which is a flat rate of $45.00.[3]" (emphasis added) I am not aware of the Court requiring a shipping charge. This same email was Cc:'d to Denise Lentz of K&L Gates.

The emails also suggest that Mr. Calvert rarely negotiated. Of the 78 email exchanges I examined, I only saw one case where Mr. Calvert negotiated with the customer[4]. This may be explained by the impression recipients of the email had that the $300 fee was imposed by the court, and non-negotiable.

One oddity is that in some cases, Ms. Baker sent an email saying that negotiations should be done with K&L Gates (e.g. "**If you would like to negotiate the terms you will need to contact the lawyers at K & L Gates**[5]" and

---

[1] By my calculation, it would cost over $500 to download all the emails via PACER, with the $3/docket cap.
[2] Docket 1782-4, page 53
[3] Docket 1783-2, page 26.
[4] Docket 1782-4, page 43.
[5] Docket 1782-2, page 1

"... I did provide you with the lawyers information. You may also call and talk to the trustee[6]").

Finally, it would be interesting to know if Mr. Calvert has assisted Ms. Baker or other remaining employees in finding new employment, and whether there were any conditions on such assistance.

Sincerely,

Joshua Gibbons

---

[6] Docket 1782-4, page 48