Entered on Docket August 23, 2018

**Below is the Order of the Court.**

Christopher M. Alston
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

_____

Christopher M. Alston
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Suite 6301
Seattle, WA 98101
206-370-5330

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re | Chapter 11 |
| Northwest Territorial Mint, LLC, | Case No. 16-11767 |
| | ORDER FOLLOWING ORDER TO SHOW CAUSE |
| Debtor. | |

     This matter came before the Court its Order to Show Cause (ECF No. 1763). The Court considered the pleadings and files herein and oral argument presented at the hearing on the Order to Show Cause held on July 27, 2018. The Court makes the following findings of fact and conclusions of law:

     1.    Northwest Territorial Mint, LLC (the "Mint") filed this chapter 11 bankruptcy case on April 1, 2016. The Court approved the appointment of Mark Calvert as the chapter 11 Trustee (the "Trustee") in this case on April 11, 2016 (ECF No. 51).

Order - 1

2. Despite efforts to sell the Mint as a going concern, the Trustee was unable to find a purchaser and ceased business operations in December 2017. Soon after, he began liquidating the Mint's assets.

3. Among the assets in the Mint's possession were coining dies used by the Mint to strike custom metals for various customers. The Trustee maintained that the Mint owned these dies and were therefore property of the bankruptcy estate that he could sell. However, several customers disagreed with the Trustee and asserted that at least some of the Mint's customers had purchased their dies when they ordered the dies and had merely stored the dies at the Mint's facility.

4. To resolve this dispute of ownership, the Court directed the Trustee to publish notice of his intent to sell the dies and provide customers with a mechanism to submit claims of ownership and supporting documents. The Court also authorized the Trustee to settle any ownership disputes without further Court approval, and set a hearing date to address any ownership claims that had not been resolved. After careful review of the proposed notice, the Court approved the form of the Notice on May 21, 2018 (ECF No. 1671).

5. On June 19, 2018, several customers filed a Motion to Enforce Prior Court Order (ECF No. 1728). The motion alleged that an employee, Jenifer Baker, was responding to customers' ownership claims with emails asserting that the Court had already determined that the Trustee owned the dies and that the Court had approved a settlement amount of $300 per die. These statements were not true because the Court never made any rulings about ownership or approved a settlement amount.

6. The Trustee responded to the motion, asserting that Ms. Baker had sent the emails in question without instructions to use the false statements in her emails and without the Trustee's knowledge. The Trustee declared that he was unaware of Ms. Baker's false representations until he received the motion by the customers. The Trustee reiterated these assertions in court on July 6, 2018, and again claimed that he provided correct information to Ms. Baker prior to her sending any emails. The Trustee also informed the Court that

approximately 74 customers had received the email with the false statements, and that the eleven customers who followed the false email and paid the Trustee $300 per die received refunds.

7. The customers withdrew their motion prior to the hearing, but the Court still had concerns. The Court ordered the Trustee to show cause why it should not impose sanctions on the Trustee for the emails with the false statements. The Court also ordered the Trustee to file copies of the communications with the eleven customers who received refunds and of all emails between Ms. Baker and any customer related to the resolution of die ownership disputes.

8. At the hearing on the Court's Order to Show Cause, both the Trustee and Ms. Baker addressed the false emails. Ms. Baker asserted that she did not know why she had made the mistake and had been overwhelmed. The Trustee again asserted that Ms. Baker wrote the false emails without his instruction or knowledge despite his prior explanations of the Court's rulings. The Trustee also informed the Court no explanation accompanied the refunds sent to the eleven customers.

9. At the conclusion of the hearing, the Court took this matter under advisement. The Court also reviewed the communications filed by the Trustee.

10. The Court has the inherent power under 11 U.S.C. § 105(a) to sanction bad faith conduct. *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278 (9th Cir. 1996)

11. The emails reviewed by the Court appear to refute the claims of the Trustee and Ms. Baker that she did not know her representations were false and that he was unaware she was repeatedly demanding $300 payments based on a non-existent order until the customers filed their motion. The Court has not taken testimony under oath and has not conducted an evidentiary hearing, though it may do so in the future. For now, the undisputed evidence demonstrates that the Trustee was, at a minimum, negligent in his supervision of the settlement communications. The false emails were at the very least confusing and at worst caused dozens of customers to believe this Court had deprived them of their rights to due process. When the Trustee refunded settlement payments to the eleven customers, he failed to provide any explanation for the refunds, likely causing more confusion.

**Below is the Order of the Court.**

12. In sum, the Court did not authorize the Trustee's conduct, and the Court hopes that this Order provides some answers and closure for the many former customers of Northwest Territorial Mint.

Now, therefore, it is hereby

ORDERED that no further sanctions shall be imposed on the Trustee at this time.

IT IS FURTHER ORDERED that the Trustee shall serve this Order on all parties who received Ms. Baker's email with the false statements and within 14 days of the entry of this Order shall file a declaration that confirms the service and identifies the parties served.

/// END OF ORDER ///