Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Seattle, Rm. 7206
Hearing Date: Friday, October 5, 2018
Hearing Time: 9:30 a.m.
Response Date: September 28, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT, LLC,

Debtor.

Case No. 16-11767-CMA

MOTION TO APPROVE SETTLEMENT WITH ROBERT AND CONNIE HOFF PURSUANT TO FRBP 9019

Mark Calvert, the Chapter 11 Trustee (the "Trustee") of Northwest Territorial Mint, LLC ("NWTM" or "Debtor") files this motion seeking approval of the terms of a settlement with Robert and Connie Hoff (the "Hoffs"). As described below, the terms of the settlement are in the best interests of the estate and should be approved by this Court.

**I.   FACTS**

1. On April 1, 2016, Northwest Territorial Mint, LLC (the "Debtor") filed a chapter 11 voluntary bankruptcy petition, commencing Case No. 16-11767-CMA (the "Bankruptcy Case") in the United States Bankruptcy Court for the Western District of Washington (the "Bankruptcy Court"). On April 11, 2016, the Bankruptcy Court entered an order appointing Mark Calvert as chapter 11 Trustee.

2. The Hoffs are the lessors under a real property lease (the "Dayton Lease") for the Debtor's Dayton, Nevada facility located at 80 East Airpark Vista Blvd. (the "Dayton Facility"). The

MOTION TO APPROVE SETTLEMENT - 1
501806909 v7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1873    Filed 09/06/18    Ent. 09/06/18 15:18:28    Pg. 1 of 6

Dayton Facility was the Debtor's primary manufacturing facility until the Trustee shut down the Debtor's manufacturing operations on or about December 29, 2017.

3. On May 15, 2017, the Court entered its Order Granting Trustee's Motion to Assume Lease for Dayton Facility (the "Order Assuming Lease") (Dkt. No. 1018). The Order Assuming Lease determined that the Dayton Lease is property of the bankruptcy estate and authorized the Trustee to assume the Dayton Lease.

4. After entry of the Order Assuming Lease, the Court held an evidentiary hearing regarding the estate's specific cure obligations with respect to the assumption of the Dayton Lease. On September 1, 2017, the Court entered its Memorandum Decision on Trustee's Motion to Assume Dayton, Nevada Lease (the "Memorandum Decision") (Dkt. No. 1185). The Court ordered the Trustee to cure defaults under the Dayton Lease as identified in the Memorandum Decision. The Trustee has completed some of the cure items, other items were completed by the Hoffs at their expense, and the Trustee has continued to perform some of the cure projects through contract labor and outside contractors.

5. On December 29, 2017, the Hoffs filed a motion for relief from the automatic stay (the "Motion for Relief") (Dkt. No. 1328). The Hoffs asserted that bankruptcy estate was in default in numerous respects under the Dayton Lease. On February 14, 2018, the Court entered its Order Granting in Part and Denying in Part Motion for Relief from the Automatic Stay and Related Relief (the "Stay Relief Order") (Dkt. No. 1450). Under the Stay Relief Order, the Hoffs were granted an adequate protection lien and the Trustee was required to submit a budget for approval of the use of cash collateral encumbered by the adequate protection lien.

6. Over the course of the last approximately eight months, the Trustee has liquidated the majority of the Debtor's physical assets, including machinery, inventory, equipment, and raw materials. The majority of those physical assets were located in the Dayton Facility. The bankruptcy estate has remained in possession of the Dayton Facility while the Trustee has liquidated the Debtor's assets and cleaned up the facility.

MOTION TO APPROVE SETTLEMENT - 2
501806909 v7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1873    Filed 09/06/18    Ent. 09/06/18 15:18:28    Pg. 2 of 6

7. The Hoffs and the Trustee have had dialogue and substantial disagreement over the scope of repairs that were required under the cure order and the scope repairs that are required under the terms of the Dayton Lease upon surrender of possession of the facility. The Hoffs desire to retake possession of the Dayton Facility and take control over the completion of any and all repairs, maintenance and improvements necessary to ready the Dayton Facility for re-leasing or sale.

8. The Hoffs assert that they had a prepetition security interest in certain assets of the bankruptcy estate. The Trustee has an ongoing dispute with the Hoffs regarding the validity of that alleged security interest. In addition to such prepetition security interest dispute, the Hoffs have asserted other secured, administrative priority and superpriority claims in the bankruptcy case relating to the Dayton Lease that are the subject of dispute.

