NOVEMBER 25, 2018

UNITED STATES BANKRUPTCY COURTCASE # 16-11767 CMA
CASE # 16-11767 CMA

NORTHWEST TERRITORIAL MINT BANKRUPTCY
WESTERN DISTRICT OF WASHINGTON
700 STEWART STREET
SEATTLE, WA. 98101

THE HONORABLE CHRISTOPHER M. ALSTON

John W. Peterson
Creditor 838/NWTM
16315 129th Ave. S.E.
Renton, WA. 98058

FILED
Western District of Washington
at Seattle

NOV 29 2018

MARK L. HATCHER, CLERK
OF THE BANKRUPTCY COURT

    I am creditor 838 in the above entitled action. I have suffered the loss of 25 1 oz. Canadian Gold Maple Leaf coins of my 87 total that were stored in the Northwest Territorial Mint vault. This represents approximately $33,000 at this time. I paid a storage fee to the Mint to protect these coins from loss. I also signed an insurance contract with the Mint to guarantee replacement of the coins. The detailed storage inventory the Trustee, Mr. Calvert, promised us creditors has never been supplied. The guarantee of replacement agreement has been disallowed presumably by the court. How does the Trustee justify asking the court to end the bankruptcy, and pay himself and his accounting company Cascade Capital Group, without a full accounting of the assets at the time of his taking over the bankruptcy? Isn't such an accounting, if made properly, the key evidence against the debtor, Ross Hansen? Why would such data still be unavailable to the creditors three years after initiating this bankruptcy?

    None of the unsecured creditors has any idea what existed in the NWTM vaults at the time this bankruptcy was filed. The Unsecured Creditor's Committee (U.C.C.) repeatedly asked for a Forensic Accounting, but none was provided. On February 10, 2017, the U.C.C. voted to undertake a full outside audit of the Trustee's books. Such audit has yet to be performed, in spite of the fact that serious accounting errors (after the bankruptcy filing was made) with storage metal were given, and how bullion was not accounted for while Mr. Calvert was Trustee. The Trustee apparently has claimed that the FBI was present for inventorying and that it had pictures taken of everything, but in reality the FBI was only present for part of the inventory at one of three NWTM locations. The FBI thus had no exposure to two of the most seriously flawed inventories. They apparently also discovered bullion in document containers provided by the Trustee.

    Cascade Capital Group, the Trustee's accounting company, has never provided a complete accounting to the creditors. No inspection or examination of any records has been made by the U.C.C. or any other creditor, as yet. No visible work product from this group has been made available to creditors, as yet, either. Lastly, no reorganization plan has ever been presented to the creditors which would re-establish the business of NWTM.

    As creditors, many of us will need some proof of claim via the bankruptcy in order to claim casualty losses on our IRS Tax Returns. The least we should be able to expect from this bankruptcy is a receipt from the Trustee for our individual losses. Such data would be available with a complete inventory, which should have already been given to the creditors. Please do not close this case until such inventory/audit is completed, your honor. Thank you for your attention to this matter.

JOHN W. PETERSON    11/25/2018

Original

NOVEMBER 25, 2018

John W. Peterson
Creditor 838/NWTM
16315 129th Ave. S.E.
Renton, WA. 98058

UNITED STATES BANKRUPTCY COURTCASE # 16-11767 CMA
CASE # 16-11767 CMA

NORTHWEST TERRITORIAL MINT BANKRUPTCY
WESTERN DISTRICT OF WASHINGTON
700 STEWART STREET
SEATTLE, WA. 98101

THE HONORABLE CHRISTOPHER M. ALSTON

    I am creditor 838 in the above entitled action. I have suffered the loss of 25 1 oz. Canadian Gold Maple Leaf coins of my 87 total that were stored in the Northwest Territorial Mint vault. This represents approximately $33,000 at this time. I paid a storage fee to the Mint to protect these coins from loss. I also signed an insurance contract with the Mint to guarantee replacement of the coins. The detailed storage inventory the Trustee, Mr. Calvert, promised us creditors has never been supplied. The guarantee of replacement agreement has been disallowed presumably by the court. How does the Trustee justify asking the court to end the bankruptcy, and pay himself and his accounting company Cascade Capital Group, without a full accounting of the assets at the time of his taking over the bankruptcy? Isn't such an accounting, if made properly, the key evidence against the debtor, Ross Hansen? Why would such data still be unavailable to the creditors three years after initiating this bankruptcy?

    None of the unsecured creditors has any idea what existed in the NWTM vaults at the time this bankruptcy was filed. The Unsecured Creditor's Committee (U.C.C.) repeatedly asked for a Forensic Accounting, but none was provided. On February 10, 2017, the U.C.C. voted to undertake a full outside audit of the Trustee's books. Such audit has yet to be performed, in spite of the fact that serious accounting errors (after the bankruptcy filing was made) with storage metal were given, and how bullion was not accounted for while Mr. Calvert was Trustee. The Trustee apparently has claimed that the FBI was present for inventorying and that it had pictures taken of everything, but in reality the FBI was only present for part of the inventory at one of three NWTM locations. The FBI thus had no exposure to two of the most seriously flawed inventories. They apparently also discovered bullion in document containers provided by the Trustee.

    Cascade Capital Group, the Trustee's accounting company, has never provided a complete accounting to the creditors. No inspection or examination of any records has been made by the U.C.C. or any other creditor, as yet. No visible work product from this group has been made available to creditors, as yet, either. Lastly, no reorganization plan has ever been presented to the creditors which would re-establish the business of NWTM.

    As creditors, many of us will need some proof of claim via the bankruptcy in order to claim casualty losses on our IRS Tax Returns. The least we should be able to expect from this bankruptcy is a receipt from the Trustee for our individual losses. Such data would be available with a complete inventory, which should have already been given to the creditors. Please do not close this case until such inventory/audit is completed, your honor. Thank you for your attention to this matter.

*[signature]*

JOHN W. PETERSON    11/25/2018

*Copy for Counsel*