Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Seattle, Rm. 7206
Hearing Date: Friday, February 1, 2019
Hearing Time: 11:00 a.m.
Response Date: January 25, 2019

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT, LLC,

Debtor.

Case No. 16-11767-CMA

SUPPLEMENTAL DECLARATION OF DAVID C. NEU IN SUPPORT OF FEE APPLICATIONS OF CHAPTER 11 TRUSTEE AND TRUSTEE'S PROFESSIONALS FOR CONTINUED HEARING FEBRUARY 1, 2019

David C. Neu declares as follows:

1. I am a partner with K&L Gates LLP, attorneys for the Chapter 11 Trustee (the "Trustee") Mark Calvert.

2. This Declaration is filed to address issues raised by the Court at the hearing on fee applications held on December 7, 2018.

3. The Court asked for an explanation as to why the Trustee elected not to sue American Express for recovery of fraudulent transfers made by Northwest Territorial Mint, LLC ("NWTM") for the benefit of Diane Erdmann. The Trustee made his decision not to pursue American Express based on his perception of the strength of the claims against American Express including defenses that he anticipated could be raised. As the Court is aware, the charges paid for by NWTM and made on Diane Erdmann's American Express card fell into two categories, charges for services provided by third parties to NWTM (such as Google and Yahoo advertising), and charges for products or services that solely benefitted Diane Erdmann. The charges in the latter category taken on any monthly period were dwarfed by charges in the former. Claims against American Express would

SUPPLEMENTAL DECLARATION OF DAVID C. NEU IN
SUPPORT OF FEE APPLICATIONS OF CHAPTER 11 TRUSTEE
AND TRUSTEE'S PROFESSIONALS FOR CONTINUED
HEARING FEBRUARY 1, 2019 - 1
502040910 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1981    Filed 01/18/19    Ent. 01/18/19 18:51:39    Pg. 1 of 4

have been premised in constructive fraudulent transfer, which would have required the Trustee to prove that American Express had not provided reasonably equivalent value to NWTM for the transfers. American Express had a significant defense which Diane Erdmann lacked, that it provided reasonably equivalent value to NWTM.[1] An indirect benefit conferred on a transferor constitutes value for the purposes of RCW 19.40.041, RCW 19.40.081, 11 U.S.C. §548 and 11 U.S.C. §550. *See, e.g., In re Richards & Conover Steel Co.,* 267 B.R. 602, 612-613 (8th Cir. BAP 2001). Even though the credit card account was in Diane Erdmann's name, American Express was providing credit that substantially benefitted NWTM. Diane Erdmann, for whose benefit the transfers were made, provided no value to NWTM. Although she argued that she advanced credit, the credit was never hers, rather it was based on NWTM paying her bill each month as she had no income. Simply put, the Trustee elected not to sue American Express based on his business judgment after considering the law.

4. The Court questioned why the Trustee pursued litigation against Diane Erdmann given her financial status, and indicated that the Trustee had stated in his Motion for Writ of Attachment, Dkt. No. 62, Adv. Pro. 16-01217 (the "Writ Motion"), that Diane Erdmann was "judgment proof." The Writ Motion does not contain such a representation. In the Writ Motion, the Trustee sought to attach two specific categories of "assets" in which Diane Erdmann asserted an interest, the remaining cash portion of the advance fee deposit paid to the Tracey Law Group, totaling approximately $125,000[2] and coins and bullion seized by the King County Sheriff, the value of which was approximately $150,000. In the Writ Motion, the Trustee represented to the Court that "Ms. Erdmann has represented to this Court that the cash and bullion represent a large portion of her personal assets" and given that cash and precious metal are highly disposable, it was likely that if these assets were turned over to Diane Erdmann, she would spend or secret the cash and bullion that was held

---

[1] The Court acknowledged the value received by NWTM from the advancement of credit at a hearing on February 2, 2017, when it stated in ruling on a Motion to Dismiss, "I'll tell you right now without giving an advisory opinion, that's pretty reasonably equivalent.").

[2] The Trustee held those funds, which the Court determined belonged to Diane Erdmann.

SUPPLEMENTAL DECLARATION OF DAVID C. NEU IN
SUPPORT OF FEE APPLICATIONS OF CHAPTER 11 TRUSTEE
AND TRUSTEE'S PROFESSIONALS FOR CONTINUED
HEARING FEBRUARY 1, 2019 - 2
502040910 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1981    Filed 01/18/19    Ent. 01/18/19 18:51:39    Pg. 2 of 4

by the Trustee. The Trustee did not make the representation that Ms. Erdmann was judgment proof, noting that although they were the only presently identifiable sources, Diane Erdmann had sold approximately $700,000 in bullion over the year prior to the Writ Motion, a fact which had just come to light. The Trustee also was transparent that a judgment against Ms. Erdmann might lead to recovery from third parties who had received payment from Ms. Erdmann. It also bears noting that the Trustee diligently tried to settle the claims against Ms. Erdmann, and despite attending a mediation with her at her request, received no settlement offer from her or response to his many settlement proposals, beyond rejection.

5. The Court requested that I explain a time entry from March 26, 2018 regarding a discussion of potential theft of designs. I explained at the hearing on December 7, 2018, that my recollection was that the discussion was about Brenda Johnson, not Paul Wagner. I have gone back through my email and confirm this was the case. On March 26, 2018, the Trustee sent me an email asking that I draft a cease and desist letter to Brenda Johnson based on concern that she might have retained design files when her employment was terminated. The time entry in question relates to my efforts to obtain additional information so I could draft the letter to Brenda Johnson, a copy of which was filed with this Court as <u>Exhibit B</u> to the Declaration of Mark Calvert in Response to Letter From Chambers Dated November 6, 2018 [Dkt. No. 1915].

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 18th day of January, 2019 at Seattle, Washington.

*/s/ David C. Neu*
David C. Neu

SUPPLEMENTAL DECLARATION OF DAVID C. NEU IN SUPPORT OF FEE APPLICATIONS OF CHAPTER 11 TRUSTEE AND TRUSTEE'S PROFESSIONALS FOR CONTINUED HEARING FEBRUARY 1, 2019 - 3
502040910 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1981    Filed 01/18/19    Ent. 01/18/19 18:51:39    Pg. 3 of 4

## CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a paralegal in the law firm of K&L Gates LLP, and on January 18, 2019, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 18th day of January, 2019 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

SUPPLEMENTAL DECLARATION OF DAVID C. NEU IN SUPPORT OF FEE APPLICATIONS OF CHAPTER 11 TRUSTEE AND TRUSTEE'S PROFESSIONALS FOR CONTINUED HEARING FEBRUARY 1, 2019 - 4
502040910 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 1981    Filed 01/18/19    Ent. 01/18/19 18:51:39    Pg. 4 of 4