Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Seattle, Rm. 7206
Hearing Date: Friday, February 1, 2019
Hearing Time: 11:00 a.m.
Response Date: January 25, 2019

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| In re: | Case No. 16-11767-CMA |
|---|---|
| NORTHWEST TERRITORIAL MINT, LLC, <br> Debtor. | CONSOLIDATED SUPPLEMENTAL REPLY IN SUPPORT OF FEE APPLICATIONS OF TRUSTEE AND TRUSTEE'S PROFESSIONALS |

## I. REPLY

The Chapter 11 Trustee for Northwest Territorial Mint, LLC (the "Trustee"); Cascade Capital Group, LLC ("Cascade") accountants for the Trustee; and K&L Gates LLP ("K&L Gates"), counsel for the Trustee, hereby submit this combined Supplemental Reply in support of their respective applications for compensation (the "Trustee Professionals' Applications") in advance of the continued hearing on the Trustee Professionals' Applications. This supplemental reply addresses responses filed after the initial hearing. In support thereof, the Trustee, Cascade, and K&L Gates (collectively, the "Trustee Professionals") respectfully state as follows:

**A. Generic Creditor Submissions.**

There are approximately twenty-three generic objections and responses filed by creditors in connection with the Trustee Professionals' Applications.[1] The theme of these objections is that the

---
[1] The Trustee's counsel has also received a few emails and letters from creditors which express these same generic objections but which do not appear to have been filed.

CONSOLIDATED SUPPLEMENTAL REPLY IN
SUPPORT OF FEE APPLICATIONS OF TRUSTEE AND
TRUSTEE'S PROFESSIONALS - 1
502044912 v6

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

creditors have suffered losses and that the professionals should not be paid unless unsecured creditors and "victims" are paid first. Creditors express frustration and anger that they will not receive a dividend in this case.

The Trustee and the professionals share the frustration of creditors that there will be no return to unsecured creditors in this case. But, the Trustee and his professionals made every effort to preserve and protect the business assets of the estate, reorganize the debtor's business and generate a return to unsecured creditors. The Trustee operated the debtor's business for twenty-one months, paid all postpetition operating expenses, and resolved and paid virtually all the secured and administrative claims in the case.[2] The Trustee liquidated the assets of the estate through a difficult and labor intensive process including multiple court approved sales of significant asset packages of the estate. Absent the efforts of the Trustee and the professionals, there would be no proceeds in the estate and there would have been no resources to satisfy all the claims of secured and administrative priority creditors who have already been paid.

Many of the generic objections appear to have been filed due to the solicitation of creditor responses by Joshua Gibbons, a blogger who has made a habit of spreading false and unsupported speculation about this case online. The false accusations and speculation spread by Mr. Gibbons stoke unwarranted creditor fear and outrage with regard to the efforts of the professionals in this case. Mr. Gibbons has previously filed materials with the Court including a letter in advance of the initial fee application hearing. Mr. Gibbons is not a creditor or party in interest of the estate, and lacks standing as he has no pecuniary interest in the case. At the initial hearing on the Trustee Professionals' Applications, the Court found that Mr. Gibbons lacked standing and ruled that it

---

[2] The Trustee has administered the payment of more than $30 million in ordinary business expenses and payments to creditors during the case. The Trustee has fully paid all secured creditors and has paid all allowed administrative claims other than two claims which have been paid a forty percent dividend and have an unpaid balance totaling less than $10,000.

CONSOLIDATED SUPPLEMENTAL REPLY IN
SUPPORT OF FEE APPLICATIONS OF TRUSTEE AND
TRUSTEE'S PROFESSIONALS - 2
502044912 v6

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

would not consider Mr. Gibbons submissions. Subsequently, Mr. Gibbons has solicited creditors to file objections to the fee applications. *See* Declaration of Mark Calvert in support of this Supplemental Reply ("Supplemental Calvert Declaration"). In his solicitations to creditors, Gibbons alleges, based upon his sheer speculation, that there has been fraudulent diversion of assets from the bankruptcy estate, and asks individuals to "**please take action**." Numerous generic creditor letters submitted to this Court appear to be the result of Mr. Gibbons peddling his unfounded conspiracy theories. His untruthful speculations have made an already difficult case even more difficult for the creditors.

