# EXHIBIT A

BYLAWS OF THE
OFFICIAL UNSECURED CREDITORS' COMMITTEE
IN THE CHAPTER 11 CASE OF
NORTHWEST TERRITORIAL MINT, LLC

Dated May 13, 2016

Case No. 16-11767-CMA

Pending in the UNITED STATES BANKRUPTCY COURT
for the WESTERN DISTRICT OF WASHINGTON
(the "Court")

ARTICLE I

Name

1.1     This committee shall be known as the Official Unsecured Creditors' Committee of Northwest Territorial Mint, LLC, and is referred to in these bylaws as the "Committee."

ARTICLE II

Purpose

2.1     The purpose of the Committee is to represent the interests of creditors holding unsecured claims in the chapter 11 case of Northwest Territorial Mint, LLC.

ARTICLE III

Committee Membership

3.1     <u>Appointment</u>. The members of the Committee shall be those persons appointed by the United States trustee or ordered to be appointed by the Court.

3.2     <u>Representatives</u>. Each member shall designate a primary representative and may designate an alternative representative and an attorney to attend and participate in Committee and subcommittee meetings and to exercise all the member's powers. A member may change its designated representative at will by giving written notice of any such change to the co-chairs of the Committee, with copies to the Committee secretary and the Committee lawyer. Richard H. Pehl and Paula Pehl are together a member of the Committee.

3.3     <u>Proxies</u>. A member of the Committee may, by written proxy, authorize any other member of the Committee to vote on its behalf and in its absence with respect to any specific issue or with respect to all matters that may arise at a Committee or subcommittee meeting.

3.4     <u>Vacancy</u>. If a member resigns or is removed, and the Committee desires to nominate a replacement member, it shall, as soon as practicable, notify the United States trustee of

its recommendation. When appointed, any replacement member shall have all the rights and duties of an original member, but shall not act on any subcommittee until appointed by the chair. An original member, or other resigning or removed member, shall not retain any rights as a Committee member, and shall specifically not have the right to participate in and vote on matters before the Committee.

## ARTICLE IV

## Officers

4.1 The officers of the Committee shall be a chair and a secretary, each to be elected by a majority vote of the Committee and each to serve until replaced by a majority vote of the Committee. The chair shall be the primary representative of members of the Committee. The co-chairs shall be William L. Hanson and David L. James. If there is more than one chair, any co-chair may fulfill the duties designated to the "chair" below. The secretary shall be Mark Northrup, Geoffrey Groshong, and John Knapp, the lawyers for the Committee.

## ARTICLE V

## Duties of Officers

5.1 <u>Chair</u>. The chair shall:

    (a) Notify members of meetings of the Committee and subcommittee;

    (b) Preside at the meetings of the Committee;

    (c) Cause agendas to be prepared for the meetings of the Committee;

    (d) Appoint appropriate subcommittees;

    (e) Serve as ex officio members of all subcommittees to which the chair is not appointed as a member; and

    (f) Perform such other duties as may be delegated to the chair by the Committee that are not inconsistent with these bylaws.

5.2 <u>Secretary</u>. The secretary shall:

    (a) Prepare and distribute in advance of each meeting an agenda for each meeting of the Committee and subcommittees;

    (b) Notify members of meetings of the Committee and subcommittees if so directed by the chair;

    (c) If requested by the chair, make the physical arrangements appropriate for meetings of the Committee and subcommittees, including telephonic meetings;

(d) Cause attendance rosters for meetings of the Committee and subcommittees to be completed, and retain all attendance rosters;

(e) Take, transcribe, and distribute the minutes of each meeting of the Committee and subcommittees to the members of the Committee, to the professionals employed generally by the Committee, and to such other persons as the Committee may direct; and

(f) Perform such other duties as may be directed by the Committee and that are not inconsistent with these bylaws.

## ARTICLE VI

### Subcommittees

6.1 <u>Generally</u>. If the Committee determines that its work would be facilitated thereby, the Committee may, by majority vote, from time to time, establish one or more subcommittees.

6.2 <u>Appointment</u>. Each subcommittee shall consist of two or more members appointed by the chair and shall be presided over by a subcommittee chair selected by the Committee chair.

6.3 <u>Powers and Duties</u>. Subject only to the basic responsibilities of members of the Committee, which may not be abdicated, each subcommittee so established shall have those duties and may exercise those powers delegated by the Committee to such subcommittee.

6.4 <u>Meetings</u>. Notices of and procedures for meetings, and requirements for quorums, shall be as provided by these bylaws or, in the absence of provision herein, as prescribed by the chair of each subcommittee. Meetings of any subcommittee may be called by the chair or any two members of the subcommittee.

## ARTICLE VII

### Meetings

7.1 <u>Place of Meeting</u>. Regular or special meetings of the Committee shall be held at any place that has been designated from time to time by the Committee. In the absence of such designation, meetings shall be held at the offices of Miller Nash Graham & Dunn LLP, Seattle, Washington.

7.2 <u>Regular Meeting</u>. Regular meetings of the Committee may be held without call or notice, at such dates, times and places as may be fixed by the Committee. Regular meetings shall initially be scheduled for telephonic participation every Friday at 2:00 p.m., Pacific Standard Time.

7.3 <u>Special Meetings</u>. Special meetings of the Committee for any purpose or purposes may be called at any time by the chair or any two members of the Committee.

