Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA #33143
Brian T. Peterson, WSBA #42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Rm. 7206
Hearing Date: Friday, April 19, 2019
Hearing Time: 9:30 a.m.
Response Date: April 12, 2019

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: | Case No. 16-11767-CMA |
| NORTHWEST TERRITORIAL MINT, LLC, | MOTION TO APPROVE SETTLEMENT WITH BRADLEY COHEN REGARDING SEIZED PERSONAL PROPERTY |
| Debtor. | |

## I. INTRODUCTION

Mark Calvert, the Chapter 11 Trustee (the "Trustee") of Northwest Territorial Mint, LLC ("NWTM" or "Debtor") files this motion seeking approval of the terms of a settlement with Bradley Stephen Cohen and Cohen Asset Management, Inc. (collectively, the "Cohen Parties"). As described below, the terms of the settlement are in the best interests of the estate and should be approved by this Court.

## II. EVIDENCE RELIED UPON

This Motion is based on the Declaration of Mark Calvert (the "Calvert Decl."), the Declaration of Bradley S. Cohen, the Declaration of David C. Neu, and the other pleadings and papers filed in this case.

MOTION TO APPROVE SETTLEMENT WITH BRADLEY
COHEN REGARDING SEIZED PERSONAL PROPERTY - 1
502096004 v5

K&L GATES, LLP
925 FOURTH AVE., SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2047    Filed 03/12/19    Ent. 03/12/19 18:09:57    Pg. 1 of 7

## III. STATEMENT OF ISSUE

This Motion presents the issue of whether the Court should approve the terms of a settlement between the Trustee and Bradley Stephen Cohen.

## IV. STATEMENT OF FACTS

A. The Sheriff Seized Inventory

In August, 2012, the Cohen Parties commenced a lawsuit in the United States District Court for the District of Nevada, under case no. 12-01401 (the "Cohen Lawsuit"). On February 17, 2016, the jury empaneled in the Cohen Lawsuit returned a verdict finding Ross Hansen, NWTM, and the other defendants liable for damages. On March 1, 2016, a judgment was entered in the Cohen Lawsuit. Judgment was entered in the amount of $12,500,000 as to NWTM, and judgment was entered against Ross Hansen in the amount of $25,500,000.[1]

On April 27, 2016 the King County, Washington, Sheriff executed a personal property writ of execution at Ross Hansen's residence in Auburn, Washington ("Writ of Execution"). In May, 2016, the Sheriff executed a second personal property writ of execution (the "Second Writ of Execution") at Hansen's residence in Auburn, Washington. The Second Writ of Execution was accompanied by an Order Authorizing Sheriff to Break and Enter order by the court on May 13, 2016. The Sheriff seized personal property including coins and bullion, computers and paper records (the "Seized Property").[2] A list of the Seized Property is attached to the Declaration of Mark Calvert (the "Calvert Decl.") as Exhibit A. As of the time of the seizure, the value of the Seized Property, based on then-current spot prices for precious metal was approximately $155,000. The

---

[1] A copy of the Judgment is appended to the Opposition by Creditors Bradley S. Cohen and Cohen Asset Management, Inc. to Debtor's Emergency Motion Authorizing Retention of CRO's and in Support of the *Sua Sponte* Appointment of a Chapter 11 Trustee, filed at Docket No. 24.

[2] Factual support regarding the execution of the personal property writs is contained in the Motion to Determine Applicability of Stay filed by Diane Erdmann and the accompanying Declaration of Daniel J. Bugbee, Docket Nos. 334 and 337.

MOTION TO APPROVE SETTLEMENT WITH BRADLEY
COHEN REGARDING SEIZED PERSONAL PROPERTY - 2
502096004 v5

K&L GATES, LLP
925 FOURTH AVE., SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2047    Filed 03/12/19    Ent. 03/12/19 18:09:57    Pg. 2 of 7

Cohen Parties incurred no less than $15,000 in attorney fees in their efforts to execute on the Seized Property.

Diane Erdmann filed a motion in the Bankruptcy Case for instruction regarding the applicability of the automatic stay as to the Cohen Creditors' Litigation, in which she asserted that most of the Seized Property belongs to her. [Dkt. No. 337]. On June 22, 2016, the Bankruptcy Court entered an Order Determining Applicability of Automatic Stay. [Dkt. No. 435]. The court ordered that the Seized Property be turned over to the Trustee pending a determination whether the Bankruptcy Estate owns an interest in the Seized Property. The Trustee continues to hold the Seized Property.

B. The Judgment in Adv. Pro. 16-01217.

On September 9, 2016, the Trustee filed a complaint against Diane Erdmann commencing a proceeding, Adv. Pro. 16-01217 (the "Erdman Lawsuit"), seeking avoidance of certain fraudulent transfers made by NWTM for her benefit. On March 28, 2018, following trial, a judgment was entered in favor of the Trustee in the amount of $430,462 (the "Judgment"). [Dkt. No. 98, Adv. Proc. No. 16-01217]. Diane Erdmann did not appeal the Judgment. The Judgment remains wholly unsatisfied.

C. The Settlement.

Concurrently with this Motion, the Trustee had filed a Motion to Authorize the Liquidation of Held Personal Property and for Disbursement of Proceeds (the "Execution Motion"). Pursuant to the Execution Motion, the Trustee seeks authority to liquidate the Seized Property and disburse the proceeds in accordance with this settlement. To the extent that Erdmann continues to express an interest in the Seized Property, the Trustee proposes to execute on that interest in partial satisfaction of his Judgment.

