Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT, LLC,

Debtor.

Case No. 16-11767-CMA

FOURTH SUPPLEMENTAL REPLY DECLARATION OF MARK CALVERT IN SUPPORT OF FEE APPLICATIONS OF CHAPTER 11 TRUSTEE AND TRUSTEE'S PROFESSIONALS

Mark Calvert declares as follows:

1. I am the Chapter 11 Trustee of Northwest Territorial Mint, LLC ("NWTM" or "Debtor"). I am over eighteen (18) years of age and I am competent in all ways to testify. Unless otherwise stated herein, the following declaration is based on my personal knowledge. I submit this Declaration in Support of the Trustee's First Application for Compensation (Dkt. No. 1926) (the "Trustee Application"); the First Application for Compensation of Cascade Capital Group LLC as Accountants for the Chapter 11 Trustee (Dkt. No. 1924) (the "Cascade Application"); and K&L Gates LLP Application for Compensation (Dkt. No. 1928) (the "K&L Gates Application," and together with the Trustee's Application and the Cascade Application, the "Fee Applications").

2. This declaration supplements my Third Supplemental Reply Declaration of Mark Calvert in Support of Fee Applications of Chapter 11 Trustee and Trustee's Professionals (the "Third Supplemental Declaration"), and is filed in response to comments and questions from the Court at the hearing held on March 13, 2019.

FOURTH SUPPLEMENTAL REPLY DECLARATION OF
MARK CALVERT IN SUPPORT OF FEE APPLICATIONS
OF CHAPTER 11 TRUSTEE AND TRUSTEE'S
PROFESSIONALS- 1
502135602 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2063    Filed 03/25/19    Ent. 03/25/19 18:28:11    Pg. 1 of 7

3.      At the March 13, 2019 hearing, the Court provided me and my counsel with copies of emails attached as exhibit A and requested that I review and confirm the authenticity of the emails. I have reviewed the emails and confirm that all of them appear to be copies of emails either sent by me or received by me. The majority of these emails appear to be communications that I passed on to Connie Hoff (the Dayton landlord) to keep Connie Hoff apprised of the status of the restructuring of the company. I made efforts to build a relationship with the Hoffs in support of efforts to reorganize the NWTM business because the reorganization depended upon the retention of the Dayton Lease. In her capacity as the Dayton landlord, Ms. Hoff was among the most important parties in interest to the company's reorganization. The Hoffs also had valuable experience and information based upon their operations of the minting operations for many years before they sold the business to NWTM.

4.      In the email of April 7, 2017 to Ms. Hoff I communicated a copy of the agenda and materials that had been communicated to the creditors' committee, which included a copy of the Bressler settlement agreement. While the Court does not have all of the agendas of all of the committee meetings, this email is an example of how detailed the committee meetings were and the nature and extent of information that was provided on a consistent basis to the Committee. The copy of the Bressler settlement agreement was included in the materials provided to Connie Hoff on this date, which also happens to be the date that the Motion to Approve the Bressler Settlement was filed with the Court.

5.      I was willing to share information with Ms. Hoff because I was not concerned that she would share the information with Ross Hansen, whose interests were adverse to the bankruptcy estate and because I felt it was important to keep her apprised of the developments in the case.

6.      At the March 13, 2019 hearing the Court inquired about reports and other information that were provided to the FBI in response to grand jury subpoenas. I did provide copies of reports and other materials to the FBI in response to the grand jury subpoenas. The Court suggested that I may have produced work product protected documents in response to these subpoenas. I am not aware of any such work product protected documents that were produced, and there is certainly no

FOURTH SUPPLEMENTAL REPLY DECLARATION OF
MARK CALVERT IN SUPPORT OF FEE APPLICATIONS
OF CHAPTER 11 TRUSTEE AND TRUSTEE'S
PROFESSIONALS- 2
502135602 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2063    Filed 03/25/19    Ent. 03/25/19 18:28:11    Pg. 2 of 7

evidence that is the case. Many of the analyses and reports that I prepared were not prepared in anticipation of litigation, but were prepared in furtherance of my duties to investigate the affairs of the debtor. The Court expressly referenced the draft insolvency report that I prepared in connection with the Medallic litigation, which was prepared in anticipation and which was produced to the FBI, but that draft report was not attorney work product as it was prepared with the expectation that I would be a testifying expert at trial.

7. To the extent that I did allow the discovery of privileged information, I took steps to protect the estate's interests in privilege. I did not recall this at the time of the March 13, 2019 hearing, but I entered into a written Limited Privilege Waiver Stipulation with the United States Attorneys Office and the Washington Department of Financial Institutions which governed the disclosure of certain privileged and work product protected information to those governmental entities. A copy of the Limited Privilege Waiver Stipulation is attached hereto as Exhibit B. As can be seen from the stipulation, to the extent that privileged or work product protected materials were produced to governmental entities, they were produced under an express understanding that the estate's privileges and protections were not waived as to any other party other than the government.

8. The Court suggested that I was creating reports or work product solely for the benefit of the FBI. As I stated on the record at the hearing of March 13, 2019, that is not true. All of my reports and work product were prepared in furtherance of my independent duties as a chapter 11 trustee to investigate the acts, conduct and financial condition of the debtor as required under § 1106 of the Bankruptcy Code. I did not prepare reports solely in response to a request by the FBI, I know better than to do so.

