# EXHIBIT B

## LIMITED PRIVILEGE WAIVER STIPULATION

**THIS STIPULATION** ("Stipulation") is by and between Northwest Territorial Mint LLC (the "**Mint**" or the "**Debtor**") by and through Mark Calvert ("**Trustee**") in his capacity as Chapter 11 Trustee of the Debtor in Case No. 16-11767, United States Bankruptcy Court for the Western District of Washington (the "**Bankruptcy Case**"), and the United States Attorneys Office ("**US Attorneys Office**") and the Washington Department of Financial Institutions ("**WA DFI**").

## STIPULATION

WHEREAS, the parties desire to establish a mechanism to govern the disclosure of certain information subject to attorney-client privilege or work product protection (collectively "Privileged Information");

WHEREAS, the parties to this Stipulation wish to permit representatives of the U.S. Attorneys Office and the WA DFI to obtain copies of and review certain records held by the Mint and to interview certain counsel who provided legal services to the Mint and to otherwise have access to information and communications which may be subject to the attorney client privilege, subject to the express written agreement of the Trustee to disclose such information or communications;

WHEREAS, Mark Calvert as the duly appointed chapter 11 trustee for the Mint, is the authorized representative of the Mint and holds the attorney client privilege of the Mint;

WHEREAS, The US Attorneys Office and the WA DFI have made certain requests to the Trustee to disclose certain records and to interview certain witnesses, and the Trustee, in responding to those requests, has determined to waive, for the limited scope and purposes as described in this Stipulation, the Mint's attorney-client privilege and work-product privilege ;

**IT IS HEREBY AGREED**, by and between the Parties, through their undersigned counsel of record or representative, that this Stipulation shall govern the disclosure of and any production or disclosure of Privileged Information.

## **DEFINITIONS**

"Action" means the above-referenced bankruptcy case.

"Counsel" means an employed or retained attorney for a Party and includes an attorney's support staff.

"Documents," as used herein, is intended to be comprehensive and includes any and all hard copy or electronically stored information ("ESI"), in the broadest sense contemplated by applicable rules of civil procedure.

"Party" or "Parties" means the Trustee, the US Attorney's Office or the WA DFI.

"Privileged Information" means any information in any form that is subject to the attorney-client privilege or work product doctrine.

"Producing Party" means any Party or Third Party that is providing oral communications including testimony, producing Documents, or making Documents available for inspection.

Page 1 of 3

"Receiving Party" means any Party hearing the oral communications including testimony, or to which Documents are being produced, or that is inspecting documents.

"Third Party" means a person or entity that is not a Party as defined in this Stipulation.

## GENERAL PROVISIONS

**Scope** This Stipulation shall be applicable to and govern all Documents furnished, directly or indirectly, by or on behalf of the Parties and their respective agents, representatives or current or former employees, to the extent such material is Privileged Information as defined in the Stipulation.

**Use of Privileged Information** All Documents, things or contents thereof produced, or to be produced, by a Party or a Third Party in connection with this Stipulation, that contain Privileged Information shall be used or disclosed solely for the purpose of conducting investigations and criminal prosecutions by the US Attorneys Office (and investigators and agents at the FBI, the IRS or other similar agencies) and the WA DFI, and only in accordance with the terms of this Stipulation. Specifically, the US Attorneys Office and the WA DFI shall be permitted to use the Documents in criminal prosecutions and administrative proceedings, including by: producing them in discovery, using them at trial, showing them to witnesses, marking them as exhibits, or otherwise using them in connection with a trial, appeal, collateral attack, or as otherwise required by law. The Privileged Information may not be used by the US Attorneys Office and the WA DFI or any other party for the purpose of asserting any claim against the Trustee or the bankruptcy estate of the Mint. However, the US Attorneys Office and the WA DFI are not precluded from making such claims and, in connection with any such claim, they may make derivative use and pursue investigative leads suggested by any Privileged Information.

**Trustee's Disclosure of Privileged Information.** The Trustee is entitled to disclose such Privileged Information as he may deem appropriate to the US Attorneys Office and the WA DFI. The Trustee's disclosure of such Privileged Information shall waive the privilege only with respect to a Party. The Trustee's disclosure shall not constitute a waiver of any privilege with respect to any non Party and shall not be deemed a waiver of any privilege with respect to any otherwise Privileged Information that is not expressly disclosed to the US Attorneys Office and the WA DFI by the Trustee. The Trustee's disclosure shall not constitute a waiver of any privilege with respect to post-bankruptcy communications.

**Inadvertent Production of Privileged Information** Inadvertent production of Privileged Information otherwise than as expressly agreed to by the Trustee shall not constitute a waiver by the Trustee of any claim that the Documents are privileged or protected, either in this action or in any other matter involving any party or non-party. Upon being notified in writing of any inadvertent production of Privileged Information, the receiving Party, Parties or third-parties will promptly return all copies of the Documents containing Privileged Information at issue.

**No Waiver of Judicial Protection** Nothing herein shall prevent either Party from applying to the Court for judicial protection of Documents and ESI.

**Additional or Alternative Persons Under The Stipulation** The addition or substitution of persons who shall be permitted access to Privileged Information in accordance with this Stipulation shall be by written agreement between the Parties to this action, or by further Stipulation of the Court.

**Exception for Public Information** Nothing in this Stipulation shall be deemed in any way to restrict the use of Documents or information which are lawfully obtained or publicly available to a Party independently of the production of such information or Documents by the Trustee in this Action, whether or not such Documents or information, have been designated Privileged Information. However, in the

event of a dispute regarding such independent acquisition, a person or entity who wishes to use any independently acquired Documents, material, duplicates, copies, information or knowledge shall bear the burden of proof to establish such independent acquisition.

Nothing in this Stipulation shall restrict the Trustee from disclosing any Privileged Information to any person.

Nothing in this Stipulation shall be construed to control the use, dissemination or publication by a person of Documents or information obtained at any time by that person.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

_/s/ Michael J. Gearin_
Michael J. Gearin, WSBA #20982
Attorneys for Mark Calvert,
Chapter 11 Trustee

_/s/ Brian Werner_
Brian Werner
Assistant United States Attorney

United States Attorneys Office

_____
Huong Lam, WSBA #39727
Financial Legal Examiner

WA Department of Financial Institutions