Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Seattle, Rm. 7206
Hearing Date: Friday, August 9, 2019
Hearing Time: 9:30 a.m.
Response Date: August 2, 2019

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT, LLC,

Debtor.

Case No. 16-11767-CMA

MOTION FOR ORDER AUTHORIZING THE SALE OF PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO RANGER INDUSTRIES, LLC

## I. INTRODUCTION

Mark Calvert (the "Trustee"), Chapter 11 Trustee for Northwest Territorial Mint, LLC ("NWTM" or the "Debtor"), submits this Motion requesting approval of the sale of the few remaining operating assets of the estate, which include assets of what is referred to in the Debtor's business as the "Company Store." The Trustee has agreed and entered into a form of Asset Purchase Agreement, which provides for the sale of such remaining assets in bulk to Ranger Industries, LLC in exchange for $115,000. The Trustee expects this Motion to be his final motion for approval of the sale of assets in this case and believes that it will pave the way for him to complete his administration of the case. In support of this Motion, the Trustee respectfully represents as follows:

## II. BACKGROUND

On April 1, 2016, the Debtor commenced this case by filing a voluntary petition under chapter 11 of the United States Bankruptcy Code. On April 11, 2016, the Court appointed Mark Calvert as chapter 11 Trustee. *See* Dkt. No. 51.

MOTION FOR ORDER AUTHORIZING THE SALE OF
PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL
LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
TO RANGER INDUSTRIES, LLC - 1

502273699 v9

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2093    Filed 07/19/19    Ent. 07/19/19 15:04:19    Pg. 1 of 7

The Trustee has previously sold and liquidated the vast majority of the Debtor's assets over the course of this case. There are a few remaining assets that the Trustee has not yet liquidated. Such assets include the Debtor's coin and medallion inventory of what is known as the "Company Store." Company Store coins and medallions differed from the majority of the Debtor's business in that they were generally not custom-made items for individual customers and instead were manufactured for appeal to a broad range of potential customers. They included military "challenge coins," religious medals, fire department and law enforcement medals and other categories of memorabilia.[1]

The Trustee determined that it was in the best interests of the estate to market and sell the remaining assets of the Debtor's business as a package. The Trustee solicited interest in the assets over the course of the last year. Ultimately, at least six parties submitted bids to acquire the assets. The Trustee solicited the "final and best" offers from each interested party. The Trustee selected Ranger Industries, LLC ("Buyer") as having submitted the highest and best offer, and entered into an Asset Purchase Agreement (the "APA") with Buyer. A true and correct copy of the APA is attached to the Declaration of Mark Calvert filed in support of this Motion.

The APA provides that Buyer will, in exchange for $115,000, purchase the NWTM domain name and website; customer list of NWTM; certain trademarks and copyrights registered to or owned by NWTM; social media accounts and login details for NWTM; the "Company Store" inventory, including coin and medallion inventory of NWTM as described on Exhibit 1 to the APA; the estate's interest in its "Amazon storefront;" and the estate's interest in existing art, design work, imagery, and photography of NWTM contained on computer hard drives in the possession of the Trustee (collectively, the "Purchased Assets").

In order to protect the rights of customers, the APA explicitly provides that the Trustee is not conveying any interest of customers in the art, design work, imagery, and photography in the

---

[1] The NWTM store website which depicts the items sold on the company store can be found at: https://store.nwtmint.com.

MOTION FOR ORDER AUTHORIZING THE SALE OF
PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL
LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
TO RANGER INDUSTRIES, LLC - 2

502273699 v9

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2093    Filed 07/19/19    Ent. 07/19/19 15:04:19    Pg. 2 of 7

possession of NWTM. The list of Purchased Assets and the detailed terms of the sale are more explicitly described in the APA and Exhibit 1 thereto.

### III. EVIDENCE RELIED UPON

This Motion relies on the arguments set forth herein, the Declaration of Trustee Mark Calvert filed in support of the Motion, the pleadings and records on file in this case, and the arguments of counsel, if any.

### IV. ARGUMENT

The Court should approve the terms of the APA between the Trustee and the Buyer, and authorize the Trustee to sell the assets described in the APA free and clear of liens, claims, interests, and encumbrances. Section 363(b) of the Bankruptcy Code provides that the Trustee is authorized to sell assets outside the ordinary course of its business. While the text of the Bankruptcy Code does not provide the standard for determining when it is appropriate for a court to authorize the sale of property of the estate, courts often approve a proposed sale if such sale is based upon the sound business judgment of the debtor. *See, e.g.*, *Meyers v. Martin (In re Martin)*, 9 F.3d 389, 395 (3d Cir. 1996); *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983).

**A. The Proposed Sale to Ranger Industries, LLC is in the Best Interests of the Estate**

Here, the Trustee's desire to sell the Debtor's property is based on his sound business judgment and is in the best interests of the estate. A sound business reason exists for the proposed sale. Namely, the objective of the Trustee's proposed sale is to maximize the proceeds of such sale for the benefit of the bankruptcy estate. *See, e.g., Four B. Corp. v. Food Barn Stores, Inc.(In re Food Barn Stores, Inc.)*, 107 F.3d 558, 564-65 (8th Cir. 1997) (stating that in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *In re Integrated Res, Inc*., 147 B.R. 650, 659 (S.D.N.Y. 1992) ("'It is a well-established principle of bankruptcy law that the objective of bankruptcy rules and the [Debtor's] duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.'") (alteration in original) (quoting *In*

MOTION FOR ORDER AUTHORIZING THE SALE OF
PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL
LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
TO RANGER INDUSTRIES, LLC - 3

502273699 v9

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2093    Filed 07/19/19    Ent. 07/19/19 15:04:19    Pg. 3 of 7

*re Atlanta Packaging Products, Inc.*, 99 B.R. 124, 130 (Bankr. N.D. Ga. 1988)).

