Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Rm. 7206
Hearing Date: Friday, October 18, 2019
Hearing Time: 9:30 a.m.
Response Date: Time of Hearing

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>NORTHWEST TERRITORIAL MINT, LLC,<br><br>Debtor.<br>Debtor. | Case No. 16-11767-CMA<br><br>RESPONSE TO PAULA AND RICHARD PEHL'S OBJECTION TO MOTION TO APPROVE SETTLEMENT WITH BRADLEY COHEN AND COHEN ASSET MANAGEMENT, INC. AND KATHRYN A. ELLIS AND TO AUTHORIZE SALE OF SEIZED PROPERTY |

Mark Calvert, Chapter 11 Trustee of Northwest Territorial Mint, LLC (the "NWTM Trustee") responds to the objection (the "Objection") filed by Paula and Richard Pehl (the "Pehls") to his Motion to Approve Settlement with Bradley Cohen and Cohen Asset Management, Inc. and Kathryn A. Ellis and to Authorize Sale of Seized Property (the "Motion") as follows:

The Pehls present a long and wide ranging narrative opposing the settlement reached by the NWTM Trustee, the Erdmann Trustee and the Cohen Parties (the "Settlement"), none of which forms a basis for rejection of the Settlement. The Pehl's first argue that the Settlement cannot be approved because ownership has not been established, when, in fact, the very purpose of the Settlement is to resolve the contested issue of whether the Seized Property belongs to the NWTM estate, the Erdmann bankruptcy estate, or Ross Hansen, subject to the Cohen Parties' judgment. There is no evidence that any of the Seized Property belongs to any other party. All of the parties to the Settlement Agreement

RESPONSE TO PEHL OBJECTION - 1
502544238 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2125    Filed 10/15/19    Ent. 10/15/19 16:31:45    Pg. 1 of 4

recognize that there are substantial evidentiary issues related to ownership as among them. Needless to say, nametags were not affixed to the Seized Property, much of which is fungible bullion or cash. It is for this very reason that the parties agreed to the Settlement, recognizing the expense and time of litigation that would have, at best, uncertain results. The very purpose of the Settlement, like all settlements, is to resolve a dispute. Here, there is a dispute as to the respective parties' interest in the Seized Property. Absent a compromise, the only alternative would be litigation. It is practical, and proper, under the circumstances for the parties to reach a reasonable compromise, as they have here.

The Pehls also object to the Settlement because they did not receive notice of Diane Erdmann's bankruptcy filing, or her 341 meeting. The fact the Pehls did not receive such notice has no bearing on the propriety of the Settlement. [1]

The Pehls insinuate without evidentiary support that NWTM's storage customers and lease customers have an interest in the Seized Property. Setting aside the fact that the Pehls have never claimed an interest in the Seized Property in the three and one-half years since it was seized[2], there is the additional problem that fungible bullion cannot be traced. Simply put, the Pehl's have no basis to claim a personal interest in the Seized Property. Only the parties to the settlement have claims to the Seized Property, and the Settlement will result in resolutions of disputed claims and recovery by the NWTM estate, to the benefit of creditors.

The Pehls complain that the price that Bellevue Rare Coin is willing to pay is too low[3]. The Pehls have not inspected the Seized Property. The Seized Property is worth what someone is willing

---

[1] The Pehls complain that the NWTM Trustee's motion to convert Diane Erdmann's case from Chapter 13 to Chapter 7 does not mention the creditors whose bullion was stolen. This assertion is false. *See* Motion to Convert Case to Chapter 7, ¶ ¶ 5-6, Case No. 19-41238 [Dkt. No. 17].

[2] The Pehls received a copy of the inventory of the Seized Property in their capacity as members of the creditors committee in 2016, but have never asserted that any of that property belonged to them.

[3] The NWTM Trustee can only speculate that the reference in the Erdmann Trustee's motion to the spot price of Gold being $1,004/oz in May, 2016 was a typo. The valuations in the inventory conducted at that time, as set forth at the top of the inventory, were correct. Gold was $1,265/oz in May, 2016.

RESPONSE TO PEHL OBJECTION - 2
502544238 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2125    Filed 10/15/19    Ent. 10/15/19 16:31:45    Pg. 2 of 4

to pay for it, and the relief sought in the Motion does not lock the parties into a sale with Bellevue Rare Coin. The offer from Bellevue Rare Coin merely sets a floor, and the NWTM Trustee and Erdmann Trustee are free to accept higher and better offers. The Trustees are soliciting and entertaining other offers, and if a higher and better offer it received, the Trustees will accept it.

Finally, the Pehls object to the Settlement with respect to the Transfer Claims, complaining that any recovery should not be split between the Erdmann estate and NWTM estate. Again, as explained in the Motion, the NWTM Trustee and Erdmann Trustee have competing, and coextensive claims, arising from the sale of coins and payment of law firms. While the NWTM Trustee would prefer to have all recovery flow to the NWTM estate, he cannot ignore the fact that Erdmann Trustee has coextensive claims under 11 U.S.C. §548 and RCW Ch. 19.40. Accordingly, the NWTM Trustee and Erdmann Trustee reached a reasonable settlement regarding pursuit of these claims.

In sum, the Objection does not provide a basis to deny the Settlement and the Trustee requests that the Settlement be approved.

DATED this 15th day of October, 2019

K&L GATES LLP

By */s/ David C. Neu*
Michael J. Gearin, WSBA #20982
David C. Neu, WSBA #33143
Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

RESPONSE TO PEHL OBJECTION - 3
502544238 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2125    Filed 10/15/19    Ent. 10/15/19 16:31:45    Pg. 3 of 4

## CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a paralegal in the law firm of K&L Gates LLP, and on October 15, 2019, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 15th day of October, 2019 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

RESPONSE TO PEHL OBJECTION - 4
502544238 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2125    Filed 10/15/19    Ent. 10/15/19 16:31:45    Pg. 4 of 4