Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA #33143
Brian T. Peterson, WSBA #42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Rm. 7206
Hearing Date: Friday, October 18, 2019
Hearing Time: 9:30 a.m.
Response Date: October 11, 2019

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT, LLC,

Debtor.

Case No. 16-11767-CMA

DECLARATION OF DAVID C. NEU IN SUPPORT OF MOTION TO APPROVE SETTLEMENT WITH BRADLEY STEPHEN COHEN AND COHEN ASSET MANAGEMENT AND KATHRYN A. ELLIS AND TO AUTHORIZE SALE OF SEIZED PROPERTY

David C. Neu declares as follows:

1. I am a partner with K&L Gates LLP, counsel for the Chapter 11 Trustee.

2. Following the hearing on the NWTM Trustee's Motion to Approve Settlement with Bradley Stephen Cohen and Cohen Asset Management and Kathryn A. Ellis and to Authorize Sale of Seized Property (the "Motion"), I contacted counsel for Bradley Stephen Cohen and Cohen Asset Management (the "Cohen Parties") and requested that they stipulate to a form of order that contained a paragraph releasing all claims of the Cohen Parties against the Northwest Territorial Mint and Diane Erdmann bankruptcy estates.

DECLARATION OF DAVID C. NEU - 1
502564889 v1

K&L GATES, LLP
925 FOURTH AVE., SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2137    Filed 10/24/19    Ent. 10/24/19 17:49:25    Pg. 1 of 11

3. I received a response from Mr. Cohen's counsel that rather than agreeing to the form of order, the Cohen Parties were foregoing asserting any claims to the Seized Property, which he confirmed in an email attached hereto as Exhibit A.

4. Following receipt of the email, the NWTM Trustee and the Erdmann Trustee revised the proposed Settlement Agreement. The revised Settlement Agreement is attached as Exhibit B.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 24th day of October, 2019, at Seattle, Washington.

/s/ David C. Neu
David C. Neu

DECLARATION OF DAVID C. NEU - 2
502564889 v1

K&L GATES, LLP
925 FOURTH AVE., SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2137    Filed 10/24/19    Ent. 10/24/19 17:49:25    Pg. 2 of 11

## CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a paralegal in the law firm of K&L Gates LLP, and on October 24, 2019, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 24th day of October, 2019 at Seattle, Washington.

/s/ Denise A. Lentz
Denise A. Lentz

DECLARATION OF DAVID C. NEU - 3
502564889 v1

K&L GATES, LLP
925 FOURTH AVE., SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2137    Filed 10/24/19    Ent. 10/24/19 17:49:25    Pg. 3 of 11

# EXHIBIT A

# Neu, David

**From:** Robert D. Mitchell <rdm@tblaw.com>
**Sent:** Tuesday, October 22, 2019 12:19 PM
**To:** Neu, David
**Cc:** Kathryn A. Ellis; Sarah K. Deutsch
**Subject:** RE: Northwest Territorial Mint - Settlement

External Sender:

David,
    We are not giving any releases. However, we are no longer asserting any claims to the seized assets in the bankruptcy estate.
Thank you,
Robert

## TIFFANY & BOSCO, P.A.

Robert D. Mitchell | Shareholder | 602.452.2730
Seventh Floor Camelback Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
P 602.255.6000 | F 602.255.0103
rdm@tblaw.com | Bio | vCard | Website | Practice Areas

Offices: Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:** The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply that you have received the message in error, then delete it. Thank you.

---

**From:** Neu, David [mailto:david.neu@klgates.com]
**Sent:** Tuesday, October 22, 2019 11:53 AM
**To:** Robert D. Mitchell <rdm@tblaw.com>
**Cc:** Kathryn A. Ellis <kae@seanet.com>; Sarah K. Deutsch <skd@tblaw.com>
**Subject:** RE: Northwest Territorial Mint - Settlement Order.DOCX

I understand Robert, and am confirming that Mr. Cohen and Cohen Asset Management are releasing any interest he may have in the property seized by the King County Sheriff including the items which Ross claims belong to him. Ms. Ellis and Mark Calvert will revise the settlement to just provide that the proceeds be split between the estates.



David C. Neu
Partner
K&L Gates LLP
925 Fourth Ave.
Suite 2900
Seattle, WA 98104]
Phone: 206-623-7580
Fax: 206-370-6289
david.neu@klgates.com
www.klgates.com

1

# EXHIBIT B

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into and effective as of this 23rd day of October, 2019, upon the terms and conditions set forth below, by and between Mark Calvert as Chapter 11 Trustee for Northwest Territorial Mint, LLC (the "NWTM Trustee") in bankruptcy case no. 16-11767, United States Bankruptcy Court for the Western District of Washington and Kathryn A. Ellis, Chapter 7 Trustee for Diane Erdmann (the "Erdmann Trustee") in case no. 19-41238, United States Bankruptcy Court for the Western District of Washington. The NWTM Trustee and the Erdmann Trustee are collectively referred to herein as the "Parties."

