FILED
Western District of Washington
at Seattle

JAN 27 2020

MARK L. HATCHER, CLERK
OF THE BANKRUPTCY COURT

01-22-2020

To: Honorable Christopher Alston,
From: Jodie Hirtler and Steven McKnight
Re: Contractual Obligations


Judge Alston,

My wife is holder of claim #837.

She is unwell and this affray is

making her even more ill and

unstable.

She suffer from schizophrenia,

Aspergers Syndrome and is now

advanced in age (65). She did

what she considered was prudent

in storing her property (658 oz.

troy .999 fine Ag) in a pooled

account w/ N.W.T.M.

(1)

The trustee Mr. Calvert and his professionals have consistantly and repeatedly failed to address their contractual obligations to her as well as the 53 (fifty-three) other storage account creditors. The fact that the issue has not been addressed in any proceeding does not mean that there is NOT, in fact, a fifty ton elephant in the room. These contractual obligations are nothing other than that 50 ton elephant. The letter a copy of which I

(2)

have enclosed is an acknowledgement of just such an animal.

The storage contracts are clearly the debtors obligations... and my wife is not to be ignored. She paid for a product... it is not property of the debtor estate. She is sole owner of 658 oz tr (.999 fine) Ag, or in the corrolary, the equivilent in Au, Pd., Pt, Rh, or dollars American as of 01-22-2020 in full market value.

The debtor estate cannot sell, convey, bargain, exchange

(3)

or liquidate property that belongs to another. To do so is both unequitabe and exhibits nothing but 'bad faith'. She instructed the trustee on 04-26-2016 regarding the disposition of her property. The trustee ignored her instructions and has been in breech of his contractual obligations since that time, a span of well over 1000 days. In addition to the base market value of her property entrusted to the

(4)

the debtors' estate, a reasonable late fee computed at a modest 35⁰⁰ dollars (35) a day will total over thirty-five thousand (35,000) dollars. This is not unreasonable nor excessive considering the nature and extent of the harm and damages inflicted upon her self... her property ... and her good faith expectations. Nor does this meager amount even begin to repair the damages to the United States Bankruptcy Court caused by Mr. Calvert ... his

(5)

professionals and others
who have conducted this
ongoing scheme to 'slash
and burn' ∧ and rape and pillage every step of the
way.... Even Shermans'
march through Georgia was
more compassionate.
   This then is an ^intended request ~~for~~
motion to ~~clarify~~ the ..."commodity
contracts" issue, as well
as to be construed as an Invoice
for goods in the debtors' possesion
according to the schedules submitted
to the court on 04-01-2016
at docket #1, as well as

(6)

at docket Nos: 220, 221, 222, 223, 224, 225, 226, 227; all of which were filed with this court on May, 02, 2016 incorporated herein.

In addition, I myself, Steven McKnight have conservatively expended three hours a week for the past one hundred and ninety weeks (190) for which I require instruction in order to recieve compensation for priority administrative claim. Three hours weekly (3) for one hundred ninety weeks (190)

(7)

is equal to 373 hours.

As appointed quasi-judicial official for Thurston County from 1999-2008 I am qualified as 'professional'. An equitable rate for ~~Administration~~ of this matter is one hundred dollars an hour (100).

There for I now request ~~reim~~ equitable compensation for time spent in Pro Se duties representing my wife Jodie Hiatler. The sum total of time worked is 373 hours. The rate is 100 dollars per. This is a total of 37,300 dollars (thirty-three thousand ~~dollars~~

(8)

three hundred dollars).

I am willing to forego any reimbursments for all expenses to include postage, envelopes and ordinary business expenses.

Please advise and remit as soon as practicable to quash all and any further $ interest she, me, and we have in Case No: 16-11767.

With all due respect,

S. McKnight
Steven McKnight

(9)

Addendum to letter of 01-22-2020

RE: Affidavit

I, Steve McKnight, [there in] swear and affirm that the forgoing expenses were each and all reasonable and necessary in acting for Jodie Hirtler, Claim 837; Case No. 16-11767, and for acting in her behalfe administering her interests as party to Case No. 16-11767.

It being the 22nd day of January, 2020 in Cherokee County North Carolina, USA at 11:30 am.

In good faith signed by me, Steve McKnight,

S. McKnight

(1)

01-22-2020

Mr Calvert,

It is very unfortunate that you should take such a stance w/ regards to my simple request directed to you in the E-mail of 01-13-2020.

