Entered on Docket April 15, 2020

**Below is the Order of the Court.**

_____
**Christopher M. Alston
U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

_____

Christopher M. Alston
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Suite 6301
Seattle, WA 98101
206-370-5330

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re | Chapter 11 |
| Northwest Territorial Mint, LLC, | Case No. 16-11767 |
| | ORDER TO SHOW CAUSE |
| Debtor. | |

This matter came before the Court *sua sponte*. Jeffrey Mark McMeel, an interested party in this case, has made numerous frivolous contacts with the Court through filings, letters, and telephone calls, as described in more detail below. When he did not receive his desired response, his filings increased, and he began making bar complaints against various parties involved in this case. Despite being sanctioned twice for this conduct, Mr. McMeel continues to make inappropriate contact with the Court through letters, filings, and telephone calls. The Court therefore orders Mr. McMeel to show cause why it should not order the Clerk of the Court to

Order - 1

disregard all communication, in writing or by telephone, from Mr. McMeel until he pays the Court-ordered sanctions in full.

This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

On May 20, 2016, the Court held a hearing on an Order to Show Cause relating to the filing of certain pleadings and documents by Mr. McMeel. That hearing resulted in the Order Following Hearing on Order to Show Cause Why Sanctions Should Not be Imposed and Amended Order to Show Cause Re Civil Contempt (the "First Sanctions Order") at ECF No. 328, entered on May 27, 2016. The First Sanctions Order found that Mr. McMeel had filed numerous false and frivolous papers in bad faith, vexatiously, and for oppressive reasons. He thus engaged in an abuse of process that interfered with the rights of individuals and government agencies and with the administration of justice. The First Sanctions Order required Mr. McMeel to pay $5,000.00 in sanctions and prohibited Mr. McMeel from filing any papers in this case, with certain exceptions, until Mr. McMeel paid the sanctions.

Mr. McMeel paid $1.00 of the sanction required by the First Sanctions Order as reflected by a docket entry on October 25, 2016. He did this by approaching the bench, even after the Court firmly directed him to cease his advance, and throwing a dollar bill at an employee of the Court. He was arrested for this conduct, and a criminal case was opened against him. *USA v. McMeel*, U.S. District Court for Western District of Washington, Case No. 16-00278. He did not comply with the First Sanctions Order and continued to file papers in this case.

On October 26, 2017, the Court entered a second order (the "Second Sanctions Order"), finding that Mr. McMeel violated the First Sanctions Order by filing at least 67 pleadings, papers, and documents beyond what the First Sanctions Order permitted him to file. Mr. McMeel also filed numerous bar complaints against the judge and various attorneys with the bars of Washington State and Washington, D.C., copies of which he filed in this Court. In some of the filings, Mr. McMeel identified himself as "Judge Pro Tempore Jeffrey M. McMeel." In the Second Sanctions Order, the Court required Mr. McMeel to pay the remaining balance of $4,999

Order - 2

Case 16-11767-CMA    Doc 2250    Filed 04/15/20    Ent. 04/15/20 06:56:01    Pg. 2 of 4

by November 27, 2017 and sanctioned him an additional $25 per day thereafter if he failed to comply.

Mr. McMeel has not complied with the Second Sanctions Order. The sanctions remain unpaid and will total $27,124 by April 30, 2020. Mr. McMeel continues to send letters to the Court that are nonsensical and do not seek to pay the sanctions. Mr. McMeel has also attempted on several occasions to contact employees of the Court by telephone to make what he calls oral declarations and deposits. When those attempts failed, he began mailing single dollar bills, coins, and postage stamps to the Court, but the letters containing those items did not indicate that he intended those funds to be applied to his sanctions nor are the amounts anywhere close to sufficient.

Mr. McMeel's continued inappropriate and frivolous conduct requires further action by this Court. The Ninth Circuit has recognized "[t]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (citing *Tripati v. Beaman,* 878 F.2d 351, 352 (10th Cir. 1989)). Now, therefore, it is hereby ORDERED as follows:

1. Mr. McMeel shall appear before the Court on **May 22, 2020,** at **9:30 a.m.** to show cause why the Court should not authorize the Clerk of the Court to disregard, and dispose of without notice, all letters, emails, and any other form of written communication from Mr. McMeel, and to block all phone calls from Mr. McMeel, unless and until he pays the full amount of sanctions due in U.S. dollars. Due to the COVID-19 outbreak, Mr. McMeel and any other party wishing to appear at the hearing shall do so telephonically, using the following instructions:

   · Dial: 1−888−363−4749

   · Enter Access Code: 8955076#

   · Press the # sign

   · Enter Security Code: 3564#

   · Speak your name when prompted

**Below is the Order of the Court.**

2. Mr. McMeel and any party opposing this relief shall file with the Court a written response stating the basis for the opposition no later than **May 15, 2020.**
3. The Clerk of the Court shall serve a copy of this order on Mr. McMeel via the BNC.

///END OF ORDER///