**Below is the Order of the Court.**

Christopher M. Alston
**U.S. Bankruptcy Judge**

**(Dated as of Entered on Docket date above)**

Christopher M. Alston
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Suite 6301
Seattle, WA 98101
206-370-5330

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re | Chapter 11 |
| Northwest Territorial Mint, LLC, | Case No. 16-11767 |
| | ORDER FOLLOWING ORDER TO SHOW CAUSE |
| Debtor. | CLERK'S ACTION REQUIRED |

This matter came before the Court *sua sponte* on its Order to Show Cause at ECF No. 2250. Jeffrey Mark McMeel, an interested party in this case, has made numerous frivolous contacts with the Court through filings, letters, and telephone calls, as described in more detail below. When he did not receive his desired response, his filings increased, and he began making bar complaints against various parties involved in this case. Despite being sanctioned twice for this conduct, Mr. McMeel continues to make inappropriate contact with the Court through

Order - 1

letters, filings, and telephone calls.  The Court therefore modifies the sanctions against Mr. McMeel and bars him from any further contact with the Court.

Though many of the facts below have been previously summarized in the Court's Orders to Show Cause and Sanctions Orders against Mr. McMeel, the Court restates them in this order for ease of reference.  Mr. McMeel violated the court's First Sanctions Order at ECF No. 328 by filing at least 67 pleadings, papers, and documents beyond what the First Sanctions Order permitted him to file.  Mr. McMeel also filed numerous bar complaints against the judge and various attorneys with the bars of Washington State and Washington, D.C., copies of which he filed in this Court.  In some of the filings, Mr. McMeel identified himself as "Judge Pro Tempore Jeffrey M. McMeel."  In the Second Sanctions Order, at ECF No. 1295, the Court required Mr. McMeel to pay the remaining balance of sanctions due in the amount of $4,999 by November 27, 2017 and sanctioned him an additional $25 per day thereafter if he failed to comply.  He has never paid the sanctions which totaled $27,124 as of April 30, 2020.  Mr. McMeel still sent another 28 letters and papers to the Court that are nonsensical, make outrageous demands for information, and do not seek to pay the sanctions. *See* ECF Nos. 1332, 1748, 1910, 1935, 1969, 1973, 2005, 2029, 2030, 2054, 2060, 2061, 2062, 2089, 2090, 2102, 2106, 2107, 2155, 2165, 2166, 2177, 2178, 2180, 2210, 2213, 2236, and 2243.

The Court adopts and incorporates all the other findings in the Order to Show Cause and notes that even after Mr. McMeel was served the Order he has continued with his abusive conduct. The Clerk's Office has docketed five papers from him in the week preceding the hearing that are nonsensical harassment. *See* ECF Nos. 2253, 2254, 2255, 2256, and 2257.  For example, on May 19, 2020, the Court received a letter addressed to the above-signed judge and a court staff member asking the Court to send him their TIN because he says he needs it for his backup withholding agent for "trust business operations."  The letter further states that should the Court refuse his request to please direct him to the appropriate court officer who will provide their TIN and be a backup withholding agent for our court trust business. *See* ECF No. 2254.

Mr. McMeel also filed another document entitled "Notice of Contempt, Trespassing, Barratry, Protest; Protested" in which he charges several individuals with contempt of court and

contempt of their oath of office, among other things. The named individuals include the U.S. Trustee for this region, several other attorneys from the Office of the U.S. Trustee, the chapter 11 trustee in this case, the U.S. Attorney for the Western District of Washington, and the director and deputy director of the Administrative Office of the U.S. Courts. *See* ECF No. 2257.

Mr. McMeel's filings require the Clerk's Office to take action every time. And while the language is sometimes polite, the purpose is clearly to harass the judge, the Court's staff, and the Clerk's Office staff.

This current Order to Show Cause was mailed to Mr. McMeel on April 17, 2020, via BNC to the address in Olympia that he provided to the Court. *See* ECF No. 2251. Mr. McMeel received the order, appeared at the hearing, and had the opportunity to present argument in defense of his actions. Mr. McMeel provided no rational explanation for his conduct but instead continued his nonsensical interpretation of the law.

The Ninth Circuit has recognized "[t]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). The Court concludes that additional monetary sanctions will not deter Mr. McMeel's conduct, as he has consistently ignored the Court's prior orders sanctioning him. The Court further concludes that the most efficient way to deter Mr. McMeel's conduct is for the Court and the Clerk's Office to neither docket nor respond to anything he submits. The Court will set the monetary sanctions Mr. McMeel currently owes at a sum certain of $25,000 so that Mr. McMeel has no need to contact the Clerk's Office to obtain a payoff for the sanctions. Accordingly, it is hereby ORDERED as follows:

1. The Court modifies the prior orders imposing sanctions and hereby imposes sanctions against Mr. McMeel for all his conduct in the case in the amount of Twenty-five thousand and no cents U.S. Dollars ($25,000 U.S.D.) (the "Modified Sanctions Amount"); and

2. That unless and until Mr. McMeel pays the full Modified Sanctions Amount in U.S. dollars, this Court and the Clerk of Court shall and will do the following:

Order - 3

     a.   disregard and dispose of, without notice to Mr. McMeel, all letters, emails, and any other form of written communication from Mr. McMeel or anyone on his behalf, and

     b.   block and refuse to answer all phone calls from Mr. McMeel or anyone on his behalf; and

     c.   disregard and delete all voice mail messages from Mr. McMeel or anyone on his behalf; and

3. The Clerk of the Court is authorized and directed to dispose of, without notice to Mr. McMeel, any coins or any partial payments received from Mr. McMeel or anyone on his behalf; and

4. The Clerk of the Court shall serve a copy of this order on Mr. McMeel via BNC.

///END OF ORDER///

Order - 4