Entered on Docket August 6, 2021

**Below is the Order of the Court.**

**Christopher M. Alston**
**U.S. Bankruptcy Judge**
**(Dated as of Entered on Docket date above)**

Christopher M. Alston
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Suite 6301
Seattle, WA 98101
206-370-5330

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>Northwest Territorial Mint LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 16-11767<br><br>ORDER ON TRUSTEE'S SECOND AND FINAL APPLICATION FOR COMPENSATION |

This matter came before the Court on the Trustee's Second and Final Application for Compensation (the "Application") [ECF No. 2299] filed by the Chapter 11 Trustee, Mark Calvert (the "Trustee"). The Court held a hearing on the Application on June 18, 2021. At the hearing, the Court made findings and facts and conclusions of law which are incorporated here by this reference with respect to the Trustee's services provided during the Application Period[1] and allowed the Trustee $137,470 in compensation. The Court also raised concerns about the Trustee's estimation of fees for future services, requested additional evidence, and continued the

[1] All capitalized terms not defined in this Order have the meaning stated in the Application.

matter to July 2, 2021. The Trustee filed a supplemental declaration on June 23, 2021 [ECF No. 2312]. The Court held the continued hearing, at which counsel for the Trustee appeared and argued in support of the Trustee's requested estimated fees. At the conclusion of the hearing, the Court took the matter under advisement.

I. <u>FACTS:</u>

In the Application, the Trustee requested an award of $141,870 for fees incurred and $40,000 for additional services to be provided through the end of the case. The Trustee stated in his Application that the remaining tasks consist of attending hearings on final fee applications, administering the Erdmann Trustee settlement and proceeds, and preparing for and testifying in the criminal trial pending against Ross Hansen and Diane Erdmann. The requested compensation falls within the limits set by 11 U.S.C. §326(a).

At the initial hearing, the Court raised concerns with Trustee's counsel that the $40,000 estimate—which equates to approximately 100 hours—seemed extremely high for the remaining tasks identified in the Application. The Court required the Trustee to provide another declaration that explained how he came up with his estimate for remaining tasks to be performed.

In the supplemental declaration, the Trustee asserts that he expended 18.7 hours since filing the Application, which equates to $7,480. He also declares, "In consideration of the Court's comments at the hearing, I would like to reduce my request for estimated fees through the conclusion of the case." He substantially lowered his estimate for compensation for all services after the filing of the Application through the end of the case to $19,000. At the Trustee's rate of $400 per hour, that amounts to approximately 28 more hours after his supplemental declaration. The Trustee claims the remaining services include 1) providing support to the Erdmann Trustee in the Pending Litigation, 2) providing discovery and testimony in the Hansen/Erdmann criminal trial, 3) providing monthly reports to the Court, and 4) coordinating and filing a motion to dismiss the case. ECF No. 2312 at 2.

The failure to even attempt to justify the original request, coupled with the significant reduction of his estimated fees is strong evidence that the Trustee is unable support his initial representation that he would spend another 100 hours on this case. In addition to the inflation of the estimated fees in the Application, the supplemental declaration raises several other issues.

1. <u>Additional services in support of the Erdmann Trustee in the Pending Litigation.</u>

The Trustee was aware that the parties in the Pending Litigation were in mediation—his

counsel informed the Court at the June 18 hearing. The supplemental declaration does not acknowledge the mediation or state the status of the settlement discussions. If the Pending Litigation settled, there is no need for additional services. Even if not settled, the Trustee has failed to explain the nature of additional services he might provide after already providing documents and information to the Erdmann Trustee. The burden is on the Trustee to justify the request, and the supplemental declaration is silent as to the additional services potentially needed.

2. <u>Complying with obligations to provide discovery and testimony in the Hansen/Erdmann criminal trial</u>.

The Trustee's time spent responding to discovery requests and testifying in the criminal trial of Mr. Hansen and Ms. Erdmann is compensable. The Trustee, however, has failed to provide any estimated time for this specific task.

Per the billing statements submitted in support of the Application, *see* Trustee's Declaration, ECF No. 2300, the Trustee's services related to the FBI, subpoenas, and responding to discovery requests in the criminal trial from October 1, 2018 until April 20, 2021 total about 15.3 hours for a total $6,120. The Trustee provides no explanation why, on the eve of the criminal trial, he expects to devote any more time to producing documents. As for testimony, he again provides no estimate of the number of hours he might spend on the stand and to prepare.

3. <u>Providing monthly reports to the Court</u>.

