Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Telephonic
Hearing Date: Friday, September 24, 2021
Hearing Time: 9:30 a.m.
Response Date: September 17, 2021

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT, LLC,

Debtor.

Case No. 16-11767-CMA

**MOTION FOR ORDER AUTHORIZING FINAL RESOLUTION OF CASE AND GRANTING RELATED RELIEF**

## I.  INTRODUCTION

Mark Calvert (the "**Trustee**"), Chapter 11 Trustee for Northwest Territorial Mint, LLC ("**NWTM**" or the "**Debtor**"), submits this Motion for Order Authorizing Final Resolution of Case and Granting Related Relief (the "**Motion**"). In support of this Motion, the Trustee respectfully represents as follows:

## II.  BACKGROUND

On April 1, 2016, the Debtor commenced this case by filing a voluntary petition under chapter 11 of the United States Bankruptcy Code. On April 11, 2016, the Court appointed Mark Calvert as chapter 11 Trustee. *See* Dkt. No. 51.

As the Court is aware, the Trustee's administration of the case has effectively concluded. The Trustee has liquidated all of the Debtor's business assets principally through court approved sales. The Trustee resolved through stipulation and court approved settlements all of the secured and administrative claims against the estate and all such claims other than administrative claims of professionals, described more fully below, have been paid. Recently, the Court entered orders on the

MOTION FOR ORDER AUTHORIZING FINAL
RESOLUTION OF CASE AND RELATED RELIEF - 1
505067703.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2328    Filed 09/03/21    Ent. 09/03/21 16:23:44    Pg. 1 of 8

final applications for compensation filed by K&L Gates LLP, Cascade Capital Group LLC, and the Trustee (collectively, the "**Administrative Priority Creditors**"). Under those orders, the Court allowed final compensation of more than Seven Hundred and Fifty Thousand Dollars to the Administrative Priority Creditors. The Administrative Priority Creditors are the only creditors in this case with outstanding allowed unpaid administrative priority claims.

After entry of the Court's orders on the final fee applications of the Administrative Priority Creditors, the Trustee made a pro rata distribution of cash on hand in the estate to the Administrative Priority Creditors. The estate does not have sufficient cash to fully pay the allowed claims of the Administrative Priority Creditors. After distribution of the estate cash, the Administrative Priority Creditors continue to hold allowed unpaid claims in an aggregate amount in excess of $400,000.

The Trustee anticipates receipt of a check from the United States District Court in the amount of $29,102.50 as reimbursement for costs incurred by estate professionals to collect and produce documents to criminal defense counsel for Mr. Hansen and Ms. Erdmann. Once the check is received, the estate will hold approximately $30,000 in undistributed funds. With these funds, the Trustee intends to satisfy United States Trustee fees owed through the date of dismissal of this case and distribute remaining funds to Administrative Priority Creditors.

The only remaining assets in this bankruptcy estate other than the cash described above are the rights granted to the Trustee under a settlement with the chapter 7 trustee (the "**Erdmann Trustee**") of the bankruptcy estate of Diane Erdmann (the "**Erdmann Bankruptcy Estate**"). Pursuant to the Trustee's settlement with the Erdmann Trustee, the Trustee is entitled to fifty (50) percent of the Erdmann Trustee's recovery (after litigation expenses) against Bucknell Sato LLP in adversary proceeding number 20-04036-BDL. The Erdmann Trustee commenced litigation and sought to resolve the litigation through mediation. The claims were resolved in accordance with a recommendation by the mediator and acceptance of the recommendation by the Erdmann Trustee subject to the defendant's delivery of certain financial records and the entry of an order approving the settlement. Delivery of the financial records remains pending. Based on discussions with the

MOTION FOR ORDER AUTHORIZING FINAL
RESOLUTION OF CASE AND RELATED RELIEF - 2
505067703.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2328    Filed 09/03/21    Ent. 09/03/21 16:23:44    Pg. 2 of 8

Erdmann Trustee, the Trustee does not anticipate that this estate's recovery will ever be sufficient to fully pay unsatisfied amounts of the allowed administrative expenses in this case.

The Trustee previously brought motions before the Court to dispose of voluminous books and records that were stored on business premises of the estate. The Trustee's continued preservation of the limited Debtor's books and records remaining in his possession is burdensome to the estate and to its professionals.

The Trustee brings this Motion requesting that the Court dismiss this case and provided related relief as described in more detail below.

### III. EVIDENCE RELIED UPON

This Motion relies on the arguments set forth herein, the Declaration of Trustee Mark Calvert filed in support of the Motion, the pleadings and records on file in this case, and the arguments of counsel, if any.