9. Over the course of the past number of weeks, the Trustee engaged in arms-length negotiations with the Hoffs regarding the various claims the Hoffs hold related to the Dayton Lease and Dayton Facility. Ultimately, the Trustee reached a global settlement agreement with the Hoffs of all the claims and issues between us (the "Settlement Agreement," and the settlement detailed therein, the "Settlement"), a copy of which is attached as Exhibit A to the Declaration of Mark Calvert filed in support of this Motion.

10. The detailed terms of global compromise the Trustee reached with the Hoffs are set forth in the Settlement Agreement. In general terms, the Settlement provides, among other things, that the Trustee will pay $354,421.90 to the Hoffs; be responsible for the removal and appropriate disposal of all remaining chemicals in the Dayton Facility; surrender possession of the Dayton Facility on September 7, 2018 and remain responsible for occupancy costs through that date or the date of removal of the chemicals if later than September 7, 2018. In exchange, the Hoffs will take responsibility to complete all remaining unperformed cure obligations and maintenance projects and release the bankruptcy estate from any and all claims, including claims related to the Dayton Lease and Dayton Facility.

MOTION TO APPROVE SETTLEMENT - 3
501806909 v7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1873    Filed 09/06/18    Ent. 09/06/18 15:18:28    Pg. 3 of 6

## II. ISSUE

Whether the Court should approve the terms of the Settlement Agreement.

## III. EVIDENCE RELIED UPON

This Motion relies on the Declaration of Mark Calvert and the pleadings and papers on file with the Court.

## IV. ARGUMENT

Compromises are a "normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). The Court has great latitude in approving compromise agreements and may approve a compromise if it is "fair and equitable." *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988). The Court does not have to decide the numerous questions of fact and law raised by objecting parties. *In re Planned Protective Serv., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991). The focus of the Court's inquiry is whether the settlement entered into by the Trustee was reasonable given the particular circumstances of the case. *Bache & Co. v. Loeffler (In re Equity Funding Corp. of Am.)*, 519 F.2d 1274, 1277 (9th Cir. 1975). An order approving a compromise will be upheld absent abuse of discretion. *Goodwin v. Mickey Thompson Entm't Group, Inc. (In re Mickey Thompson Entm't Group, Inc.)*, 292 B.R. 415, 420 (BAP 9th Cir. 2003).

Specifically, to determine whether a compromise is "fair and equitable," the Court should consider: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in collection; (3) the litigation's complexity and its attendant expense, inconvenience and delay; and (4) the paramount interest of the creditors with a proper deference to their reasonable view. *Martin v. Kane (In re A & C Prop.)*, 784 F.2d 1377, 1381 (9th Cir. 1986).

The Settlement Agreement should be approved by this Court because it is fair and equitable. The Trustee has determined, in his business judgment that the Settlement is in the best interests of the estate. Absent approval of the Settlement Agreement with the Hoffs, the Trustee would be forced

MOTION TO APPROVE SETTLEMENT - 4
501806909 v7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1873    Filed 09/06/18    Ent. 09/06/18 15:18:28    Pg. 4 of 6

to litigate the various complicated and fact-intensive issues between the parties. Such litigation would be expensive and could likely result in an evidentiary hearing. Moreover, there is a risk that if the various issues are litigated, the estate could be liable for more than $354,421.90 in combined unperformed cure costs and amounts owed under the Dayton Lease. The rent under the remaining term of the Dayton Lease alone is more than $500,000. Moreover, the Hoffs have asserted that all of their claims are secured by a first priority lien. The terms of the Settlement appropriately account for the estate's potential liability, and the Settlement also avoids the expense associated with further litigation of the various complicated and fact-intensive disputes. As such, the Settlement Agreement is fair and equitable, and should be approved by this Court.

## V. CONCLUSION

Based on the above, the Trustee respectfully requests that the Court approve the terms of the Settlement Agreement and permit the Trustee to take all necessary actions to carry out the estate's obligations under the Settlement Agreement.

Dated this 6th day of September, 2018.

K&L GATES LLP

By */s/ Michael J. Gearin*
    Michael J. Gearin, WSBA #20982
    David C. Neu, WSBA #33143
    Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

MOTION TO APPROVE SETTLEMENT - 5
501806909 v7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1873    Filed 09/06/18    Ent. 09/06/18 15:18:28    Pg. 5 of 6

## CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a paralegal in the law firm of K&L Gates LLP, and on September 6, 2018, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

Also on September 6, 2018, she caused the foregoing document to be mailed to the Parties at the addresses listed below:

Northwest Territorial Mint LLC
325 E Washinton St #226
Sequim, WA 98382

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 6th day of September, 2018 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

MOTION TO APPROVE SETTLEMENT - 6
501806909 v7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022