The Trustee and the professionals are not receiving a windfall. The services of the Trustee and his Professionals were necessary and beneficial to the estate because, at the time they were rendered, they were "reasonably likely to benefit the estate." *In re Kohl*, 421 B.R. 115, 125 (Bankr. S.D.N.Y. 2009). The generic responses of creditors articulate no legal basis for the disallowance of any portion of the Trustee Professionals' requested fees, and they do not controvert the evidence that the Trustee Professionals provide in support of their applications. Instead, the creditors seek to have the Court apply a "results achieved" standard, arguing that fees should be disallowed because there will be no return to unsecured creditors.

**B. Bill Atalla Objection.**

Bill Atalla is no longer a creditor in this case, and does not have standing to interpose any objection to the Trustee Professionals' Applications. The Court will recall that Mr. Atalla filed a motion to compel the payment of his severance and other compensation claims in the case, and the Court approved a settlement fully resolving all of Atalla's claims. He has been fully paid and has no claims against the estate. On that basis alone, his submission should be stricken.

To the extent the Court is inclined to consider the Atalla declaration, Atalla's allegations that the Trustee did not respond to his purchase offers are not true. Mr. Atalla may not have liked the Trustee's responses, but the Trustee did provide responses to his inquiries in writing through

CONSOLIDATED SUPPLEMENTAL REPLY IN
SUPPORT OF FEE APPLICATIONS OF TRUSTEE AND
TRUSTEE'S PROFESSIONALS - 3
502044912 v6

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2014    Filed 01/29/19    Ent. 01/29/19 20:11:14    Pg. 3 of 8

counsel. *See* Supplemental Calvert Declaration. There is no existing agreement between the Trustee and Mr. Wagner to sell store inventory of the Debtor on a consignment basis. The Trustee explored the possibility of entering into an agreement with Mr. Wagner but he never finalized such agreement. On January 24, 2019, Mr. Wagner sent the Trustee a letter withdrawing his interest in selling such assets on a consignment basis, in part, because of false allegations being propounded by the Pehls, Atalla, and Joshua Gibbons. That letter is attached to the Supplemental Calvert Declaration.

The Trustee continues to investigate avenues for the liquidation of the remaining assets of the estate including the store inventory. The Trustee has no interest in consigning assets with Mr. Atalla. The estate has already contracted for services with Mr. Atalla once in this case and Mr. Atalla spectacularly failed to perform under that agreement. Mr. Atalla has no current business and no ability to perform on a contract to liquidate store inventory. Mr. Atalla is free to make an all cash offer to purchase the store inventory. The Trustee continues to explore alternatives to maximize the remaining value in the estate including the store inventory.

Mr. Atalla also speculates that Sierra Mint has been profiting from NTWM assets because the customer service number for the NWTM Amazon seller account is a Sierra Mint number. Based on this fact, Atalla concludes that revenues from the Amazon account are being diverted to Sierra Mint's accounts. This is patently false. Atalla asserts that the Amazon revenues are not recorded in the Trustee's operating reports. But the Amazon revenues are so reflected. *See, e.g*., MOR of October, 2018 UST-14 Statement of Cash Receipts Detail Exhibit 3.1 reflecting receipt of "Amazon Collections" on October 9, 2018 and October 22, 2019. Mr. Wagner has not received any of the revenues from Amazon sales. Revenues from the Amazon seller account are deposited directly into NWTM bank accounts. Mr. Wagner, who operates Sierra Mint, handled customer inquiries on that account while he was an employee of the Mint. He continued to do so, without compensation, when he left NWTM and began operating Sierra Mint. As there are no NWTM employees left to respond

CONSOLIDATED SUPPLEMENTAL REPLY IN
SUPPORT OF FEE APPLICATIONS OF TRUSTEE AND
TRUSTEE'S PROFESSIONALS - 4
502044912 v6

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2014    Filed 01/29/19    Ent. 01/29/19 20:11:14    Pg. 4 of 8

to customer questions the Sierra Mint phone number is reflected on the Amazon account. *See* Supplemental Calvert Declaration.