7.4     Notice.  Special meetings of the Committee shall be held upon at least 24 hours' notice, given by e-mail.  Any such notice shall be addressed or delivered to the primary representative (or in such representative's absence, to the alternate representative) of each member at the address shown on the Committee roster.  Any other written notice shall be deemed to have been given at the time it is personally delivered to the recipient or actually transmitted by the person giving the notice by e-mail, or other electronic means, to the recipient.  Oral notice shall be deemed to be given at the time it is communicated in person or by telephone to the recipient.

7.5     Waiver of Notice.  Notice of a meeting need not be given to any member whose representative signs a waiver of notice or a written consent to the holding of a special meeting, whether before or after the meeting, or whose representative signs an approval of the minutes thereof, or attends the meeting without protesting prior thereto or at its commencement the lack of notice to such member.  A consent sent by e-mail and identifying the name of the sender shall be deemed by these bylaws to be a signed, written consent by the sender.  All such waivers, consents and approvals shall be made a part of the minutes of the special meeting.

7.6     Participation in Meetings by Conference Telephone.  Representatives of members of the Committee may participate in a meeting of the Committee, or any subcommittee thereof, through the use of a conference telephone, so long as all participants in such meeting can hear and communicate with one another.

7.7     Quorum.  A majority in number of the members of the Committee, or of any subcommittee, as the case may be, present by a duly authorized representative constitutes a quorum of the Committee or of a subcommittee for the transaction of business at a meeting, except to adjourn as provided in Section 7.9 below.  Except as otherwise required by these bylaws, every act or decision done or made by a majority of the members at a meeting duly held at which a quorum is present shall constitute the act of the Committee or subcommittee.  A meeting at which a quorum was initially present may continue to transact business notwithstanding the withdrawal of members, if any action taken is approved by at least a majority of the required quorum for such meeting.

7.8     Attendance at Meetings.  Meetings of the Committee or of any subcommittee may be attended by the duly authorized representatives and attorneys of members, the secretary (if not a member), and professionals employed by the Committee, provided that, by majority vote of the Committee or subcommittee, any person may be invited to attend any meeting or portion thereof as the guest of the Committee or subcommittee.

7.9     Adjournment.  A majority of the members present by a duly authorized representative, whether or not a quorum is present, may adjourn any meeting of the Committee or a subcommittee to another time and place.  If a meeting is adjourned for less than 24 hours, notice of the time and place of holding the adjourned meeting need not be given to absent members.  If a meeting is adjourned for more than 24 hours, reasonable notice of the time and place of holding the adjourned meeting shall be given to the members who were not present at the time of the adjournment.

7.10    Unanimous Action Without a Meeting.  Any action required or permitted to be taken by the Committee or any subcommittee may be taken without a meeting if all the members thereof shall consent to such action.  Such consent shall have the same effect as a unanimous vote of the Committee or subcommittee and a record thereof shall be kept by the secretary in the same

70096032.1

manner as minutes of the meetings of the Committee or any subcommittee. Such consent may be provided by email or facsimile communication.

      7.11    <u>Emergency Action Without a Meeting</u>. Any action required or permitted to be taken by the Committee or any subcommittee may be taken without a meeting if the chair and the Committee lawyer determine that an emergency exists justifying such action without a meeting and if a majority of the members consent to such action. The statement of the circumstances constituting the emergency shall be signed by the chair and the Committee lawyer, and a record of the vote of the Committee shall be kept by the secretary in the same manner as minutes of the meeting of the Committee or any subcommittee.

      7.12    <u>Actions by the Chair without a meeting</u>. The chair, with the agreement of the Committee lawyer, may take action on behalf of the Committee without the necessity for specific approval by the Committee when the amount at issue is less than $25,000.

      7.13    <u>Conflicts of Interest</u>. Any Committee member whose interests conflict with those of general unsecured creditors with regard to an issue on which the Committee considers taking action shall disclose the conflict to the Committee and abstain from deliberating or voting on the issue.

## ARTICLE VIII

## Confidentiality

      8.1    Committee members shall keep all communications obtained in the course of their service on the Committee confidential to themselves and to the lawyers for the Committee.

## ARTICLE IX

## Amendments of Bylaws

      9.1    These bylaws may be amended only by the vote of a majority of the members of the Committee.

*[Certification and signature pages follow.]*

## CERTIFICATION

The undersigned certify that they are the duly elected and acting chair, secretary and members of the Committee, and that the foregoing is a true and correct copy of the bylaws duly adopted by the Committee at a meeting of the Committee held on May ___, 2016.

Dated: _____

_____
William L. Hanson
Co-Chair of the Committee

Dated: _____

_____
David L. James
Co-Chair of the Committee

Dated: _____

_____
Larry Chiappellone
Member of the Committee

Dated: _____

_____
Thomas Seip
Member of the Committee

_____
Donald M. Wright, DDS
Member of the Committee

Young deNormandie PC
Member of the Committee

Dated: _____

By: _____
John G. Young

-1-

70096032.1

Dated: _____

                                    _____
Richard H. Pehl
Member of the Committee

Dated: _____

                                    _____
Paula Pehl
Member of the Committee

Dated: _____

                                    _____
Mark D. Northrup
Secretary and Lawyer for the Committee
Miller Nash Graham & Dunn LLP

Dated: _____

                                    _____
Geoffrey Groshong
Secretary and Lawyer for the Committee
Miller Nash Graham & Dunn LLP

Dated: _____

                                    _____
John R. Knapp, Jr.
Secretary and Lawyer for the Committee
Miller Nash Graham & Dunn LLP