The Trustee continues to believe that the Seized Property is property of the bankruptcy estate. However, the ownership of the Seized Property remains disputed. Diane Erdmann has

MOTION TO APPROVE SETTLEMENT WITH BRADLEY
COHEN REGARDING SEIZED PERSONAL PROPERTY - 3
502096004 v5

K&L GATES, LLP
925 FOURTH AVE., SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2047    Filed 03/12/19    Ent. 03/12/19 18:09:57    Pg. 3 of 7

previously claimed ownership of most of the Seized Property. The Cohen Parties take the position that some or all of the Seized Property may belong to Ross Hansen and therefore should be available to satisfy their judgment against Hansen. In order to resolve issues with the Cohen Parties as to whether the Seized Property is property of the bankruptcy estate, whether it should partially satisfy the judgment held by the Trustee against Erdmann, or whether it should partially satisfy the judgment held by the Cohen Parties against Hansen, the Trustee and the Cohen Parties negotiated the terms of a settlement, memorialized in the Settlement Agreement attached to the Declaration of Mark Calvert. Under the terms of the Settlement, the Trustee and the Cohen Parties agree that the Cohen Parties will receive $50,000 of the proceeds of the liquidation of the Seized Property, and the remainder will be paid to the bankruptcy estate.

## V. ARGUMENT

Compromises are a "normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). The Court has great latitude in approving compromise agreements and may approve a compromise if it is "fair and equitable." *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988). The Court does not have to decide the numerous questions of fact and law raised by objecting parties. *In re Planned Protective Serv., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991). The focus of the Court's inquiry is whether the settlement entered into by the Trustee was reasonable given the particular circumstances of the case. *Bache & Co. v. Loeffler (In re Equity Funding Corp. of Am.)*, 519 F.2d 1274, 1277 (9th Cir. 1975). An order approving a compromise will be upheld absent abuse of discretion. *Goodwin v. Mickey Thompson Entm't Group, Inc. (In re Mickey Thompson Entm't Group, Inc.)*, 292 B.R. 415, 420 (B.A.P. 9th Cir. 2003). In considering whether to approve a compromise, the Court should apprise itself of:

> all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an

MOTION TO APPROVE SETTLEMENT WITH BRADLEY
COHEN REGARDING SEIZED PERSONAL PROPERTY - 4
502096004 v5

K&L GATES, LLP
925 FOURTH AVE., SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2047    Filed 03/12/19    Ent. 03/12/19 18:09:57    Pg. 4 of 7

> educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*TMT Trailer Ferry*, 390 U.S. at 424.  Specifically, to determine whether a compromise is "fair and equitable," the Court should consider:  (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in collection; (3) the litigation's complexity and its attendant expense, inconvenience and delay; and (4) the paramount interest of the creditors with a proper deference to their reasonable view. *Martin v. Kane (In re A & C Prop.)*, 784 F.2d 1377, 1381 (9th Cir. 1986).

There are multiple potential claims of ownership to the Seized Property.  While the Trustee continues to believe that the Seized Property is property of the bankruptcy estate, Diane Erdmann may continue to assert an interest.  Ross Hansen had a potential interest in the Seized Property given that it was seized from a house which he occupies.  Unfortunately, there are significant evidentiary issues for all parties regarding ownership of the Seized Property.  In addition, The Cohen Parties exerted significant resources including attorneys' fees to the preservation of the Seized Property and could be entitled to a claim under § 503(b)(3)(D) for its efforts in preserving the Seized Property for the benefit of the bankruptcy estate.  Given these evidentiary and other legal issues, and the potential cost of an evidentiary hearing or litigated determination of ownership of the Seized Property, the Trustee, in his business judgment, believes a negotiated resolution to be in the best interest of the estate.  The terms of the Settlement, under which the estate would receive approximately two-thirds of the proceeds of the liquidation of the Seized Property, are reasonable under the circumstances

///

///

///

///

MOTION TO APPROVE SETTLEMENT WITH BRADLEY COHEN REGARDING SEIZED PERSONAL PROPERTY - 5
502096004 v5

K&L GATES, LLP
925 FOURTH AVE., SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2047    Filed 03/12/19    Ent. 03/12/19 18:09:57    Pg. 5 of 7

taking into account the likelihood of the Trustee succeeding on the merits, and the inherent cost of litigation. Accordingly, the Trustee requests that the Court approve the settlement with the Cohen Parties.

DATED this 12th day of March, 2019.

                                      K&L GATES LLP

                                      By: */s/ David C. Neu*
                                          Michael J. Gearin, WSBA # 20982
                                          David C. Neu, WSBA #33143
                                          Brian T. Peterson, WSBA #42088
                                      Attorneys for Mark Calvert, Chapter 11 Trustee

MOTION TO APPROVE SETTLEMENT WITH BRADLEY COHEN REGARDING SEIZED PERSONAL PROPERTY - 6
502096004 v5

K&L GATES, LLP
925 FOURTH AVE., SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2047    Filed 03/12/19    Ent. 03/12/19 18:09:57    Pg. 6 of 7

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a paralegal in the law firm of K&L Gates LLP, and on March 12, 2019, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

Also on March 12, 2019, she caused the foregoing document to be placed in the mail to the Parties at the addresses listed below:

Northwest Territorial Mint LLC
325 E Washington St #226
Sequim, WA 98382

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 12th day of March, 2019 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

MOTION TO APPROVE SETTLEMENT WITH BRADLEY COHEN REGARDING SEIZED PERSONAL PROPERTY - 7

502096004 v5

K&L GATES, LLP
925 FOURTH AVE., SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022