9. My cooperation with the investigation by the FBI was not inconsistent with my role as trustee. The government's investigation of criminal activity by Ross Hansen and Diane Erdmann furthered the goal of providing restitution to the victims of criminal conduct. In my role as trustee, my goal was to bring a return to creditors who suffered the consequences of doing business with Ross Hansen through a reorganization or liquidation of the estate's assets. Most of these creditors

FOURTH SUPPLEMENTAL REPLY DECLARATION OF
MARK CALVERT IN SUPPORT OF FEE APPLICATIONS
OF CHAPTER 11 TRUSTEE AND TRUSTEE'S
PROFESSIONALS- 3
502135602 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2063    Filed 03/25/19    Ent. 03/25/19 18:28:11    Pg. 3 of 7

would be among the victims who would be entitled to restitution in the event of a criminal conviction. I believe that any citizen who has evidence of the commission of a crime has a responsibility to cooperate with law enforcement investigating that crime and a trustee is no exception. I have a great deal of experience in the administration of bankruptcy estates where there is a separate active criminal investigation by governmental authorities. I have taken considerable time to educate myself over the past ten years on the appropriate role of a trustee in these circumstances. I have attended educational seminars on this subject and have presented on the subject at educational seminars. It is completely appropriate for a trustee to cooperate with an investigation of criminal acts, to provide information and documents to the authorities and to respond to subpoenas issued by the government. This is what I have done in this case.

10. The Court suggested that I have an unjustified animus towards Ross Hansen which has affected my ability to administer this case. I do have an animosity towards Ross Hansen, but I fundamentally disagree that my animosity is unjustified or that it has clouded my administration of this case. My animosity towards Ross Hansen is based on my personal knowledge of the harm that Ross Hansen has inflicted on thousands of creditors and hundreds of employees in this case and my personal knowledge of his perpetual deception and spreading of lies and defamatory statements against multiple parties including myself. It is based on my investigation of Ross Hansen's diversion of millions of dollars of customer owned property and customer deposits. It is based on my knowledge that Ross Hansen and Diane Erdmann carried bags of precious metal out of the NWTM vaults on the eve of the bankruptcy filing and funded hundreds of thousands of dollars of legal expenses with the proceeds of precious metals after the bankruptcy case was filed while claiming to be impecunious. It is based on my knowledge that Ross Hansen overtly stated that his objective was to bring this bankruptcy estate down, that he intended to ensure the closure of the estate's business so that he could acquire the assets of the estate for little consideration and restart the business he had used to harm so many. It is based on my knowledge that Ross Hansen had done exactly this before when he filed for bankruptcy in this Court in 1989. It is based upon my

FOURTH SUPPLEMENTAL REPLY DECLARATION OF
MARK CALVERT IN SUPPORT OF FEE APPLICATIONS
OF CHAPTER 11 TRUSTEE AND TRUSTEE'S
PROFESSIONALS- 4
502135602 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2063    Filed 03/25/19    Ent. 03/25/19 18:28:11    Pg. 4 of 7

knowledge that Ross Hansen conspired to have me removed as trustee because he was facing a trial on the substantive consolidation of the Medallic entity and was desperate to sabotage the bankruptcy estate. It is based on my knowledge that Ross Hansen contacted multiple employees of NWTM to persuade them to destroy assets of the bankruptcy estate or to otherwise harm the business of the estate. In short, it is based on my extensive knowledge and investigation of the business affairs of NWTM and my countless communications with creditors who are victims of Ross Hansen's actions over many years.

11. Mr. Hansen's actions and the harm he has inflicted have not impaired my ability to administer this case. I did expend resources investigating Mr. Hansen's actions, but I believe that all of those efforts were necessary to my investigation of the financial affairs of the debtor. Notably, many creditors implored me to investigate whether there were any means to recover the millions of dollars of missing or unaccounted for precious metal. I did thoroughly investigate these matters as I believed them to be central and important to the administration of this case. All of the efforts that I took to forensically restructure the debtor's business and to formulate a plan of reorganization were focused on my strong and unwavering desire to obtain a return for creditors in this case. My views of Mr. Hansen did not detract from those efforts, in fact it was exactly the opposite in that I was committed to finding a solution for the creditors and I hope the Court will so conclude based upon the thousands of hours of time that my staff and I have devoted to this case.

12. This was the most difficult Trustee case I have ever administered. The nature and extent of difficulties regarding the administration of the assets of the estate, the degree of complications of the business, the difficulties of communications with thousands of creditors, and the distractions caused by parties with nefarious motives went far above any other case I have been involved in. I have administered this case to the very best of my abilities. I continued to administer this case even when I knew I would not be paid for my services. I respectfully request that the Court take into consideration all of these difficulties and the degree of sacrifice that has been made by the professionals in this case when it rules on the pending applications for compensation.

FOURTH SUPPLEMENTAL REPLY DECLARATION OF
MARK CALVERT IN SUPPORT OF FEE APPLICATIONS
OF CHAPTER 11 TRUSTEE AND TRUSTEE'S
PROFESSIONALS- 5
502135602 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2063    Filed 03/25/19    Ent. 03/25/19 18:28:11    Pg. 5 of 7

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 25th day of March, 2019 at Seattle, Washington.

_____
Mark Calvert

FOURTH SUPPLEMENTAL REPLY DECLARATION OF
MARK CALVERT IN SUPPORT OF FEE APPLICATIONS
OF CHAPTER 11 TRUSTEE AND TRUSTEE'S
PROFESSIONALS- 6
502135602 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a paralegal in the law firm of K&L Gates LLP, and on March 25, 2019, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 25th day of March, 2019 at Seattle, Washington.

/s/ *Denise A. Lentz*
Denise A. Lentz

FOURTH SUPPLEMENTAL REPLY DECLARATION OF MARK CALVERT IN SUPPORT OF FEE APPLICATIONS OF CHAPTER 11 TRUSTEE AND TRUSTEE'S PROFESSIONALS- 7
502135602 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2063    Filed 03/25/19    Ent. 03/25/19 18:28:11    Pg. 7 of 7