The sale of assets outside of the ordinary course of business may be conducted by public sale, or a private sale, under the appropriate circumstances. *See In re Bakalis*, 220 B.R. 525, 531 (Bankr. E.D.N.Y. 1998) ("Unlike judicial sales under the former Bankruptcy Act, the sale of estate property under the Bankruptcy Code is conducted by a trustee, who has ample discretion . . . to conduct public or private sales of estate property.") (internal quotations and citation omitted).

Here, the Trustee wishes to obtain approval to consummate the sale contemplated by the APA—a private sale. The Trustee has sufficiently marketed the Purchased Assets to parties in the industry. The Trustee solicited the "final and best" offer from the parties who have tendered offers to purchase the Purchased Assets. The Buyer's offer, as reflected in the APA, is the highest and best offer and the Trustee believes that he would not be able to obtain a higher or better offer within a reasonable period of time.

Approval of the Motion is in the best interests of the estate. As described more fully in the Trustee's declaration in support of this Motion, the Purchased Assets have been sufficiently marketed by the Trustee. It is important for the Trustee to liquidate the remaining property of the Debtor described in the APA so that he can conclude his administration of this Bankruptcy Case.

**B. Good Cause Exists to Waive the Stay Under Fed. R. Bankr. P. 6004(h)**

Pursuant to Fed. R. Bankr. P. 6004(h), any order authorizing the use, sale, or lease of property other than cash collateral is stayed for 14 days, unless the court orders otherwise. As noted herein, it is necessary for the Trustee to quickly consummate the sale of the Debtor's assets and conclude his administration of the estate. It is therefore in the best interests of the estate to waive the 14 day stay under Fed. R. Bank. P. 6004(h).

**C. The Proposed Sale Satisfies the Requirements of 11 U.S.C. § 363(f)**

The Trustee requests that the sale be free and clear of liens, interests, and encumbrances. Pursuant to 11 U.S.C. § 363(f), a Trustee may sell property of the estate under 11 U.S.C. § 363(b) free and clear of any interest in such property of any entity other than the estate only if (1) applicable

MOTION FOR ORDER AUTHORIZING THE SALE OF
PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL
LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
TO RANGER INDUSTRIES, LLC - 4

502273699 v9

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2093    Filed 07/19/19    Ent. 07/19/19 15:04:19    Pg. 4 of 7

non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which the property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; *or* (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f) (emphasis added). Here, there are multiple bases upon which the Court should authorize the Trustee to sell the Debtor's Remaining Property "free and clear."

If no creditors object to the sale, the sale free and clear will be permitted under 11 U.S.C. § 363(f)(2). Moreover, even if alleged secured creditors object to the sale, the sale free and clear is permissible under 11 U.S.C. § 363(f)(5) because there are legal and equitable proceedings in which a lienholder could be compelled to accept a money satisfaction of such lien, including the disposition of collateral under the default remedies provided in Washington's Uniform Commercial Code (Chapter 62A.9A RCW) or in a receivership proceeding pursuant to RCW 7.60.260.

Furthermore, section 363(f) of the Bankruptcy Code is satisfied because any lienholder also will be adequately protected by having its liens, if any, attach to the proceeds of the sale in the same order of priority, with the same validity, force, and effect that such creditor had prior to such sale, subject to any claims and defenses that the Trustee and the Debtor's bankruptcy estate may possess with respect thereto. For all of these reasons, the proposed sale free and clear of liens should be approved.

MOTION FOR ORDER AUTHORIZING THE SALE OF
PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL
LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
TO RANGER INDUSTRIES, LLC - 5

502273699 v9

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2093    Filed 07/19/19    Ent. 07/19/19 15:04:19    Pg. 5 of 7

## V. CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order in the form proposed by the Trustee approving the terms of the APA and authorizing the Trustee to sell the Purchased Assets on the terms set forth in the APA, free and clear of liens, claims, interests, and encumbrances.

DATED this 19th day of July, 2019.

K&L GATES LLP

By /s/ *Michael J. Gearin*
    Michael J. Gearin, WSBA #20982
    David C. Neu, WSBA #33143
    Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

MOTION FOR ORDER AUTHORIZING THE SALE OF PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO RANGER INDUSTRIES, LLC - 6

502273699 v9

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2093    Filed 07/19/19    Ent. 07/19/19 15:04:19    Pg. 6 of 7

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a Paralegal in the law firm of K&L Gates LLP, and on July 19, 2019, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

Also on July 19, 2019, she caused the foregoing document to be deposited in the U.S. mail to the Party at the address listed below:

Northwest Territorial Mint LLC
325 E Washington St., #226
Sequim, WA  98382

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 19th day of July, 2019 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

MOTION FOR ORDER AUTHORIZING THE SALE OF
PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL
LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
TO RANGER INDUSTRIES, LLC - 7

502273699 v9

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2093    Filed 07/19/19    Ent. 07/19/19 15:04:19    Pg. 7 of 7