## RECITALS

A. On March 1, 2016, the United States District Court for the District of Nevada entered, in the case of *Bradley Stephen Cohen, et. al. v. Northwest Territorial Mint LLC, Ross B. Hansen, et. al.,* Case No. 2:12-cv-01401-JCM-PAL ("Cohen Creditors' Litigation"), a "Judgment on Jury Verdict" (the "Judgment") in favor of the Cohen Creditors.

B. The Cohen Creditors filed a foreign judgment with King County Superior Court of Washington under King County Case #16-2-05611-3 KNT. The Cohen Creditors have a foreign judgment in the amount of $25,500,000.00 against Ross Hansen ("Hansen"). The Cohen Creditors also have a judgment against the Mint in the principal amount of $12,500,000.00.

C. On April 1, 2016, Northwest Territorial Mint, LLC ("NWTM" or the "Mint") filed a chapter 11 voluntary bankruptcy petition, commencing Case No. 16-11767-CMA (the "NWTM Bankruptcy Case") in the United States Bankruptcy Court for the Western District of Washington (the "Bankruptcy Court"). On April 11, 2016, the Bankruptcy Court appointed Mark Calvert as chapter 11 Trustee.

D. On April 27, 2016 Cohen caused the Sheriff executed a personal property writ of execution at Hansen's residence in Auburn, Washington ("Writ of Execution"). The Sheriff seized personal property including coins and bullion, computers, collectibles, cash and paper records (the "Seized Property"). The Cohen Creditors incurred no less than $15,000 in attorney fees and costs in their efforts to execute on the Seized Property.

E. Diane Erdmann, also a resident at the Auburn property, asserts that the Seized Property belongs to her. It is the NWTM Trustee's position that the Seized Property is property of the NWTM estate. It is the Erdmann Trustee's position that the Seized Property is property of the Diane Erdmann bankruptcy estate. The Cohen Parties have disavowed any interest in the Seized Property.

F. Diane Erdmann filed a motion in the Bankruptcy Case for instruction regarding the applicability of the automatic stay as to the Cohen Creditors' Litigation. On June 22, 2016, the bankruptcy court entered an Order Determining Applicability of

Automatic Stay. The court ordered that the Seized Property be turned over to the NWTM Trustee pending a determination whether the NWTM Bankruptcy Estate owns an interest in the Seized Property.

G. On September 9, 2016, the Trustee filed a complaint against Diane Erdmann commencing Adv. Pro. 16-01217, United States Bankruptcy Court for the Western District of Washington (the "Erdmann Litigation") seeking avoidance of certain fraudulent transfers made by NWTM for her benefit. On March 28, 2018, following trial, a judgment was entered in favor of the Trustee in the amount of $430,462.

H. Beginning in late June, 2016, Diane Erdmann began liquidating precious metals and using the proceeds to pay legal fees incurred by Ross Hansen or a company which he owned, Medallic Art Company, LLC. In total, between June, 2016 and March, 2017, she liquidated approximately $700,000 in precious metal (the "Liquidated Metal") and transferred several hundred thousand dollars of the proceeds of the Liquidated Metals to several law firms (the "Transfers").

I. The NWTM Trustee asserts that the Liquidated Metal was property of the NWTM Bankruptcy Estate. Diane Erdmann has asserted that the Liquidated Metal belonged to her.

J. On April 18, 2019, Diane Erdmann filed for Chapter 13 relief under case no. 19-41238 (the "Erdmann Bankruptcy Case"). On June 14, 2019, the Erdmann Bankruptcy Case was converted to a Chapter 7 proceeding, and Kathryn A. Ellis was appointed as the Chapter 7 Trustee.

K. The Erdmann Trustee believes she holds claims arising under 11 U.S.C. §548 and RCW Ch. 19.40 arising from the Transfers (the "Avoidance Causes of Action"). The NWTM Trustee believes he holds coextensive causes of action, including but not limited to conversion, arising from the Transfers (the "NWTM Causes of Action" and together with the Avoidance Causes of Action, the "Transfer Claims").

L. The parties to this Agreement wish to resolve claims and issues between them as reflected by the terms contained below.

## AGREEMENT

In consideration of the mutual promises and covenants contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties to this Agreement agree as follows:

1. Recitals. The Recitals set forth above constitute an integral part of this Agreement and the parties hereby affirm the facts set forth therein and agree to the incorporation of the Recitals by this reference with the same force and effect as if set forth herein as agreements of the Parties.