"For much of its history, NWTM sold precious metals in the form of ... ... to the general public" Order No: S-14-1441-17-SC01   further relevant part is to be found at page 2, paragraph 4 " The Commodity Transaction Act of Washington ("the Act") regulates the offer and sale of ,,,, under commodity <u>contracts</u>," (id)

(1)

The Statement of Charges and Notice
of Intent To Enter Order To Cease
and Desist and to Impose Civil Penalties
issued by the Washington State
Department of Financial Institutions
goes on to find in relevant
part that, " A commodity
Contract does not .... required (sic)
to deliver to the buyer within
28 days after the payment of good funds ..."
(id, page 2, paragrap 4 @ line 13)
Said, "Statement of Charges..." ,
goes on to Clarify, " Any commodity
transaction that takes longer than

(2)

01-22-2020

28 days for delivery will fall under the ~~act~~ Act unless an exemption applies", (id)

The above referenced statement of charges and Notice,,, makes perfectly clear that the Storage customers' are each and all separate and distinct from the other bullion costomers in that the nature of the relationship between the seller (N.W.T.M) and the buyer (in this instance, I, Jodie Hirtler) is one where'in the delivery of such physical items are not required to be

(3)

delivered within the 28 day
requirement of the Act.

In this ~~Fa~~ instance, "the
offer and sale of ... precious
metals... constitutes the offer
and/or sale of a 1.) commodity;
2.) commodity contract; OR 3.)
commodity option"... in the state
of Washington as defined in RCW
21.30.010(10), (11), (14), (15). There
are no relevant exemptions.

Therefor, Mr. Calvert, persuant
to RCW 21.30.070 in your
role as trustee, and all employees
of the debtor estate × (the trustees'

(4)

professionals'), are liable
for any violations of the Act
with regards to the offer and/or
sale of items defined in the
Commodities Transaction Act, ,-
ie., 1.) commodities; 2.) commodity
options; 3.) commodity contracts.

The bizarre and capricious
pseudo-legal theories propounded
in your e-mail to me are neither
persuasive nor valuable.

Mr Calvert, you and your
professionals have made, and
continue to make untrue
statements of material fact

(5)

and/or omitted to state
material facts necessary in
order to make the statements made,
in light of the circumstances under
which they were made, not misleading.
To be clear, our claim is
not one held on any sort of
unfullfiled purchase order. Accordingly
11 USC 766 (b), (c), (h-2), and,
11 USC 765 (a), (1), (2); "... the
trustee shall ... comply with Any
instructions from a customer regarding
such customers desired disposition
of any commodities contract ... (id)
and, " in priority to any other claims" (id)

(6)

The regulations could not
be more clear. × Priority is
given due to the fact that the
physical items underlying the
commodity contracts are extremely
volitile in nature. ※ In
relevant part... "The automatic
stay does not apply to commodity,
security, and futures contracts" (id)
**Shall** means it is mandatory
that the action be done. Shall
means it is a mandate and it is
not mearly a suggestion.
There for my directive to
you in the E-mail of January

(7)

13, 2020, directing the options
(two) for the disposition of
my estate assetts, remains
fully and completely in effect
until such time as you or
your assignees recieve further
additional instructions. You
are illegally depriving me of
what is not an assett of the
debtors estate. Those goods...
or the funds purchasing said,--
are my property and I,
Jodie Hurtler, am sole owner
as evidenced by both the
Bullion Agreement and

(8)

Sales
purchase order ^Acknowledgement numbered 106388,
Sept 10, 2015, for 458 troy ounces
of Ag (.999), and, Sales Order
Acknowledgement No: 114186; 8 Nov.
09, 2015, for 200 troy ounces of Ag
(.999), and as well, Sales Order
Acknowledgement No: 106391,
of Sept 10, 2015, for 01 (one)
silver 1 oz troy Stagecoach Bar ~~xx~~
(.999 Ag). This then is
you invoice ~~for~~ 659 ounces troy
(.999 Ag), or in the alternative

the equivilent in ~~doll~~ United States
dollars paid directly to my

(9)

01-22-2020

banking and savings institution
at Wells Fargo Bank, account
# and routing to be given
at you indication... This
is your itemized invoice...
please remit at your earliest
convenience but no later than
10 days due now.

with all respect due

Jodie Hutler

Jodie Hutler 1/22/2020

(10)

# Addendum to letter
## dated 01-22-2020

Mr Calvert,

In addition... It is important
for me to simply note that had
~~you~~, your professionals, or the
debtors estate, ~~had~~ honored my
^ directive ~~request~~ commuicated to ~~you~~ on
04-26-2020 the debtors estate
would have preserved the value
of the estate an estimated
two thousand dollars ($2000⁰⁰).
This very instance further exemplifies
your lack of any feduciary duty
to both the debtors estate, and,
the creditors thereof whether

(1)

secured or unsecured, priority notwithstanding as well as all vendors, and holders' of executory contract of whatever nature or detail.

The record is perfectly clear. The facts are the facts, This is your Invoice, Please remit at once.

With all respect due,

Jodie Hirtler

Jodie E Hirtler  1/22/2020

(2)