In its final fee application, the Trustee's accountant, Cascade Capital Group, LLC ("Cascade"), requested $750.00 in estimated fees through and including dismissal of this case. The Cascade application stated its only remaining task will be to assist the Trustee with preparation of monthly operating reports. ECF No. 2297 at 6. A review of the Trustee's own time records shows one single time entry related to monthly operating reports on February 3, 2020, with the description "MOR monthly filing follow up," for which the Trustee incurred $320 in fees. Dkt. No. 2300 at 14. In other words, the Trustee is asking the Court for an award of compensation for services he has not provided in this case and for services the Court has been told—by the Trustee—will be performed by his accountants.[2]

---

[2] For the 16-month period from January 1, 2020, through April 30, 2021, Cascade's fees for preparing monthly operating reports totaled roughly $950. ECF No. 2298 at A - 8-9. Even if this case does not close until the end of the year, $750 is a generous award to Cascade to prepare these reports for a non-operating business for another eight months.

4. Coordinating and filing a motion to dismiss the case.

The Trustee's supplemental declaration provides no explanation of the services the Trustee expects to provide in this category. The Trustee's counsel, not the Trustee, will be primarily responsible for the legal work needed to dismiss and close this case. The Court expects the Trustee might spend an hour to review and approve any motion and one hour for appearing at any hearing.

II. CONCLUSIONS:

The Bankruptcy Code authorizes the Court to award to a trustee or a professional person employed under section 327 or 1103 (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person, and (B) reimbursement for actual, necessary expenses. 11 U.S.C § 330(a)(1). The Court may award compensation that is less than the amount of compensation that is requested. 11 U.S.C. § 330(a)(2).

In determining the amount of reasonable compensation to be awarded, the Court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services, (B) the rates charged for such services, (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title, (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field, and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. 11 U.S.C. § 330(a)(3).

Except for certain circumstances that do not apply in a chapter 11 case, the Court shall not allow compensation for (1) unnecessary duplication of services, or (2) services that were not (a) reasonably likely to benefit the debtor's estate or (b) necessary to the administration of the case. 11 U.S.C. § 330(a)(4)(A). The Court has an independent duty to evaluate professionals' fees. *In re Columbia Plastics, Inc*., 251 B.R. 580, 584 (Bankr. W.D. Wash. 2000). Parties seeking compensation have the burden of establishing entitlement to the fees requested. *Id.* The applicant bears the burden of proof to establish that its hourly rate and hours expended are

reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

The Court notes that for the period covered by the Application, which is 31 months, the Trustee's time for *all* services under Case Administration and Asset Analysis and Recovery—the two categories under which the remaining four tasks would fall—totaled $41,720, an average of $1,346 per month. For the five-month period of May 1 through the expected close of the case in September 2021, the Trustee initially represented to the Court that he estimated his time would total $40,000—almost as much time as he actually spent in nearly three years prior for all services in the two categories. After being told that the number seemed grossly high, he has come back to the Court estimating that his services would total $19,000—which is still nearly three times the monthly average for the period covering the fee application—without providing any reasons why the number will be so much higher at this stage of the case.

In sum, the Trustee's failure to even attempt to justify his initial $40,000 estimate or explain why he made such a large request that he now has abandoned equates to a tacit acknowledgement that he grossly overstated his initial request for compensation. Further, he fails to provide sufficient detail to allow the Court to find the revised estimate is appropriate. Indeed, his new estimate includes time for services he has never performed in this case and which the Trustee already told the Court will be performed by the accountants. By requesting compensation for preparing monthly operating reports, the Trustee knowingly and intentionally sought compensation for services that he knows will be provided by another professional.

Given this intentional over-billing, the Court denies the entire request for estimated compensation. *Columbia Plastics,* 251 B.R. at 591 ("Merely reducing the requested compensation by the amount of the double-billing, non-compensable transcription work and by the trustee duties performed is not a sufficient deterrent to such overreaching conduct. The bankruptcy court has wide discretion over whether to allow fees, regardless of their excessiveness or reasonableness. It is important that the integrity of the bankruptcy system is maintained." [Citations omitted.]) Now, therefore, it is hereby

ORDERED that the Trustee is ALLOWED compensation of $137,470, and the Trustee's requested for compensation for estimated fees is DISALLOWED; and it is further

ORDERED the Trustee is authorized to disburse funds in partial satisfaction of the fees allowed herein to the full extent of available funds in the estate at any time through the dismissal of the case, subject to proration for distributions on account of allowed compensation to Cascade

Capital Group LLC and K&L Gates LLP.

///END OF ORDER///