### IV. ARGUMENT

By this Motion, pursuant to Sections 105(a), 349, 554, and 1112 of the Bankruptcy Code, the Trustee seeks entry of the proposed order ("**Dismissal Order**") submitted herewith. The Trustee's Dismissal Order provides for a final resolution of this bankruptcy case by ordering, among other things:

- That all orders, stipulations, agreements, and transactions during the pendency of this chapter 11 case shall survive and remain effective after dismissal of this case, notwithstanding Section 349 of the Bankruptcy Code.

- That all fees payable to the United States Trustee be paid by the Trustee within seven (7) days of the entry of the Dismissal Order.

- That the Trustee be authorized to distribute, on a pro rata basis, any remaining cash in the estate (after payment of United States Trustee fees) to the Administrative Priority Creditors.

- That the Trustee shall retain authority to collect amounts owed to the Trustee or this bankruptcy estate from the Erdmann Bankruptcy Estate, whether or not distribution of such amounts are made by the Erdmann Trustee before or after entry of the Dismissal Order.

MOTION FOR ORDER AUTHORIZING FINAL
RESOLUTION OF CASE AND RELATED RELIEF - 3
505067703.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2328    Filed 09/03/21    Ent. 09/03/21 16:23:44    Pg. 3 of 8

- That amounts collected from the Erdmann Trustee shall be paid by the Trustee to the Administrative Priority Creditors on a pro rata basis. To the extent amounts received from the Erdmann Bankruptcy Estate exceed the unpaid amounts of allowed administrative priority claims, the Trustee shall file a motion to reopen this case to obtain an order directing the distribution of such excess funds.

- That the Unsecured Creditors Committee appointed in this case shall be dissolved and disbanded and its members released and discharged from all liabilities and duties arising from, or related to, this case.

- That the Trustee be authorized the abandon and/or destroy, or cause to be abandoned and/or destroyed, any and all of the Debtor's books and records in his possession or control which have not been previously disposed of.

- That the Trustee be released and discharged from all dutties and obligations created by his appointment as Chapter 11 Trustee in this Case and the Trustee's bond be exonerated and the surety under such bond released from any further liability thereunder.

- That this case be deemed "fully administered" within the meaning of Section 350 of the Bankruptcy Code, and shall, without further hearing, be dismissed.

Pursuant to Bankruptcy Code Section 1112, "on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested . . . dismissal is not in the best interests of creditors and the estate, the court shall . . . dismiss a case under this chapter . . . if the movant establishes cause." A determination of cause is made by the court on a case by case basis. *In re Albany Partners Ltd*., 749 F.2d 670, 674 (11th Cir. 1984). The Court has wide discretion to employ its equitable powers to dismiss a bankruptcy case. *In re Preferred Door Co*., 990 F.2d 547, 549 (10th Cir. 1993); *In re Sullivan Center Plaza 1 Ltd*., 935 F. 2d 723, 728 (5th Cir. 1991) (whether cause exists "rests in the sound discretion of the bankruptcy court").

Entry of the Dismissal Order is warranted in light of the fact that the Debtor's business operations have ceased, the Trustee has liquidated all assets of the estate with the exception of the estate's rights in the Erdmann Bankruptcy Estate, and given that there are insufficient funds in the estate to pay remaining allowed administrative priority creditors. Formation and solicitation of a full-fledged chapter 11 plan would needlessly generate additional administrative expenses for the estate and is unnecessary under the circumstances.

MOTION FOR ORDER AUTHORIZING FINAL
RESOLUTION OF CASE AND RELATED RELIEF - 4
505067703.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA   Doc 2328   Filed 09/03/21   Ent. 09/03/21 16:23:44   Pg. 4 of 8

The only alternative to dismissal of this case is conversion to a case under chapter 7. Conversion is unwarranted and not in the best interests of creditors. If this case were converted, it would lead to additional delay and would create additional unnecessary administrative expenses that will deplete, not enhance, recoveries to the Administrative Priority Creditors, all of whom support entry of the Dismissal Order as opposed to conversion of this case. The Trustee has fully administered the valuable assets of the estate other than the estate's rights in the Erdmann Bankruptcy Estate. There little reason for this case to remain open, allowing additional accrual of fees and expenses, pending resolution of the pending adversary proceeding in the Erdmann case. It is unclear how long it will take before that adversary case is resolved, and the Dismissal Order can effectively provide for the Trustee's collection and distribution of such funds post-entry of the Order of Dismissal. Entry of the Dismissal Order will eliminate the continued accrual of administrative expense obligations and bring finality to this case for the estate's professionals and interested parties.