### C. Paula Pehl's Objection.

Ms. Pehl has filed a "Response to the motions for payment of professional fees." The Pehl response is a renewal of prior letters submitted to the Court which the Trustee addressed in his supplemental submissions filed on January 18, 2019. The Pehls do repeat the wild and unsupported conspiracy theory that the Trustee spun off a profitable China die operation from the estate and vested Mr. Wagner with control over that business in order to divert the profits from that business from the estate. These allegations are patently false. Pehl bases her conclusion on an exhibit she procured from materials the Trustee presented to the Committee in confidence. That exhibit, which is entitled "Snap Shot of March Accomplishments and April Priorities", was prepared by Mr. Atalla, and contains the following sentence: "Separated the stock business as a micro business, a customer of the Mint." Based on that sentence, which was prepared by Mr. Atalla and presented to the Committee, Ms. Pehl draws the conclusion that the Trustee is engaged in a conspiracy to divert assets of the estate. This is the evidence that the Trustee "spun-off" the store business in an effort to defraud creditors? This sentence in the Atalla materials refers to the Trustee's efforts to evaluate the profitability of certain aspects of the Debtor's business on an accounting basis. The Trustee never "spun off" the stock sales aspects of the business and never diverted any business lines of NWTM to Paul Wagner or Sierra Mint. The Pehls' prior false allegations regarding the "China business" were addressed in the materials filed with the Court in November, 2018 in response to the Court's letter dated November 6, 2018.

The Pehls also revisit discussions regarding Trustee's counsel's communications with members of the Committee and state that they never consented to having Mr. Northrup grant permission to speak with committee members. But as is fully detailed in the Declaration of Michael

CONSOLIDATED SUPPLEMENTAL REPLY IN
SUPPORT OF FEE APPLICATIONS OF TRUSTEE AND
TRUSTEE'S PROFESSIONALS - 5
502044912 v6

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Gearin in Support of the Fee Applications (Dkt. 1980), Mr. Northrup did grant permission for such communications with committee members.

### D. Bill Hanson's Additional Response.

Bill Hanson files an additional response in which he asserts that the letter he presented to Mr. Northrup in March, 2017 demanding that the Trustee be replaced was not drafted by Ross Hansen. He equivocates by stating that the original letter he filed with the Court was a draft that contained "contributions" from Ross Hansen. In fact Bill Hanson produced copies of his emails with Ross Hansen to the Trustee's counsel. Those emails confirm that on February 16, 2017 Ross Hansen sent Bill Hanson an email:

"Bill, May I suggest a letter like this?"

To which Bill Hanson replied as follows:

"I tried to do a little editing and could not."

A copy of this email is attached to the Gearin Declaration in support of this reply. On March 13, 2017, Bill Hanson emailed Mark Northrup a letter that was in substance the same as the letter Bill Hanson admits was the Ross Hansen draft.

//
//
//
//
//
//
//
//
//
//
//

CONSOLIDATED SUPPLEMENTAL REPLY IN
SUPPORT OF FEE APPLICATIONS OF TRUSTEE AND
TRUSTEE'S PROFESSIONALS - 6
502044912 v6

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## II. CONCLUSION

The additional objections and responses filed since the initial hearing on the fee applications do not raise any legitimate basis for reduction or disallowance of the applications. The Trustee and his professionals have borne a heavy burden of the administration of this extraordinary complicated and difficult case. The professionals deserve to be fairly compensated for those services in accordance with the provisions of the Bankruptcy Code.

DATED this 29th day of January, 2019.

K&L GATES LLP

By */s/Michael J. Gearin*
   Michael J. Gearin, WSBA #20982
   David C. Neu, WSBA #33143
   Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

CONSOLIDATED SUPPLEMENTAL REPLY IN
SUPPORT OF FEE APPLICATIONS OF TRUSTEE AND
TRUSTEE'S PROFESSIONALS - 7
502044912 v6

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2014    Filed 01/29/19    Ent. 01/29/19 20:11:14    Pg. 7 of 8

# **CERTIFICATE OF SERVICE**

The undersigned declares as follows:

That she is a paralegal in the law firm of K&L Gates LLP, and on January 29, 2019, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 29th day of January, 2019 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

CONSOLIDATED SUPPLEMENTAL REPLY IN
SUPPORT OF FEE APPLICATIONS OF TRUSTEE AND
TRUSTEE'S PROFESSIONALS - 8
502044912 v6

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2014    Filed 01/29/19    Ent. 01/29/19 20:11:14    Pg. 8 of 8