502564848

Settlement Agreement -2
v1

2. **Liquidation of Seized Property.** The Erdmann Trustee and the NWTM Trustee consent to the liquidation of the Seized Property (excluding the cash portion of the Seized Property). Concurrently with seeking court approval of this Agreement, the NWTM Trustee and Erdmann Trustee will seek court authority for the liquidation of the Seized Property as contemplated herein. Hereafter, the proceeds of the Seized Property, net of liquidation costs, shall be referenced as the "Seized Property Proceeds." The term "Seized Property Proceeds" shall include the cash portion of the Seized Property.

3. **Proceeds of Sale of Seized Property.** The Seized Property Proceeds will be split evenly (50/50) between the NWTM Trustee and the Erdmann Trustee.

4. **Assignment of NWTM Causes of Action and Pursuit of Litigation.** The NWTM Trustee will assign the NWTM Causes of Action to the Erdmann Trustee. The Erdmann Trustee shall pursue recovery based on the Transfer Claims, as she deems prudent and reasonable, including through litigation or settlement. Any monies recovered based on the Transfer Claim or any other claims arising from or related to the Transfers, net of attorney fees and costs, will be split evenly (50/50) between the NWTM Trustee and the Erdmann Trustee.

5. **Agreement Subject to Court Approval.** This agreement is binding on the parties, subject only to the approval of the Bankruptcy Court in both the NWTM Bankruptcy Case and the Erdmann Bankruptcy Case. The NWTM Trustee and Erdmann Trustee agree to promptly apply to the Court for such approval.

6. **Representation.** The Parties to this Agreement have had the opportunity to review this Agreement and acknowledge that they fully understand and agree to the contents herein. The Parties have had the opportunity to consult with their own attorneys concerning this Agreement and have not entered into this Agreement under any undue influence. Each of the individuals signing this Agreement specifically represents and warrants that they have authority to bind the parties to this Agreement.

7. **Governing Law; Jurisdiction and Venue.** This Agreement is entered into in Washington and shall be governed by and construed in accordance with the substantive laws of the State of Washington, without giving effect to conflicts of laws rules. The Parties agree that the Bankruptcy Court for the Western District of Washington shall have jurisdiction and shall be the sole venue for the determination of any disputes arising out of this Agreement.

8. **Successors and Assigns.** This Agreement shall inure to the benefit and be binding upon the parties to this Agreement and their successors and assigns.

9. **Entire Agreement.** This Agreement constitutes the entire agreement between the parties hereto and supersede all prior agreements, representations, warranties, statements, promises, information, arrangements and understandings, whether oral or written, express or implied, with respect to the subject matter hereof. No

variations, modifications, or changes herein shall be binding upon any party unless set forth in a document executed by the Parties.

        10.     Counterparts; Signature Pages. This Agreement may be executed in one or more counterparts, each of which shall constitute an original document but all of which when taken together shall constitute one and the same agreement. Delivery of an executed copy facsimile or email transmission or other means of electronic communication producing a printed copy will be deemed to be an execution and delivery of this Agreement on the date of such communication by the parties so delivering such a copy. Any party so delivering such a copy via electronic communication shall deliver an executed original of this Agreement to the other parties upon request.

        11.     Headings. The captions or headings provided in this Agreement are for convenience only and shall not be deemed to be a part of this Agreement.

        12.     Further Assurances. From time to time and without further consideration, the parties hereto shall execute and deliver such other instruments of conveyance, assignment, transfer, delivery, security and take such other action as may be reasonably necessary in order to consummate the transactions contemplated by this Agreement, providing however that any such instruments shall be without warranty.

        13.     No Waiver. A party does not waive any right under this Agreement by failing to insist on compliance with any of the terms of this Agreement or by failing to exercise any right hereunder. Any waivers granted hereunder are effective only if recorded in a writing signed by the party granting such waiver.

        14.     Severability. If any provision of this Agreement is determined by any court or governmental authority to be unenforceable, the Parties intend that this Agreement be enforced as if the unenforceable provisions were not present and that any partially valid and enforceable provisions be enforced to the extent that they are enforceable.

        15.     Rules of Construction. Each of the Parties and/or counsel for each party have reviewed this Agreement and accordingly the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

        16.     Cumulative Rights/Construction. The rights and remedies of the Parties under this Agreement are cumulative, and any party may enforce any of its rights or remedies under this Agreement or other rights and remedies available to it at law or in equity.

MARK CALVERT, CHAPTER 11 TRUSTEE OF THE
BANKRUPTCY ESTATE OF NORTHWEST TERRITORIAL
MINT, LLC

_____
Mark Calvert

Date_____

KATHRYN A. ELLIS, CHAPTER 7 TRUSTEE OF DIANE
ERDMANN

_____
Kathryn A. Ellis

Date_____

502564848

Settlement Agreement -5
v1