Accordingly, the Trustee requests entry of the Order of Dismissal, which provides for dismissal of this case and related relief, including by discharging the Trustee from all duties and responsibilities except for obligations created by the Dismissal Order. The Trustee's proposed Dismissal Order expressly provide that all stipulations, agreements, orders, and transactions entered into and approved by this Court shall remain in effect notwithstanding dismissal and Section 349 of the Bankruptcy Code. Section 349(b) provides that while dismissal will typically reinstate the prepetition state of affairs by re-vesting property in the debtor and vacating orders and judgments of the bankruptcy court, the court may "for cause, orde[r] otherwise." 11 U.S.C. § 349(b). That provision "appears to be designed to give courts the flexibility to "make the appropriate order to protect rights acquired in reliance on the bankruptcy case." *Cyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 984 (2017). Cause exists in this case to allow all prior stipulations and order to be given continued effect. The Debtor has been in chapter 11 for more than five years, and the Trustee has entered into numerous court-approved settlements and sale transactions of all of the estates assets. Numerous parties, including purchasers, have reasonably relied on the orders of this Court. Unless

MOTION FOR ORDER AUTHORIZING FINAL
RESOLUTION OF CASE AND RELATED RELIEF - 5
505067703.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2328    Filed 09/03/21    Ent. 09/03/21 16:23:44    Pg. 5 of 8

the Court orders otherwise, Section 349 of the Bankruptcy Court could unravel the effect of all of the Trustee's efforts to resolve claims and sell assets of the estate during the course of this case and would be detrimental to creditors and parties in interest who have relied on those orders.

In addition, the Trustee requests that the Court authorize him to destroy and/or abandon the Debtor's books and business records which have not previously been disposed of. Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." Additionally, section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Bankruptcy Rule 6007 provides that a debtor may abandon property of the estate by giving notice of the proposed abandonment to various parties and allowing those parties to file an objection.

Here, there is no need for the Trustee to retain the few books and records of the Debtor that remain in his possession. The Debtor does not have an operating business and has wound up its affairs. All of the Debtor's pre-2016 business records were turned over to the Department of Justice pursuant to an order entered in Case No. 18-092RAJ, United States District Court for the Western District of Washington. Pursuant to that order, the Trustee also provided copies of the Debtor's servers to both the Department of Justice and criminal counsel for Mr. Hansen and Ms. Erdmann. After providing those copies, the Trustee terminated the contract with the company that maintained NWTM's "cloud" servers. Accordingly, the only records that remain in the Trustee's possession[1] are the emails and work product on the computers of the Trustee and his staff. At this stage, the retention of books and records is burdensome to the estate and the Trustee and serves no useful purpose. Thus, the Trustee requests that the Court authorize the Trustee's destruction and/or

---

[1] The Trustee currently possesses hard drives containing existing art, design work, imagery, and photography of NWTM. These records were sold to Ranger Industries under a Court approved sale [Dkt. Nos. 2093, 2011]. The Trustee has an appointment to meet with Ranger Industries to turn over these records in the near future.

MOTION FOR ORDER AUTHORIZING FINAL
RESOLUTION OF CASE AND RELATED RELIEF - 6
505067703.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

abandonment of books and records in his possession or control that have not previously been disposed of.

To the extent that the relief sought in the Dismissal Order may be viewed as a "structured dismissal," it is both permissible and appropriate. Specifically, the Dismissal Order does not violate the United States Supreme Court's decision in *Cyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973 (2017), because the Dismissal Order does not seek to make distributions to creditors in violation of the absolute priority rule. The Trustee only seeks authorization to pay the allowed claims of Administrative Priority Creditors; junior creditors will not be paid pursuant to the terms of the Dismissal Order. The relief sought by the Trustee does not constitute an end-run around plan confirmation requirements. As set forth above, confirmation of a plan is both impracticable and unnecessary in this case. The Dismissal Order instead constitutes an appropriate alternative to conversion of this case, which would be a wasteful and unproductive exercise that would not benefit creditors.

## V. CONCLUSION

For the foregoing reasons, the Trustee requests that the Court enter the Dismissal Order submitted in connection with this Motion dismissing the case and providing for other relief.

DATED this 3rd day of September, 2021.

K&L GATES LLP

By /s/ *Michael J. Gearin*
   Michael J. Gearin, WSBA #20982
   David C. Neu, WSBA #33143
   Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

MOTION FOR ORDER AUTHORIZING FINAL
RESOLUTION OF CASE AND RELATED RELIEF - 7
505067703.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-11767-CMA    Doc 2328    Filed 09/03/21    Ent. 09/03/21 16:23:44    Pg. 7 of 8

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a paralegal in the law firm of K&L Gates LLP, and on September 3, 2021, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

Also on September 3, 2021, she caused the foregoing document to be mailed to the Parties at the addresses listed below:

Northwest Territorial Mint LLC
PO Box 2148
Auburn, WA 98071

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 3rd day of September, 2021 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

MOTION FOR ORDER AUTHORIZING FINAL
RESOLUTION OF CASE AND RELATED RELIEF - 8
505067703.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022